# EXHIBIT 1

**Leito IV, James V.**

| | |
|---|---|
| **From:** | Tarpley, Philip |
| **Sent:** | Wednesday, April 8, 2020 4:55 PM |
| **To:** | bdunne@bathaeedunne.com; yavar@bathaeedunne.com; Andrew Lorin; Michael Pomerantz; Andrew Williamson; Andrew Wolinsky; Melissa Giger; ederieux@capshawlaw.com; Heidi Peterson; Farrell, Thomas M.; Schmalzbach, Brian D.; Hatch, Benjamin L.; clydesiebman@siebman.com; elizabethforrest@siebman.com |
| **Cc:** | Swartzendruber, Michael; Fagelman, Jason; Leito IV, James V.; Young, Geraldine W. |
| **Subject:** | Earl: Discovery Correspondence |

Counsel, please see the correspondence below from Mike Swartzendruber and Tom Farrell. Thank you.

**Philip Tarpley** | Associate
Norton Rose Fulbright US LLP
2200 Ross Avenue, Suite 3600, Dallas, Texas 75201-7932, United States
Tel +1 214 855 8152 | Fax +1 214 855 8200
philip.tarpley@nortonrosefulbright.com

# NORTON ROSE FULBRIGHT

*Law around the world*
nortonrosefulbright.com

Dear Yavar, Brian, Andrew, and Michael:

Plaintiffs have not produced any documents in over four months (since November 15, 2019). Nor have Plaintiffs indicated that additional document productions are forthcoming. Southwest and Boeing thus write to identify multiple deficiencies in Plaintiffs' document production.

First, as noted in the Joint Report [Docket No. 43], Plaintiffs have not yet produced documents that show travel information for all named Plaintiffs or that would allow Southwest to locate their travel information. In particular, Defendants have seen no travel information for the following named Plaintiffs: Muhammad Muddasir Khan, Timothy Blakey, Jr., or Stephanie Blakey. Please supplement your production immediately to include all travel information for those Plaintiffs. We have also noticed that you produced travel information for individuals not named as Plaintiffs: Deveire Dunbar, Jade Melton, and Katrina Esqueda. These individuals have not been identified in Plaintiffs' disclosures as persons with knowledge of relevant facts. Please amend your disclosures if necessary to identify these persons, including the subject matter of their relevant knowledge.

Second, and also as noted in the Joint Report, Plaintiffs' travel arrangements and travel decision-making processes are directly relevant to the claims and defenses in this case. Please produce the following information for all named Plaintiffs:

1. All information concerning their purchases of flights on Southwest Airlines and American Airlines;
2. All documents evidencing or relating to their purchase of flights (including, e.g., receipt, expense reports, and travel records held by Plaintiffs' employers or businesses);
3. Communications of Plaintiffs and/or their agents with third parties (including but not limited to Southwest or Boeing, and their respective agents; government agencies; consumer groups; news media; and social media) concerning MAX 8 aircraft;
4. Communications of Plaintiffs and/or their agents with third parties (including but not limited to Southwest or Boeing, and their respective agents; government agencies; consumer groups; news media; and social media) concerning the flight purchases at issue and/or any potential alternative travel arrangements;

5. Communications (including but not limited to emails and text messages) sent or received by Plaintiffs at any time that relate in any way to Southwest, Boeing, MAX 8 aircraft, or the flights at issue;
6. Communications, documents, or information related to Plaintiffs' knowledge of the MAX 8 aircraft;
7. All statements by Southwest or Boeing, or their respective agents, relating to MAX 8 aircraft that Plaintiffs reviewed prior to their flight purchases;
8. All statements by Southwest or Boeing, or their respective agents, relating to MAX 8 aircraft that support Plaintiffs' claims in the *Earl* case;
9. Communications, documents, or information related to Plaintiffs' knowledge of the Lion Air and Ethiopian Airlines crashes;
10. Communications, documents, or information related to Plaintiffs' views on airline safety;
11. Communications, documents, or information concerning the existence and viability of alternative means of travel at the time of Plaintiffs' purchase of flights on Southwest and American Airlines;
12. Documents concerning Plaintiffs' allegation that Southwest and Boeing had specific knowledge or notice of the alleged Design Defects, as defined in the Complaint;
13. Documents, videos, photographs, or other materials regarding Southwest, Boeing, MAX 8 aircraft, or Plaintiffs' flight purchases that were posted at any time to a social media outlet, website, or blog with which any Plaintiff maintained a profile or user account.

Third, please provide copies of the named Plaintiffs' driver's licenses, official state identification cards, and/or US Passports containing their dates of birth. We need birth dates, which Southwest previously requested, to verify their identities and statuses as Southwest customers.

Fourth, to certify a class, Plaintiffs have the burden to prove, among other things, adequacy of representation, including adequacy of class counsel. Plaintiffs and their counsel "must demonstrate the present ability to finance the litigation and the cost of notice." *Tijerina v. Phillip Morris, Inc.*, No. CIV. A. 2:95-CV-120-J, 1996 WL 885617, at *3 (N.D. Tex. Oct. 8, 1996). Recent news reports related to financial and other improprieties at Pierce Bainbridge Beck Price & Hecht LLP—including allegations that the firm purportedly defrauded third-party litigation funders or misused litigation funds—raise questions as to whether Plaintiffs' counsel have proper and sufficient resources to represent a class in this matter, and are otherwise suitable to serve as class counsel. Under these circumstances, discovery into those subjects is appropriate and warranted. (As used in this letter, "Pierce Bainbridge" refers to Pierce Bainbridge Beck Price & Hecht LLP, including all of its current and former attorneys and all other iterations of that firm (e.g., any predecessor or successor firm).)

Under Eastern District of Texas local rules and case-specific orders, Plaintiffs have the obligation to produce information "relevant to any party's claim or defense" and this would include an obligation to produce information that would bear on Plaintiffs' contention that it has the ability to finance the litigation and the cost of notice. *See* Order Governing Proceedings (ECF No. 30); L. R. 26(d)(1). Southwest and Boeing therefore seek production of such information, including but not limited to the following:

1. All engagement letters between Plaintiffs and any of Plaintiffs' counsel and/or their respective law firms, including any amendments and supplements thereto, and how such arrangements may have changed given the numerous attorney departures from Pierce Bainbridge and involvement of new law firms;
2. All agreements with third-party litigation funders or financiers concerning the *Earl* lawsuit or the pursuit of claims against Southwest and/or Boeing, including any amendments and supplements thereto;
3. All documents indicating how Plaintiffs' counsel intend to fund their representation of the proposed class in the *Earl* lawsuit, including through the use of third-party litigation funders or financiers;
4. Pierce Bainbridge's audited financial statements for 2018 and 2019 (and any unaudited financial statements if no audited financial statements exist);
5. Documents related to all allegations of financial misconduct (including misuse of funds provided by litigation funders or use of funds provided by litigation funders for purposes other than intended or contracted for) by Pierce Bainbridge or any lawyers or co-counsel affiliated with Pierce Bainbridge in the past five years, including but not limited to allegations by lawyers associated with Pierce Bainbridge, by lawyers acting as co-counsel with Pierce Bainbridge, and by third-party litigation funders or financiers;

6. Documents related to any payments, compensation, or benefits provided to class representatives by Pierce Bainbridge (including any lawyers or co-counsel affiliated with Pierce Bainbridge in the past five years), other than payments, compensation, or benefits awarded pursuant to a judgment or class action settlement.
7. Documents concerning any agreement or practice by Pierce Bainbridge (including any lawyers or co-counsel affiliated with Pierce Bainbridge in the past five years) to pay, compensate, or provide benefits to class representatives, other than payments, compensation, or benefits awarded pursuant to a judgment or class action settlement.
8. Documents related to any payments, compensation, or benefits provided by Pierce Bainbridge (including any lawyers or co-counsel affiliated with Pierce Bainbridge in the past five years) to class representatives, putative class representatives, or putative class members in advance of any Court order authorizing such payment, compensation, or benefits.
9. Documents related to complaints by litigation funders about Pierce Bainbridge and/or any attorney seeking to be an attorney for the putative class in this case; and
10. Any insurance policies under which Pierce Bainbridge has sought defense or indemnification related to allegations of financial misconduct, as well as documents sufficient to show whether and to what extent the insurers are providing coverage.

Please let us know whether you will be amending your disclosures and which categories of information you will be supplementing. We would like to have a formal meet and confer regarding any of the requested documents and/or information that you contend are beyond the scope of disclosure.

Thank you,

Mike Swartzendruber for Southwest Airlines Co.

Tom Farrell for The Boeing Company