IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DAMONIE EARL, LINDA RUGG, ALESA BECK, TIMOTHY BLAKEY, JR., STEPHANIE BLAKEY, MARISA THOMPSON, MUHAMMAD MUDDASIR KHAN, ELIZABETH COOPER, JOHN ROGERS, VALERIE MORTZ-ROGERS, and LAKESHA GOGGINS, each individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br>v.<br><br>THE BOEING COMPANY, SOUTHWEST AIRLINES CO.,<br><br>*Defendants*. | Civil Action No. 4:19-cv-00507-ALM |

**DEFENDANT THE BOEING COMPANY'S RESPONSE TO PLAINTIFFS'
MOTION TO WITHDRAW PIERCE BAINBRIDGE AS CO-COUNSEL**

Defendant The Boeing Company ("Boeing"), by and through its attorneys of record, hereby responds to Plaintiffs' Motion to Withdraw Pierce Bainbridge as Co-Counsel and Request for Termination of Electronic Notice (Dkt. 79) ("the Motion").

The subject Motion—filed by Andrew Williamson, Of Counsel at Pierce Bainbridge Beck Price & Hecht LLP ("Pierce Bainbridge"), purportedly on behalf of himself, five other Pierce Bainbridge attorneys, and the firm itself ("Movants")—seeks this Court's leave for the Movants' withdrawal as counsel for Plaintiffs in this matter. Contrary to the established requirements for a motion of this type, however, the Motion fails to even attempt to make a showing of good cause or reasonable notice to counsel's clients. And while the Motion does not so much as hint at the

impetus for this withdrawal request, Law360 reported the day after the Motion was filed that Pierce Bainbridge planned to cease operations and begin winding down as of that day. Subsequent news reports have confirmed that the firm has experienced a large number of partner departures and may be in the process of ceasing operations.

This Motion is just the latest in a series of events that have generated substantial uncertainty about the identity and status of the counsel purporting to represent Plaintiffs in this matter. These developments have included months of media reporting related to alleged financial and other improprieties at Pierce Bainbridge. And they also include a filing on March 12 by two of Plaintiffs' counsel, Yavar Bathaee and Brian Dunne, in which they announced their departure from Pierce Bainbridge and affiliation with a new firm, Bathaee Dunne LLP. If Movants are permitted to withdraw as counsel, Mr. Bathaee and Mr. Dunne, as well as local counsel, would be the only remaining counsel representing Plaintiffs in this lawsuit.

These highly unusual circumstances warrant this Court's close scrutiny of Movants' request. Under established law, Movants bear the burden of demonstrating that they have satisfied the requirements for withdrawal as counsel. Especially given current circumstances, this Court should hold Movants strictly to that burden, and should further require Movants to explain how the representation of Plaintiffs will proceed in this matter once the current turmoil regarding Plaintiffs' counsel is resolved.[1] It is in the interest of all the parties and the orderly administration of justice for there to be an appropriate record supporting Movants' request. While Boeing does not oppose the withdrawal of Pierce Bainbridge and its associated counsel upon an appropriate record, Movants have not made that record in the bare-bones Motion before the Court.

---

[1] Boeing shares the concerns that Southwest expresses in its response to the Motion and seeks similar relief.

Specifically, Boeing respectfully submits that this Court should require Movants to make an appropriate record of the following matters before the Motion is granted:

- That Pierce Bainbridge's clients have been advised of the firm's intent to withdraw and that all plaintiffs have consented to that withdrawal;
- That all attorneys presently or formerly associated with Pierce Bainbridge who are listed in the Motion as seeking leave to withdraw as counsel do in fact seek to withdraw as counsel in the matter; and
- That Pierce Bainbridge, including any agent of the same and the attorneys who seek to withdraw from representation in this case, provides sufficient confirmation that it has returned or destroyed any and all copies of the Defendants' confidential documents produced in discovery in this matter consistent with the Stipulated Protective Order.

At the present time, substantial uncertainty remains about all of these important questions, notwithstanding Defendants' requests for information from the Movants and from Plaintiffs' remaining counsel at Bathaee Dunne LLP. The irregularities surrounding this Motion are manifold. Although Movants informed Defendants about the Motion in advance, they did not meet and confer in a manner compliant with the rules. Movants filed the Motion with less than 24 hours' notice, and failed to answer questions about the withdrawal. Nor is it clear that Mr. Williamson, the person purportedly speaking on behalf of Pierce Bainbridge and the other attorneys seeking to withdraw, is even vested with that authority. Four of the six Movants appear to have left the firm before the Motion was filed. And although the Motion makes no mention of the continuing uncertainty about the existence and viability of Pierce Bainbridge, a dissolution of the firm would significantly affect all parties to this litigation, and a messy withdrawal risks

creating severe case management problems in the future. These unusual circumstances reinforce the need for clarity and an appropriate record of facts that would support an orderly and procedurally appropriate withdrawal, protecting all parties in the process.

## I. PROCEDURAL HISTORY

On April 8, 2020, Boeing and its co-defendant, Southwest Airlines Co. ("Southwest"), sent a letter to Plaintiffs' counsel by email seeking discovery on the adequacy of class counsel. The letter referenced "[r]ecent news reports related to financial and other improprieties at Pierce Bainbridge Beck Price & Hecht LLP—including allegations that the firm purportedly defrauded third-party litigation funders or misused litigation funds." On April 11, 2020, Bathaee Dunne LLP responded on behalf of Bathaee Dunne LLP only, disclaiming any affiliation with Pierce Bainbridge and declining to provide the information requested. Southwest and Boeing responded by email to the April 11th letter on April 13, 2020. Immediately upon sending the response, counsel for Southwest received "bounce back" emails from both Michael Pomerantz and Andrew Wolinsky's Pierce Bainbridge email addresses, as well as from a Pierce Bainbridge associate. Counsel for Southwest asked Plaintiffs' counsel to provide updated contact information for Mr. Pomerantz and Mr. Wolinsky.

Andrew Williamson, Of Counsel at Pierce Bainbridge, replied at 11:02 PM, stating that Pierce Bainbridge would be "withdrawing its appearance from this case with in [sic] the next couple of days." He provided no explanation for the withdrawal. Mr. Williamson asked whether Defendants would consent to the withdrawal and also stated that "Southwest can expect Pierce Bainbridge's response" to Southwest's discovery requests prior to the withdrawal.

On April 14, 2020, counsel for Boeing and Southwest replied that they would respond the following day. Mr. Williamson replied, stating that "We [at Pierce Bainbridge] intend to file this

evening. Please let us know your position by 6 p.m. Eastern." Counsel for Boeing asked to see the Motion and stated that he might thereafter have additional questions. Counsel for Southwest followed up with questions about the withdrawal, including a question about whether Plaintiffs had consented. Mr. Williamson did not respond to that question.

Later that day, Mr. Williamson filed the Motion to withdraw Pierce Bainbridge, himself, and five other Pierce Bainbridge attorneys—Andrew Lorin, Andrew Wolinsky, Barron Flood, David Hecht, and Michael Pomerantz. (Dkt. 79). The Motion explained that, as of April 15, 2020, none of the Movants would remain associated with Pierce Bainbridge. It further stated that attorneys at Bathaee Dunne LLP and local counsel would continue to appear in the case. It did not explain whether Plaintiffs had consented to the withdrawal, whether Mr. Williamson had authority to seek withdrawal of attorneys who had already departed from Pierce Bainbridge, or whether Defendants' confidential information would be returned or destroyed.

On April 15, 2020, Law360 reported that Pierce Bainbridge planned "to cease operations and begin winding down as of Wednesday."[2] A day later, founder John Pierce denied those reports as "total fake news."[3]

## II. ARGUMENT

### A. Legal Standard

"Attorneys may withdraw from a case only by motion and order under conditions imposed by the court." L.R. 11(c). The motion to withdraw must make "a showing of good cause and

---

[2] Ryan Boysen, *Pierce Bainbridge to Shut Down After Mass Resignations*, Law 360, https://www.law360.com/articles/1263998/pierce-bainbridge-to-shut-down-after-mass-resignations (April 15, 2020).

[3] Jack Newsham, *John Pierce Denies Reports of Firm's Closure, Says Firm Laid Off Some Associates* https://www.law.com/americanlawyer/2020/04/16/john-pierce-denies-reports-of-firms-closure-says-firm-laid-off-some-associates (April 16, 2020).

reasonable notice to the client." *Terra Tersus, LLC v. XTO Energy, Inc.*, No. 6:17-CV-697-RWS-KNM, 2018 WL 10125126, at *1 (E.D. Tex. Aug. 29, 2018) (quoting *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989)). "The withdrawing attorney bears the burden of proving the existence of good cause for withdrawal." *Id.* In ruling on a motion to withdraw as counsel, courts will consider, among other factors, prejudice to the other parties. *White v. BAC Home Loans Servicing, LP*, No. 309-CV-2484-G, 2010 WL 2473833, at *3 (N.D. Tex. June 15, 2010).

B. **Client Consent**

The Motion does not even attempt to make the showing required by established law in this Circuit and under the Local Rules. Nowhere does the Motion state that Movants gave Plaintiffs *any* notice, much less "reasonable notice." *See Terra Tersus*, 2018 WL 10125126, at *1. Nor does it state that Plaintiffs consented to the withdrawal. *See White*, WL 2473833, at *1 (either client consent, or a valid and compelling reason if client objects, is required to show good cause for withdrawal). Movants have not separately provided confirmation of these facts to Boeing or Southwest. Without these key facts, Movants have failed to meet their burden to show "good cause and reasonable notice to the client." *Id.* Additionally, without a representation that the Plaintiffs consent to the withdrawal, there is a risk that unknowing Plaintiffs could challenge the withdrawal at a later time. This is a putative nationwide class action and adequacy of representation will be an important issue for the Court to consider. There should be a clear record as to the Plaintiffs' position as to their representatives in court.

C. **Authority to Withdraw**

Boeing further asks that the Court require each of the Movants to confirm on the record that they have consented to the Motion. As discussed above, Mr. Williamson filed the Motion to withdraw Pierce Bainbridge, himself, and five other attorneys on April 14. However, the day

6

before, emails to two of those attorneys were already "bouncing back," suggesting they were no longer at the firm. Further, another one of the attorneys reportedly formed his own firm on or before April 9.[4] And yet another of the attorneys represented to the Court that he left Pierce Bainbridge in December 2019. (Dkt. 45). Therefore, at least four of the six attorneys were likely no longer at Pierce Bainbridge when the Motion was filed.

What is more, as noted above, after news outlets reported that Pierce Bainbridge was dissolving on April 15, founder John Pierce denied those reports a day later. These conflicting reports, which came after the Motion was filed, raise questions regarding whether Mr. Williamson had the authority to file the Motion on behalf of Pierce Bainbridge, in whatever form it now exists.

If Mr. Williamson had no authority to withdraw on behalf of Pierce Bainbridge and others, these individual attorneys could later challenge the withdrawal and attempt to represent Plaintiffs. Indeed, Messrs. Bathaee and Dunne are continuing to represent the Plaintiffs in this matter after withdrawing from Pierce Bainbridge and forming a new firm. There should be a clear record that all attorneys listed as seeking to withdraw are in fact intending to withdraw from this matter and that the Motion was filed with appropriate authority from Pierce Bainbridge. Again, Boeing does not oppose the withdrawal of attorneys who no longer wish to remain in the matter and are withdrawing consistent with the wishes of their clients. But the record at present is unclear on these facts.

    **D.**    **Return or Destruction of Confidential Information**

Before granting the Motion, Boeing further asks that the Court require Movants to certify that they have returned or destroyed Defendants' confidential information as required in the

---

[4] Ryan Boysen, *Pierce Bainbridge Acting Head, 3 Name Partners Resign*, Law 360, https://www.law360.com/articles/1261904/pierce-bainbridge-acting-head-3-name-partners-resign (April 9, 2020).

Stipulated Protective Order. The Stipulated Protective Order provides that only authorized persons may "ke[ep]" such information. (Dkt. 59 at ¶ 16; *see also* ¶¶ 6.d). In addition, upon completion of litigation, counsel must certify that they have destroyed or returned confidential information. (Dkt. 59 at ¶ 34). Boeing has already produced tens of thousands of documents in this matter—many of which are highly confidential and were designated as such. Here, Movants have not told Boeing what they and their experts and vendors will do with this confidential information. Further, given the possible imminent dissolution of Pierce Bainbridge, Boeing may well be unable to get additional assurances in the future. Boeing seeks certification from Movants that they have returned or destroyed Defendants' confidential information, or otherwise appropriately disposed of it, and that any third-parties to whom they transferred it have also taken appropriate steps. Before this Court loosens its hold on Movants, Boeing requests that the Court ensure that such counsel are in compliance with their obligations under the Stipulated Protective Order.

## III. CONCLUSION

In seeking to make a hasty withdrawal, without properly meeting and conferring, Movants have failed to provide Boeing and this Court with even the basic required information regarding the circumstances of the withdrawal. Boeing asks the Court to impose any necessary conditions to ensure an orderly departure of counsel, notice to the Plaintiffs, and proper treatment of Defendants' confidential information and other rights.

Date: April 27, 2020

Respectfully submitted,

*/s/ Thomas M. Farrell*
Clyde M. Siebman
TX Bar No. 18341600
Elizabeth S. Forrest
TX Bar No. 24086207
Jeffrey J. Burley
TX Bar No. 03425250
Siebman Forrest Burg & Smith LLP
300 N Travis St

Sherman, TX 75090
Tel: 903-870-0070
Fax: 903-870-0066
Email: clydesiebman@siebman.com
Email: elizabethforrest@siebman.com
Email: jeffburley@siebman.com

Thomas M. Farrell
TX Bar No. 06839250
McGuireWoods LLP
JPMorgan Chase Tower
600 Travis Street
Suite 7500
Houston, TX 77002-2906
Tel: 713-353-6677
Fax: 832-214-9933
Email: tfarrell@mcguirewoods.com

Brian D. Schmalzbach (*pro hac vice*)
Jeremy S. Byrum (*pro hac vice*)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3406
Tel:  804-775-4746
Fax:  804-698-2304
Email: bschmalzbach@mcguirewoods.com
Email: jbyrum@mcguirewoods.com

Benjamin L. Hatch (*pro hac vice*)
McGuireWoods LLP
2001 K Street N.W.
Suite 400
Washington, DC 20006-1040
Tel:  757-640-3727
Fax:  757-640-3947
Email:   bhatch@mcguirewoods.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2020, a true and correct copy of the above was served to counsel through the Eastern District of Texas's CM/ECF system.

*/s/ Thomas M. Farrell*
Thomas M. Farrell
