**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

DAMONIE EARL, LINDA RUGG, ALESA BECK, TIMOTHY BLAKEY, JR., STEPHANIE BLAKEY, MARISA THOMPSON, MUHAMMAD MUDDASIR KHAN, ELIZABETH COOPER, JOHN ROGERS, VALERIE MORTZ-ROGERS, and LAKESHA GOGGINS, each individually and on behalf of all others similarly situated,

*Plaintiffs*.

v.

THE BOEING COMPANY, SOUTHWEST AIRLINES CO.,

*Defendants*.

Civil Action No. 4:19-cv-00507

**[PUBLIC VERSION OF DOCUMENT FILED UNDER SEAL]**

**PLAINTIFFS' MOTION TO AMEND THE SCHEDULING ORDER**

## INTRODUCTION

On March 6, 2020—after a February 25, 2020 hearing—the Court entered a First Amended Scheduling Order in this matter. (ECF No. 66.) In the two months since, a global pandemic has constrained nearly every aspect of the litigation process; Defendants have refused to even discuss deposition scheduling (amongst other stonewalling); and Plaintiffs have retained new co-counsel after one of the law firms working on this case abruptly moved to withdraw. Plaintiffs respectfully move the Court to enter a Second Amended Scheduling Order that accounts for the above—while serving the parties' shared desire for efficiency and the Court's (and potentially the Fifth Circuit's) need for a fulsome record at the class certification stage. Plaintiffs' proposed schedule—Exhibit A here—does exactly this, smoothing out the entire schedule to address travel and logistical constraints; bifurcating discovery that can be cleanly segmented between class certification and merits (specifically, expert reports and depositions); and providing both parties extra time to conduct discovery that cannot be cleanly segmented between class certification and merits (specifically, document production and fact depositions).

All parties agree that the once-in-a-lifetime circumstances here require a significant amendment to the procedural schedule to fairly allow the parties to make their respective cases. However, after initially promising communications about a joint proposed Second Amended Scheduling Order, Defendant Southwest Airlines ("Southwest") took the position that an amended schedule must insulate many or all of Southwest's fact witnesses from deposition until after class certification. [REDACTED] But it is also legally untenable, as these Southwest employees' actions and communications are directly relevant to class certification

under (among other things) the Fifth Circuit's *en banc* decision in *Torres v. S.G.E. Management, LLC*, 838 F.3d 629 (5th Cir. 2016) (*en banc*).

When it became clear that Southwest would not obtain Plaintiffs' consent to the complete bifurcation of class and merits discovery, its counsel abandoned discussions of the proposed schedule without explanation, instead taking the position that Southwest would allow no more than a 60-day extension to the present schedule. Boeing followed.

**BACKGROUND**

On March 6, 2020—after a February 25, 2020 hearing—the Court entered a First Amended Scheduling Order in this matter. (ECF No. 66.) Shortly thereafter, the entire nation—including Texas and the respective home cities of the attorneys in this matter—was placed under quarantine as the United States faces its greatest public health disruption in a century. Travel, in-person meetings, support staff availability, and other core aspects of the civil litigation process have been suspended or sharply constrained, with no clear end in sight. Plaintiffs have continued to diligently prosecute this matter, including seeking discovery from Defendants, reviewing documents, communicating with clients, and filing and opposing motions; but the reality is that a COVID-constrained travel and coworking environment has slowed all aspects of this litigation and has placed a hard cap on the amount of things that can be efficiently done at once.

At the same time, lead counsel Bathaee Dunne's ostensible co-counsel at Pierce Bainbridge stopped working on this case—and stopped responding to substantive communications—several weeks ago, and recently moved to withdraw. Although Capshaw DeRieux remains as co-counsel and Dovel & Luner has recently appeared as co-counsel, the abrupt withdrawal of Pierce Bainbridge significantly decreased the number of attorneys working on behalf of Plaintiffs until Dovel & Luner was able to appear.

Finally, in the past three months Defendants have sought to delay the progression of discovery in this matter at every turn. As a practice, Boeing and Southwest often wait a week or more before acknowledging deficiency letters, then filibuster to further delay substantive responses; they are strategically unavailable for meet-and-confer teleconferences that might advance contested discovery issues (or at least bring them before the Court for resolution); and they flatly refuse to discuss deposition scheduling, despite repeated attempts by Plaintiffs to cooperatively set dates and COVID-friendly (or, to be clear, -unfriendly) accommodations for fact depositions.

For all these reasons, on April 28, 2020, Plaintiffs stated in their filing (ECF No. 82) that they wished to discuss an amended procedural schedule. On Friday, May 1, 2020, Edward Grauman of Bathaee Dunne reached out to Defendants to request a lead-and-local meet-and-confer on "an adjustment to the schedule in this matter in light of Pierce Bainbridge's withdrawal and the COVID-19 pandemic" for the following Monday, May 4, 2020. (Dunne Decl. Ex. B at 6.) Defendants agreed, and Southwest's counsel stated: "Please send us proposed changes to the schedule by 10AM on Monday so that we can consider in advance of the call and be efficient." (*Id.*) On Sunday evening, May 3, 2020—twelve hours before Southwest's requested deadline—Plaintiffs' counsel emailed a proposed Second Amended Scheduling Order to Defendants. (*Id.* at 5.)

The next day, May 4, 2020, lead and local counsel for all parties attended a telephonic meet-and-confer. On the hour-long call, Defendants initially refused to provide any position on the proposed Second Amended Scheduling Order, until eventually Southwest's counsel stated that any amendment to the schedule would need to segment fact discovery such that most (and potentially all) of Southwest's fact witnesses would not be deposed until after class certification. Plaintiffs'

counsel stated this was unworkable under the facts of this case and the applicable Fifth Circuit law on classwide reliance/RICO causation, but Southwest's counsel disagreed. The parties reached impasse, and Southwest's position regarding the procedural schedule was further clarified in the days following the May 4, 2020, meet-and-confer:

> We are opposed to the schedule changes as proposed, but we are ultimately not opposed to a 60-day extension of the deadlines in light of COVID-19 and your representations that you need more time. Our full opposition to your proposal will be set forth in the response to any motion you file.

(*Id.* at 1-2.) On May 6, counsel for Boeing noted Boeing's agreement with Southwest's final position regarding an amended procedural schedule. (*Id.* at 1.)

Given (i) the time-sensitive nature of the scheduling issue and the inability of Defendants to work cooperatively toward a mutually beneficial (and workably realistic) amendment of the procedural schedule to account for COVID-19, (ii) Plaintiffs' co-counsel change, and (iii) Defendants' production and deposition delays, Plaintiffs were forced to file this opposed motion. Plaintiffs' proposed Second Amended Scheduling Order is Exhibit A to this filing.

**ARGUMENT**

Between the COVID-19 pandemic, the recent retention of new co-counsel in this matter, and a multi-front campaign of slow-walking by Defendants on discovery—especially on the scheduling of fact depositions—there is a need to amend the procedural schedule. Indeed, for a long time Defendants did not appear to dispute this—until Southwest's counsel announced in the middle of a meet-and-confer that his client would not agree to any sort of staging of the discovery schedule (for example, the straightforward, resource-efficient bifurcation of expert discovery between class certification and "merits" stages) without revisiting an issue previously rejected as unworkable: a hard segmentation of fact discovery, and specifically fact depositions, between "certification facts" and "merits facts." But Southwest's putative factual phasing is no more doable

now than it ever has been: neither the COVID-19 pandemic, nor any other constraint on the case schedule here, has unbound the inextricably intertwined nature of Rule 23 facts and so-called "merits" facts in this matter.

As the Court has recognized, including at the February 25, 2020, hearing in this matter, the class certification inquiry requires significant fact-finding—and the Court's decision on class certification is likely to be immediately appealed to the Fifth Circuit under Fed. R. Civ. P. 23(f). (Dunne Decl. Ex. C at 43:12-19.) Under Fifth Circuit law, the factual details of Southwest and Boeing's scheme to defraud—including the companies' coordination, their cover-up, and the horrifying nature of what they sought to conceal—are squarely relevant to the class certification inquiry under Plaintiffs' theory of causation and harm.

In *Torres*, the Fifth Circuit made clear that evidence of the "structure" and "inherent concealment" of a scheme to defraud are relevant ***at the class certification stage*** where—as here—plaintiffs seek to prove common causation in a civil RICO predicated on wire fraud. 838 F.3d at 640. There, "[t]he Plaintiffs' claims under [their] foreseeability theory of proving causation w[ould] rise or fall on common evidence," and "[t]he facts necessary to prove that the Defendants operated a fraudulent pyramid scheme w[ould] also suffice to show under *Bridge*[ *v. Phoenix Bond & Indemnity Co.*, 553 U.S. 639, 648 (2008)] that fraud caused the Plaintiffs' injuries." *Id.* at 640-41. "Accordingly, under this theory of causation, individualized issues of causation w[ould] not predominate." *Id.* Under *Torres*, where the nature of a fraudulent scheme is such that if the truth were known, class members would not have participated, "Plaintiffs . . . may use a common inference of reliance to prove proximate causation under RICO." *Id.* at 643. Moreover, under *Torres*, "speculation alone that a hypothetical class member ***could*** have [participated in the

scheme] despite knowing of the fraud . . . does not cause individual issues of reliance of participate" where the alleged scheme is sufficiently callous. *Id.* at 645.

Here, as in *Torres*, causation is alleged classwide: a terrifying defect attributable to and aggressively covered-up by Southwest and Boeing as part of a scheme to defraud airline ticket purchasers as a group, caused a classwide ticket overcharge. Under *Torres*, the structure of the scheme and its concealment are not just relevant, but perhaps dispositive, in the Court's forthcoming class certification inquiry in this action.

As Plaintiffs have consistently explained, and as the Court has recognized, the factual inquiry necessary for an adequate class certification record in this matter is not neatly (or even possibly) segmentable from so-called "merits" factual discovery on a deponent-by-deponent basis—but that is exactly what Southwest has demanded in negotiations over a proposed Second Amended Scheduling Order. Indeed, Southwest's counsel asked to "discuss limitations on defense witness depositions (either the number of them or in some other way), such that there is fact, like expert, discovery that can reasonably be deferred until after the class certification ruling[.]" (Dunne Decl. Ex. B at 4.) And, when Plaintiffs responded that such bifurcation was untenable, Southwest opposed the proposed schedule under discussion and proposed the polar opposite—no more than a 60-day extension to the current schedule. (Dunne Decl. Ex. B at 6.) In other words, Southwest would either obtain a complete phasing of all discovery, or it would want no phasing at all. Boeing echoed the position the same day. (*Id.* at 1.)

Now that document production has begun from defendants, this issue is no longer abstract.

PUBLIC VERSION OF DOCUMENT FILED UNDER SEAL

7



- ███████████████████████████████████████
███████████████████



████████████████████

The above emails appear, on their face, to indicate ███████████████████
████████████████████████████████████████████
████████████████████████████████████████████
██████████████████████████ ███████████████ █
██████████████████████████████████████████
███████████████ ████████████████████████ █████
████████████████████████

[REDACTED] To be clear, however, the documents themselves are ambiguous on some issues: key fact witnesses on the above emails would need to be deposed prior to class certification to properly contextualize their contents. But that is a case in point as to why Southwest's proposed schedule is unworkable: in fact, Plaintiffs have specifically requested deposition dates for Southwest executives [REDACTED] [REDACTED] [REDACTED] (Dunne Decl. Ex. D at 2-3; Ex. E), and Southwest's counsel has specifically stated that these are fact witnesses Southwest is ***seeking to put off until after class certification***:[2]

> We are not willing to present Southwest witnesses for deposition until we have had a chance to depose (or at least work out a reciprocal schedule to depose) at least some Plaintiffs to better understand their allegations and the facts they know.

(Dunne Decl. Ex. D at 1.)

Finally, a recent eleventh-hour production by Southwest, transmitted at 5:29pm CT on Friday, May 8, 2020, drastically expands the number of plainly intertwined certification/"merits" fact witnesses from Southwest—and raises the distinct possibility that Southwest's counsel is attempting to leverage the COVID-19 crisis to insulate material witnesses from timely discovery through a renewed "phasing" argument. To wit, shortly after Southwest stated it would not support any significant change in the procedural schedule unless most or all of its fact witnesses could

[2] Notably, when Plaintiffs sought to contact the SWAPA representative at issue in [REDACTED] [REDACTED], Captain Jon Weaks, Southwest's counsel at Norton Rose initially made a baseless claim of representing Weaks to forestall legitimate contact. (Dunne Decl. Ex. F at 3 ("We thus fully expect that any and all communications or contact, in whatever form, with or directed toward any Southwest employee related in any way to this litigation or any of the issues, potential issues, allegations, claims or defenses in the litigation shall be directed to me or my team as counsel for Southwest.").) Only after Plaintiffs pointed out potential violations of disciplinary rules by Southwest's counsel did he admit that Norton Rose does not represent Weaks, and provide Plaintiffs with contact information for Weaks's lawyers. (*Id.* at 1.)

delay their depositions until after the class certification inquiry, Southwest dumped a batch of documents that includes the following:

- [redacted]
- [redacted]

  [redacted]

  [redacted]
- [redacted]
- [redacted]
- [redacted]

There are reams of other materials in Southwest's May 8, 2020, document dump, but the above string of documents is representative of two key scheduling issues raised by this late-stage production—both of which militate in favor of granting Plaintiffs' motion:



*Second* (and much more simply), this is a very late, seemingly opportunistically-timed document dump by Southwest. It has come nearly a year after this lawsuit was filed, and less than two months before initial expert disclosures under the current procedural schedule—in the midst

of a global pandemic, no less. It is hard to square the May 8, 2020, production of swaths of documents directly pertaining to Southwest's communications and actions regarding the safety of the MAX 8—communications in which, among other things, [REDACTED] —with a "no-excuses" Order Governing Proceedings requiring affirmative production of relevant documents entered last year, and a stipulated protective order on file since February.

**CONCLUSION**

The Court should enter Plaintiffs' proposed Second Amended Scheduling Order in this matter.

Dated: May 12, 2020

/s/ Brian J. Dunne

Yavar Bathaee (NY 4703443) (Lead Counsel)
yavar@bathaeedunne.com
Brian J. Dunne (CA 275689)
bdunne@bathaeedunne.com
Edward M. Grauman (TX 24081931)
egrauman@bathaeedunne.com
Andrew Wolinsky (NY 4892196)
awolinsky@bathaeedunne.com
BATHAEE DUNNE LLP
445 Park Ave. 9th Floor
New York, NY 10022
Tel: (212) 918-8188

John Jeffrey Eichmann (CA 227472)
jeff@dovel.com
Gregory S. Dovel (CA 135387)
greg@dovel.com
Simon Franzini (CA 287631)
simon@dovel.com
Julien A. Adams (CA 156135)
julien@dovel.com
Jonas Jacobson (CA 269912)
jonas@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: 310-656-7066
Facsimile: 310-657-7069

Elizabeth L. DeRieux (TX 05770585)
ederieux@ capshawlaw.com
S. Calvin Capshaw (TX 03783900)
ccapshaw@capshawlaw.com
CAPSHAW DERIEUX LLP
114 E. Commerce
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

*Attorneys for Plaintiffs*

**CERTIFICATE OF CONFERENCE**

I hereby certify that the undersigned counsel for Plaintiffs has complied with the meet and confer requirements in Local Rule CV-7(h). Specifically, the undersigned conferred with counsel for Southwest and Boeing, including Michael A. Swartzendruber and Thomas Farrell, by personal conference via telephone on May 4 regarding the relief sought by this Motion. Counsel for both Defendants indicated that they opposed the relief requested herein.

/s/ Brian J. Dunne
Brian J. Dunne

PUBLIC VERSION OF DOCUMENT FILED UNDER SEAL

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2020, a true and correct copy of the above was served via email through the Eastern District of Texas's CM/ECF system.

/s/ Brian J. Dunne
Brian Dunne

15