# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| DAMONIE EARL, LINDA RUGG, ALESA BECK, TIMOTHY BLAKEY, JR., STEPHANIE BLAKEY, MARISA THOMPSON, MUHAMMAD MUDDASIR KHAN, ELIZABETH COOPER, JOHN ROGERS, VALERIE MORTZ-ROGERS, and LAKESHA GOGGINS, each individually and on behalf of all others similarly situated, <br><br> *Plaintiffs*. <br><br> v. <br><br> THE BOEING COMPANY, SOUTHWEST AIRLINES CO., <br><br> *Defendants*. | Civil Action No. 4:19-cv-00507 |

# BATHAEE DUNNE LLP'S OPPOSED MOTION TO
# DESIGNATE INTERIM LEAD CLASS COUNSEL UNDER FED. R. CIV. P. 26(g)(3)

## INTRODUCTION

Bathaee Dunne LLP ("BD"), which is lead counsel for plaintiffs Damonie Earl, Linda Rugg, Alesa Beck, Timothy Blakey, Jr., Stephanie Blakey, Marisa Thompson, Muhammad Muddasir Khan, Elizabeth Cooper, John Rogers, and Valerie Mortz-Rogers, moves for appointment as interim lead class counsel pursuant to Federal Rule of Civil Procedure 23(g)(3). The circumstances of this case, including four separate law firms now on the docket on behalf of one or more plaintiffs, require that interim lead counsel be formally appointed in order to protect the putative class and the integrity of the litigation process in this matter. BD—whose founding partners have led this case since its inception, and which has the backing of Dovel & Luner LLP and Capshaw DeRieux LLP—respectfully submits that it is the right law firm for the job.

The scope of work to be done in this action has significantly expanded since its inception last July. Building the record in this case ahead of class certification and dispositive motions will require significant coordination of document and expert discovery as well as dozens of depositions, and that work must be done efficiently and without undue cost to a class if ultimately certified. With four different law firms already in the mix, there is now an immediate need to ensure that litigation efforts—and expenses—on behalf of the putative classes are carefully coordinated and streamlined; that the putative classes speak with one voice; and that the putative classes' claims are litigated with a single, well-crafted and carefully executed legal strategy. Appointing BD as interim lead counsel under Rule 23(g)(3) will facilitate the above, as BD will carefully coordinate discovery and pre-class certification litigation in this matter, particularly among respective plaintiffs' counsel in this case. If appointed as interim lead class counsel, BD will—as it has already done internally—promulgate and enforce clear, written billing standards and guidelines

among plaintiffs' counsel; minimize costs; and control workflow to avoid duplication and inefficiency.

## BACKGROUND

This action was filed on July 11, 2019, on behalf of eleven individual plaintiffs and two putative nationwide classes of Southwest and American Airlines ticket purchasers. (*See* ECF No. 1.) The Class Action Complaint ("CAC"), which stands at 121 pages and was never amended, was the product of a months-long factual investigation and legal analysis by Yavar Bathaee and Brian Dunne, BD's founding partners. (Bathaee Decl. ¶ 2.) After each Defendant separately moved to dismiss the CAC, and Mr. Bathaee and Mr. Dunne were the principal drafters of the opposition and sur-reply briefs in response to those motions. (*Id.* ¶ 3.) Both Mr. Bathaee and Mr. Dunne thereafter argued against Defendants' motions to dismiss before the Court—and one or both of Mr. Bathaee or Mr. Dunne have led Plaintiffs' argument for every discovery, scheduling, or administrative issue that has come before the Court in this matter before or since. (*Id.*) On February 14, 2020, the Court sustained the RICO claims in this action against Defendants' motions to dismiss. (ECF No. 56.)

Near the end of February 2020, Defendants began the production of confidential documents for the first time. (Bathaee Decl. ¶ 4.) Lawyers at Bathaee Dunne, including Andrew Wolinsky and Edward Grauman (in addition to Mr. Bathaee and Mr. Dunne), have since reviewed substantial portions of Defendants' document productions; met and conferred with Defendants on discovery and scheduling matters; noticed depositions; issued third-party discovery; briefed Plaintiffs' oppositions to Defendant Southwest's motion for extraordinary appellate relief under 28 U.S.C. § 1292(b); and, most recently, briefed a motion to amend the scheduling order in this action. (Bathaee Decl. ¶¶ 3-4.) Every aspect of this case since its inception has been led by one or more

of Messrs. Bathaee, Dunne, Wolinsky, and Grauman, along with local counsel, Elizabeth DeRieux of Capshaw DeRieux. Mr. Bathaee has been lead counsel for Plaintiffs throughout the pendency of this case. (*Id.* ¶ 5.)

Recently, BD was joined by additional co-counsel at Dovel & Luner—exceptional trial counsel with a long record of high-quality advocacy in this judicial district—such that there are now four firms representing one or more individual plaintiffs in this matter. As this case moves into deposition discovery and approaches the class certification stage with at least four separate law firms seeking to work on behalf of those who are ***not*** specifically named in the CAC—*i.e.*, the putative classes—it is incumbent to formally designate interim lead class counsel under Rule 26(g)(3) as soon as feasible. In order to protect the putative classes—and ensure the integrity and efficiency of the class process in this action—an interim lead class counsel must be appointed to coordinate extensive discovery and motion practice; set and enforce billing and assignment protocols; and control workflow and assignments to co-counsel.

## ARGUMENT

A court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." FED. R. CIV. P. 23(g)(3). "Designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities." *Kjessler v. Zaappaaz, Inc.*, 2018 WL 8755737, at *3 (S.D. Tex. Aug. 31, 2018) (citation and brackets omitted). Among the roles that can be designated on an interim basis is lead counsel, who are "[c]harged with formulating (in consultation with other counsel) and

presenting positions on substantive and procedural issues during the litigation." *Id.* at \*3 n.1 (quoting MANUAL FOR COMPLEX LITIGATION (FOURTH) ("MCL") § 10.221 (2004)).[1]

The role of interim class counsel is to "fairly and adequately represent the interests of the class." *Ramirez v. J.C. Penney Corp.*, 2014 WL 12713071, at \*1 (E.D. Tex. Aug. 20, 2014) (quoting FED. R. CIV. P. 23(g)(4)). In making an interim appointment, courts consider the factors enumerated in Rule 23(g)(1)(A):

> (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class.

*Id.* (quoting FED. R. CIV. P. 23(g)(1)(A)). Courts may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Id.* (quoting FED. R. CIV. P. 23(g)(1)(B)).

Bathaee Dunne's founding partners, Mr. Bathaee and Mr. Dunne, have helmed this case from the very beginning, and in practice, BD has already been serving as lead counsel, directing matters of strategy and substance and coordinating the work of co-counsel. (Bathaee Decl. ¶¶ 2-5.) This arrangement—which endured in the absence of multiple firms seeking work and prior to resource-intensive deposition and expert discovery—is insufficiently protective of the putative classes, and of the integrity of the class process itself, to persist any longer. There are now four

---

[1] Much as BD has been doing to date, lead interim class counsel typically "act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met." MCL § 10.221. With four separate firms on the docket and depositions and class certification approaching, it is now obvious that BD must perform this role not only on behalf of named plaintiffs, but on behalf of the putative classes—which is the specific purpose of Rule 26(g)(3).

law firms representing one or more plaintiffs; depositions are at the door; and the class certification inquiry steadily approaches. An order formalizing BD's role among the law firms and lawyers representing one or more plaintiffs by appointing BD as interim lead class counsel would serve the best interests of the class by "clarif[ying] responsibility for protecting [those] interests." *Kjessler*, 2018 WL 8755737, at *3. Applying the Rule 23(g)(1) factors weighs strongly in favor of appointing BD as interim lead class counsel.

### A. BD Lawyers Have Performed the Bulk of the Work to Date, Including Identifying, Investigating, and Prosecuting the Claims in this Action.

BD lawyers have played a pivotal role in "identifying or investigating potential claims in the action." FED. R. CIV. P. 23(g)(1)(A)(i). The claims were identified by Mr. Bathaee in May of 2019, and after Mr. Bathaee and Mr. Dunne completed their months-long factual investigation, they together drafted the CAC. (Bathaee Decl. ¶¶ 2-3.) When Defendants each moved to dismiss, Mr. Bathaee and Mr. Dunne were the sole drafters of the oppositions to those motions, and both argued the motions to dismiss before the Court. (*Id.* ¶ 3.) Mr. Bathaee and Mr. Dunne, along with Mr. Wolinsky and Mr. Grauman, have continued to diligently develop the facts in this case, including by reviewing Defendants' document productions, which include highly technical documents relating to the 737 MAX 8 aircraft. (*Id.* ¶ 4); *see Kjessler*, 2018 WL 8755737, at *4 (fact that counsel had "reviewed over 450,000 pages of documentary discovery" weighed in favor of interim lead class counsel appointment).

In addition, BD and its lawyers have evinced a "willingness to prosecute the case." *In re Foundry Resins Antitrust Litig.*, 242 F.R.D. 393, 408 (S.D. Ohio 2007). Mr. Bathaee has served as lead counsel for Plaintiffs, *see* Local Rule CV-11(a), and he has acted in that role since the CAC was filed. (Bathaee Decl. ¶¶ 3-6.) Mr. Bathaee and Mr. Dunne, along with others at BD, have determined litigation strategy, formulated positions on legal issues, and assigned work to co-

5

counsel to date. (*Id.*) They have also interviewed and engaged expert witnesses and have coordinated third-party discovery needed for a motion for class certification, including a subpoena to American Airlines seeking flight and pricing data. (*Id.* ¶ 4.) BD has briefed all recent motions in this matter, including the oppositions to Southwest's motion for certification of an interlocutory appeal under 28 U.S.C. § 1292(b). (Bathaee Decl. ¶ 4.) In addition, Mr. Bathaee has acted as Plaintiffs' "lead attorney" for purposes of Local Rule CV-7(h)'s meet-and-confer requirement throughout this matter. (Bathaee Decl. ¶ 6.) And both Mr. Bathaee and Mr. Dunne have taken the lead for Plaintiffs in appearances before the Court at every hearing—and on virtually every issue—to date. (*Id.* ¶ 3.) Put simply, they have not only evinced a "willingness to prosecute the case," they have vigorously done so.

### B. BD's Lawyers Have the Necessary Experience to Represent the Putative Class.

The second and third Rule 23(g)(1) factors assess counsel's "experience in handling class actions, other complex litigation, and the types of claims asserted in the action" and their "knowledge of the applicable law." FED. R. CIV. P. 23(g)(1)(A)(ii), (iii). BD's partners have extensive class and complex litigation experience, including with the sort of claims asserted here:

*Yavar Bathaee.* Mr. Bathaee currently is co-lead counsel in several other class actions, including other RICO actions. Mr. Bathaee has also represented clients in some of the largest class actions, multidistrict litigations, and trials in the last decade, including in antitrust, RICO, securities, and bankruptcy cases. Mr. Bathaee holds a bachelor's degree in Computer Science and Engineering from the University of California, Davis, and is a *magna cum laude*, Order of the Coif graduate of the Fordham Law School. Mr. Bathaee's full biographical information is attached as Ex. A.

*Brian Dunne.* Mr. Dunne currently is co-lead counsel in several other class actions, including other RICO actions. He has represented clients in consumer class actions, antitrust cases,

and patent cases for more than a decade, many of which were in the Eastern District of Texas. Mr. Dunne holds a bachelor's degree in Physics from Stanford University and graduated with Honors, Order of the Coif, from the University of Chicago Law School, where he was a member of the *University of Chicago Law Review*. Prior to private practice, Mr. Dunne clerked for Hon. Jay S. Bybee of the United States Court of Appeals for the Ninth Circuit and Hon. Susan P. Read of the New York Court of Appeals. Mr. Dunne's full biographical information is attached as Ex. B.

***Edward Grauman.*** Mr. Grauman is currently counsel in multiple class actions, and for fifteen years has litigated high-stakes, complex cases, including several notable antitrust and environmental cases. Mr. Grauman holds a bachelor's degree from the Massachusetts Institute of Technology and is a *cum laude* graduate of Harvard Law School. Prior to practice he clerked for Hon. William H. Walls of the United States District Court for the District of New Jersey. Mr. Grauman's full biographical information is attached as Ex. C.

***Andrew Wolinsky.*** Mr. Wolinsky represents clients in other class actions, including RICO actions, throughout the country. He has represented clients in complex and class cases, including in the areas of antitrust, commodities, and bankruptcy. He holds an undergraduate degree from Tufts University, graduating *magna cum laude*, and is a *cum laude* graduate of Fordham Law School. Prior to private practice, Mr. Wolinsky clerked for Hon. Jane R. Roth of the United States Court of Appeals for the Third Circuit and Hon. Loretta A. Preska, then-Chief Judge of the United States District Court for the Southern District of New York. Mr. Wolinky's biographical information is attached as Ex. D.

Additionally, BD's motion is expressly supported by accomplished co-counsel at Dovel & Luner and Capshaw DeRieux, both of whom have tried numerous complex cases to verdict, including in this district.

### C. BD has sufficient resources to represent the class.

BD has substantial resources, both on its own and in conjunction with the co-counsel that expressly support this Motion, to prosecute this case zealously and efficiently on behalf of the proposed class. *See* FED. R. CIV. P. 23(g)(1)(A)(iv). This case will require extensive fact and expert discovery, depositions, and motion practice. BD's attorneys have, to date, performed a substantial volume of the work in this case—and will continue to do so. But BD also will assign work to co-counsel based on each co-counsel's strengths and in a manner that ensures that Plaintiffs' and the putative classes' interests are adequately represented. BD will also implement procedures to economize the lawyer time spent on this case and to prevent duplicative or inefficient work on behalf of the putative class. (Bathaee Decl. Ex. E.) BD has to date managed and minimized the costs of discovery and will continue to do so. BD is adequately capitalized to bear the costs of this case, including as to expert discovery and the required notice to class members, and BD's co-counsel Dovel & Luner is also adequately capitalized to share in these costs. (Bathaee Decl. ¶ 7.)

### D. Additional considerations favor BD's interim appointment.

The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." FED. R. CIV. P. 23(g)(1)(B). This catchall category may include, among other things, "(1) the quality of the pleadings; (2) the vigorousness of the prosecution of the lawsuits; and (3) the capabilities of counsel." *Ramirez*, 2014 WL 12713071, at *1. BD has worked hard to provide the Court with helpful pleadings in this action; has vigorously prosecuted its case, including with respect to discovery; and is capable of litigating this action efficiently with respect to the putative classes. To the last point, BD has implemented a billing and assignment protocol, the purpose of which is to ensure that attorney time across multiple firms in this large case is managed efficiently and responsibly, to avoid duplicative work and unnecessary expenditures of time, and to account consistently for all expenses in the event that Plaintiffs

8

ultimately submit a fee application to the Court. (Bathaee Decl. ¶ 8); *cf. Kjessler*, 2018 WL 8755737, at *5 ("Mr. Burns was the only counsel who offered the Court substantive, detailed explanations on how he structures and runs his large case litigation teams. Of particular note were Mr. Burns' explanations of his and his firms' billing practices in prior class action litigation, and his representations that he will use those practices, such as not permitting billing for file and correspondence review, and other mechanisms to ensure efficient prosecution of this case."). BD will continue to implement substantially similar protocols if appointed as interim lead counsel for the putative class. (*See* Bathaee Decl. Ex. E (Proposed Order).) Moreover, BD is appropriately staffed to minimize duplication and waste, and extensively uses technology to gain efficiencies, including through third-party discovery providers as well as through its own proprietary discovery tools. The net effect will be significant cost efficiencies for the classes, if certified.

## CONCLUSION

The Court should appoint Bathaee Dunne LLP as interim lead class counsel under Rule 26(g)(3).

Dated:  May 14, 2020

/s/ Yavar Bathaee
Yavar Bathaee (NY 4703443) (Lead Counsel)
yavar@bathaeedunne.com
Brian J. Dunne (CA 275689)
bdunne@bathaeedunne.com
Edward M. Grauman (TX 24081931)
egrauman@bathaeedunne.com
Andrew Wolinsky (NY 4892196)
awolinsky@bathaeedunne.com
BATHAEE DUNNE LLP
445 Park Ave. 9th Floor
New York, NY 10022
Tel: (212) 918-8188

*Attorneys for Plaintiffs*

**CERTIFICATE OF CONFERENCE**

I hereby certify that the undersigned counsel for Plaintiffs has complied with the meet and confer requirements in Local Rule CV-7(h). Specifically:

Edward Grauman of Bathaee Dunne conferred with Michael A. Schwartzendruber (counsel for Southwest) and Thomas Farrell (counsel for Boeing), in respective telephone calls on May 14, 2020, regarding the relief sought in this Motion. Counsel for both Defendants indicated that they opposed the relief requested herein.

Edward Grauman and Andrew Wolinsky of Bathaee Dunne conferred with David Hecht and Andrew Lorin of Pierce Bainbridge regarding the relief sought in this Motion in a telephone call on May 13, 2020, and by email on May 14, 2020. Pierce Bainbridge opposes this Motion.

Brian Dunne of Bathaee Dunne conferred with Jeffrey Eichmann of Dovel & Luner regarding the relief sought in this Motion in a telephone call on May 13, 2020. Dovel & Luner expressly supports this Motion.

Brian Dunne of Bathaee Dunne conferred with Elizabeth DeRieux of Capshaw DeRieux regarding the relief sought in this Motion in a telephone call on May 13, 2020. Capshaw DeRieux expressly supports this Motion.

Andrew Williamson and Michael Pomerantz—both of whom previously moved to withdraw from this matter—still remain on the docket, although neither remains at Pierce Bainbridge. The presence on the docket of multiple attorneys formerly, but no longer, at Pierce Bainbridge is yet another reason why a Rule 26(g)(3) appointment is immediately necessary in this case to protect the putative classes and the orderly prosecution of this action. Mr. Williamson supports this Motion, as does Michael Pomerantz.

/s/ Brian J. Dunne
Brian J. Dunne

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2020, a true and correct copy of the above was served via email through the Eastern District of Texas's CM/ECF system.

/s/ Brian J. Dunne  
Brian Dunne