IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAMONIE EARL, LINDA RUGG, ALESA BECK, TIMOTHY BLAKEY, JR., STEPHANIE BLAKEY, MARISA THOMPSON, MUHAMMAD MUDDASIR KHAN, ELIZABETH COOPER, JOHN ROGERS, VALERIE MORTZ-ROGERS, and LAKESHA GOGGINS, each individually and on behalf of all others similarly situated, <br><br>*Plaintiffs*, <br>v. <br><br>THE BOEING COMPANY, SOUTHWEST AIRLINES CO., <br><br>*Defendants*. | § § § § § § § § § § § § § § § § § § | Civil Action No. 4:19-cv-00507-ALM |

**DEFENDANTS' RESPONSE TO WILLIAMSON'S
REQUEST FOR *EX PARTE* HEARING AND *IN CAMERA* REVIEW**

The Boeing Company ("Boeing") and Southwest Airlines Co. ("Southwest") (collectively, "Defendants"), by and through their attorneys of record, hereby respond to Andrew Williamson's Notice Regarding Statements Made on the Record at the May 13, 2020 Hearing in this Matter and Request for *Ex Parte* In Camera Hearing (Dkt. 100) (hereinafter "the Notice").

**INTRODUCTION**

In his Notice, Mr. Williamson alleges that David Hecht made "numerous statements of material fact" that "are inaccurate, and may have been made to intentionally mislead counsel and the Court" at the hearing on Pierce Bainbridge's motion to withdraw. Notice at 1. Defendants agree with Mr. Williamson that it is important to ascertain whether counsel made any

misstatements to the Court with respect to the withdrawal motion or otherwise. Accordingly, Defendants do not oppose Mr. Williamson's request for a hearing on this important matter. Defendants do, however, request to be present at any hearing, except for those topics on which a record can be made that would justify *ex parte* consideration. The fundamental structure of America's adversarial justice system provides that all parties should be present and have the opportunity to be heard as to matters that concern their case. The exceptions to that rule are narrow and carefully guarded. This fundamental principle is especially important here given that the topic concerns alleged efforts to mislead counsel as well as the Court.

The Notice has not set forth any grounds that would warrant the exclusion of Defendants from such a hearing. Defendants both participated in the hearing in which the statements in question were made. And preceding that hearing, both Defendants had filed responses to the motion to withdraw that was the subject of the hearing. Nor does the Notice itself create a record that would support an *ex parte* hearing. Assuming the alleged misstatements relate to Mr. Williamson's authority to file the motion to withdraw on behalf of Pierce Bainbridge, such communications would concern his authority to act—a matter of fact that is not privileged. Put differently, whether one attorney was authorized to file a motion by another attorney is not a matter of confidential client communication nor is it a matter of attorney work product. Mr. Williamson's vague suggestion that outside counsel for Pierce Bainbridge has made baseless accusations in an effort to intimidate him likewise does not justify an *ex parte* hearing. Even assuming *arguendo* that some record can be made as to material that would merit an *ex parte* hearing, Defendants should be permitted to participate in all parts of the hearing that do not divulge the contents of those communications.

I. **PROCEDURAL HISTORY**

On April 14, 2020, Mr. Williamson filed a motion to withdraw Pierce Bainbridge, himself, and five other Pierce Bainbridge attorneys ("the Motion"), including David Hecht and Andrew Lorin. (Dkt. 79). Boeing, Southwest, and Plaintiffs' counsel Bathaee Dunne LLP each submitted responses to the Motion. (Dkt. 80, 81, 83).

On May 13, 2020, this Court held a hearing on the Motion. At that hearing, David Hecht, purportedly "on behalf of Pierce Bainbridge," orally moved to withdraw the Motion as to himself and Andrew Lorin. Conf. Tr. (May 13, 2020), at 3. He asserted that the filing was "submitted in error" and that Plaintiffs never authorized a withdrawal by Pierce Bainbridge. *Id.* at 3, 9. He also stated that he and Mr. Lorin "withdrew from the partnership but [] remain affiliated" with this case. *Id.* at 4. Finally, he stated that Pierce Bainbridge had secured "significant" litigation funding for the case. *Id.* The Court granted Mr. Hecht's oral motion from the bench. *Id.* at 12.

On May 18, 2020, Mr. Williamson filed the Notice, asserting that Mr. Hecht had made "numerous statements of material fact" at the hearing "to intentionally mislead counsel and the Court." Notice at 1. Mr. Williamson referenced an email from Pierce Bainbridge's outside counsel, Ed Altabet, in which Mr. Altabet allegedly "made several baseless accusations" against Mr. Williamson in "an effort to intimidate [him] and hamper [his] efforts to correct the record." *Id.* Mr. Williamson requested an *ex parte* hearing to "enable the Court to review the sensitive communications at issue and make a determination regarding privilege outside the presence of counsel for defendants." *Id.* at 2.

## II. ARGUMENT

Defendants do not oppose a hearing, but assert their right to be present at any such hearing unless a proper record can be established that would justify *ex parte* proceedings and then only as to those specific issues on which the record has been established.

If true, the allegations in Mr. Williamson's Notice mean that one or more Plaintiff attorneys have presented inaccurate, and perhaps intentionally misleading, information to the Court and counsel for Defendants. Especially in a class action case where the adequacy of class counsel is relevant, these are issues that should not be shielded from counsel for the Defendants.

### A. Mr. Williamson Has Alleged that Misstatements of Fact that May Have Been Intentional Were Made to This Court at a Recent Hearing, and Defendants Support Factual Inquiry by the Court to Determine If Such Is the Case.

A lawyer's duty of candor to the court is paramount. Here, Mr. Williamson has reported that inaccurate statements were made to the Court in the recent May 13 hearing, and that these misstatements may have been made with the intent to mislead the Court and counsel. Notice at 1. While Mr. Williamson's Notice is not specific as to what those misstatements were, the hearing did feature statements regarding whether the Motion was appropriately filed, and the Court referenced that it relied on those statements in its disposition. *See* Conf. Tr. (May 13, 2020), at 12 ("THE COURT: . . . The issue today was whether Plaintiffs' motion to withdraw, Document 79, which counsel has represented that was inadvertently filed and is requesting to orally withdraw it, which I'm going to grant that request to orally withdraw Document 79."). Mr. Williamson filed the Motion, so he would be in a position to know the degree of authorization in support of that Motion. Further, several counsel at the May 13 hearing, *including counsel from Bathaee Dunne*, expressed surprise regarding statements that were made to the Court by Mr. Hecht. In short, Mr. Williamson appears to have some foundation for the allegation he has made in the Notice, and

there are other indicia that suggest that further inquiry by the Court into the matters he has raised is appropriate.

Further, the subject of whether Plaintiffs' counsel are in fact intending to withdraw – or not – is of great import in this significant putative class action litigation. As expressed in prior responses to the Motion, both Defendants seek a clear record as to which attorneys in fact intend to continue representation in this matter and which do not. Indeed, the identity of counsel is central in the context of putative class actions because "absent class members have little role in choosing the attorneys who will represent them or in monitoring counsel's activities as the action moves forward." 1 Newberg on Class Actions § 3:72 (5th ed.). Class certification, therefore, turns in part on the adequacy of class counsel, which considers counsel's "zeal and competence." *Ogden v. AmeriCredit Corp.*, 225 F.R.D. 529, 532 (N.D. Tex. 2005). Potential unethical conduct by putative class counsel is also relevant to that inquiry. 1 Newberg on Class Actions § 3:78 (5th ed.) (collecting cases).

### B. Mr. Williamson Has Not Shown Any Need for an *Ex Parte* Hearing, and Even if He Had, Defendants Should Be Excluded Only from the Part of the Hearing that Relates to that Need.

Mr. Williamson points to no authority to support his argument that the Court should exclude Defendants from the hearing. "Ex parte proceedings are an exception to the rule in our judicial system and contrary to its adversarial nature." *In re High Sulfur Content Gasoline Prod. Liab. Litig.*, 517 F.3d 220, 231–32 (5th Cir. 2008) (vacating order based on *ex parte* hearing). *Ex parte* hearings, such as the one sought here, cut against the adversarial system contemplated by the Federal Rules of Civil Procedure. *See Alderman v. United States*, 394 U.S. 165, 184 (1969) (explaining adversary proceedings "guard[] against the possibility" of trial judge error). Defendants had an interest in the Motion being properly adjudicated, as indicated in Defendants' responses to that Motion, and Defendants likewise have an interest in whether that Motion was


properly withdrawn or, conversely, withdrawn on the basis of potentially intentional misrepresentations. Denying Defendants access to a hearing on these matters would give Plaintiffs' counsel an improper advantage by denying Defendants access to information relevant to the proceedings and suggesting facts and arguments to the Court which would be unknown to Defendants. The Court therefore should not exclude Defendants from the hearing.

To the extent that Mr. Williamson seeks an *ex parte* hearing to avoid divulging communications with Mr. Altabet or others, nowhere in the Notice does Mr. Williamson allege facts showing that the communications were "for the primary purpose of securing either a legal opinion or legal services," as the privilege requires. *Alpert v. Riley*, No. CIV.A. H-04-CV-3774, 2009 WL 1226767, at *10 (S.D. Tex. Apr. 30, 2009). First, if Mr. Altabet were attempting to "intimidate [Mr. Williamson] and hamper [his] efforts to correct the record," Notice at 1, there is certainly no basis for claiming those communications were privileged. To the contrary, such communications, if they occurred, would be relevant to the adequacy question and appropriately considered by all parties to this litigation. Second, to the extent the communications concern whether Mr. Williamson was authorized to file the Motion on behalf of others, that is also not a privileged issue. Authorization is a matter of fact, not client advice or work product. *See* Thomas E. Spahn, *The Attorney-Client Privilege and Work Product Doctrine* ¶ 11.804 (3d ed. 2013) (privilege does not protect disclosure of actions taken by client); *Monroe v. City of Charlottesville*, No. CIV. 3:05CV00074, 2007 WL 2461746, at *3 n.4 (W.D. Va. Aug. 27, 2007) (privilege does not protect the fact of when the client authorized the filing of a lawsuit); Restatement (Third) of the Law Governing Lawyers § 69 cmt. g (2000) (privilege does not protect "the amount of the agreed-upon fee"). Mr. Hecht put the question of authorization squarely at issue in the hearing by claiming that the Motion was filed in error. Conf. Tr. (May 13, 2020), at 3 (Mr. Hecht: "We

believe the motion was submitted in error by a lawyer at Pierce Bainbridge during the tumultuous and uncertain time at the firm and in the United States with COVID in April.  The lawyer might have thought it was appropriate, but it was in fact filed in error.").

Mr. Williamson may consider conversations between himself and other counsel to be sensitive, but sensitivity alone is not a valid basis for withholding documents.  Defendants have produced to Plaintiffs countless of their sensitive business documents under the protection of the Stipulated Protective Order, which offers tiered levels of protection including an attorneys' eyes only designation.  Mr. Williamson has not pointed to any reason why he could not do the same.  The Stipulated Protective Order is adequate to protect such sensitive discussions if indeed they have been maintained as confidential.

### III.   CONCLUSION

Defendants have a strong interest in an orderly withdrawal of counsel, or, if appropriate, an orderly withdrawal of the Motion to Withdraw, and in the accuracy of representations made to the Court and to counsel for the Defendants and Plaintiffs in connection therewith.  Defendants support Mr. Williamson's offer of disclosure on these important issues, and assert their interest in being present at any such hearing except to the extent a proper record can be established that would support *ex parte* consideration.  The Court should deny the request for *ex parte* consideration and instead set this motion for a hearing at which Defendants are allowed to be present.

Date:   May 22, 2020

Respectfully submitted,

**McGUIREWOODS LLP**

*/s/ Thomas M. Farrell*
Clyde M. Siebman
TX Bar No. 18341600
Elizabeth S. Forrest
TX Bar No. 24086207
Jeffrey J. Burley
TX Bar No. 03425250
Siebman Forrest Burg & Smith LLP
300 N Travis St
Sherman, TX 75090
Tel: 903-870-0070
Fax: 903-870-0066
Email: clydesiebman@siebman.com
Email: elizabethforrest@siebman.com
Email: jeffburley@siebman.com

Thomas M. Farrell
TX Bar No. 06839250
McGuireWoods LLP
JPMorgan Chase Tower
600 Travis Street
Suite 7500
Houston, TX 77002-2906
Tel: 713-353-6677
Fax: 832-214-9933
Email: tfarrell@mcguirewoods.com

Brian D. Schmalzbach (*pro hac vice*)
Jeremy S. Byrum (*pro hac vice*)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3406
Tel:  804-775-4746
Fax:  804-698-2304
Email: bschmalzbach@mcguirewoods.com
Email: jbyrum@mcguirewoods.com

Benjamin L. Hatch (*pro hac vice*)
McGuireWoods LLP
2001 K Street N.W.
Suite 400
Washington, DC 20006-1040
Tel: 757-640-3727
Fax: 757-640-3947
Email: bhatch@mcguirewoods.com

***Attorneys for The Boeing Company***

**NORTON ROSE FULBRIGHT US LLP**

*/s/ Michael A. Swartzendruber*
Michael A. Swartzendruber
State Bar No. 19557702
Jason K. Fagelman
State Bar No. 00796525
James V. Leito
State Bar No. 24054950
Philip A. Tarpley
State Bar No. 24098501
2200 Ross Ave., Suite 3600
Dallas, TX 75201
Tel: (214) 855-8000
Fax: (214) 855-8200
michael.swartzendruber@nortonrosefulbright.com
jason.fagelman@nortonrosefulbright.com
james.leito@nortonrosefulbright.com
philip.tarpley@nortonrosefulbright.com

Geraldine W. Young
State Bar No. 24084134
1301 McKinney St., Suite 5100
Houston, TX 77010
Tel: (713) 651-5151
Fax: (713) 651-5246
geraldine.young@nortonrosefulbright.com

***Attorneys for Southwest Airlines Co.***

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 22, 2020, a true and correct copy of the above was served to counsel through the Eastern District of Texas's CM/ECF system.

                                              */s/ Thomas M. Farrell*
                                              Thomas M. Farrell