# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| DAMONIE EARL, LINDA RUGG, ALESA BECK, TIMOTHY BLAKEY, JR., STEPHANIE BLAKEY, MARISA THOMPSON, MUHAMMAD MUDDASIR KHAN, ELIZABETH COOPER, JOHN ROGERS, VALERIE MORTZ-ROGERS, and LAKESHA GOGGINS, each individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE BOEING COMPANY and SOUTHWEST AIRLINES CO., <br><br> Defendants. | Civil Action No. 4:19-cv-00507 |

## RESPONSE TO NOTICE

Plaintiffs' co-counsel writes in response to the Notice ("Notice") submitted by withdrawing lawyer Andrew Williamson requesting an *ex parte* in-camera hearing. Dkt 100. In the Notice, Mr. Williamson states: "After reviewing the transcript from the May 13th hearing in this matter, I have confirmed what I believe are numerous statements of material fact by David L. Hecht which are inaccurate, and may have been made to intentionally mislead counsel and the Court." As shown below, the statements were ***neither inaccurate nor material***, and there is no need for a hearing.[1]

---

[1] Mr. Williamson consented to relief sought (*i.e.* his withdrawal) in the recent the Motion for Withdrawal of Counsel (Dkt. 103, "Second Motion"), which would properly withdraw him as counsel in this action. The sole purpose of the Notice, Dkt 100 is apparently limited to "correcting" Mr. Hecht's purportedly inaccurate statements.

-1-

1. **Mr. Hecht's Statements Were Not Inaccurate**

Mr. Hecht's statements at the hearing on the withdrawal motion ("Motion") were not extensive and may be set forth as follows. First, Mr. Hecht advised the Court that PB wished to "withdraw[] the withdrawal motion as to [] David Hecht, and Andrew Lorin." He explained: "We believe the motion was submitted in error by a lawyer at Pierce Bainbridge during the tumultuous and uncertain time at the firm and in the United States with COVID in April. The lawyer might have thought it was appropriate, but it was in fact filed in error. The motion was actually wrong as to, for example, representing that as of April 15th none of the withdrawing attorneys would remain with PB. Mr. Lorin and myself have not left PB. We are still officed at PB . . . ." Tr. 3:13-24. Mr. Hecht later added: "[T]o my knowledge, there has been no withdrawal of Pierce Bainbridge as counsel authorized by Plaintiffs. We have engagement agreements that continue to be active that were not terminated, so I can speak for Pierce Bainbridge, at least from what I've seen . . . the operative firms are Pierce Bainbridge and Bathaee Dunne." Tr. 8:9-15.

Mr. Hecht explained that the reasons underlying the delay in withdrawing the Motion included the COVID-19 crisis, "significant structural changes at Pierce Bainbridge," and PB's efforts "to work through financials to secure sufficient funding to represent the clients sufficiently and effectively in light of this tumultuous situation." Tr. 4:6-7, 4:20-22. Mr. Hecht advised that "just last night we secured an independent commitment of significant funds for this case tied to Mr. Lorin and my own continued role in the case, subject to documentation." Tr. 4:22-25. Regarding the structural changes at PB, Mr. Hecht explained that "Mr. Lorin and I withdrew from the partnership but we remain affiliated in connection with certain cases, including this one." Tr. 4:9-11.

Mr. Hecht also explained that the funding "will allow me, Mr. Lorin and others that we are affiliated with to advance the Plaintiffs' case. We will research, review documents, draft briefs, work with experts, whatever is necessary to advance the case, as well as paying for a portion of costs." Dkt. at

5:1-5. He further explained that PB "has preserved documents, has possession, custody and control. We have, for example, our engagement agreements, things like that." Dkt. at 5:14-16.

Mr. Hecht's statement that the Motion incorrectly "represent[ed] that as of April 15th none of the withdrawing attorneys would remain with PB," is plainly true and undisputed. It is noteworthy that Mr. Hecht made no representations as to how that inaccurate statement made its way into the First Motion.

Mr. Hecht's statement that the Motion was filed in error was also accurate. The existence of law office error cannot be doubted – PB filed the Motion on April 15 and on May 13 sought to withdraw the same Motion. No one has alleged (or in good faith could allege) that PB purposely filed the Motion with the intent to later withdraw it. The Court should need no hearing to determine that there was law office error when PB concedes the error on behalf of the entire firm. *See* Dkt. 103 (noting that error was result of "combination of factors" and not attributed "to any particular person or persons").

PB assigned no blame to any particular person within PB. In fact, Mr. Hecht fully acknowledged that the person at PB who electronically filed the Motion "might have thought it was appropriate . . . ." Tr. 3:18-19. To assure the accuracy of Mr. Hecht's comments, PB's Second Motion expressly states:

> At the hearing on May 13, 2020, the undersigned counsel stated that a previous motion to withdraw (Dkt. 79) was filed in error. In making this statement, counsel was referring to a law office error resulting from a combination of factors during a tumultuous time. It was not the undersigned counsel's intent to assign the error to any particular person or persons.

Dkt. 103. The withdrawing attorneys have consented to the relief sought in the Second Motion.

The reasons for PB's delay in withdrawing the Motion – *i.e.*, the effect on PB of the COVID-19 crisis, its structural changes, and the search for financing – is information in PB's peculiar knowledge and is undisputed, as are the facts that (a) Messrs. Hecht and Lorin remain affiliated with PB, and (b) that a commitment for funding was secured.

In sum, while it is possible that other counsel misinterpreted Mr. Hecht's statements, none of his statements were inaccurate, nor is any hearing necessary to establish same.

### 2. Mr. Hecht's Statements at Issue Were Immaterial to Withdrawal of the First Motion

Mr. Hecht stated that PB filed the Motion "in error" during a "tumultuous and uncertain time at the firm and in the United States . . . ." The veracity of Mr. Hecht's statements were not disputed during the court call. To dispel any doubt, PB clarified in the Second Motion that the "law office error result[ed] from a combination of factors during a tumultuous time" and that PB had not "inten[ded] to assign the error to any particular person or persons."

It does not appear that the Court required more in these circumstances than the existence of law firm error to permit withdrawal of the Motion: "THE COURT: The issue today was Plaintiffs' motion to withdraw, Document 79, which counsel has represented that was inadvertently filed and is requesting to orally withdraw it, which I'm going to grant that request to orally withdraw Document 79." Tr. 12:10-14.

The Court at the withdrawal hearing did not require scrutiny of the law office error to permit withdrawal of the Motion. PB respectfully asserts that such details remain unessential.

### 3. If Permitted by the Court, PB Withdraws Its Comments Regarding Law Office Error

PB clarified in the Second Motion that the "law office error result[ed] from a combination of factors" and that PB had not "inten[ded] to assign the error to any particular person or persons." To the extent that Mr. Hecht's comments as to the nature of the error were not necessary to withdraw the Motion, PB (if permitted by the Court) hereby withdraws those statements as superfluous to the withdrawal of the First Motion and agrees to have them stricken them from the record.

### 4. An Unnecessary Hearing Would Waste Court Resources

As Mr. Hecht explained at the Hearing: "I don't want this hearing to get into petty bickering or any kind of mud-slinging. [W]e're happy to work it out. We don't want to waste the Court's resources in any kind of drama amongst the firms." Tr. at 7:5-8. Mr. Hecht tried to avoid controversy at the Hearing by not naming names or discussing motives and by generally steering clear of details regarding the law

office error. Indeed, it is a mystery to PB why Bathaee Dunne would, under these circumstances, "agree with Mr. Williamson and Defendants that a hearing is appropriate" and thereby drag the Court into an unnecessary "family dispute."[2] Dkt. 104 at 1-2.

### 5. Entertaining a Hearing on Such Non-Issues Is Not in the Best Interests of Plaintiffs

PB has endeavored to pursue the best interests of Plaintiffs, which cannot possibly be served by Plaintiffs' counsel squabbling. As Mr. Hecht mentioned at the Hearing, PB "just last night [] secured an independent commitment of significant funds for this case tied to Mr. Lorin and my own continued role in the case, subject to documentation." Tr. at 4:22-25. Mr. Hecht added that the funding "will allow me, Mr. Lorin and others that we are affiliated with to advance the Plaintiffs' case. We will research, review documents, draft briefs, work with experts, whatever is necessary to advance the case, as well as paying for a portion of costs." Tr. at 5:1-5. The commitment of additional funds to permit the continued participation of knowledgeable counsel and to advance the Plaintiffs' case and pay for case expenses should certainly be considered good news for Plaintiffs. Further squabbling does not advance Plaintiffs' or the putative class' best interests.

### 6. Defendants' Arguments Are Meritless

As noted, Defendants appear only too eager to egg on a sideshow that airs Plaintiffs' counsels' laundry – but they overreach. They base their supposed interest in the requested hearing on the following purported issue: "[T]he subject of whether Plaintiffs' counsel are in fact intending to withdraw – or not – is of great import in this significant putative class action litigation." Dkt. 102. Defendants' premise, however, does not exist. The Court granted PB's withdrawal of its First Motion and PB submitted the

---

[2] BD indicated in its response that it did not participate in the meet and confer relating to the Second Motion; but the Certificate of Conference in that Motion reflected that an electronic conferral occurred and BD was copied on all those electronic communications. BD did not respond, which was inadvertently omitted from the Certification of Conference.

Second Motion which seeks to withdraw the appearances of Messrs. Williamson and Pomerantz only. Dkt. 103. There is, therefore, no dispute regarding whether PB is "intending to withdraw."

Further, as noted above, the Notice does not seek to undo the Court's grant of PB's withdrawal of its First Motion, and no person at the hearing objected to PB's withdrawal of its Motion. The supposed question "of whether Plaintiffs' counsel are in fact intending to withdraw" is a red herring.

In sum, there is no reason to conduct a hearing. While Defendants may relish the opportunity to participate in a dispute among Plaintiffs' counsel, they have not set forth any sufficient, independent basis that is relevant to Defendants to justify such a hearing. Defendants' fervent wish to participate in this sideshow – indeed the sideshow itself – should be rejected.

Accordingly, it is respectfully requested that this Court strike the Notice (Dkt. 100), vacate the hearing scheduled on Monday June 1, 2020 (Dkt. 106), and/or deny the relief sought in the Notice.

Dated: May 28, 2020

/s/ David L. Hecht
David L. Hecht
Pierce Bainbridge Beck Price & Hecht LLP
277 Park Ave. 45th Floor
New York, NY 10172
(212) 484-9866
dhecht@piercebainbridge.com
*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served on all counsel of record through the Court's EM/ECF electronic filing system on May 28, 2020.

/s/ David L. Hecht
David L. Hecht