**www.awilliamson.law**

Andrew M. Williamson
MEMBER
A.Williamson, LLC
12410 Milestone Center Drive
Suite 600
Germantown, MD 20876
Phone: 301-916-1560
Email: amw@awilliamson.law

VIA FACSIMILE

June 1, 2020

Hon. Amos L. Mazzant, III
United States District Court for the
Eastern District of Texas
Paul Brown United States Courthouse
101 East Pecan Street
Sherman, Texas 75090
903-893-7008 (Phone)
903-893-9067 (Fax)

Re:  *Earl v. The Boeing Company and Southwest Airlines Co.,* Case No. 4:19-cv-00507 (EDTX)
     *Ex Parte* Submission for Privilege Review in Conjunction with June 1, 2020 Hearing.

Dear Judge Mazzant:

Enclosed, please find my submission of an affidavit and documents, which I am submitting *ex parte* to the Court for a privilege review, in conjunction with the June 1, 2020 hearing in this matter. Pierce Bainbridge, by its outside counsel Ed Altabet, has claimed a blanket privilege over all of these documents and other information, which has prevented me from filing these documents publicly—let alone disclosing their contents or disclosing publicly other relevant knowledge I possess, which is based on internal communications at Pierce Bainbridge.

My position on privilege for most of the documents and the information I have included in my *ex parte* submission, is that they are *not* privileged or confidential. For example, some of the communications include third parties that are unaffiliated with me or Pierce Bainbridge, and therefore are not confidential or protected by privilege. Others do not contain any work product or confidential information and therefore no privilege should apply—or, at most, should only apply to limited portions of the documents and/or communications. In addition, several of the documents over which the firm claims privilege are threatening communications from Ed Altabet to me *after* my employment at Pierce Bainbridge ended, and therefore cannot possibly be protected by any privilege or confidentiality—despite Mr. Altabet's contentions to the contrary.

Nonetheless, based on Pierce Bainbridge's position, and Mr. Altabet's belligerent actions, I am submitting these documents and additional information *ex parte* to permit the Court to examine it outside the presence of counsel for defendants for a determination of whether any privilege applies to shield the documents from disclosure. I have redacted portions of some documents that include information

June 1, 2020
Page 2

regarding *other* cases, which I do not believe should be disclosed at all (nor is such information relevant, here).

These documents support, or provide context to, the basis for my assertion that David Hecht made several misrepresentations in his statements on the record at the May 13, 2020 hearing in this matter, and in the Response brief he filed on behalf of Pierce Bainbridge on May 28, 2020 (ECF No. 109) (the "Response"). Specific misrepresentations include:

(1) Mr. Hecht's repeated assertion that the initial Motion to withdraw was filed "in error," when I can demonstrate it was not.

(2) Mr. Hecht's repeated representations that he and Mr. Lorin never resigned from Pierce Bainbridge, but instead only resigned from the partnership. Documents and communications in my possession show this is not accurate[1];

(3) Mr. Hecht's repeated statements that he is "knowledgeable" about this case, has ever had, a "critical" role in this case—or that he is in a position to advance Plaintiffs' case. This appears to be based solely to his on-the-record assertion that the litigation funding he is purportedly attempting to secure is directly "tied to" his "own continued role in the case." *See* ECF No. 109 at 2 and 5; *quoting* Transcript of May 13, 2020 Hearing at 4:23-25. Mr. Hecht's representations that he purportedly might-have-secured-funds-subject-to-documentation to help pay for costs (even if true) are not relevant to his assertion that he has played a critical role or is knowledgeable about this case, and may have been made to mislead for some other purpose.

In addition, Mr. Hecht's purported reasoning for leaving the Motion to Withdraw untouched for twenty-nine (29) days, and sudden interest in withdrawing it is also dubious. At the May 13th hearing, Mr. Hecht provided various excuses to the Court and counsel as to why he had not acted sooner, such as "COVID" and "significant structural changes" at Pierce Bainbridge—none of which have anything to do with why the Motion to Withdraw was filed, and most likely nothing to do with why no effort was made to withdraw it for twenty-nine (29) days.

While I can certainly empathize with the challenges COVID-19 as wrought on so many, despite the pandemic, Mr. Hecht managed to launch his own law firm, Hecht Partners, LLP[2]; file lawsuits there[3];

---

[1] In addition, Mr. Hecht and Mr. Lorin have filed pleadings in other federal courts—some under oath—in the past two months that contradict Mr. Hecht's on-the-record statements to the Court in this action concerning the continuity of their affiliation with Pierce Bainbridge. Many of these federal court filings are attached to a pleading filed in this matter on May 31st. *See, e.g.*, Plaintiffs' Opposition to David Hecht's Request to Vacate the Court's June 1, 2020 Hearing (ECF Nos. 112-4 through 112-10) at Exhibits C through I (ECF Nos. 112-4 through 112-10).

[2] *See, e.g.*, https://www.hechtpartners.com/david-l-hecht

[3] *See, e.g.*, *Hecht Partners Files Suit Against Boston University for Student Tuition Reimbursement*, CISON PR Newswire https://www.prnewswire.com/news-releases/hecht-partners-files-suit-against-boston-university-for-student-tuition-reimbursement-301054356.html (Last Accessed on May 31, 2020)

June 1, 2020
Page 3

and brief several motions to compel, *Daubert* motions, and a major motion for summary judgment in an intellectual property lawsuit in the Southern District of Florida.[4] Yet, he could not find the time over the course of an entire month, to undertake the simple act of withdrawing a motion that he claims was filed "in error," in a case that he belatedly claims he is affiliated with. *See* Transcript at 3:16-19 and 9:23-24.

Had someone at Pierce Bainbridge or "affiliated" with Pierce Bainbridge—as Mr. Hecht claims to have consistently been despite his March resignation—felt the Motion to Withdraw was filed "in error" they certainly could have withdrawn it right away. Yet, no one, including Mr. Hecht or Mr. Lorin, was willing to put their name on such a filing and represent to the Court that it ought to be withdrawn—at least no one was willing to take that position until May 13, 2020, twenty-nine (29) days after it was filed. Apparently, Mr. Hecht did not feel compelled to act until, according to him, a litigation funder offered him "**significant funds** for this case ***tied to*** **Mr. Lorin** and ***my own continued role*** in the case, subject to documentation." *See id.* at 4:23-25 (emphasis added); *see also* Response at 5 (same).

In any event, Mr. Hecht's and Mr. Lorin's sudden position that they will remain involved in this case—despite leaving the Motion to Withdraw unchallenged for twenty-nine (29) days—does not excuse the misrepresentations made to this Court. Even if it is true that Mr. Hecht is now *re*-affiliated with Pierce Bainbridge (to the extent that entity meaningfully exists anymore), that does not excuse Mr. Hecht's misrepresentations to the Court concerning the circumstances of his resignation or the propriety of the Motion to Withdraw.

Mr. Hecht's sudden aggressive actions to appear in this litigation—in which he has had zero meaningful historical involvement to date—apparently to protect Pierce Bainbridge's (or a perhaps a funder's) "lodestar" interest, or perhaps to secure funding for his own law firm, all raise serious concerns over who is directing Pierce Bainbridge's, Mr. Hecht's (or Hecht Partners') actions in this matter. This should be explored by the Court and the record should be corrected, accordingly.

Regards

Andrew M. Williamson

Andrew M. Williamson
**MEMBER**
**A.Williamson, LLC**

Enclosures: Affidavit and Exhibits

---

[4] *See, e.g., Apple, Inc. v. Corellium, LLC,* Case No. 9:19-cv-81160 at ECF Nos. 341, 342, 344, 444, 452, and 454.

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| DAMONIE EARL, LINDA RUGG, ALESA BECK, TIMOTHY BLAKEY, JR., STEPHANIE BLAKEY, MARISA THOMPSON, MUHAMMAD MUDDASIR KHAN, ELIZABETH COOPER, JOHN ROGERS, VALERIE MORTZ-ROGERS, and LAKESHA GOGGINS, each individually and on behalf of all others similarly situated, | Civil Action No. 4:19-cv-00507 |
| *Plaintiffs.* | |
| v. | |
| THE BOEING COMPANY, and SOUTHWEST AIRLINES CO., | |
| *Defendants.* | |

## DECLARATION OF ANDREW M. WILLIAMSON

I, Andrew M. Williamson, declare as follows:

1.      I am a Member at A.Williamson, LLC and former Counsel at the law firm of Pierce, Bainbridge Beck, Price and Hecht, LLP.  I submit this declaration based on my own knowledge and belief, and as an officer of the Court pursuant to my ethical obligations under Local Rule AT-3(b) and Texas Disciplinary Rules of Professional Conduct 3.03.

2.      At the May 13, 2020 hearing in this matter, and again in the Response, (ECF No. 109) (the "Response") to my prior Notice and Request for Hearing (ECF No. 100), Mr. Hecht made several misrepresentations to the Court.[1]

3.      I am concerned that he may have made those misrepresentations (and omitted information) to mislead counsel and the Court as to Pierce Bainbridge's continued viability as an

---

[1] A copy of the May 13, 2020 hearing transcript is attached for ease of reference as **Exhibit 1.**

entity, ability to continue to adequately represent Plaintiffs in this case and I am also concerned whether a litigation funder is exerting improper control or influence over Pierce Bainbridge's and/or Mr. Hecht's actions in this case.

4.      I attempted to investigate the veracity of Mr. Hecht's statements before involving the Court. *See* Exhibit 9 attached hereto (May 16, 2020 Email). From the outset of those efforts, I received a threatening email from Pierce Bainbridge's outside counsel, Ed Altabet, in response to an inquiry regarding some of Mr. Hecht's on-the-record statements, which further reinforced my concerns over the motivation behind those statements and my concerns over who is actually controlling litigation for Pierce Bainbridge. *See* Exhibit 10 attached hereto (May 17, 2020 Email). I found it troubling that, instead of a factual response from the firm's CFO or COO (whom I had emailed), I instead received a visceral response from Mr. Altabet (who had previously represented to me that he has ties to the firm's litigation funder, Virage Capital Management, LLC). *See id.*

5.      I have documents/communications in my possession, and knowledge from internal firm communications, which I believe are material to correcting the record.

6.      However, Pierce Bainbridge and Mr. Altabet have asserted a blanket privilege over all of these documents and communications and have asserted privilege over me divulging the substance of any internal oral communications from my time at Pierce Bainbridge. *See* Exhibit 11 (May 18, 2020 Email) and Exhibit 12 (May 20, 2020 Email).

7.      The following Exhibits are true and accurate copies of documents and communications in my possession relevant to the assertions I make in this affidavit, and which are relevant to correcting he record in this matter (my position regarding privilege is stated in the footnotes, below):

        a.      **Exhibit 2:** Email memorandum that I sent to Camille Varlack (COO and Deputy General Counsel) and Kevin Cash (CFO) after being informed the

firm was shutting down on April 13th, which summarizes my cases and the actions I intended to take to wind them down, including filing a motion to withdraw in this matter (information regarding other matters is redacted).[2]

b.   **Exhibit 3:** My April 15, 2020 email to Mr. Altabet memorializing our conversation from the prior evening, explaining my authority to file withdrawal motion, and requesting that he stop threatening me.[3]

c.   **Exhibit 4:** April 15-16, 2020 "Direct Messages" from the firm's Slack internal messaging system between myself and Andy Lorin in which he confirmed he was not continuing on the case, and that the firm had no "good faith" basis for doing so.[4]

d.   **Exhibit 5:** My email to Mr. Altabet from the evening of April 15, 2020 inquiring why he misrepresented Mr. Lorin's availability to remain on the case, demanding access to my private client's files, and demanding Mr. Altabet stop threatening me.[5].

e.   **Exhibit 6:** Andy Lorin's April 16, 2020 email to Mr. Altabet confirming my actions were proper, that the motion to withdraw should remain on file, and related prior coercive email correspondence from Mr. Altabet.[6]

f.   **Exhibit 7:** Andy Lorin's April 11, 2020 resignation letter—which was included as an attachment to emails from Ed Altabet and Kevin Cash—showing Mr. Lorin had resigned from the firm.[7]

---

[2] My position on privilege for this email memoranda is that the information relevant to the issue of candor in this case is not shielded from disclosure (I have redacted information for other cases).

[3] I redacted one paragraph on Page 2, which contains confidential work product information, and my position on privilege is that nothing else in this email is privileged or confidential.

[4] My position is that nothing in this correspondence is privileged or confidential.

[5] I redacted work product information and information related to other matters in this email, and my position on privilege is that nothing else in this email is privileged or confidential.

[6] My position is that nothing in this email is privileged or confidential.

[7] My position is that nothing in this document is privileged or confidential.

g.    **Exhibit 8**: My April 22, 2020 Final Case Memorandum sent to Camille
      Varlack (COO), Kevin Cash (CFO), and Tom Warren (Interim Managing
      Partner).[8]

h.    **Exhibit 9**: An email I sent to Camille Varlack and Kevin Cash on Saturday
      May 16, 2020 inquiring as to Mr. Hecht's representations that he and Mr.
      Lorin were still "affiliated" with Pierce Bainbridge.[9]

i.    **Exhibit 10**: An email I received at my current law firm address from Mr.
      Altabet on May 17, 2020, in response to my email to Ms. Varlack and Mr.
      Cash, in which Mr. Altabet made baseless accusations against me in an
      apparent effort to intimidate me.[10]

j.    **Exhibit 11**: May 18, 2020 email correspondence from me to Mr. Altabet
      responding to his May 17th email and confirming I would seek a Court order,
      per his demand, before taking any further action that would disclose
      substantive   information   based   on   internal   Pierce   Bainbridge
      communications and documents—despite their materiality to correcting the
      record in this matter. [11]

k.    **Exhibit 12:** May 20, 2020 in which I confirmed I would present the attached
      documents to the Court for a privilege review before presenting them (or
      discussing their contents) with counsel for defendants. [12]

---

[8] My position on privilege for this memorandum is that the portions relevant to the issue of candor
to the Court in this matter are not shielded from disclosure by work product or privilege (I have
redacted information relevant only to other cases, which is irrelevant here).

[9] My position on privilege is that nothing in this correspondence is privileged or confidential. This
was sent to me at my current law firm email address and I have no former or current confidential
relationship with Mr. Altabet that could possibly support an assertion of privilege over this email.

[10] My position on privilege is that nothing in this correspondence is privileged or confidential.
This was sent to me at my current law firm email address and I have no former or current
confidential relationship with Mr. Altabet that could possibly support an assertion of privilege.

[11] My position on privilege is that nothing in this correspondence is privileged or confidential. It
was sent to me at my current law firm email address and I have no former or current confidential
relationship with Mr. Altabet that could possibly support an assertion of privilege over this email.

[12] My position on privilege is that nothing in this correspondence is privileged or confidential.
This was sent to me at my current law firm email address and I have no former or current
confidential relationship with Mr. Altabet that would support an assertion of privilege here.

8.      Information in these documents supports my belief that Mr. Hecht made several

misrepresentations to the Court (both at the May 13th hearing and in the May 28th Response), and

my concern for his lack of candor to the Court, summarized as follows:

a.      Mr. Hecht stated at the hearing, and again in the Response, that he and Andy
Lorin never resigned from Pierce Bainbridge, but purportedly only resigned from the
partnership, and never left the firm. *See* Transcript (Exhibit 1) at 4:9-11; Response (ECF
No. 109) at 2. That is not true. I was told that Mr. Hecht resigned from the firm by firm
managers and Mr. Hecht is on record and *under oath* in several other federal courts stating
as far back as mid-April that he was no longer *affiliated* with Pierce Bainbridge. *See*
Exhibit 3 at 1 and Exhibit 5 at 1. Mr. Lorin told me he had resigned from the firm. *See*
Exhibit 4 at 2, Exhibit 5 at 1, and Exhibit 6 at 1. And, Mr. Lorin's resignation letter,
unequivocally state he put in his notice of resignation *from the firm* on April 11, 2020. *See*
Exhibit 7.

b.      The Motion to Withdraw was not filed "in error" as Mr. Hecht claimed at
the hearing (a claim he repeats in the Response). *See* Transcript (Ex. 1) at 3:15-19;
Response at 2-5. For one, Mr. Hecht's primary basis for that statement is that he and Mr.
Lorin never left Pierce Bainbridge and therefore could continue on the matter (Transcript
at 20-24)—a statement which is demonstrably false. Importantly, the Motion to Withdraw
was filed based on instructions from firm management, which I repeatedly confirmed in
writing with firm management. *See* Exhibit 2 at 1; Exhibit 3 at 1; Exhibit 4 at 2; Exhibit 5
at 1: Exhibit 6 at 1; Exhibit 8 at 2-3. And, Mr. Hecht omitted the critical fact that, despite
Mr. Hecht's protests shortly after the motion was filed, the firm made a decision not to
withdraw. *See* Exhibits 4-7. That decision was made in light of Mr. Hecht's and Mr.
Lorin's resignation and because, among other things, the filing itself was not improper and
there were *zero* attorneys remaining at the firm to work on the case.[13] *See id.* In fact, on
April 16th (two days after the motion was filed), Andrew Lorin, the last remaining partner
on the case at the time, specifically directed that the motion not be withdrawn because
neither he, nor anyone else was going to continue on the matter at Pierce Bainbridge, and
the firm was "incapable of servicing the clients, nor does it have a good faith basis for
believing that it shortly can service the client[s]." *See* Exhibit 4 (Slack DMs from Mr.
Lorin) at 2; *see also* Exhibit 6 (Lorin April 16th Email) at 1.

c.      There does not appear to be any legitimate factual basis whatsoever for Mr.
Hecht's statements at the May 13th hearing or in the May 28th Response that he somehow
"knowledgeable" about this case, has now, or has ever had, a "critical" role in this case—
or that he is in a position to advance Plaintiffs' case. The undersigned worked on this case
from Fall 2019 through April 2020, and can affirm that Mr. Hecht has never participated

---

[13] Mr. Hecht also raises the issue of whether Plaintiffs' "authorized" the withdrawal. My
understanding is that the Plaintiffs were informed of Pierce Bainbridge's withdrawal motion by
counsel, and none objected.

in any meaningful manner. His representations that he purportedly might-have-secured-funds-subject-to-documentation to help pay for costs (even if true) are not relevant to his representation that he has played a critical role. This is corroborated by representations at a prior hearing that Mr. Hecht has not billed any time on this case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: May 31, 2020

/s/ Andrew M. Williamson
Andrew M. Williamson

# EXHIBIT 1

1

                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF TEXAS
2                         SHERMAN DIVISION
      DAMONIE EARL, ET AL          :        DOCKET NO. 4:19CV507
3                                  :
                                   :
      VS.                          :        SHERMAN, TEXAS
4                                  :        MAY 13, 2020
      THE BOEING COMPANY, ET AL    :        9:00 A.M.
5
                        TELEPHONE CONFERENCE
6             BEFORE THE HONORABLE AMOS L. MAZZANT,
                   UNITED STATES DISTRICT JUDGE
7
      APPEARANCES (BY TELEPHONE):
8
      FOR THE PLAINTIFF:            MR. BRIAN JAMES DUNNE
9                                   BATHAEE DUNNE, LLP
                                    355 S. GRANDE, 44TH FLOOR
10                                  LOS ANGELES, CA  90071

11                                  MR. YAVAR BATHAEE
                                    MR. EDWARD GRAUMAN
12                                  MR. ANDREW CHAN WOLINSKY
                                    BATHAEE DUNNE LLP
13                                  445 PARK AVENUE, 9TH FLOOR
                                    NEW YORK, NY  10022
14
                                    MR. DAVID L. HECHT
15                                  MR. ANDREW JAY LORIN
                                    MR. MICHAEL POMERANTZ
16                                  MR. ANDREW MICHAEL WILLIAMSON
                                    PIERCE BAINBRIDGE BECK
17                                  277 PARK AVENUE, 45TH FLOOR
                                    NEW YORK, NY 10172
18
                                    MR. JOHN JEFFREY EICHMANN
19                                  DOVEL & LUNER
                                    201 SANTA MONICA, SUITE 600
20                                  SANTA MONICA, CA  90401

21                                  MR. BARRON MCGINNIS FLOOD
                                    HERBERT SMITH FREEHILLS
22                                  450 LEXINGTON, 14TH FLOOR
                                    NEW YORK, NY  10017
23
                                    MS. ELIZABETH L. DERIEUX
24                                  CAPSHAW DERIEUX
                                    114 E. COMMERCE
25                                  GLADEWATER, TX  75647

2

```
 1   FOR BOEING:                    MR. BENJAMIN L. HATCH
                                    MR. JEREMY S. BYRUM
 2                                  MCGUIRE WOODS
                                    101 W. MAIN
 3                                  SUITE 9000 WORLD TRADE CENTER
                                    NORFOLK, VA  23510
 4
                                    MR. THOMAS MILES FARRELL
 5                                  MCGUIRE WOODS
                                    600 TRAVIS, SUITE 7500
 6                                  HOUSTON, TX  77002

 7                                  MR. CLYDE MOODY SIEBMAN
                                    SIEBMAN FORREST
 8                                  300 N. TRAVIS
                                    SHERMAN, TX  75090
 9

10   FOR SOUTHWEST:                 MR. MICHAEL SWARTZENDRUBER
                                    MR. JAMES V. LEITO
11                                  MR. JASON K. FAGELMAN
                                    NORTON ROSE FULBRIGHT
12                                  2200 ROSS, SUITE 3600
                                    DALLAS, TX  75201
13

14   COURT REPORTER:               MS. JAN MASON
                                    OFFICIAL REPORTER
15                                  101 E. PECAN #110
                                    SHERMAN, TEXAS  75090
16

17

18

19

20

21

22

23

24   PROCEEDINGS REPORTED BY MECHANICAL STENOGRAPHY, TRANSCRIPT

25   PRODUCED BY COMPUTER-AIDED TRANSCRIPTION.
```

3

 1          THE COURT:  Good morning.  This is Judge Mazzant and

 2    we're here in 4:19CV507.

 3          I think everyone has made their appearances, and I

 4    think you understand the drill.  Please identify yourself

 5    every time you speak.

 6          We're here on Plaintiffs' motion to withdraw Pierce

 7    Bainbridge as co-counsel and request for termination of

 8    electronic notice, which is Document 79, and there are

 9    responses that were kind of opposed to it, really just

10    because -- well, the motions speak for themselves.

11          So let me hear -- who would like to speak on behalf of

12    Pierce Bainbridge?

13          MR. HECHT:  Your Honor, this is David Hecht on behalf

14    of Pierce Bainbridge.  We are withdrawing the withdrawal motion

15    as to myself, David Hecht, and Andrew Lorin.  We believe the

16    motion was submitted in error by a lawyer at Pierce Bainbridge

17    during the tumultuous and uncertain time at the firm and in the

18    United States with COVID in April.  The lawyer might have

19    thought it was appropriate, but it was in fact filed in error.

20          The motion was actually wrong as to, for example,

21    representing that as of April 15th none of the withdrawing

22    attorneys would remain with PB.  Mr. Lorin and myself have

23    not left PB.  We are still officed at PB.  And when I say

24    PB, I mean Pierce Bainbridge.

25          I did want to address -- and we apologize for not

4

1    previously withdrawing the motion, and we didn't because of

2    several reasons.  First, COVID has wreaked havoc on many of

3    our lives, personally and professionally.  Mr. Lorin had

4    COVID and was recovering, as is his father.  My mother is

5    still in the hospital.

6        Second, there was significant structural changes at

7    Pierce Bainbridge that took a couple of weeks to shake out

8    and determine where the pieces would fall.

9        Mr. Lorin and I withdrew from the partnership but we

10   remain affiliated in connection with certain cases,

11   including this one.  We have access to all the Pierce

12   Bainbridge systems.

13       And whether there was any affiliation is something that

14   Southwest had questioned in its papers.  I can represent

15   that there is an affiliation.  We're working with Pierce

16   Bainbridge to service the clients in a co-counsel role,

17   under an agreement with Bathaee Dunne as co-counsel.

18       Third, and most importantly, part of the reason it was

19   delayed, most of the reason is also because we were trying

20   to work through financials to secure sufficient funding to

21   represent the clients sufficiently and effectively in light

22   of this tumultuous situation.  And just last night we

23   secured an independent commitment of significant funds for

24   this case tied to Mr. Lorin and my own continued role in the

25   case, subject to documentation.

5

1    That's something that will allow me, Mr. Lorin and

2    others that we are affiliated with to advance the

3    Plaintiffs' case.  We will research, review documents, draft

4    briefs, work with experts, whatever is necessary to advance

5    the case, as well as paying for a portion of costs.

6        Our expectation is that within the next couple of weeks

7    the funding will be papered and we will be able to announce

8    that.  And we also have sufficient resources, aside from

9    Mr. Lorin and myself, to continue to represent Plaintiffs in

10   this case.

11       And I also wanted to address one of the concerns

12   brought up by Southwest regarding who was in possession,

13   custody and control of all relevant documents.  Pierce

14   Bainbridge has preserved documents, has possession, custody

15   and control.  We have, for example, our engagement

16   agreements, things like that.

17       So with that, we do want to withdraw the motion and,

18   you know, we do apologize that it took this long to get

19   things together, but it has been an unprecedented time.

20           THE COURT:  Okay.  So you want to withdraw the

21   motion.  Are you going to be filing a new motion to withdraw

22   the certain counsel -- I guess some of the other members of

23   Pierce Bainbridge, I guess, are no longer with or are going to

24   be on the case.  I guess just you and Mr. Lorin.  I assume

25   you're going to file another motion to clear that up.

6

1        MR. HECHT: Yes, we can absolutely do that, and we

2 will work in cooperation with all of these individuals, so

3 everyone knows when something is filed as opposed to something

4 being filed without everyone knowing.

5        THE COURT: Okay. Very well. Let me ask, they're

6 requesting to withdraw the motion, but is anybody else -- does

7 his explanation answer the questions everyone had?

8        MR. DUNNE: Well, so this is Brian Dunne from Bathaee

9 Dunne.

10    I just want to note that pretty much every word that

11 was just said is completely news to us and was never

12 provided to us in writing or told to us over the phone. No

13 one called to say, hey, we're looking for or we have secured

14 but not secured but maybe secured funding, or that, you

15 know, David Hecht and Andy Lorin are staying on with Pierce

16 Bainbridge.

17    And so I -- it's a bit of news to our firm, but we look

18 forward to, I guess, seeing what further information is

19 provided on this issue.

20        THE COURT: Okay. Well, I totally --

21        MR. HECHT: Your Honor --

22        THE COURT: Go ahead.

23        MR. HECHT: This is David Hecht again.

24    We certainly look forward to working with Bathaee

25 Dunne. We -- it was, you know, kind of a recent

7

1   development.  As I said, last night there was a very large

2   development with respect to funding and securing that and

3   making sure that we can adequately represent this class of

4   Plaintiffs.

5       And I don't want this hearing to get into petty

6   bickering or any kind of mud-slinging.  So we're happy to

7   work it out.  We don't want to waste the Court's resources

8   in any kind of drama amongst the firms.

9           THE COURT:  Okay.  Any --

10          MR. POMERANTZ:  Your Honor, this is Michael

11  Pomerantz.  I just wanted to speak quickly.  I'm one of the

12  attorneys who has moved to withdraw as part of that motion.

13      I resigned from Pierce Bainbridge in early March, and

14  in the normal course of transitioning my matters, I did ask

15  the firm to move to withdraw me from this matter, along with

16  the other matters that I worked on at the firm.

17      I am currently in the process of incorporating and I

18  hope to represent the Plaintiffs in this case as co-counsel.

19  But my intention would be to file a new notice of appearance

20  at the appropriate time.  So I would -- I would anticipate a

21  new motion to withdraw me as counsel, regardless of the

22  withdrawal or non-withdrawal of this motion, which I also

23  was not aware was happening until just now.

24          THE COURT:  Okay.  Anybody else want to comment on

25  this matter?  Let me first ask, anyone from Southwest?

8

1          MR. SWARTZENDRUBER:  Your Honor, this is Mike

2    Swartzendruber on behalf of Southwest.

3          All of this is, of course, news to us, and we've heard

4    none of this.  What I think I heard at this point is that

5    there was a withdrawal motion that was filed without

6    authorization.  There is Bathaee Dunne involved.  There is

7    now a new firm involved, and there are presumably -- I don't

8    know -- some combination of at least another three lawyers

9    potentially claiming involvement.

10         And the original motion was devoid of any

11   representations about where the Plaintiffs fit into all

12   this.  And the actual Plaintiffs have been, frankly, fairly

13   absent from this -- from this case, which is highly unusual

14   to me in the context of a withdrawal motion.

15         And I think that, again, kind of as we said in our

16   papers, we're a bit baffled about how to take a position on

17   this motion, or the motion that was pending that apparently

18   is going to be withdrawn.  But I would like to understand

19   where the Plaintiffs are on this.

20         Obviously, class action litigation is often lawyer --

21   heavily lawyer driven just by its very nature, but I will

22   say that this is one of the more, frankly, bizarre

23   situations I've ever been involved in.  And we certainly

24   want to make sure, particularly in light of the incredible

25   expense associated with this case, that there's going to be

9

1    an orderly manner proceeding and that we're not in a

2    situation where effectively lawyers for the Plaintiffs are

3    driving this and fighting the pursuit of this litigation,

4    almost to the absence of the Plaintiffs.  And so I think

5    that's a matter of very real concern to Southwest.

6            THE COURT:  And that's a fair question.  Mr. Hecht,

7    can you shed some light on that?

8            MR. HECHT:  I can.  So, to my knowledge, there has

9    been no withdrawal of Pierce Bainbridge as counsel authorized

10   by Plaintiffs.  We have engagement agreements that continue to

11   be active that were not terminated, so I can speak for Pierce

12   Bainbridge, at least from what I've seen -- there may have been

13   communications with clients that I'm not aware of, but as far

14   as I am concerned, the operative firms are Pierce Bainbridge

15   and Bathaee Dunne.

16       And we intend to be continuing to work with folks like

17   Michael Pomerantz and others to make sure that, as the firm

18   restructures, those counsel who are continuing and have

19   critical roles, like Mr. Lorin and myself, could continue to

20   be included, as well as working with people who, you know,

21   have knowledge of the case.

22       And certainly Pierce Bainbridge -- on the question of

23   how much money has been spent, Pierce Bainbridge has spent

24   millions in lodestar.  This is a very expensive case for

25   Plaintiffs as well.

10

1    So, you know, we do understand Southwest's concerns and

2  I can represent, without getting into drama, I don't think

3  there's an issue with Plaintiffs at this time.  And, you

4  know, we will continue to cooperate, and I think in light of

5  the restructuring and the more certainty that has now come

6  out, I think Plaintiffs' counsel will all be able to

7  cooperate.  At least that's what Pierce Bainbridge is

8  intending to do, to work together with counsel.

9          THE COURT:  Okay.  Thank you.  Go ahead.

10         MR. DUNNE:  Your Honor, this is Brian Dunne from

11  Bathaee Dunne.

12    I would like to say that Bathaee Dunne has separate

13  engagement agreements with all of the Plaintiffs in this

14  case except for Lakesha Goggins, who wishes to withdraw,

15  whose withdrawal Pierce Bainbridge has not filed, despite it

16  being asked for a couple of months ago.  And we find that to

17  be very problematic.

18    But more to the point, I think, given the fact that we

19  haven't been told about any of this, we have co-counsel from

20  Dovel & Luner and co-counsel from Capshaw DeRieux.  I think

21  what makes sense here is for an orderly process to move and

22  brief for lead counsel on this case, such that there is an

23  orderly process for assignment of work and to -- and to

24  communicate with clients.

25    I find it very troubling, very troubling that we showed

11

1  up at the hearing this morning and were told things we had

2  never heard before, and then have our name used as though

3  we're working with them, in the sense that, well, we're

4  working with Bathaee Dunne to cure this and to -- we've

5  never heard any of this.  It's very troubling.

6      I will note that we, in our role of at least interim

7  lead counsel, have asked for billing records from Pierce

8  Bainbridge.  David Hecht has zero hours, so I'm not certain

9  why he would be on the record here claiming that he has

10  worked long and hard on this case.

11      And this case is going forward and I -- I just -- I'm

12  completely mystified, I will say, on behalf of our firm as

13  to why we have gone through so much effort to represent and

14  to communicate with our clients if, in fact, you know,

15  there's -- there's someone kind of lurking who claims to be

16  doing things.

17      And I'm a little bit troubled.  I would like a more

18  formal -- a more formal process of work assignments and of

19  communication with clients, given what I've heard so far in

20  this hearing.  And I -- I'm happy to work with whomever is

21  best to represent the class.

22          THE COURT:  Okay.  Mr. Dunne --

23          MR. DUNNE:  But we weren't aware of the letters sent

24  by Defendants.  We were unaware of the allegations in them.  I

25  don't know anything about them.  But I read the news too.

12

1   So to come in this morning and have a law firm come in

2   and say, hey, you know, we secured a giant amount of money

3   and we're working with Bathaee Dunne on this.  No, we don't

4   have an affiliation with whatever giant amount of money

5   they're claiming.  And we will work with them, but I would

6   like an orderly process on behalf of our clients to make

7   sure that everything is on the up and up here.

8        THE COURT:  Okay.  Mr. Dunne, let me just -- I want

9   to stop you.  I don't want to hear anything more about that.

10   The issue today was Plaintiffs' motion to withdraw,

11   Document 79, which counsel has represented that was

12   inadvertently filed and is requesting to orally withdraw it,

13   which I'm going to grant that request to orally withdraw

14   Document 79.

15   The issue between co-counsel, I'm not going down that

16   path today.  It's not before the Court.  That's between

17   y'all to work that out, and then if you bring something to

18   the Court at that point, some other motion, but I'm not

19   working out this family dispute, if that's what we want to

20   label it as.

21   So in my view the issue we had for today is over, so

22   I'll grant the oral motion to withdraw.  It sounds like

23   there's still issues to be dealt with between the

24   relative -- on all Plaintiffs' counsel, and apparently there

25   may be an issue with one of the Plaintiffs or clients who

13

1    wants to withdraw.

2       Again, I would ask, Mr. Hecht and Mr. Dunne, y'all work

3   together to figure out how we proceed. This is an unusual

4   matter the way it's come in, but the only thing before the

5   Court is that matter and I'm not going to venture beyond

6   that.

7       Okay. So that issue is behind us. And I think there

8   were some concerns, Mr. Hecht, about documents and

9   everything. But you're still associated with the firm, so

10   you're representing as an officer of the court that that has

11   all been kept in safekeeping.

12       So if there's no issue on that, I know there was a

13   motion filed regarding extending deadlines. Did y'all want

14   to discuss that at all? I know it's opposed.

15        MR. SIEBMAN: Your Honor, this is Clyde Siebman with

16   Boeing. That was filed late yesterday. I was actually in a

17   mediation until after 5:00 o'clock last night. I have not even

18   had a chance to read that.

19        THE COURT: No, that's fine. We don't have to take

20   it up. I only asked -- I haven't looked at it either. My law

21   clerk gave it to me this morning, and I have not had a chance

22   to review it myself. I just -- since we were on the phone, I

23   thought I would at least bring it up.

24       So y'all can look at that, and I understand it's

25   opposed, and it's something we can take up later or I can

14

1   rule on the papers when you file a response.

2                MR. SIEBMAN:  Thank you, Your Honor.

3                MR. DUNNE:  Yes, Your Honor, just one thing -- this

4   is Brian Dunne.  We have actually been talking about a

5   potential joinder on unopposed changes to the schedule for more

6   than a week now, because the -- the nearest upcoming deadline

7   is June 12th for disclosure of expert reports.

8        As I'm sure you're aware from this hearing, the COVID

9   pandemic and the counsel change and disruption, as well as

10  in fact the critical lacking of data being sent over by

11  Defendants has basically rendered that June deadline

12  effectively impossible to meet.

13       And both clients -- both Defendants have actually, in

14  correspondence, said they would be okay with at least a 60

15  day extension of all deadlines in the case.  So we would ask

16  if we could at least have some sort of expedited briefing on

17  the extension of the nearest term since we're very close to

18  the expert disclosure deadline.

19               THE COURT:  Well, Mr. Dunne, let me say this.  I'll

20  tell you right now, I will grant some relief.  Again, I try to

21  see if the parties can reach an agreement.  See if y'all can do

22  that.  But do not worry about these upcoming deadlines right

23  now, so I'm relieving you of that obligation.  What the new

24  deadlines will be, I would like to see if the parties can come

25  to an agreement and then the Court can bless it.  But I will

15

 1   grant you some relief, so don't worry about that.

 2          MR. DUNNE:  Thank you, Your Honor.

 3          THE COURT:  So don't worry about those pending

 4   deadlines.  Both sides look at the motion and see if you can

 5   work something out.  That's always the Court's preference, if

 6   you can work it out, knowing that I am going to grant some

 7   relief.  And then if you work out an agreement, I just need to

 8   bless it.

 9       And with everything going on, I will tell you what I've

10   been doing in just my -- what I would consider my general

11   civil cases, I have granted every request for a continuance

12   on deadlines.  I usually start at 30 days, but I have gone

13   up to 90 on some cases that are unique or more complex.  So

14   I have denied no request because of COVID.

15       Now, we're coming up to trials and I'm resuming -- I

16   have a bench trial the last week of May.  I'm resuming jury

17   trials.  I have jury trials June 8th, 15th, 23rd and 30th,

18   and then I have a six week trial starting mid July.  So we

19   are, in the Eastern District, proceeding.  And I'm not the

20   only judge proceeding with jury trials, so we are resuming

21   with those.  So there may be a denial of continuances on

22   issues as we get ready and start resuming jury trials.  And

23   we're taking all the precautions with masks and things like

24   that.

25       But in terms of the general pretrial schedule, I've

16

1    been very accommodating to all the parties in all my cases

2    with regards to just general pretrial and extending dates,

3    because of the state of the world.

4        Okay.  Let me go back and ask, Mr. Dunne, anything else

5    I can do for you today for the Plaintiff?

6             MR. DUNNE:  No.  We greatly appreciate it, Your

7    Honor.

8             THE COURT:  Mr. Hecht, anything else I can do for you

9    today for the Plaintiffs?

10            MR. HECHT:  That's all, Your Honor.  Thank you very

11   much.

12            THE COURT:  And then for Boeing, Mr. Siebman, did you

13   want to say something or anything else I can do?

14            MR. SIEBMAN:  No, that's all.  Thank you, Your Honor.

15            THE COURT:  For Southwest, anything else I can do for

16   Southwest today?

17            MR. SWARTZENDRUBER:  No, that's all, Your Honor.

18   Thank you.

19            THE COURT:  Y'all have a great day and everyone stay

20   safe.  Thank you.

21            MR. SIEBMAN:  Thank you, Your Honor.

22            MR. DUNNE:  Thank you, Your Honor.

23   I certify that the foregoing is a correct transcript from

24   the record of proceedings in the above-entitled matter.

25   Jan Mason                        Date

# EXHIBIT 2

**Subject:** Admin Issues
**Date:** Monday, April 13, 2020 at 9:34:01 PM Eastern Daylight Time
**From:** Andrew Williamson
**To:** Camille Varlack, Kevin Cash
**Priority:** High
**Attachments:** image001.png

Camille and Kevin:

Thank you again for all of your efforts. I feel like the last 6-7 weeks were easy for no one and I know you guys were working very hard to figure a way out of a bad situation.

I have a several administrative items I need to address ASAP (certainly by 4/15):



3. For the Boeing case (352-001) I am confirming that based up on the attorneys on the case no longer being associated with the firm in a few days, that as of 4/15 I need to withdraw them and the firm. The clients (since this is a class case) are already being informed.



If any of this is incorrect, or if we need to discuss, please let me know. I plan to file the withdrawals on Wednesday morning.

**Page 1 of 2**

Best (under the circumstances!),

**Andrew M. Williamson,** Of Counsel
Pierce Bainbridge Beck Price & Hecht LLP

601 Pennsylvania Avenue NW, South Tower, Suite 700
Washington, DC 20004
O: (202) 839-3531 E: awilliamson@piercebainbridge.com
*Admitted in Maryland, Virginia, West Virginia, and the District of Columbia*

**Boston | Cleveland | Los Angeles | New York | Washington,** D.C.

....

*This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this email in error, please destroy it and notify me immediately.*

# EXHIBIT 3

5/29/2020                         Gmail - Re: Boeing, Ethical Concerns, and Restoration of Access to Email and Client Files

 **Gmail**                                    **Andrew Williamson <amwilliamson10@gmail.com>**

## Re: Boeing, Ethical Concerns, and Restoration of Access to Email and Client Files
1 message

**Andrew Williamson <amwilliamson10@gmail.com>**
To: Edward Altabet <ealtabet@altabetlaw.com>                              Wed, Apr 15, 2020 at 10:41 AM
Cc: Camille Varlack <cvarlack@piercebainbridge.com>, Tom Warren <twarren@piercebainbridge.com>, Kevin Cash
<kcash@piercebainbridge.com>

Ed,

I will be in touch shortly. However, first, I wanted to follow up on our conversation last night regarding both Boeing and restoration of my access to email and client files. I am looping in and Kevin Cash, and Camille Varlack as well because, at least through today, they are the CFO, and COO for the firm. I am also looping in Tom Warren.

First, to recap our conversation last night, you accused me of making an "unauthorized filing" in the Boeing case. I explained to you that I had a previous discussion with Tom roughly a couple weeks ago about withdrawing attorneys who had left/were leaving matters that I am on, and was told that if folks are leaving/have left that they should be withdrawn unless the case was going with them. I also explained to you that on the firm-wide call on Monday evening we were all told that we were being laid off as of April 15th--absent perhaps a few employees remaining behind to transition cases with Jim and John, who as I understand it will be the only remaining attorneys at the firm.

I told you that, based on that information, and the fact that we were all supposed to be transitioning cases--and my own ethical obligations to clients, opposing counsel, and the court--that I began the process of winding my involvement in matters down. This has included, but is not limited to, informing my own clients of my departure so as to confirm that they wished for me to remain as their counsel, drafting withdrawal pleadings, and ensure files are prepared for transition.

In addition, as I explained to you on the phone, we were not given any specific guidance (beyond what I have listed above) as to how to wind matters down or transition cases. Accordingly, in light of all of this, and given that I had roughly 48 hours to ensure as smooth a transition as possible before my final day at the firm (today), I did what I thought I was supposed to do and what I was ethically obligated to do.

I confirmed the action I was going to take on various matters in an email that I sent to Kevin and Camille on Monday evening, after the firm-wide call. Specifically, as to Boeing, I confirmed that because no attorneys from the firm would be remaining on the Boeing matter, that I would be withdrawing everyone. I took the lead on this in part because for approximately the last month, I have been the *only* attorney still at this firm who has been actively involved with that matter, except, on occasion Andy Lorin. Later Monday evening, I responded to emails from counsel for Southwest in the Boeing case. Andy Lorin, a partner here, was on those emails (I thought David Hecht was too, but upon reviewing the correspondence it looks like I was mistaken). That email correspondence continued through Tuesday evening when I filed the withdrawal. I made clear from the outset that all Pierce Bainbridge attorneys were withdrawing. I repeated that statement across a half dozen email exchanges and even explained that I understood that Bathaee Dunne LLP would remain as lead counsel and that Bathaee Dunne's Local Counsel would remain on the case, and therefore this withdrawal would not delay the matter.

At no point did Andy Lorin instruct me not to file the withdrawal. At no point was I told by anyone else not to file the withdrawal, despite my efforts to confirm I was taking the appropriate course of action. I realize in a perfect world, it would have been ideal to have a specific set of instructions and to have more partner involvement in transitioning this and other cases, but that has been utterly lacking ever since we were told we were being laid off on Monday evening. In fact, as I understand from the general channel on Slack, even Camille appears to have been shut out of the process--as she said she has "zero line of sight" (at least as of Tuesday evening) on at least one key issue involved with transitioning cases. This, of course, makes transitioning matters/winding things down that much more difficult for all of us. Under the short time frame and given my own ethical responsibilities, I did what I thought I was supposed to do, and what I thought was in the best interests of the attorneys involved and the clients.

I also understand, based on our conversation last night, that you are acting as outside counsel for Pierce Bainbridge, and that apparently I was not supposed to file the withdrawal. It is unfortunate that I was not told this *before* filing the motion.

Nonetheless, I agreed to look into the steps that would need to be taken to try to modify or pull back the motion.for withdrawal. And, you instructed me not to discuss any of this with Andy Lorin, Brian Dunne or Yavar Bathaee. Because

5/29/2020                          Gmail - Re: Boeing, Ethical Concerns, and Restoration of Access to Email and Client Files

you did not mention David Hecht, I also clarified on a couple of occasions during our discussion that I ought not speak to him as well.

I have looked into the procedure for withdrawing the motion/modifying the motion. I also have not discussed any of this with Andy, David, Brian or Yavar.

As best I can tell, the firm will need to file a motion to amend/correct or a motion to withdraw it. Prior to doing that, under the local rules, the firm will need to meet and confer with all counsel in the matter (meaning counsel for SW, counsel for Boeing, local counsel for Plaintiffs, and Lead Counsel for Plaintiffs). In addition, should the firm desire to file this motion, whomever on that matter that is remaining at the firm after today should file it. My understanding, even after our conversation last night, remains that no one on the case is going to remain at the firm after today, so I am not sure how to best achieve this.

All of that written, I have serious concerns



For all these reasons, and due to my own duties to my soon-to-be-former class clients, I do not think I can be the one representing to the Court that Pierce Bainbridge will remain in this matter. It is not in the best interests of the clients. Based on my duty of candor to the Court I am not willing to file a motion to amend/withdraw in which I would have to represent that the firm has counsel remaining on the matter (let alone local counsel as required)—as far as I know all of the attorneys on this matter have left or are leaving the firm today. Of course, I will not object or otherwise hamper the firm's efforts to withdraw/amend the motion for withdrawal. Nor will I file any other withdrawals in other matters except for my own, where necessary.

Second, I have several matters at the firm that I need to attend to today to ensure I transition my own cases out and wrap things up with opposing counsel or other attorneys on several other matters. To do that, I need my access to SharePoint and my email. While I understand the firms' reasons for temporarily blocking me (even if I disagree with them), it is inappropriate and unethical for the firm to continue to block my access. It makes it impossible for me to fulfill ethical duties to clients, the court, and opposing counsel across several matters. Indeed, in the message you asked Tom Warren to send to the firm yesterday, you acknowledged the need for all attorneys here to "continue to have access to client files and their work-product—whether it is physically stored in the office or electronically, including their email accounts" even after our 4/15 termination date, and promised we would continue to have such access.

Please confirm that my access will be restored ASAP, and in any event, no later than noon Eastern, today.   Thank you.

Andrew Williamson

On Wed, Apr 15, 2020 at 8:36 AM Edward Altabet <ealtabet@altabetlaw.com> wrote:

> Andrew,
>
> Just left you a voicemail.  Please call me at 917.370.2469 to discuss the Boeing matter further.  Thanks.
>
> Ed
>
> **Edward D. Altabet, Esq.**
>
> Altabet Law LLC
>
> 646.780.0475 (direct)
>
> ealtabet@altabetlaw.com

**www.aitabetlaw.com**

5 Penn Plaza, 23rd Floor | New York, NY 10001

[by appointment only]

# EXHIBIT 4

**Andrew Williamson** 3:52 PM
Hi Andy. I just left you a voicemail mail about Boeing. Can we talk to in the next hour or so about a motion to amend the withdrawal to state you are remaining at the firm and will continue on the case? Camille Kevin and Ed Altabet asked that I reach out to you. Hopefully you had a heads up

**Andy L.** 4:33 PM
Hi Andrew, I am at an Apple repair shop, my computer is on the fritz, so I am largely out of pocket right now. I resigned from the firm on Saturday, so I will not be continuing on the Boeing case.



**Andrew Williamson** 4:55 PM
OK. Thanks for the update. Weird that Kevin, Camille, Ed Altabet were representing otherwise. Thanks. And best of luck.



**Andy L.** 6:40 PM
There was a possibility that I would start a new firm to help service the Boeing case and serve as cocounsel to Yavar and Brian. But I think Virage has screwed that up by alienating Y&B.

1

**Today**

**Andy L.** 12:19 AM
What are your plans?

PS Tiger King fan as well.



**Andrew Williamson** 12:58 PM
Haha. I'm going to set up a PLLC for now. And see where that goes. No one is hiring right now, unfortunately. Virage is alienating a lot of people and Ed Altabet keeps threatening me in an effort to coerce me into taking unethical action. It is unfortunate how this all fell apart.

**Andy L.** 2:24 PM
Agreed, very unfortunate. Wishing you luck. I have a feeling our paths will cross again



**Andrew Williamson** 2:45 PM
Thanks, and I agree. Either today or tomorrow I am going to file something to either correct or withdraw the motion to withdraw, but I want to be candid with the Court. Is this an accurate statement: "Andy Lorin is still affiliated with Pierce Bainbridge and his appearance should remain on file until his departure from the firm, at which time he will no longer be continuing as co-counsel for Plaintiffs in this matter." (edited)



**Andy L.** 3:52 PM
Please hold off until tomorrow so I can think about this. I'm not convinced that this is accurate.



**Andrew Williamson** 3:57 PM
OK. I may get push back from Ed Altabet on holding off that long. If I do can I Cc you on any emails with him debating the language in the motion I am filing? I do not feel comfortable filing a correction with your appearance still on file, without your blessing.



**Andy L.** 4:32 PM
I have given this more thought and I do not believe the motion can be filed in good faith. I certainly cannot be held out as continuing with the firm. I resigned last Saturday, and I am remaining for the purpose of transferring out of cases or transferring my cases to other entities, not to wait until the last minute to transfer out of cases. since you have filed papers removing PB as counsel, I do not see how or why that should be reversed now. PP is in capable of servicing the clients, nor does it have a good faith basis for believing that it shortly can service the client.

                                                                                4:33
In addition, Ed is not a lawyer of the firm, but rather for the firm. He has not appeared in the case and has no role in advancing the interests of our clients.

                                                                                4:34
Happy to participate in emails to get you out of the middle of this.



**Andrew Williamson** 4:46 PM
OK. I will loop you in.

                                                                                4:46
I really appreciate this.



**Andy L.** 4:47 PM
No worries, this is the right thing to do.

# EXHIBIT 5

5/29/2020                                               Gmail - Earl v. Boeing

 Gmail                     **Andrew Williamson <amwilliamson10@gmail.com>**

---

## Earl v. Boeing

---

**Andrew Williamson <amwilliamson10@gmail.com>**
To: Edward Altabet <ealtabet@altabetlaw.com>                    Wed, Apr 15, 2020 at 6:05 PM
Cc: Camille Varlack <cvarlack@piercebainbridge.com>, Kevin Cash <kcash@piercebainbridge.com>, Tom Warren
<twarren@piercebainbridge.com>

Ed,

Andy informs me that he is no longer with the firm. I'm not sure why you all represented to me that he would be willing to do this or that he was still at the firm. That was a blatant misrepresentation. Without Andy, I am not sure how PB wants to proceed in Boeing as it obviously *still* has no EDTX counsel as of today.

In addition, as a follow up to our earlier conversation, I am providing a list of cases that need to be transitioned. I understand today is my last day at the firm, and that I am being laid off as of today. While I had expected a formal termination letter, I am not surprised that I have not received one. Nonetheless, I am willing to continue to work to transition cases and will obviously withdraw/file notices of disassociation or change of address as appropriate over the next couple of days. However, I cannot effectively complete that work so long as I am locked out of SharePoint and locked out of my email.

Please ensure that access is restored by Thursday morning at 9 a.m. Eastern. I am signing off for the evening because I have other personal obligations I need to attend to. I will be available after 9 a.m. tomorrow.

Here is a list of cases where I still need the client files and need access to my emails for these case (I would give you the case numbers but it appears I've been locked out of Clio,



In addition, here is a list of matters I was on but did not enter my appearance; there is probably some transition work that needs to occur, but there are other attorneys involved, so I anticipate they can handle. To the extent anyone has questions, I am happy to provide input on the following:

5/29/2020                                              Gmail - Earl v. Boeing

On Wed, Apr 15, 2020 at 3:59 PM Andrew Williamson <amwilliamson10@gmail.com> wrote:

Ed,

Following our call earlier this afternoon, I reached out to Andy Lorin to get the ball rolling on a motion to amend the withdrawal. I left a voicemail and messaged him.

Camille/Kevin/Tom□ if someone could send me the MS Word version of our last filing in Boeing, I will get started on drafting. I obviously can not access the files.

Andrew

Sent from my iPhone

> On Apr 15, 2020, at 1:36 PM, Andrew Williamson <AMWILLIAMSON10@gmail.com> wrote:

> Copy that. Thanks.

> Sent from my iPhone

>> On Apr 15, 2020, at 1:31 PM, Edward Altabet <ealtabet@altabetlaw.com> wrote:

>> I will call you between 2:15 and 2:45. Thanks.

>> **From:** Andrew Williamson <amwilliamson10@gmail.com>
>> **Sent:** Wednesday, April 15, 2020 11:15 AM
>> **To:** Edward Altabet <ealtabet@altabetlaw.com>
>> **Cc:** Geoffrey L. Harrison <gharrison@susmangodfrey.com>; Kevin Cash <kcash@piercebainbridge.com>; Camille Varlack <cvarlack@piercebainbridge.com>; Tom Warren <twarren@piercebainbridge.com>
>> **Subject:** Re: Earl v. Boeing

>> Ed,

>> As you know, I emailed you back about 3 minutes after you sent this message. It my email is attached for reference. I wish I could have gotten to you sooner this morning, but as you might imagine I am dealing with a lot here and just generally. I wrote you back as soon as I could. It is my hope that we can resolve all of these issues as well. As I mentioned, I would be in touch after sending that email, I and will. Thanks.

>> Andrew

>>> On Wed, Apr 15, 2020 at 10:38 AM Edward Altabet <ealtabet@altabetlaw.com> wrote:

>>> Mr. Williamson,

>>> As you know, I am counsel to Pierce Bainbridge Beck Price & Hecht (□ PB□ ). We spoke last night at approximately 9:20PM (EST) to discuss the fact that you were not authorized

# EXHIBIT 6

 **Gmail**

Andrew Williamson <amwilliamson10@gmail.com>

---

## Earl v. Boeing

**Andrew Williamson** <amwilliamson10@gmail.com>                    Thu, Apr 16, 2020 at 5:25 PM
To: Andrew Lorin <alorin@piercebainbridge.com>
Cc: Edward Altabet <ealtabet@altabetlaw.com>, Kevin Cash <kcash@piercebainbridge.com>, Tom Warren
<twarren@piercebainbridge.com>, Camille Varlack <cvarlack@piercebainbridge.com>

Ed,

Based on this new information from Andy, it seems to me that, contrary to your constant threats that the firm was going to
sue me or that I was exposing myself to liability from the firm, and your argument that what I filed was "unauthorized", this
filing was both proper and authorized.

Meanwhile, I still do not have access to files for clients that I need to transition out of the firm and still have not been able
to effectively wind down cases that I am on--despite your representations earlier today that you would ensure my access
to SharePoint and Outlook would be restored. I'm not sure if it was you, John Pierce, or Camille that had that had the final
decision on that access being cut off, but please ensure that access is promptly restored so that I can do what I need to
do to transition matters or wind my involvement down for my clients and my cases. Thank you.

Andrew

On Thu, Apr 16, 2020 at 5:07 PM Andrew Lorin <alorin@piercebainbridge.com> wrote:
> That is all true. I am remaining at the firm for the purpose of transitioning off of cases. Now that that has now been done
> in the Boeing case, I see no reason to reverse that.
>
> Andy
>
> Sent from my iPhone
>
> On Apr 16, 2020, at 4:58 PM, Andrew Williamson <amwilliamson10@gmail.com> wrote:
>
>> Ed,
>>
>> In preparing to draft this motion to correct/amend the motion for withdrawal, I discussed the proper
>> language to include with Andy Lorin. He responded to me now that he, like I, do not believe this motion
>> can be filed in good faith. He cannot be held out as continuing with the firm.
>>
>> He also pointed out something to me that you repeatedly refused to tell me regarding how the firm was
>> going to continue with this matter; he told me (as the only remaining partner at this firm whose
>> appearance is technically on record in this case) that the firm is incapable of servicing the clients, and
>> there is no way the firm has a good faith basis for believing that anytime in the short term it can service
>> the clients in this case.
>>
>> I am not sure where that leaves us, but I am happy to have further discussions. At this time, I am holding
>> off on drafting or filing anything.
>>
>> Regards,
>>
>> Andrew
>>
>> On Thu, Apr 16, 2020 at 4:46 PM Andrew Williamson <amwilliamson10@gmail.com> wrote:
>>> Will do. I called around 2:15 and left you a voicemail. I'll try you again in a bit.
>>>
>>> Andrew.
>>>
>>> On Thu, Apr 16, 2020 at 2:53 PM Camille Varlack <cvarlack@piercebainbridge.com> wrote:
>>>> Andrew pls call whenever free to discuss transitioning your matters.

□

**Camille Joseph Varlack, Chief Operating Officer**
Pierce Bainbridge Beck Price & Hecht LLP

277 Park Avenue, 45th Floor
New York, NY 10172
P: (646) 609-8677

**Boston** □ **Cleveland** □ **Los Angeles** □ **New York** □ **Washington.**

🖼 PierceBainbridge_Logo_Orange.png

This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this email in error, please destroy it and notify me immediately.

> On Thu, Apr 16, 2020 at 1:58 PM Andrew Williamson <amwilliamson10@gmail.com> wrote:
>
> Ed,
>
> I understand that it is your position that this filing was "unauthorized." However, as I have explained repeatedly, at the time I filed it, I reasonably in good faith thought, that I was authorized to do so—and no one told me it was not authorized despite ample opportunity to do so. I thought the filing was appropriate and accurate, and made sure to make crystal clear *in writing* what I intended to do to those I believed to be in charge. My actions were not wrong and were entirely reasonable under the circumstances. I am still willing to be reasonable, now, but your constant barrage of baseless threats of the firm somehow pursuing a lawsuit against me and your misrepresenting Andy Lorin's availability to continue on this case have made it incredibly difficult for us to resolve this issue and for me to wind down my work, here.
>
> As I told you yesterday, I understand now that the firm, despite not having any attorneys remaining on the case, would like me to move to amend the filing to indicate Pierce Bainbridge is still counsel of record. In addition, while I realize Kevin said Andy Lorin would remain at the firm through the end of the month, Andy Lorin made clear to me that he is not continuing on the case, . As you know, I have, and remain willing to do that so long as the filing accurately reflects the facts. However, I cannot force Andy to remain on the case, nor can you. And, I will not misrepresent material facts to the Court or opposing counsel by simply omitting them from the filing.
>
> **To be clear, I am not refusing to correct to correct or withdraw the motion.** And, I did not provide you with a draft yesterday, because the filing we envisioned included Andy Lorin, who as you know is not willing to continue on the case. In the email I sent to you last night I told you this and I also told you I was not sure how PB wanted to proceed. You never responded with any guidance. Instead you sent me the email I am responding to now in which you accuse me of refusing to cooperate and make other baseless accusations and threats. I was not refusing to cooperate; I was waiting for some guidance and access to the files so I could work from one of our prior pleadings—I even asked that someone send me an MS Word version of one of the pleadings. None was provided.
>
> Assuming my access is restored so that I can do this work, I **will provide** □ **ou with a draft proposed filing later toda**□ and I am happy to assist with getting it filed and meeting and conferring with all other attorneys on the case as required under LR CV 7. I realize you are of the opinion that no M&C is required, but that simply isn't what the rule says, and I can tell you from experience that, without a meet and confer, there is a very high likelihood the motion will get denied outright and the original pleading will stand,
>
> **As for the other points raised in your email, here are my responses:**

5/31/2020                                              Gmail - Earl v. Boeing

1. I agree with you that I will need to file something with the Court to make clear that I have learned the firm's position is that the filing was unauthorized. This could take the form of motion to amend/correct as discussed above, or it could be simply a motion to withdraw the filing, and then PB can file whatever it wants in its place. My understanding is that you would prefer the former. If that is not the case, please let me know ASAP.

2. I will work with Camille on transitioning cases and making sure my appearance is withdrawn in various matters or my address is updated, as appropriate. I understand the firm is giving me until 5 pm Eastern on Friday to do this, but if more time is necessary the firm will give that to me. I will certainly let her know.

3. I have no reason to delete any emails nor will I do that.

4. Upon departure, I will only take confidential information relating to clients and matters that will be going with me.

5. I will not file any further motions or papers on behalf of PB, except my remaining withdrawal notices and the contemplated filing in Boeing.

Finally, I respectfully disagree with you that the firm has any rights "to reserve" to pursue any cause of action against me. I have done it no harm—if there are any actionable claims against anyone or any entity involved here, it is the firm itself (as evidenced by the multitude of lawsuits on file already against it and several named partners). Any recovery PB could possibly obtain in Boeing is based on work done by attorneys at this firm on this case through April 14th—which is the last day any PB work was done. There are no more PB attorneys on the Boeing case and therefore no more work to be done and no more fees to be earned. On top of that, even if there were still attorneys who could do work on it, that work would be subject to approval of lead counsel for the plaintiffs, and I highly doubt they would be giving any further work to PB. Thus, whether PB's appearance, with no attorneys, remains on file in Boeing, or not, its total future recovery would be the same.

In any event, I ask that you stop making these baseless threats as it appears to be an effort to either harass me, or to coerce me in to do something that would be unethical. I look forward to working with you to get something on file in Boeing and wind down my remaining work here.

Regards,

Andrew

On Thu, Apr 16, 2020 at 11:43 AM Edward Altabet <ealtabet@altabetlaw.com> wrote:

Andrew,


**Boeing**

You filed a material filing in the Boeing matter that was unauthorized. And despite being asked to remedy that unauthorized act, you have now refused. You have admitted that you do not have a writing from any partner or officer of the firm that expressly authorized you to file the motion to withdraw Pierce Bainbridge or any of the other attorneys referenced in the motion papers filed. While you have, throughout these discussions, repeatedly referred to your duty of candor to the court, an attorney□ s duty of candor does not encompass sharing internal confidential matters with the court, nor does it permit an attorney to file a document he is not authorized to file, nor does it permit an attorney to refuse to assist in remediating that situation. An attorney□ s duty of candor does, however, encompass the obligation to promptly inform a court that a filing made by the attorney was unauthorized.

Gmail - Earl v. Boeing

As Kevin told you on the phone yesterday, Andy Lorin remains a partner of the firm through and until April 30. (See attached). In any event, you cannot have it both ways: while you are incorrectly treating Mr. Lorin☐s silence/response to various emails you apparently had with co-counsel and opposing counsel as permission to file the unauthorized motion, that argument would only be plausible to the extent Mr. Lorin remains a partner of the firm. In any event, silence is not assent or permission.

Please take notice, Pierce Bainbridge reserves all rights to pursue claims against you for any prejudice, harm, or damage to its interest in the Boeing matter that may arise out of or relate to your unauthorized filing and your subsequent refusal to correct that action with a truthful and accurate statement to the court concerning your lack of authority in the form of an amended motion that you were asked to prepare yesterday and provide to the firm for its review, which you have refused to do.

### Transition

As we discussed, your access to your firm email account was temporarily suspended in order to permit the firm to secure and preserve your emails as well as to ensure that you took no further improper actions. The firm has now had the opportunity to secure your PB email account. Your access will be restored later this morning through 5pm EST tomorrow in order to permit you to collect whatever records and correspondence relate to matters that are going with you. If you believe you require access after the close of business tomorrow, the firm will work with you to give you additional time.

You are not delete any emails. Please confirm that you agree to and understand this.

You are not to disclose, copy, or take copies of any confidential information relating to the firm or the firm☐s clients, excepting only confidential information relating to clients and matters that will be going with you. Please confirm that you agree to and understand this.

You are also not to file any motion, notice, or other paper with any court, agency, tribunal, or arbitrator in the name of or on behalf of Pierce Bainbridge. Please confirm that you agree to and understand this.

Please contact Camille as soon as possible so that she can walk you through the process regarding the transfer of any client files. Please also provide us with a forwarding address.

Regards,

Edward D. Altabet, Esq.

Altabet Law LLC

646.780.0475 (direct)

ealtabet@altabetlaw.com

www.altabetlaw.com


5 Penn Plaza, 23rd Floor | New York, NY 10001

[by appointment only]



**From:** Andrew Williamson <amwilliamson10@gmail.com>
**Sent:** Thursday, April 16, 2020 9:52 AM
**To:** Edward Altabet <ealtabet@altabetlaw.com>
**Cc:** Camille Varlack <cvarlack@piercebainbridge.com>; **Kevin Cash**
<kcash@piercebainbridge.com>; **Tom Warren** <twarren@piercebainbridge.com>
**Subject:** Re: Earl v. Boeing


Ed,


I have done everything I was told to do on yesterday afternoon's phone call
to follow your protocol and reach out to Andy Lorin to do a motion for leave to
amend in Boeing. I provided an update to you about all of that yesterday evening
and asked that my access to files and email be restored by 9 a.m. on Thursday so
that I can effectively wind down my work here and transition cases.


It is after 9 a.m. on Thursday, and I still do not have access to SharePoint or my
email. When can I expect that to be restored? I also have not received any
confirmation that (1) my client files will be made available to me or (2) that my plan
of action to transition matters, per your protocol is acceptable. When can expect
that confirmation. Thanks.


Andrew


On Wed, Apr 15, 2020 at 6:05 PM Andrew Williamson
<amwilliamson10@gmail.com> wrote:

   Ed,


   Andy informs me that he is no longer with the firm (except for the purpose of
   transitioning cases). I'm not sure why you all represented to me that he would
   be willing to do this or that he was still at the firm. That was a blatant
   misrepresentation. Without Andy, I am not sure how PB wants to proceed in
   Boeing as it obviously *still* has no EDTX counsel as of today.


   In addition, as a follow up to our earlier conversation, I am providing a list of
   cases that need to be transitioned. I understand today is my last day at the
   firm, and that I am being laid off as of today. While I had expected a formal

# EXHIBIT 7

**ANDREW J. LORIN**
41 W83rd Street, Apt. 2D
New York, NY 10024
Telephone: (917) 935-3436
Email: andrew.lorin@gmail.com


April 11, 2020


Re:     **Resignation**

Dear Partners:

I hereby resign from the Pierce Bainbridge Beck Price and Hecht LLP. It is my current intention to remain at the firm until April 30, 2020, to assist in an orderly transition.

Very truly yours,

/s/

Andrew J. Lorin

# EXHIBIT 8

**PIERCE BAINBRIDGE**

Andrew M. Williamson
Of Counsel
601 Pennsylvania Avenue, NW
South Tower, Suite 700
Washington, DC 20004
awilliamson@piercebainbridge.com
(202) 839-3531

**VIA EMAIL**

April 22, 2020

Tom Warren
Interim Managing Partner
twarren@piercebainbridge.com

Camille Varlack
Chief Operating Officer
cvarlack@piercebainbridge.com

Kevin Cash
Chief Financial Officer
kcash@piercebainbridge.com

*Re:*   **Final Case Transition/Wind-down Memorandum**

Dear Tom, Camille, and Kevin:

I have completed my work winding down and transitioning all my matters. However, some filings will have to wait until after I have fully exited the firm and I have a new address established. In addition, I am awaiting guidance from ███████████████ a matter he took with him when he left the firm. For purpose of *fully* exiting the firm, I consider today to be my last day and, I will not be doing any further work on behalf of the firm after this evening. Of course, as explained below, I will still be monitoring emails through the end of the month to ensure various clients' interests are protected and to ensure a smooth transition of cases; I also still need to complete the process of having my files transferred over to me.

I confirmed with Camille that I will have access to my email through April 30th so that I can monitor emails and ensure any emails from opposing counsel, vendors, etc. are not missed. In addition, Camille confirmed I will have access to the DC Office through April 30th so that I can retrieve remaining items there. I have also confirmed that Quentin will be transferring over my client files and emails—hopefully by Thursday.

A summary of the status of all matters I was working on at the time I was laid off, and my actions to wind those matters down or transition them out of the firm is below. For each of these matters I ensured

**PIERCE BAINBRIDGE**
April 22, 2020
Page 2

that any local files I had were moved to the server and did my best to ensure various case files were properly organized.



6.  **Earl v. Boeing**

As you know, a motion to withdraw all former Pierce Bainbridge attorneys from this matter has been filed. And, despite initial unfounded demands that it be withdrawn or amended by the firm's outside

**PIERCE BAINBRIDGE**
April 22, 2020
Page 3


counsel, Ed Altabet, and baseless threats from Mr. Altabet to me, Andy Lorin (the only remaining partner on this case) confirmed my actions were proper, and that the motion should not be withdrawn. I therefore consider the matter of withdrawing the motion, fully resolved.

The only outstanding issues that remain for the firm on this matter is ensuring that all invoices—and in particular invoices for the firm's e-discovery vendor, Lightspeed—are paid. In addition, to ensure the firm does not incur further storage costs or transfer costs for the files Lightspeed is hosting (costs that will exceed $1,000), Kevin Cash instructed me to direct Lightspeed to delete all files that it is hosting and ensure the firm's contract with Lightspeed is terminated. I took that action earlier today and received confirmation from Lightspeed (Kevin was also on those emails) that it would proceed accordingly. My work on this file is now complete.



**PIERCE BAINBRIDGE**

April 22, 2020
Page 4



    *    *    *

    If you have questions about any of the matters, please do not hesitated to give me a call or shoot me an email to my personal email address, and I will provide whatever guidance I can. Thank you.

Regards,

Andrew M. Williamson

# EXHIBIT 9

**Subject:** FW: Activity in Case 4:19-cv-00507-ALM Earl et al v. The Boeing Company et al Motion Hearing

**Date:** Saturday, May 16, 2020 at 10:50:43 AM Eastern Daylight Time

**From:** Andrew Williamson

**To:** cvarlack@piercebainbridge.com, kcash@piercebainbridge.com

Camille and Kevin:

I am not sure who is left or who is in charge at Pierce Bainbridge, but as far as I can tell you are both still there (or were as of this week), so I am writing to you. At a hearing on Wednesday in the Boeing case, David Hecht made a number of representations to the Court, which I believe are misleading or at the very least vague. Following that hearing, counsel for Southwest sent a letter to a number of attorneys, including myself, asking for a plethora of information from Pierce Bainbridge and raising certain issues directly with me regarding my own actions.

I plan to respond to that letter by no later than Monday and have a couple of questions for both of you. First, although both Camille and Tom Warren confirmed that David's last day at the Pierce Bainbridge was April 15th and Tom explicitly told me to withdraw David's appearance in light of his departure (and that I was also told to withdraw all departing attorneys), David claims he is still either at Pierce Bainbridge or affiliated with it/speaks for it. I have no reason to doubt Camille or Tom's representations/instructions, but have significant concerns about what David told the Court. Can you please confirm whether David is authorized to speak for Pierce Bainbridge and explain *how* that is possible in light of his departure?

Second, Southwest is questioning my authorization to instruct the discovery vendor to delete the Boeing/Southwest document productions that it was hosting for Pierce Bainbridge. As Kevin knows, I sought his guidance on this issue before I departed, and he instructed me to tell the vendor to delete the files and send us a final invoice. Kevin, could you please re-confirm that you authorized that action by responding to this email?

If you could get back to me by Monday morning at the latest, I would really appreciate that. Thank you.

**Andrew M. Williamson**

**Member**
A.Williamson, LLC
12410 Milestone Center Drive
Suite 600
Germantown, MD 20876
Phone: 301-916-1560
Email: amw@awilliamson.law
*Admitted in Maryland, Virginia, West Virginia, and the District of Columbia*

www.awilliamson.law
----
*This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this email in error, please destroy it and notify me immediately.*

**From:** "txedCM@txed.uscourts.gov" <txedCM@txed.uscourts.gov>

**Date:** Wednesday, May 13, 2020 at 10:37 AM
**To:** "txedcmcc@txed.uscourts.gov" <txedcmcc@txed.uscourts.gov>
**Subject:** Activity in Case 4:19-cv-00507-ALM Earl et al v. The Boeing Company et al Motion Hearing

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

Eastern District of TEXAS [LIVE]

## Notice of Electronic Filing

The following transaction was entered on 5/13/2020 at 9:35 AM CDT and filed on 5/13/2020
**Case Name:**      Earl et al v. The Boeing Company et al
**Case Number:**      4:19-cv-00507-ALM
**Filer:**
**Document Number:** No document attached

**Minute Entry for proceedings held before District Judge Amos L. Mazzant, III: Telephonic Motion Hearing held on 5/13/2020 at 9:00 a.m. re [79] MOTION to Withdraw as Attorney _All Pierce Bainbridge Attorneys_ filed by John Rogers, Valerie Mortz-Rogers, Stephanie Blakey, Muhammad Muddasir Khan, Alesa Beck, Damonie Earl, Marisa Thompson, Lakesha Goggins, Elizabeth Cooper, Timothy Blakey, Jr. and Linda Rugg. Yavar Bathaee, Brian Dunne, Elizabeth De Rieux, Barron Flood, John Jeffrey Eichmann, Andrew Jay Lorin, Andrew Michael Williamson, Andrew Wolinsky, David Hecht, and Michael Pomeranz appeared on behalf of Plaintiffs. Benjamin Hatch, Clyde Siebman, Jeremy Byrum, Thomas Miles Farrell and Joe Cascio appeared on behalf of Boeing Company; and Michael Swartzendruber, James Leito, Jason Fagelman, Mark Shaw, James Shepherd, and Carrie Forbes appeared on behalf of Southwest Airlines. Plaintiffs counsel advises they desire to withdraw their motion. Court orally grants Plaintiffs request to withdraw. Call adjourned at 9:28 a.m. (Court Reporter Jan Mason) (kkc )**

4:19-cv-00507-ALM Notice has been electronically mailed to:

Elizabeth L DeRieux    ederieux@capshawlaw.com, athompson@capshawlaw.com, ccapshaw@capshawlaw.com, hpeterson@capshawlaw.com, rhurse@capshawlaw.com

Michael Alan Swartzendruber    michael.swartzendruber@nortonrosefulbright.com, judy.garrison@nortonrosefulbright.com

Clyde Moody Siebman    clydesiebman@siebman.com, deniselovelace@siebman.com, siebman@siebman.com, stephaniebooth@siebman.com

Jeffrey Jack Burley    jeffburley@siebman.com, burleylawtx@gmail.com, stephaniebooth@siebman.com

Thomas Miles Farrell    tfarrell@mcguirewoods.com, pfaulk@mcguirewoods.com

Jason K Fagelman    jason.fagelman@nortonrosefulbright.com, shari.mcfadden@nortonrosefulbright.com

Gregory Scott Dovel    greg@dovellaw.com, courts@dovellaw.com

Julien Antonio Adams    julien@dovellaw.com, courts@dovellaw.com

John Jeffrey Eichmann    jeff@dovellaw.com, courts@dovellaw.com

James Vincent Leito, IV    james.leito@nortonrosefulbright.com, mary.mulvihill@nortonrosefulbright.com

Simon Carlo Franzini    simon@dovellaw.com, courts@dovellaw.com

Geraldine W Young    geraldine.young@nortonrosefulbright.com, jbalderas@fulbright.com

Brian James Dunne    bdunne@bathaeedunne.com

Jonas B Jacobson    jonas@dovellaw.com

Jeremy S Byrum    jbyrum@mcguirewoods.com

David L Hecht    dhecht@piercebainbridge.com, DocketNY@piercebainbridge.com,
skyle@piercebainbridge.com

Elizabeth Siebman Forrest    elizabethforrest@siebman.com, deniselovelace@siebman.com,
esiebman@gmail.com, stephaniebooth@siebman.com

Philip Alexandar Tarpley    philip.tarpley@nortonrosefulbright.com

Michael Pomerantz    michael.m.pomerantz@gmail.com

Andrew Jay Lorin    alorin@piercebainbridge.com, DocketNY@piercebainbridge.com,
skyle@piercebainbridge.com

Yavar Bathaee    yavar@bathaeedunne.com

Barron McGinnis Flood    barron.flood@hsf.com, stephanie.morano@hsf.com

Andrew Chan Wolinsky    awolinsky@bathaeedunne.com

Brian D. Schmalzbach    bschmalzbach@mcquirewoods.com

Benjamin L. Hatch    bhatch@mcguirewoods.com, jnoonan@mcguirewoods.com,
kgollogly@mcguirewoods.com, mmayton@mcguirewoods.com, usdocket@mcguirewoods.com

Andrew Michael Williamson    amw@awilliamson.law

Edward Maxwell Grauman   egrauman@bathaeedunne.com

**4:19-cv-00507-ALM Notice will not be electronically mailed to:**

# EXHIBIT 10

| | |
|---|---|
| **Subject:** | FW: Activity in Case 4:19-cv-00507-ALM Earl et al v. The Boeing Company et al Motion Hearing |
| **Date:** | Sunday, May 17, 2020 at 11:40:04 PM Eastern Daylight Time |
| **From:** | Edward D. Altabet |
| **To:** | 'amw@awilliamson.law' |
| **CC:** | John Pierce, 'dhecht@hechtpartners.com', 'ajlorin@gmail.com', 'Kevin Cash', Camille Varlack |
| **Attachments:** | image001.gif, image002.gif, image003.gif, image004.gif |

## PRIVILEGED & CONFIDENTIAL

Mr. Williamson,

As you know, I am counsel to Pierce Bainbridge. Once again you appear to be contemplating undertaking an improper course of action.

In the first instance, you should know better than to send an email like this to Kevin and Camille. The fact that you sent it to Kevin and Camille on Saturday (without copying me) – with a threat to send a letter on Monday morning to opposing counsel no less – suggests that you are looking for a way to do something unethical.

In the second instance, the three people that you should have sent your email to -- John Pierce, David Hecht, and Andrew Lorin – are conspicuously absent from your email correspondence.

Third, you are no longer an employee of Pierce Bainbridge and, to the best of my knowledge (and according to a review of the docket), A.Williamson, LLC, is not currently counsel to anyone in the Boeing matter, nor has it entered an appearance in the case. (If you believe we are mistaken, please immediately send us a copy of any relevant documents.)

Fourth, with respect to any inquiry you believe is directed to you from Boeing's or Southwest's counsel (which, incidentally, you did not bother to attach to your email): first, you are not authorized to communicate with defense counsel regarding the matter absent the express written consent of your former firm and your former clients; and second, under no circumstances are you permitted or allowed to divulge confidential and/or privileged information concerning your former firm or anything regarding this case to anyone other than Messrs. Pierce, Lorin, and Hecht, in the absence of a court order compelling you to do so.

Fifth, unless and until A.Williamson, LLC is retained as counsel or co-counsel in this matter, your role in this matter is at an end. If you are so retained, then you are obligated to discuss and disclose for comment any contemplated communication from you to the opposing party with all of plaintiffs' counsel before you send it to defense counsel. And if anyone has purported to direct you otherwise, or if anyone has purportedly directed you to respond to defense counsel's inquiry, then you must immediately forward that writing to everyone on this email chain.

You are directed to contact David Hecht on Monday morning before you do, say, or write anything further with respect to this matter.

Please be guided accordingly.

**Edward D. Altabet** ▪ Partner

Cohen Seglias Pallas Greenhall & Furman PC

website | offices | email


**COHEN SEGLIAS**
PALLAS GREENHALL & FURMAN PC

in ▣

**Confidentiality Note:** This electronic message and any attachments ("message") is intended for use only by the individual or entity to which it is addressed and may contain information that is confidential, protected by the attorney-client privilege, and/or exempt from disclosure under applicable law. If you are not the intended recipient of this message, please reply to the sender that you received the message in error and delete all copies of the message from your computer and network. Dissemination, copying, or other use of this message by any person or entity other than the intended recipient is strictly prohibited.

**Circular 230 Disclosure:** To ensure compliance with IRS Circular 230, we inform you that any tax advice contained in this message is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding Federal tax penalties, or (ii) promoting or marketing any transaction or matter discussed herein.

Begin forwarded message:

> **From:** Andrew Williamson <amw@awilliamson.law>
> **Date:** May 16, 2020 at 10:50:43 AM EDT
> **To:** "cvarlack@piercebainbridge.com" <cvarlack@piercebainbridge.com>,
> "kcash@piercebainbridge.com" <kcash@piercebainbridge.com>
> **Subject: FW: Activity in Case 4:19-cv-00507-ALM Earl et al v. The Boeing Company et al Motion Hearing**

Camille and Kevin:

I am not sure who is left or who is in charge at Pierce Bainbridge, but as far as I can tell you are both still there (or were as of this week), so I am writing to you. At a hearing on Wednesday in the Boeing case, David Hecht made a number of representations to the Court, which I believe are misleading or at the very least vague. Following that hearing, counsel for Southwest sent a letter to a number of attorneys, including myself, asking for a plethora of information from Pierce Bainbridge and raising certain issues directly with me regarding my own actions.

I plan to respond to that letter by no later than Monday and have a couple of questions for both of you. First, although both Camille and Tom Warren confirmed that David's last day at the Pierce Bainbridge was April 15th and Tom explicitly told me to withdraw David's appearance in light of his departure (and that I was also told to withdraw all departing attorneys), David claims he is still either at Pierce Bainbridge or affiliated with it/speaks for it. I have no reason to doubt Camille or Tom's representations/instructions, but have significant concerns about what David told the Court. Can you please confirm whether David is authorized to speak for Pierce Bainbridge and explain *how* that is possible in light of his departure?

Second, Southwest is questioning my authorization to instruct the discovery vendor to delete the Boeing/Southwest document productions that it was hosting for Pierce Bainbridge. As Kevin knows, I sought his guidance on this issue before I departed, and he instructed me to tell the

vendor to delete the files and send us a final invoice. Kevin, could you please re-confirm that you authorized that action by responding to this email?

If you could get back to me by Monday morning at the latest, I would really appreciate that. Thank you.

**Andrew M. Williamson**

**Member**
A.Williamson, LLC
12410 Milestone Center Drive
Suite 600
Germantown, MD 20876
Phone: 301-916-1560
Email: amw@awilliamson.law
*Admitted in Maryland, Virginia, West Virginia, and the District of Columbia*

www.awilliamson.law

----

*This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this email in error, please destroy it and notify me immediately.*

**From:** "txedCM@txed.uscourts.gov" <txedCM@txed.uscourts.gov>
**Date:** Wednesday, May 13, 2020 at 10:37 AM
**To:** "txedcmcc@txed.uscourts.gov" <txedcmcc@txed.uscourts.gov>
**Subject:** Activity in Case 4:19-cv-00507-ALM Earl et al v. The Boeing Company et al Motion Hearing

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. District Court

## Eastern District of TEXAS [LIVE]

## Notice of Electronic Filing

The following transaction was entered on 5/13/2020 at 9:35 AM CDT and filed on 5/13/2020
**Case Name:** Earl et al v. The Boeing Company et al
**Case Number:** 4:19-cv-00507-ALM
**Filer:**

**Document Number:** No document attached

**Minute Entry for proceedings held before District Judge Amos L. Mazzant, III:** Telephonic Motion Hearing held on 5/13/2020 at 9:00 a.m. re [79] MOTION to Withdraw as Attorney *All Pierce Bainbridge Attorneys* filed by John Rogers, Valerie Mortz-Rogers, Stephanie Blakey, Muhammad Muddasir Khan, Alesa Beck, Damonie Earl, Marisa Thompson, Lakesha Goggins, Elizabeth Cooper, Timothy Blakey, Jr. and Linda Rugg. Yavar Bathaee, Brian Dunne, Elizabeth De Rieux, Barron Flood, John Jeffrey Eichmann, Andrew Jay Lorin, Andrew Michael Williamson, Andrew Wolinsky, David Hecht, and Michael Pomeranz appeared on behalf of Plaintiffs. Benjamin Hatch, Clyde Siebman, Jeremy Byrum, Thomas Miles Farrell and Joe Cascio appeared on behalf of Boeing Company; and Michael Swartzendruber, James Leito, Jason Fagelman, Mark Shaw, James Shepherd, and Carrie Forbes appeared on behalf of Southwest Airlines. Plaintiffs counsel advises they desire to withdraw their motion. Court orally grants Plaintiffs request to withdraw. Call adjourned at 9:28 a.m. (Court Reporter Jan Mason) (kkc )

4:19-cv-00507-ALM Notice has been electronically mailed to:

Elizabeth L DeRieux   ederieux@capshawlaw.com, athompson@capshawlaw.com, ccapshaw@capshawlaw.com, hpeterson@capshawlaw.com, rhurse@capshawlaw.com

Michael Alan Swartzendruber   michael.swartzendruber@nortonrosefulbright.com, judy.garrison@nortonrosefulbright.com

Clyde Moody Siebman   clydesiebman@siebman.com, deniselovelace@siebman.com, siebman@siebman.com, stephaniebooth@siebman.com

Jeffrey Jack Burley   jeffburley@siebman.com, burleylawtx@gmail.com, stephaniebooth@siebman.com

Thomas Miles Farrell   tfarrell@mcguirewoods.com, pfaulk@mcguirewoods.com

Jason K Fagelman   jason.fagelman@nortonrosefulbright.com, shari.mcfadden@nortonrosefulbright.com

Gregory Scott Dovel   greg@dovellaw.com, courts@dovellaw.com

Julien Antonio Adams   julien@dovellaw.com, courts@dovellaw.com

John Jeffrey Eichmann   jeff@dovellaw.com, courts@dovellaw.com

James Vincent Leito, IV   james.leito@nortonrosefulbright.com, mary.mulvihill@nortonrosefulbright.com

Simon Carlo Franzini   simon@dovellaw.com, courts@dovellaw.com

Geraldine W Young   geraldine.young@nortonrosefulbright.com, jbalderas@fulbright.com

Brian James Dunne    bdunne@bathaeedunne.com

Jonas B Jacobson    jonas@dovellaw.com

Jeremy S Byrum    jbyrum@mcguirewoods.com

David L Hecht    dhecht@piercebainbridge.com, DocketNY@piercebainbridge.com,
skyle@piercebainbridge.com

Elizabeth Siebman Forrest    elizabethforrest@siebman.com, deniselovelace@siebman.com,
esiebman@gmail.com, stephaniebooth@siebman.com

Philip Alexandar Tarpley    philip.tarpley@nortonrosefulbright.com

Michael Pomerantz    michael.m.pomerantz@gmail.com

Andrew Jay Lorin    alorin@piercebainbridge.com, DocketNY@piercebainbridge.com,
skyle@piercebainbridge.com

Yavar Bathaee    yavar@bathaeedunne.com

Barron McGinnis Flood    barron.flood@hsf.com, stephanie.morano@hsf.com

Andrew Chan Wolinsky    awolinsky@bathaeedunne.com

Brian D. Schmalzbach    bschmalzbach@mcguirewoods.com

Benjamin L. Hatch    bhatch@mcguirewoods.com, jnoonan@mcguirewoods.com,
kgollogly@mcguirewoods.com, mmayton@mcguirewoods.com, usdocket@mcguirewoods.com

Andrew Michael Williamson    amw@awilliamson.law

Edward Maxwell Grauman    egrauman@bathaeedunne.com

**4:19-cv-00507-ALM Notice will not be electronically mailed to:**

# EXHIBIT 11

| Subject: | Re: Activity in Case 4:19-cv-00507-ALM Earl et al v. The Boeing Company et al Motion Hearing |
|---|---|
| Date: | Monday, May 18, 2020 at 3:59:12 PM Eastern Daylight Time |
| From: | Andrew Williamson |
| To: | Edward D. Altabet, 'David Hecht' |
| CC: | John Pierce, 'ajlorin@gmail.com', 'Kevin Cash', Camille Varlack, 'dhecht@piercebainbridge.com', 'alorin@piercebainbridge.com' |

Attachments: image001.gif, image002.gif, image003.gif, image004.gif

Mr Altabet,

Your baseless threats and efforts to intimidate me are inappropriate and unprofessional, and it is unclear what privilege or confidentiality you are asserting at the beginning of your first email. In addition, having now had the chance to review the transcript from last week's hearing, and confirm a number of what I believe are intentionally misleading and/or false statements of material facts, I have an ethical duty to correct the record. Out of an abundance of caution, and in light of your position that I cannot do any further substantive work on the record in this matter without a Court order, I will be seeking one, shortly, and I will be requesting an Ex Parte In Camera review of your emails and our other prior communications with Judge Mazzant.

In the meantime, I will also be responding to Southwest's inquiries insofar as they relate to me and not to Pierce Bainbridge or the clients. I do not need your authorization or David's/Andy's authorization to respond to inquiries directed to me individually.

Regards,


**Andrew M. Williamson**

**Member**
A.Williamson, LLC
12410 Milestone Center Drive
Suite 600
Germantown, MD 20876
Phone: 301-916-1560
Email: amw@awilliamson.law
*Admitted in Maryland, Virginia, West Virginia, and the District of Columbia*

www.awilliamson.law

*This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this email in error, please destroy it and notify me immediately.*


**From:** "Edward D. Altabet" <ealtabet@cohenseglias.com>
**Date:** Monday, May 18, 2020 at 2.05 PM
**To:** 'David Hecht' <dhecht@hechtpartners.com>, "'amw@awilliamson.law'" <amw@awilliamson.law>
**Cc:** John Pierce <jpierce@piercebainbridge.com>, "'ajlorin@gmail.com'" <ajlorin@gmail.com>, 'Kevin

Cash' <kcash@piercebainbridge.com>, Camille Varlack <cvarlack@piercebainbridge.com>,
"'dhecht@piercebainbridge.com'" <dhecht@piercebainbridge.com>, "'alorin@piercebainbridge.com'"
<alorin@piercebainbridge.com>

**Subject:** RE: Activity in Case 4:19-cv-00507-ALM Earl et al v. The Boeing Company et al Motion Hearing

Mr. Williamson,

I just tried calling you at the number below. But no voicemail picked up.

No one else copied on this email has heard from you either – notwithstanding your Saturday email suggesting
that you intended to send an unauthorized communication to defense counsel today.

Please call me or David before COB today to discuss; or else confirm that you are standing down and will fully
cooperate with, and will undertake no action except at the express written behest of, Messrs. Hecht and/or
Lorin.

Thank you.

Ed

My cell: 917.370.2469.

**From:** David Hecht <dhecht@hechtpartners.com>
**Sent:** Monday, May 18, 2020 10:26 AM
**To:** Edward D. Altabet <ealtabet@cohenseglias.com>; 'amw@awilliamson.law' <amw@awilliamson.law>
**Cc:** John Pierce <jpierce@piercebainbridge.com>; 'ajlorin@gmail.com' <ajlorin@gmail.com>; 'Kevin Cash'
<kcash@piercebainbridge.com>; Camille Varlack <cvarlack@piercebainbridge.com>
**Subject:** RE: Activity in Case 4:19-cv-00507-ALM Earl et al v. The Boeing Company et al Motion Hearing

In case you don't have my cell number, it is 646-266-8753. I have calls all morning, so feel free to shoot me a
text first and I will get back to you as soon as I can.

I look forward to speaking.

**From:** Edward D. Altabet <ealtabet@cohenseglias.com>
**Sent:** Sunday, May 17, 2020 11:40 PM
**To:** 'amw@awilliamson.law' <amw@awilliamson.law>
**Cc:** John Pierce <jpierce@piercebainbridge.com>; David Hecht <dhecht@hechtpartners.com>;
'ajlorin@gmail.com' <ajlorin@gmail.com>; 'Kevin Cash' <kcash@piercebainbridge.com>; Camille Varlack
<cvarlack@piercebainbridge.com>
**Subject:** FW: Activity in Case 4:19-cv-00507-ALM Earl et al v. The Boeing Company et al Motion Hearing

**PRIVILEGED & CONFIDENTIAL**

Mr. Williamson,

As you know, I am counsel to Pierce Bainbridge. Once again you appear to be contemplating undertaking an
improper course of action.

In the first instance, you should know better than to send an email like this to Kevin and Camille. The fact

that you sent it to Kevin and Camille on Saturday (without copying me) – with a threat to send a letter on Monday morning to opposing counsel no less – suggests that you are looking for a way to do something unethical.

In the second instance, the three people that you should have sent your email to -- John Pierce, David Hecht, and Andrew Lorin – are conspicuously absent from your email correspondence.

Third, you are no longer an employee of Pierce Bainbridge and, to the best of my knowledge (and according to a review of the docket), A.Williamson, LLC, is not currently counsel to anyone in the Boeing matter, nor has it entered an appearance in the case. (If you believe we are mistaken, please immediately send us a copy of any relevant documents.)

Fourth, with respect to any inquiry you believe is directed to you from Boeing's or Southwest's counsel (which, incidentally, you did not bother to attach to your email): first, you are not authorized to communicate with defense counsel regarding the matter absent the express written consent of your former firm and your former clients; and second, under no circumstances are you permitted or allowed to divulge confidential and/or privileged information concerning your former firm or anything regarding this case to anyone other than Messrs. Pierce, Lorin, and Hecht, in the absence of a court order compelling you to do so.

Fifth, unless and until A.Williamson, LLC is retained as counsel or co-counsel in this matter, your role in this matter is at an end. If you are so retained, then you are obligated to discuss and disclose for comment any contemplated communication from you to the opposing party with all of plaintiffs' counsel before you send it to defense counsel. And if anyone has purported to direct you otherwise, or if anyone has purportedly directed you to respond to defense counsel's inquiry, then you must immediately forward that writing to everyone on this email chain.

You are directed to contact David Hecht on Monday morning before you do, say, or write anything further with respect to this matter.

Please be guided accordingly.


**Edward D. Altabet** ▪ Partner
**Cohen Seglias Pallas Greenhall & Furman PC**

website | offices | email



**COHEN SEGLIAS**
PALLAS GREENHALL & FURMAN PC

in 🔗

**Confidentiality Note:** This electronic message and any attachments ("message") is intended for use only by the individual or entity to which it is addressed and may contain information that is confidential, protected by the attorney-client privilege, and/or exempt from disclosure under applicable law. If you are not the intended recipient of this message, please reply to the sender that you received the message in error and delete all copies of the message from your computer and network. Dissemination, copying, or other use of this message by any person or entity other than the intended recipient is strictly prohibited.

**Circular 230 Disclosure:** To ensure compliance with IRS Circular 230, we inform you that any tax advice contained in this message is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding Federal tax penalties, or (ii) promoting or marketing any transaction or matter discussed herein.

Begin forwarded message:

**From:** Andrew Williamson <amw@awilliamson.law>
**Date:** May 16, 2020 at 10:50:43 AM EDT
**To:** "cvarlack@piercebainbridge.com" <cvarlack@piercebainbridge.com>,
"kcash@piercebainbridge.com" <kcash@piercebainbridge.com>
**Subject: FW: Activity in Case 4:19-cv-00507-ALM Earl et al v. The Boeing Company et al Motion
Hearing**

Camille and Kevin:

I am not sure who is left or who is in charge at Pierce Bainbridge, but as far as I can tell you are
both still there (or were as of this week), so I am writing to you. At a hearing on Wednesday in
the Boeing case, David Hecht made a number of representations to the Court, which I believe
are misleading or at the very least vague. Following that hearing, counsel for Southwest sent a
letter to a number of attorneys, including myself, asking for a plethora of information from
Pierce Bainbridge and raising certain issues directly with me regarding my own actions.

I plan to respond to that letter by no later than Monday and have a couple of questions for both
of you. First, although both Camille and Tom Warren confirmed that David's last day at the
Pierce Bainbridge was April 15th and Tom explicitly told me to withdraw David's appearance in
light of his departure (and that I was also told to withdraw all departing attorneys), David claims
he is still either at Pierce Bainbridge or affiliated with it/speaks for it. I have no reason to doubt
Camille or Tom's representations/instructions, but have significant concerns about what David
told the Court. Can you please confirm whether David is authorized to speak for Pierce
Bainbridge and explain *how* that is possible in light of his departure?

Second, Southwest is questioning my authorization to instruct the discovery vendor to delete
the Boeing/Southwest document productions that it was hosting for Pierce Bainbridge. As Kevin
knows, I sought his guidance on this issue before I departed, and he instructed me to tell the
vendor to delete the files and send us a final invoice. Kevin, could you please re-confirm that
you authorized that action by responding to this email?

If you could get back to me by Monday morning at the latest, I would really appreciate that.
Thank you.

**Andrew M. Williamson**

**Member**
**A.Williamson, LLC**
12410 Milestone Center Drive
Suite 600
Germantown, MD 20876
Phone: 301-916-1560
Email: amw@awilliamson.law
*Admitted in Maryland, Virginia, West Virginia, and the District of Columbia*

www.awilliamson.law

----

*This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this email in error, please destroy it and notify me immediately.*

**From:** "txedCM@txed.uscourts.gov" <txedCM@txed.uscourts.gov>
**Date:** Wednesday, May 13, 2020 at 10:37 AM
**To:** "txedcmcc@txed.uscourts.gov" <txedcmcc@txed.uscourts.gov>
**Subject:** Activity in Case 4:19-cv-00507-ALM Earl et al v. The Boeing Company et al Motion Hearing

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### Eastern District of TEXAS [LIVE]

## Notice of Electronic Filing

The following transaction was entered on 5/13/2020 at 9:35 AM CDT and filed on 5/13/2020
**Case Name:** Earl et al v. The Boeing Company et al
**Case Number:** 4:19-cv-00507-ALM
**Filer:**
**Document Number:** No document attached

**Minute Entry for proceedings held before District Judge Amos L. Mazzant, III: Telephonic Motion Hearing held on 5/13/2020 at 9:00 a.m. re [79] MOTION to Withdraw as Attorney *All Pierce Bainbridge Attorneys* filed by John Rogers, Valerie Mortz-Rogers, Stephanie Blakey, Muhammad Muddasir Khan, Alesa Beck, Damonie Earl, Marisa Thompson, Lakesha Goggins, Elizabeth Cooper, Timothy Blakey, Jr. and Linda Rugg. Yavar Bathaee, Brian Dunne, Elizabeth De Rieux, Barron Flood, John Jeffrey Eichmann, Andrew Jay Lorin, Andrew Michael Williamson, Andrew Wolinsky, David Hecht, and Michael Pomeranz appeared on behalf of Plaintiffs. Benjamin Hatch, Clyde Siebman, Jeremy Byrum, Thomas Miles Farrell and Joe Cascio appeared on behalf of Boeing Company; and Michael Swartzendruber, James Leito, Jason Fagelman, Mark Shaw, James Shepherd, and Carrie Forbes appeared on behalf of Southwest Airlines. Plaintiffs counsel advises they desire to withdraw their motion. Court orally grants Plaintiffs request to withdraw. Call adjourned at 9:28 a.m. (Court Reporter Jan Mason) (kkc )**

4:19-cv-00507-ALM Notice has been electronically mailed to:

Elizabeth L DeRieux    ederieux@capshawlaw.com, athompson@capshawlaw.com,

ccapshaw@capshawlaw.com, hpeterson@capshawlaw.com, rhurse@capshawlaw.com

Michael Alan Swartzendruber    michael.swartzendruber@nortonrosefulbright.com,
judy.garrison@nortonrosefulbright.com

Clyde Moody Siebman    clydesiebman@siebman.com, deniselovelace@siebman.com,
siebman@siebman.com, stephaniebooth@siebman.com

Jeffrey Jack Burley    jeffburley@siebman.com, burleylawtx@gmail.com,
stephaniebooth@siebman.com

Thomas Miles Farrell    tfarrell@mcguirewoods.com, pfaulk@mcguirewoods.com

Jason K Fagelman    jason.fagelman@nortonrosefulbright.com,
shari.mcfadden@nortonrosefulbright.com

Gregory Scott Dovel    greg@dovellaw.com, courts@dovellaw.com

Julien Antonio Adams    julien@dovellaw.com, courts@dovellaw.com

John Jeffrey Eichmann    jeff@dovellaw.com, courts@dovellaw.com

James Vincent Leito, IV    james.leito@nortonrosefulbright.com,
mary.mulvihill@nortonrosefulbright.com

Simon Carlo Franzini    simon@dovellaw.com, courts@dovellaw.com

Geraldine W Young    geraldine.young@nortonrosefulbright.com, jbalderas@fulbright.com

Brian James Dunne    bdunne@bathaeedunne.com

Jonas B Jacobson    jonas@dovellaw.com

Jeremy S Byrum    jbyrum@mcguirewoods.com

David L Hecht    dhecht@piercebainbridge.com, DocketNY@piercebainbridge.com,
skyle@piercebainbridge.com

Elizabeth Siebman Forrest    elizabethforrest@siebman.com, deniselovelace@siebman.com,
esiebman@gmail.com, stephaniebooth@siebman.com

Philip Alexandar Tarpley    philip.tarpley@nortonrosefulbright.com

Michael Pomerantz    michael.m.pomerantz@gmail.com

Andrew Jay Lorin    alorin@piercebainbridge.com, DocketNY@piercebainbridge.com,
skyle@piercebainbridge.com

Yavar Bathaee    yavar@bathaeedunne.com

Barron McGinnis Flood    barron.flood@hsf.com, stephanie.morano@hsf.com

Andrew Chan Wolinsky    awolinsky@bathaeedunne.com

Brian D. Schmalzbach    bschmalzbach@mcguirewoods.com

Benjamin L. Hatch    bhatch@mcguirewoods.com, jnoonan@mcguirewoods.com,
kgollogly@mcguirewoods.com, mmayton@mcguirewoods.com, usdocket@mcguirewoods.com

Andrew Michael Williamson    amw@awilliamson.law

Edward Maxwell Grauman    egrauman@bathaeedunne.com

**4:19-cv-00507-ALM Notice will not be electronically mailed to:**

# EXHIBIT 12

**Subject:** Re: Earl v. Boeing Request for In-Camera Ex Parte Hearing

**Date:** Wednesday, May 20, 2020 at 9:14:29 AM Eastern Daylight Time

**From:** Andrew Williamson

**To:** Edward D. Altabet

**CC:** Andrew Lorin, John Pierce, Camille Varlack, 'Kevin Cash', dhecht@piercebainbridge.com

Ed,

Thank you for your response. I will convey to Judge Mazzant that Pierce Bainbridge asserts privilege over all of those categories of documents and seek to have everything reviewed in camera.

I am not going to revisit our prior arguments over the motion to withdraw. We already resolved that issue in mid-April, and as I am sure you recall, despite your baseless accusations that I did something "unauthorized" or "ultra vires" it ended with Andy Lorin—the only remaining partner on the case at the time—confirming the firm could not in "good faith" continue to service the clients and Lorin confirming we should not withdraw the motion at that time. This was communicated in writing which will be reviewed in camera. I have not taken any action in this matter on behalf of the firm or the clients since leaving Pierce Bainbridge.

My offer to resolve on-the-record misrepresentations via the proposed stipulation stands. There is no need for you and I to meet and confer. You do not represent the Boeing Plaintiffs nor is your appearance on file in the case. If Andy Lorin and David Hecht would like to discuss the matter, without resorting to baseless threats and intimidation, I am willing to do so *without* your participation.

**Andrew M. Williamson**

**Member**
A.Williamson, LLC
12410 Milestone Center Drive
Suite 600
Germantown, MD 20876
Phone: 301-916-1560
Email: amw@awilliamson.law
*Admitted in Maryland, Virginia, West Virginia, and the District of Columbia*

www.awilliamson.law

----

*This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this email in error, please destroy it and notify me immediately.*

**From:** "Edward D. Altabet" <ealtabet@cohenseglias.com>
**Date:** Tuesday, May 19, 2020 at 11:48 PM
**To:** 'Andrew Williamson' <amw@awilliamson.law>, "dhecht@piercebainbridge.com" <dhecht@piercebainbridge.com>
**Cc:** Andrew Lorin <alorin@piercebainbridge.com>, John Pierce <jpierce@piercebainbridge.com>, Camille Varlack <cvarlack@piercebainbridge.com>, 'Kevin Cash' <kcash@piercebainbridge.com>
**Subject:** RE: Earl v. Boeing Request for In-Camera Ex Parte Hearing

Andrew,

You are going to embarrass yourself further if continue on this path. No court is interested in hearing from a former associate about his perceived gripes with his former law firm. And while I have not yet seen the transcript of the May 13 proceedings, based on what has been reported to me, my sense is that Judge Mazzant has neither the time nor patience for this kind of nonsense.

I directed you on Sunday, in response to your inquiry of Saturday, to contact David on Monday morning before you undertook any further action in this matter. For all the lip service you've given me about your meet-and-confer obligations, I have a clear paper record of you refusing to call David, or me, or Andy, or John regarding the matter before you sent a letter to defense counsel and filed your latest set of papers with the court.

But we're getting ahead of ourselves. Conspicuously absent from your email below and your prior emails is any explanation as to why and how you are still involved in this case. You haven't presented an engagement letter between you and any of the plaintiffs in the action. And you haven't presented a co-counsel agreement. I asked you to produce these documents, to the extent they existed, on Sunday night. Instead, without having a meet-and-confer with us, you went rogue (again) – in breach of your fiduciary obligations to your former clients and your former firm and responded to an inquiry from defense counsel and put in a new filing with the court. (Seriously, and I say this as a defense-side lawyer: what self-respecting plaintiffs' lawyer responds to a demand from defense counsel on an arbitrary schedule set by defense counsel?! Indeed: what self-respecting plaintiffs' lawyer who is no longer involved in a matter doesn't write back to defense counsel: "If you want information that you are not entitled to, subpoena me.") You keep insisting that you owe "ethical obligations to the court, the parties, and counsel." Yet you not only continue to ignore the fiduciary obligations you owe to your former clients and your former firm, you have not once provided any legal analysis that purports to support the, frankly, bizarre conduct you are now undertaking.

Your ultra vires motion to withdraw Pierce Bainbridge from the matter was successfully withdrawn on May 13 – without in any way casting aspersions on your conduct (though such aspersions would have been justified had they been cast). The proper response to that outcome would have been to send David and Andy a thank you note (and gift basket) and leave it at that.

While the withdrawal motion is now beside the point, it is nevertheless worth pointing out that I asked you, over the week of April 13, for you to provide me with a copy of any writing that expressly and explicitly authorized the particular action you undertook. The fact that no writings were produced speaks volumes.

**PLEASE TAKE NOTICE**, Pierce Bainbridge asserts privilege over all of the below mentioned documents and communications (and any other documents or communications that you are apparently contemplating divulging).

As for the nature of the privilege of my communications with you, they are privileged viz. defense counsel and any co-counsel. The privilege continues to exist and extend to communications between a firm and its former associate regarding a matter that the associate worked on while employed by his prior firm. And you have a fiduciary obligation to observe the privilege and keep all information you learned while in the employ of your former firm in confidence.

Andrew, I can't pretend that this is not a very serious matter with potentially very serious consequences. Your actions are potentially prejudicing your former clients in a multi-million dollar lawsuit. But there is still time and space for you to make a graceful exit from this situation: withdraw the filing that you made with the court yesterday and agree not to engage in any further correspondence with defense counsel, and the