IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DAMONIE EARL, LINDA RUGG, ALESA BECK, TIMOTHY BLAKEY, JR., STEPHANIE BLAKEY, MARISA THOMPSON, MUHAMMAD MUDDASIR KHAN, ELIZABETH COOPER, JOHN ROGERS, VALERIE MORTZ-ROGERS, and LAKESHA GOGGINS, each individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br>v.<br><br>THE BOEING COMPANY, SOUTHWEST AIRLINES CO.,<br><br>*Defendants*. | Civil Action No. 4:19-cv-00507-ALM |

**DEFENDANTS' MOTION PURSUANT TO COURT ORDER DOCKET NO. 115
<u>TO SHOW AUTHORITY TO ACT</u>**

**INTRODUCTION**

The splintering of Pierce Bainbridge Beck Price & Hecht LLP ("Pierce Bainbridge")—the law firm on all the named Plaintiffs' pleadings, briefs, and discovery demands until April 14th—continues to raise questions about which lawyers are authorized to litigate this case for the named Plaintiffs, and in what capacity.[1]  The most recent issue is how and to what extent David Hecht and Andrew Lorin, who have appeared and filed documents in this Court "by Pierce Bainbridge" over the past few weeks, (Dkt. 103, 109, 110, 114; Conf. Tr. (May 13, 2020), at 1), possess authority to act in Pierce Bainbridge's name or otherwise on behalf of the Plaintiffs in this matter. Both recently advised the Court on June 4th that their new firm name is "Hecht Partners LLP," and have failed to produce to Defendants or file with this Court any evidence of an attorney-client relationship between that firm (or them individually) and Plaintiffs.  (Dkt. 121 & 122).  The correspondence with Pierce Bainbridge attorneys and outside counsel filed by Andrew Williamson (Dkt. 116) (the "Williamson Materials"), and statements during the May 13th hearing before this Court, further suggest that Messrs. Hecht and Lorin left the Pierce Bainbridge partnership before their June 4th filings.  These materials include Mr. Lorin's letter of resignation from Pierce Bainbridge.  (Dkt. 116, Ex. 7).  In short, there is no record evidence supporting the authority of either individual to act on behalf of Pierce Bainbridge or the Plaintiffs in this matter.

It is possible that Messrs. Hecht and Lorin possess some authority to act for Pierce Bainbridge or Plaintiffs.  But the Williamson Materials raise such significant questions as to what, if any, authority exists, that the Court should require that showing.  It is paramount that the Court

---

[1] The splintering of Pierce Bainbridge and its many attorneys of record in this case has seemingly spawned myriad other law firms and practices, including Bathaee Dunne, the practice of Andrew Williamson, who made filings helping to initiate this particular proceeding (*e.g.*, Dkt. 116), the law practice of Michael Pomerantz (Conf. Tr. (May 13, 2020), at 7), and now Hecht Partners LLP, as addressed herein (*see* Dkt. 121).

and parties get to the bottom of whether Mr. Hecht and Mr. Lorin are properly authorized to act as lawyers for Plaintiffs in this case. Because Messrs. Hecht and Lorin admit they have now left the firm, that raises further questions regarding their claimed representation of the named Plaintiffs via engagement letters of Pierce Bainbridge. Conf. Tr. (May 13, 2020), at 9 ("We have engagement agreements that continue to be active that were not terminated, so I can speak for Pierce Bainbridge"); *id.* at 5. Understanding how those engagement letters relate to Mr. Hecht, Mr. Lorin, and Hecht Partners LLP (and the other Plaintiffs' counsel in this case) is critical to understand the propriety and authorization of the role of those lawyers on behalf of Plaintiffs.

Accordingly, in response to the Court's June 1, 2020 order (Dkt. 115), Defendants The Boeing Company ("Boeing") and Southwest Airlines Co. ("Southwest") respectfully move the Court to require Messrs. Hecht and Lorin to demonstrate that they have authority to act on behalf of Pierce Bainbridge or Plaintiffs in this matter.[2]

## BACKGROUND

On April 14, 2020, Mr. Williamson filed a motion to withdraw Pierce Bainbridge, himself, and five other Pierce Bainbridge attorneys ("the Motion to Withdraw"), including David Hecht and Andrew Lorin. (Dkt. 79). Boeing, Southwest, and Plaintiffs' counsel Bathaee Dunne LLP each submitted responses to the Motion to Withdraw. (Dkt. 80, 81, 83).

On May 13, 2020, this Court held a hearing on the Motion to Withdraw. At that hearing, Mr. Hecht, purportedly "on behalf of Pierce Bainbridge," orally moved to withdraw the Motion to

---

[2] The fact that this Motion focuses on Messrs. Hecht and Lorin—in response to the Court's June 1 Order concerning those individual attorneys—does *not* mean that the other Plaintiffs' counsel have shown their authority to act. Indeed, despite numerous other filings, opportunities, and requests from Defendants, *none* of the counsel appearing on behalf of the named Plaintiffs, including Bathaee Dunne LLP, have provided any evidence of the named Plaintiffs' knowledge, understanding, agreements, or wishes with respect to the now heavily contested issues of who is, remains, or should be acting as counsel in their lawsuit.

Withdraw as to himself and Andrew Lorin. Conf. Tr. (May 13, 2020), at 3. He asserted that the filing was "submitted in error" and that Plaintiffs never authorized a withdrawal by Pierce Bainbridge. *Id.* at 3, 9. He also stated that he and Mr. Lorin "withdrew from the partnership but [] remain affiliated" with this case. *Id.* at 4. Finally, he stated that Pierce Bainbridge had secured "significant" litigation funding for the case. *Id.* The Court granted Mr. Hecht's oral motion from the bench. *Id.* at 12.

On May 18, 2020, Mr. Williamson filed the "Notice" stating that Mr. Hecht made "numerous statements of material fact" at the hearing "to intentionally mislead counsel and the Court." (Dkt. 100 at 1). Mr. Williamson referenced an email from Pierce Bainbridge's outside counsel, Ed Altabet, in which Mr. Altabet allegedly "made several baseless accusations" against Mr. Williamson in "an effort to intimidate [him] and hamper [his] efforts to correct the record." *Id.* Mr. Williamson requested an *ex parte* hearing to "enable the Court to review the sensitive communications at issue and make a determination regarding privilege outside the presence of counsel for defendants." *Id.* at 2.

On May 22, 2020, Defendants responded to the Notice, supporting Mr. Williamson's offer of disclosure. (Dkt. 102 at 7). Defendants did not oppose the hearing, but opposed making the hearing *ex parte* unless a record could be established to support it. *Id.*

On the same day, Mr. Hecht, purportedly on behalf of Pierce Bainbridge, moved to withdraw Mr. Williamson (the attorney accusing him of making misstatements) and Mr. Pomerantz as counsel and describing the Motion to Withdraw as a "law office error." (Dkt. 103 at 1).

On May 28, 2020, Mr. Hecht, purportedly on behalf of Pierce Bainbridge, responded to the Notice seeking to vacate the upcoming hearing, asserting that his statements were accurate and immaterial, and seeking to withdraw his statements.  (Dkt. 109 at 2-6).

On May 31, 2020, Bathaee Dunne filed its Opposition to David Hecht's Request to Vacate the Court's June 1, 2020 Hearing opposing Mr. Hecht's request to vacate the hearing.  (Dkt. 112 at 5 (the "BD Opposition").  The BD Opposition attached exhibits including filings by Mr. Hecht and Mr. Lorin in other cases stating that they were leaving Pierce Bainbridge.  (Dkt. 112-1, Exs. A-I).

On June 1, 2020, Mr. Hecht, purportedly on behalf of Pierce Bainbridge, filed a reply to the BD Opposition, again asserting that Mr. Hecht's statements were accurate and immaterial, and requesting mediation between Pierce Bainbridge and Bathaee Dunne "to resolve issues of coordination of representation," which it called "a 'family dispute' among former partners of PB [Pierce Bainbridge]." (Dkt. 114 at 6).  Mr. Lorin's name was also in the signature block. *Id.*

On June 1, 2020, the Court ordered the clerk to release the materials sent by *ex parte* facsimile from Mr. Williamson under seal for all counsel to review.  (Dkt. 115).  The Court cancelled the hearing scheduled for the same day and ordered any party who wished to file a motion related to the Williamson Materials to do so by June 8, 2020.  *Id.*

On June 4, Messrs. Hecht and Lorin filed notices of change of address reflecting that their new firm name is "Hecht Partners LLP."  (Dkt. 121 & 122).

## ARGUMENT

"The power of a court over members of its bar is at least as great as its authority over litigants." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 766 (1980); *see also Sciarretta v. Lincoln Nat. Life Ins. Co.*, 778 F.3d 1205, 1212 (11th Cir. 2015) ("Courts have the inherent power to police

themselves and those appearing before them."). That power includes "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1406 (5th Cir. 1993). In particular, this Court's inherent power authorizes an order requiring an attorney to turn over client-related records when appropriate for "orderly and expeditious" litigation. *Id.* at 1406, 1409. Defendants ask the Court to use that power to require Mr. Hecht and Mr. Lorin to show that they have the authority to act on behalf of Pierce Bainbridge for the named Plaintiffs here. Ample reasons require such a showing.

Mr. Hecht has now admitted that he has a new firm affiliation outside Pierce Bainbridge (Dkt. 121), a fact consistent with the Williamson Materials. By Mr. Hecht's own words at the May 13 hearing, he and Mr. Lorin were characterized as "affiliated" with Pierce Bainbridge (Dkt. 109 at 3; Conf. Tr. (May 13, 2020), at 4), not employees or members of that firm (which he referenced as undergoing "significant structural changes" (Conf. Tr. (May 13, 2020), at 4). In that regard, Mr. Hecht has apparently founded a new law firm, Hecht Partners LLP. (Dkt 121).

According to his recent filing (Dkt. 122), Mr. Lorin is now also with "Hecht Partners LLP," having likewise apparently left Pierce Bainbridge. The Williamson Materials also contain instant messages dated April 15-16, 2020 between Mr. Williamson and Mr. Lorin specifically referencing Mr. Lorin's resignation from Pierce Bainbridge (Dkt. 116, Ex. 4), as well as his April 11, 2020 resignation letter, stating that "I hereby resign from [Pierce Bainbridge]" and intend "to remain at the firm until April 30, 2020, to assist in an orderly transition." (Dkt. 116, Ex. 7).

## CONCLUSION

For these reasons, the Court should require that Mr. Hecht and Mr. Lorin demonstrate that they have authority to act in Pierce Bainbridge's name or on its behalf and also on behalf of the

named Plaintiffs. At that point, the Court can enter appropriate orders as needed, including, without limitation, requiring any withdrawing lawyers to provide appropriate confirmation that they have destroyed Defendants' documents in their possession, custody, or control.[3]

Date: June 8, 2020

Respectfully submitted,

**McGUIREWOODS LLP**

/s/ Thomas M. Farrell
Clyde M. Siebman
TX Bar No. 18341600
Elizabeth S. Forrest
TX Bar No. 24086207
Jeffrey J. Burley
TX Bar No. 03425250
Siebman Forrest Burg & Smith LLP
300 N Travis St
Sherman, TX 75090
Tel: 903-870-0070
Fax: 903-870-0066
Email: clydesiebman@siebman.com
Email: elizabethforrest@siebman.com
Email: jeffburley@siebman.com

Thomas M. Farrell
TX Bar No. 06839250
McGuireWoods LLP
JPMorgan Chase Tower
600 Travis Street
Suite 7500
Houston, TX 77002-2906
Tel: 713-353-6677
Fax: 832-214-9933
Email: tfarrell@mcguirewoods.com

---

[3] Mr. Hecht stated at the May 13th hearing that Pierce Bainbridge retains documents produced in this case on its servers, and that he and Mr. Lorin have access to these servers. (Conf. Tr. (May 13, 2020) at 5:11-15). This representation appears to contradict evidence that Mr. Williamson ordered the documents to be destroyed by Pierce Bainbridge's e-discovery vendor. *See* Dkt. 116 at 51 (letter from Mr. Williamson on PB letterhead stating he had instructed PB's e-discovery vendor to destroy documents produced by defendants and received confirmation it would be done). Before Mr. Hecht or any other lawyer is withdrawn from this case, Defendants request a showing on the record that the documents they have produced in this case that were in the custody, possession or control of any lawyer not continuing are no longer in his or her possession, custody or control and have been destroyed.

Brian D. Schmalzbach (*pro hac vice*)
Jeremy S. Byrum (*pro hac vice*)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3406
Tel: 804-775-4746
Fax: 804-698-2304
Email: bschmalzbach@mcguirewoods.com
Email: jbyrum@mcguirewoods.com

Benjamin L. Hatch (*pro hac vice*)
McGuireWoods LLP
2001 K Street N.W.
Suite 400
Washington, DC 20006-1040
Tel: 757-640-3727
Fax: 757-640-3947
Email: bhatch@mcguirewoods.com

***Attorneys for The Boeing Company***


**NORTON ROSE FULBRIGHT US LLP**

*/s/ Michael A. Swartzdruber*
Michael A. Swartzendruber
State Bar No. 19557702
Jason K. Fagelman
State Bar No. 00796525
James V. Leito
State Bar No. 24054950
Philip A. Tarpley
State Bar No. 24098501
2200 Ross Ave., Suite 3600
Dallas, TX 75201
Tel: (214) 855-8000
Fax: (214) 855-8200
michael.swartzendruber@nortonrosefulbright.com
jason.fagelman@nortonrosefulbright.com
james.leito@nortonrosefulbright.com
philip.tarpley@nortonrosefulbright.com

Geraldine W. Young
State Bar No. 24084134

7

           1301 McKinney St., Suite 5100
           Houston, TX 77010
           Tel: (713) 651-5151
           Fax: (713) 651-5246
           geraldine.young@nortonrosefulbright.com

           ***Attorneys for Southwest Airlines Co.***

**CERTIFICATE OF CONFERENCE**

I hereby certify that I complied with the meet and confer requirements in Local Rule CV-7(h). I conferred regarding the relief sought in this motion by email and telephone on June 8, 2020 with the following attorneys:

Andrew M. Williamson, speaking only on his own behalf, does not oppose the relief sought.

Brian Dunne, speaking for Bathaee Dunne LLP and Dovel & Luner, does not oppose the relief sought.

Andrew J. Lorin, speaking for Hecht Partners LLP, does not consent to the relief sought.

/s/ Thomas M. Farrell
Thomas M. Farrell

**CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2020, a true and correct copy of the above was served to counsel through the Eastern District of Texas's CM/ECF system.

/s/ Thomas M. Farrell
Thomas M. Farrell