## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| DAMONIE EARL, LINDA RUGG, ALESA BECK, TIMOTHY BLAKEY, JR., STEPHANIE BLAKEY, MARISA THOMPSON, MUHAMMAD MUDDASIR KHAN, ELIZABETH COOPER, JOHN ROGERS, VALERIE MORTZ-ROGERS, and LAKESHA GOGGINS, each individually and on behalf of all others similarly situated, | § § § § § § § § § § | |
| *Plaintiffs,* | § § | Civil Action No. 4:19-cv-00507 |
| v. | § § | |
| THE BOEING COMPANY and SOUTHWEST AIRLINES CO., | § § § | |
| *Defendants.* | § § | |

### STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL AND PRIVILEGED MATERIALS

The Parties to the above-captioned matter (the "Action"), through their undersigned counsel of record, stipulate and agree under Rule 26(c) of the Federal Rules of Civil Procedure, and the Court hereby ORDERS upon a finding of good cause, that this Stipulated Protective Order (the "Order" or "PO") shall govern the disclosure and use of confidential and privileged information in this Action.

### I. DEFINITIONS GENERALLY

1.    The following terms are hereby defined as follows:

a.    **Parties**.  The term "Party" means any plaintiff or defendant in this Action. "Parties" means any combination of plaintiffs or defendants in this Action.

b.    **Non-Party**.  The term "Non-Party" means any individual, corporation, association, or other entity that is not a Party.

c.      **Producing Non-Party**.   The term "Producing Non-Party" means any Non-Party that produces information in this Action pursuant to subpoena or otherwise at the request of a Party.

d.      **Designating Party**.   The term "Designating Party" means a Party or Non-Party that designates Material as Protected/Controlled Material under the terms of this Order.

e.      **Receiving Party**.  The term "Receiving Party" means a Party that receives Material designated as Protected/Controlled Material under the terms of this Order.

f.      **Document**.  The term "Document" is intended to be comprehensive and includes any and all materials in the broadest sense contemplated by Rule 34 of the Federal Rules of Civil Procedure, and includes all written, oral, recorded, or graphic material, however produced or reproduced, including the following: all written or printed matter of any kind (including the originals and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise); electronically stored information, software, and other computer data, including information stored in a computer or mobile device at any time; all graphic or manual records or representations of any kind, including photographs, microfiche, microfilm, videotape, records, and motion pictures; electronic, mechanical, or electric records or representations of any kind, including cassettes, discs, magnetic cards and recordings, optical and other media; and all drafts, alterations, modifications, changes, and amendments to any of the foregoing.

g.      **Privilege**.  The term "privilege" means the attorney-client privilege, the work-product doctrine, the common-interest doctrine, or any other privilege, protection, or immunity recognized by law.

h.      **Material**.  The term "Material" means any Document, "electronically stored information" ("ESI") (as that phrase is used in Federal Rule of Civil Procedure 34), tangible object, discovery response, transcript, or other information regardless of the medium or manner generated, stored, or maintained.

i.      **Confidential Material**.  The term "Confidential Material" refers to any Material that contains confidential or proprietary commercial information, research and development information, commercially sensitive process or product information, trade secrets, non-public and confidential board meeting minutes and commercially sensitive board materials, non-public and confidential communications with government regulatory bodies, negotiation strategies, non-public and confidential commercial agreements, non-public and confidential technical, sales, pricing, or other commercially sensitive information (including data relating to strategic

plans, confidential data received from a Non-Party under a current Non-Disclosure Agreement, and confidential settlement negotiations and settlement agreements), or highly personal information of a Party or Non-Party that is considered confidential information and not disclosed to the public by that Party or person and that does not fall under a higher designation in this Order.  By including this definition in the Order, no Party is waiving any right to contend that Material meeting this definition: (a) does not exist; (b) is irrelevant or is not reasonably calculated to lead to the discovery of admissible evidence; or (c) is otherwise not discoverable.

j.      **Competitor**.  The term "Competitor" means a Designating Party's existing or likely potential business competitor, supplier, customer, or related person or entity thereof who, by receiving Confidential Material, may gain a competitive advantage in its business and thereby injure the Designating Party.  Plaintiffs hereby represent that none of the Plaintiffs is a Competitor of Southwest or Boeing or an employee of a Competitor of Southwest or Boeing, and Plaintiffs further commit to notifying Defendants if the Plaintiffs' circumstances change so as to become a Competitor.  For purposes of this Protective Order only, Boeing and Southwest are not considered Competitors of each other except with regard to the narrow scope of matters covered by "Highly Confidential—Outside Counsel Only Material."

k.      **Highly Confidential—Attorneys' Eyes Only Material**.  The term "Highly Confidential—Attorney's Eyes-Only Material" or "Highly Confidential—AEO Material" means any Material that meets the definition of Confidential Material and that: (i) is the subject of reasonable efforts to maintain its secrecy by the Designating Party; (ii) is sufficiently valuable or sensitive to afford a potential or actual business advantage over others; and (iii) is of such a nature that disclosing such Material is reasonably believed to lead to a material injury to the business, commercial, competitive, or financial interests of the Designating Party.  By way of example and not limitation, Highly Confidential—AEO Material, to the extent that it otherwise meets the criteria of the first sentence of this sub-paragraph 1(k), may include the following: (a) trade secrets; (b) non-public and confidential board meeting minutes and commercially sensitive board materials; (c) non-public and confidential communications with government regulatory bodies; (d) negotiation strategies; (e) non-public and confidential commercial agreements; and (f) non-public and confidential technical, sales, pricing, or other commercially sensitive information (including data relating to strategic plans, confidential data received from a Non-Party under a current Non-Disclosure Agreement, and confidential settlement negotiations and settlement agreements).  Highly Confidential—AEO Material may include, without requiring any other qualifying element detailed above, personally identifiable information (such as social security numbers and other tax identification numbers, passport or drivers' license numbers, frequent flyer numbers, credit card numbers, and personal health information).  By

including this definition in the Order, no Party is waiving any right to contend that Material meeting this definition: (a) does not exist; (b) is irrelevant or is not reasonably calculated to lead to the discovery of admissible evidence; or (c) is otherwise not discoverable.

l.   **Highly Confidential—Outside Counsel Only Material**.   The term "Highly Confidential—Outside Counsel Only Material" or "Highly Confidential—OCO Material" means any Material that meets the definition of Highly Confidential—Attorney's Eyes Only Material and that is: (a) Defendant Southwest's internal communications regarding the negotiation of the purchase or sale of commercial aircraft; (b) Defendant Boeing's internal communications regarding the negotiation of the purchase or sale of aircraft; (c) Defendant Southwest's internal communications regarding the financial aspects of the resolution of any (i) claims between Boeing and Southwest and (ii) claims related to the 737 MAX aircraft; or (d) Defendant Boeing's internal communications regarding the financial aspects of the resolution of any (i) claims between Boeing and Southwest and (ii) claims related to the 737 MAX aircraft.  By including this definition in the Order, no Party is waiving any right to contend that Material meeting this definition: (a) does not exist; (b) is irrelevant or is not reasonably calculated to lead to the discovery of admissible evidence; or (c) is otherwise not discoverable.

m.   **Highly Confidential Material**.  The term "Highly Confidential Material" means Material that is "Highly Confidential—AEO Material" or "Highly Confidential—OCO Material."

n.   **Export-Controlled Material**.   The term "Export-Controlled Material" means information that is subject to the requirements of the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730.1, *et seq*., and/or the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. §§ 120.0, *et seq*.   Such material may be contained in documents that a Designating Party furnishes in this case related to dual use commodities, technology, or software, or defense articles.  Although Defendants shall make best efforts to designate such information as "Export Controlled Information" in accordance with this Order, information subject to the EAR and ITAR shall at all times remain "Export-Controlled Information" regardless of whether such designation is made, in accordance with federal law.  A protective order is warranted, and there is good cause for special treatment of these categories of material because federal law subjects such material to specific rules related to designation, use, access, and disclosure, and imposes civil and criminal penalties for violations.  By including this definition in the Order, no Party is waiving any right to contend that Material meeting this definition (a) does not exist, (b) is irrelevant or is not reasonably calculated to lead to the discovery of admissible evidence, or (c) is otherwise not discoverable.

o.    **Protected Material**. The term "Protected Material" means Material designated as Confidential Material, Highly Confidential—AEO Material, or Highly Confidential—OCO Material under this Order.

p.    **Protected/Controlled Material**.  The term "Protected/Controlled Material" means Material designated as Protected Material or Export-Controlled Material under this Order.

q.    **Southwest**.  The term "Southwest" means Defendant Southwest Airlines Co.

r.    **Boeing**.  The term "Boeing" means Defendant The Boeing Company.

s.    **Plaintiff**.  The term "Plaintiff" means any and each of the named plaintiffs in this action.

t.    **Acknowledgment**.  The term "Acknowledgment" means the Acknowledgment of Stipulated Protective Order attached hereto as Exhibit A.

u.    **NDA**.  The term "NDA" means the Non-Disclosure Agreement attached hereto as Exhibit B.

v.    **Person Associated With Protected Material**.  The term "Person Associated With Protected Material" means a person that the Protected/Controlled Material indicates, on its face or in its metadata, is the author, creator, producer, addressee, source, or recipient of such Protected/Controlled Material.  This definition also includes any person whose formal or informal name, title, identifying information, statements, communications, or actions are mentioned, discussed, or referred to in such Protected Material as indicated by the Protected Material expressly or through reasonable inference.

## II. GENERAL PROVISIONS

2.    **Scope**.  This Order governs all Material disclosed during the course of this Action in any form and for any purpose, including for the purposes of responding to discovery requests, responding to disclosure obligations under the Federal Rules of Civil Procedure and the Local Rules of the Court, providing testimony, and filing briefs or pleadings with the Court.

3.    **Designating Protected/Controlled Material**.  Any Party or Producing Non-Party may designate Material as Confidential, Highly Confidential—AEO Material, or Highly Confidential—OCO Material, and/or Export-Controlled Material.  By so designating any Material,

a Party or Producing Non-Party shall be making a representation to the Court that its counsel believes in good faith that the information properly deserves such designation.  A Designating Party shall mark each page of Material containing Protected/Controlled Material with the appropriate designation, unless the Material is produced as a native file, in which case the file name shall include the designation. If only a portion of Material is entitled to protection under this Order, then only such portion may be designated as Protected/Controlled Material.

4.      **Objections to Confidentiality Designations or Treatment**.  A Party may at any time in good faith object to the designation of any Material as Protected/Controlled Material by providing a written objection to the Designating Party.  The written objection must specify by Bates or deposition transcript page number of the Material challenged and include a brief statement of the legal or factual basis for each objection.  The Parties shall meet and confer to discuss the objection within five business days (unless otherwise agreed to by the Parties in writing).  If the Parties cannot reach agreement as to the designation, the objecting Party may move the Court for an order determining whether such Material has been properly designated.  The Designating Party shall bear the burden of establishing that the designated Material is properly designated.  Pending a decision from the Court, the challenged Material shall be treated as having been properly designated by the Designating Party, and a Party seeking to submit the Protected/Controlled Materials to the Court must file such Materials under seal.

5.      Material shall not be entitled to a Protected Material designation where the Material: (a) was properly and lawfully made available in the public domain at the time of its designation; (b) entered the public domain without violation of this Order by any Party or person subject to this Order after its designation as Protected Material; or (c) was legally obtained by the Receiving Party from a source other than the Designating Party without limitations on its use or

disclosure in this Action.  Nothing in this Order precludes any Party from challenging a

confidentiality designation on any other ground under applicable law.

### III. DISCLOSURE OF PROTECTED/CONTROLLED MATERIAL

6.      **General Provisions.**  The following applies to all Protected/Controlled Material:

a.      Before any Protected Material is disclosed to any person identified below in Paragraph 7(f)-(h), such person shall be provided with a copy of this Order and shall execute the Acknowledgment.

b.      Before any Export-Controlled Material is disclosed to any person, such person shall be provided with a copy of this Order and shall execute the NDA.  Outside counsel shall retain the original copies of executed Acknowledgment and NDA forms and need not disclose who has executed them during the course of this Action, unless the Court orders otherwise.

c.      Before disclosing Protected Material to any authorized person who is a Competitor (or an employee of a Competitor), except in connection with a deposition (which circumstance is governed by Paragraph 18 hereof), the Party wishing to make such disclosure shall give at least five business days' notice in writing to the Designating Party, stating the names and addresses of the person(s) to whom the disclosure will be made, and identifying with particularity the documents to be disclosed (e.g., providing a list of the Bates numbers of the documents).  If, within the five-day period, a motion is filed objecting to the proposed disclosure (or a Party uses the Court's dispute hotline), disclosure is not authorized unless and until the Court orders otherwise.

d.      Any persons receiving Protected/Controlled Material shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

e.      Nothing in this Order shall limit the ability of any Party or Non-Party to disclose to any person its own Protected Material produced or designated in this Action.

7.      **Confidential Material**. Except as otherwise provided in this Order, Confidential

Material may be disclosed only to:

a.      The Parties (including their directors, officers, internal legal counsel, and employees);

b.      The Parties' counsel, which shall include (i) the Parties' outside counsel, and (ii) attorneys, paralegals, clerical staff, support personnel, and vendors

working under the supervision or direction of such counsel who are directly involved in or assisting in this Action (including outside vendors or contractors, such as vendors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing or retrieving data, or designing programs for handling data connected with this Action, including the performance of its duties in relation to a computerized litigation support system);

c.   The Court and all persons assisting the Court in the Action, including clerks, special masters, mediators, and court reporters;

d.   Any court reporters or videographers attending a deposition;

e.   Any person to whom the Designating Party agrees in writing disclosure may be made without execution of the Acknowledgment;

f.   Any person not otherwise entitled to receive such information to whom the Designating Party agrees in writing disclosure may be made on the condition that such person has executed the Acknowledgment;

g.   Any person retained as a consultant or expert by any Party for the purposes of this Action and principals and employees of the firms with which consultants or experts are associated and who are directly involved and assisting in this Action;

h.   Any Person Associated With Protected Material, but disclosure may only be made with regard to the Protected Material associated with that person;

i.   Any person hereafter designated by further order of the Court; and

j.   Any person testifying as a witness at a deposition, hearing, or trial, or other proceeding in the Action subject to any applicable additional requirements set forth under Paragraph 18.

With respect to Export-Controlled Material, the persons in categories (a)-(j) must be U.S. Persons or otherwise permitted access to such information under U.S. law.

8.   **Highly Confidential—Attorneys' Eyes Only Material**. Except as otherwise provided in this Order, Highly Confidential—AEO Material may be disclosed only to:

a.   Persons identified in Paragraphs 7(b)–(j); and

b.   Four In-House Designees of each of Boeing and Southwest, as defined in Paragraph 13 below, and subject to the conditions specified in Paragraph 13, as well as the paralegals, clerical staff, and support personnel who are (i) working under the supervision or direction of those In-House

Designees, and (ii) directly involved in or assisting in this Action. Notwithstanding the forgoing sentence, any Material previously disclosed by one Defendant to the other Defendant but subsequently designated by a Defendant as Highly Confidential—AEO Material may be disclosed to anyone who is a current employee of the other Defendant at the time of disclosure pursuant to this paragraph.

With respect to Export-Controlled Material, the persons in the above categories of this paragraph 8 must be U.S. Persons or otherwise permitted access to such information under U.S. law.

9.      Disclosure of Highly Confidential—AEO Material to any person identified above in Paragraph 7(j) shall be governed by Paragraph 18 below.

10.      **Highly Confidential—Outside Counsel Only Material**. Except as otherwise provided in this Order, Highly Confidential—OCO Material may be disclosed only to:

a.      Persons identified in Paragraphs 7(b)–(j);

With respect to Export-Controlled Material, the persons in above categories of this paragraph 10 must be U.S. Persons or otherwise permitted access to such information under U.S. law.

11.      Disclosure of Highly Confidential—OCO Material to any person identified above in Paragraph 7(j) shall be governed by Paragraph 18 below.

12.      Counsel for a Receiving Party may believe that to adequately prepare its case, it must show certain Highly Confidential Material to persons not authorized by this Order to see such Material.  In such event, counsel shall identify the Material to the Designating Party by Bates or deposition transcript page number and identify the additional personnel to whom it wishes to disclose the Material.  The Designating Party will provide a good faith response concerning its willingness (or lack of willingness) to permit the Material to be shown to the Receiving Party's additional personnel within five business days.  If the Designating Party is unwilling to permit the

additional personnel to see the Material, the Receiving Party may then raise the matter with the Court.

13.     **In-House Designees**. Boeing and Southwest may each designate four in-house counsel that do not participate in competitive decision-making[1] for issues relating to another Party or the issues in this Action, and who shall be permitted to review Highly Confidential—AEO Material ("AEO In-House Designees") under the following conditions:

a.      Each AEO In-House Designee shall be provided with a copy of this Stipulated Protective Order and shall execute the Acknowledgment before gaining access to any Highly Confidential—AEO Material;

b.      The AEO In-House Designees shall not use the Highly Confidential—AEO Material disclosed to them for any purpose other than this Action; and

c.      The AEO In-House Designees shall not disclose the contents of, or any detailed summary of, Highly Confidential—AEO Material with anyone that is not permitted to review such Material under the terms of this Order.

14.     Within five business days of executing this Order, Boeing and Southwest shall each exchange with each other a list of their In-House Designees.  The list shall include each In-House Designee's corporate title within the Defendant's organization.  Upon service of the designation, Boeing and Southwest must, within ten business days and in writing, consent or object to the designation of the other Defendant's In-House Designees.  If one Defendant objects to another Defendant's designation of an In-House Designee, it will inform the Designating Party in writing of its objections and the bases therefor.  The Defendants will endeavor in good faith to resolve any such objection, but if the Defendants are unable to reach resolution within five business days after service of the written objection, the Designating Party may raise the matter with the Court.  No Highly Confidential—AEO Material (per the limitations set out above) shall be disclosed to an In-

---

[1] *See U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984); *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465 (9th Cir. 1992).

House Designee before final resolution of any objection.  Boeing and Southwest may each change its In-House Designees by serving written notice of such change on the other Defendants' counsel of record.  Any such designee being removed from access must return or destroy all Highly Confidential Material in his or her possession.  The same consent and objection process provided above shall apply to any change of In-House Designee.

15.     Unless otherwise agreed to by the Parties or further ordered by the Court, Protected/Controlled Material produced in this Action may be used only in this Action (including any appeal), and may not be used in any other action, proceeding, or arbitration or used for any purpose unconnected to this Action.  However, to the extent Material is properly filed on the public docket for this Action or otherwise public (and made public without a violation of this Order by a person subject to this Order), any Party may use that Material, as-filed, for any purpose.  Nothing in this paragraph shall limit the ability of a Party to seek permission from the Court to use Materials produced in this Action for a purpose unconnected with this Action, as long as the Designating Party has notice and an opportunity to be heard prior to the Court ruling on the Party's request.

16.     All Protected/Controlled Material (including any summaries, abstracts, or other related information that includes, discusses, summarizes, or refers to any Protected/Controlled Material) shall be kept in a secure location that is under the control of a person authorized by this Order to receive such information.

17.     **Export-Controlled Material**.  The handling of "Export-Controlled Material" shall be as follows:

> a.     Disclosure of "Export-Controlled Material."   The Parties have a responsibility to ensure that Export-Controlled Material in their possession, custody or control is used in accordance with U.S. law, including EAR, 15 C.F.R. §§ 730.0, *et seq.* and/or ITAR, 22 C.F.R. §§120.1, *et seq.*).   To prevent unauthorized use of Export-Controlled Material, the Parties agree to follow the procedure outlined in this paragraph.

(i)    Counsel or other individuals authorized to receive Export-Controlled Material will not disclose, export, or transfer, in any manner, Export-Controlled Material to any foreign person except as permitted by U.S. law, and will not transport any such document outside of U.S. territory, without prior written approval of the Bureau of Industry and Security, the United States Department of State, or other appropriate U.S. government department or agency except as permitted by U.S. law.  Use or access outside of the U.S. or by Non-U.S. persons within the U.S. may require a license from the U.S. Department of State in accordance with ITAR or from the U.S. Department of Commerce in accordance with the EAR. The Party producing the documents accepts no liability on behalf of the Recipient for the procurement of or expense of such license, or in the event the Recipient discloses controlled information or violates the EAR or ITAR. Diversion of any technical data subject to the ITAR or EAR to any (i) person, (ii) entity, (iii) country or (iv) any entity located or incorporated in a country, that is on any denied party list or list of sanctioned countries, pursuant to either the EAR, ITAR or any regulations and orders administered by the Treasury Department's Office of Foreign Assets Control Regulations (31 CFR Chapter V) is prohibited.

(ii)    The Parties will redact all portions of all publicly filed Documents containing Export-Controlled Materials and will request that the Court seal all Documents that contain unredacted Export-Controlled Material that are required to support a pending motion before the Court.

b.    Access to Export-Controlled Material.  The Parties and the Court have a responsibility to ensure that access to Export-Controlled Material in their possession, custody or control is restricted to authorized persons in accordance with U.S. law, including EAR, 15 C.F.R. §§ 730.0, *et seq.* and/or ITAR, 22 C.F.R. §§120.1, *et seq.*).   To prevent unauthorized access of Export-Controlled Material, the Parties agree to follow the procedure outlined in this paragraph.

(i)    All Documents containing Export-Controlled Material shall be placed in a secure file or room with access limited to those persons identified in paragraphs 7, 8, and 10 of this Protective Order who are U.S. Persons.

(ii)    If Documents containing Export-Controlled Material are scanned and stored in a computer or loaded to a document review platform or software, access to such electronic files shall be restricted and limited to those persons identified in paragraphs 7, 8, and 10 of this Protective Order who are U.S. Persons.

(iii)    In the event that counsel or another individual authorized to receive Export-Controlled Material anticipates that Export-Controlled Material will be disclosed to the Court, including at any hearing or at trial, the

Parties agree to confer and, if necessary, to discuss with the Court the proper safeguards to avoid an export violation.

## IV. USE OF PROTECTED/CONTROLLED MATERIAL BY A PARTY IN THIS ACTION

18. **Depositions**.

    a.    From the date of a deposition until 30 calendar days after receipt of a final deposition transcript, such transcript shall be deemed Highly Confidential—AEO Material in accordance with this Order unless the Parties otherwise agree, after which 30-day period this presumptive designation shall lapse. However, a Party (or Non-Party who was the witness at such deposition) may, prior to the expiration of such 30-day period designate, in the manner set forth herein, such portions of the transcript that the Party or witness in good faith believes constitute Confidential Material, Highly Confidential—AEO Material, Highly Confidential—OCO Material, and/or Export-Controlled Material. The 30-day period may be extended or shortened by written agreement of the Parties. The designation by a Party or witness of any portion of a transcript, exhibit, or recording as Protected Material shall be made in writing and served upon all counsel of record and the relevant court reporter. Any designation of any portion of any transcript shall be treated as a designation of such portion of the corresponding video and vice-versa. Nothing in this paragraph shall abridge or affect any Party's right, pursuant to Paragraph 3, to at any time object in good faith to the designation of any Material as Protected Material.

    b.    Subject to the terms of this Order and the Federal Rules of Civil Procedure, any Party may use Confidential Material in the course of a deposition.

    c.    A Party may not use Highly Confidential Material in an examination of a witness at a deposition, unless:

        (i)    The witness is authorized by a separate provision of this Order to see Highly Confidential Material;

        (ii)    the witness is a person who the examining Party has a good faith reason to believe has or had lawful access to, and did access, the specific Material containing the Highly Confidential Material to be disclosed;

        (iii)    the witness is a current employee of the Designating Party;

(iv) the witness is a former employee of the Designating Party who had access to the specific Material containing the Highly Confidential Material to be disclosed; or

(v) the witness (a person or a 30(b)(6) representative of an entity) is a Competitor of the Designating Party, but only if such witness is expressly mentioned, discussed or referred to by actual name in the Material with respect to such Highly Confidential Material, and then such witness shall be shown *only* those portions of the Material referencing such witness or entity and such other portions necessary to provide context.

d. Absent any of these circumstances or order of the Court, the Party wishing to use Highly Confidential Material in an examination of a witness must obtain consent from the Designating Party, and such consent may not be unreasonably withheld.  Nothing in this Paragraph 18 shall be construed as to limiting the Designating Party's ability to object to the use of specific Protected Material at a deposition and availing itself of the Court's discovery hotline to resolve any disputes about whether the requirements of this paragraph are met or whether additional protections or restrictions are needed under the particular circumstances of any deposition.

e. Any Party may use Export-Controlled Material in an examination of a witness at a deposition, provided that the witness is authorized under U.S. Law to view such information.

f. Before any Protected/Controlled Material is disclosed to any witness at deposition, such witness shall be provided with a copy of this Order and asked to execute the Acknowledgment and/or NDA (as appropriate).  In the event that such witness refuses to execute the Acknowledgment and/or NDA, the counsel seeking to use the Protected/Controlled Material shall seek approval from the Court, through use of the discovery hotline or otherwise, before using the Protected/Controlled Material with the witness.

g. To the extent a Party desires to show a witness noticed for a deposition any Protected Material in advance of the deposition and the disclosure of the Protected Material is not otherwise authorized by this Order, then the Parties shall meet and confer on the issue and present any unresolved disputes to the Court.

19. **Use in Filings, in Hearings, and at Trial.**

a. Prior to any hearings and/or trial in this action, counsel for the Parties shall meet and confer to negotiate a proposal regarding the treatment of Protected/Controlled Material to be used at such hearing or trial.

- 14 -

b.      Regarding the treatment of Protected/Controlled Material at trial, the Parties should be prepared to address this issue at the final pre-trial conference.

c.      Regarding the treatment of Protected/Controlled Material at hearings (or other court proceedings), if a Party desires to use a Designating Party's Protected/Controlled Material that was not filed as an exhibit to the Motion/Opposition/Reply/Surreply (or any related briefing) at issue in the hearing, it shall notify the Designating Party of its intent to use such Material at least five business days before the hearing.  If no agreement can be reached regarding the use of such Material at the hearing, then the Court shall rule on the use of such Material before it is used in open court.  If a Party desires to use Protected/Controlled Material that was filed as an exhibit to the Motion/Opposition/Reply/Surreply (or any related briefing) at issue in the hearing, then it shall notify the Designating Party before such Material is used in open court and give the Designating Party an opportunity to object to such use.  Ultimately, the determination of the treatment of Protected/Controlled Materials at such hearing or trial will be determined by the Court.

d.      The Parties are authorized to file under seal any Protected/Controlled Material (including any pleadings, motions, or other papers disclosing Protected/Controlled Material).  All Protected/Controlled Material that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Protected/Controlled Material, shall be filed by a Party with a Certification of Authorization to Seal such Protected/Controlled Material and kept under seal until further order of the Court. Pursuant to the local rules, within 48 hours of such filing, the filing Party shall file a public version with redactions of only those portions that contain Protected/Controlled Material.  Where possible, only confidential portions of exhibits filed with the Court shall be filed under seal.  Nothing in this Order requires that any such information be maintained under seal by the Court.  To the extent a Party desires to file Material under seal that is not Protected Material, the local rules shall govern the procedure for sealing such Material.

e.      Nothing in this Order precludes any Party or member of the public at any time from challenging the sealing or redacting of any filed Materials or any portion thereof, from challenging the closure of the Court to the public during any hearing or trial, or from seeking the permission of the Court to unseal or unredact any filed Materials or any portion thereof or to prevent the closure of the Court during any hearing or trial.  In such instances the Designating Party shall have the burden of demonstrating the propriety of filing under seal or with redaction or of the closure of the Court.

## V. REQUEST FOR CURE OF UNAUTHORIZED DISCLOSURES

20.     Any Party or Producing Non-Party that becomes aware of any unauthorized disclosure of Protected/Controlled Material or any breach of this Order shall promptly give notice to the Designating Party of such circumstances, including a reasonable description of the circumstances that led to the unauthorized disclosure.  Upon receipt of such notice, the Designating Party may seek such other relief as is appropriate.  In any event, the Party or Producing Non-Party that made the unauthorized disclosure shall immediately use its best reasonable efforts to retrieve such information and to prevent further disclosure.

## VI. SUBPOENAS COMMANDING PRODUCTION OF PROTECTED/CONTROLLED MATERIAL

21.     If any Receiving Party receives a subpoena, civil investigative demand, or other compulsory process commanding the production of a Designating Party's Protected/Controlled Material ("Process"), the Receiving Party shall promptly notify the Designating Party in writing (including, but not limited to, by e-mail), and in any event, such notice must be given: (a) within five business days after the Receiving Party is served with such Process, or (b) if the Process is received less than five business days before the return date of the Process, then promptly upon receipt of the Process.  The written notice from the Receiving Party must include a copy of the Process and note the return date for the Process (if not identified in the copy of the Process). The Designating Party shall promptly inform the Receiving Party either that it does not object to production of the Protected/Controlled Material or that it will seek Court protection to prevent the production.  If the Designating Party fails to provide the subpoenaed Receiving Party with a response within the earlier of three business days of receipt of notice or the return date of the Process, then the subpoenaed Receiving Party may produce the Protected/Controlled Material.  In the event that the Designating Party informs the Receiving Party that it will seek Court protection to prevent the production, and promptly does so in light of the return date of the Process, the

Receiving Party shall not produce any Protected/Controlled Material without the prior written consent of the Designating Party unless required by a court or governmental or quasi-governmental body.  The Designating Party shall bear the burden and expense of seeking protection for its Protected/Controlled Material.

## VII. PRODUCTION OF PROTECTED/CONTROLLED MATERIAL WITHOUT DESIGNATION

22.     The production of Protected/Controlled Material without a Protected Material designation shall not be deemed a waiver or impairment of any claim of protection of the confidential nature of any such Material, unless the Protected Material consists of deposition testimony designated as set forth in Paragraph 18.

23.     Upon a Party's or Producing Non-Party's discovery that its Material was not correctly designated, that Party or Producing Non-Party shall provide notice to the other Parties of the revised designation.  The Party or Producing Non-Party shall then have five business days in which to produce a replacement copy of the newly designated or re-designated Material with the appropriate confidentiality mark.  The Material shall be produced with an overlay load file referencing the original Bates number and including metadata field indicating the confidential status of the Material.  If the reproduced Material is stamped with a new Bates number, the load file shall include a cross-reference field to the original Bates number.  Any Party may object to any designation, including any belated re-designation, at any time but the re-designation shall remain in effect until the objection is ruled on by the Court.

24.     Additionally, upon notice that any Protected/Controlled Material has not been appropriately designated and receipt of the reproduced Material with the re-designated confidentiality stamp, the Receiving Party shall: (a) make reasonable efforts to return or destroy all prior iterations of such newly designated or re-designated Materials; (b) thereafter treat the

Materials consistent with the re-designated level of confidentiality; and (c) make a reasonable, good-faith effort to ensure that any analyses, memoranda, or notes that were generated based upon such Material before its re-designation shall promptly be treated in conformity with any such re-designation. No Party is deemed to violate this Order if, prior to notification of any re-designation, Protected/Controlled Material has been disclosed or used in a manner inconsistent with the re-designation. If Protected/Controlled Material is already a part of the public record, it is the responsibility of the Party who changed the designation to move the Court for appropriate relief.

Regardless of when the re-designation occurs, any Receiving Party may challenge the re-designation under the procedures set forth in this Order.

## VIII. PRODUCTION OF PRIVILEGED, PROTECTED, OR OTHER MATERIAL IMMUNE FROM DISCOVERY

25. The Parties recognize that certain Material relevant to the claims and defenses in this case may be protected by, and subject to a claim of, Privilege. Pursuant to Federal Rule of Evidence 502(d), if, in connection with this Action, a producing Party inadvertently produces or discloses information subject to any Privilege ("Inadvertently Produced Information"), such disclosure or production shall be without prejudice to the producing Party's claim that such information is privileged under an applicable Privilege, and no producing Party shall be held to have waived any rights by such inadvertent production or disclosure, so long as the producing Party promptly provides notice to all Parties of the production of Inadvertently Produced Information. Within two business days of providing notice, the producing Party shall provide privilege log entry/entries covering such Inadvertently Produced Information. Specifically, the provisions of Federal Rule of Evidence 502(b)(2) and (b)(3) are inapplicable to the production of Inadvertently Produced Information in this Action. Once a producing Party provides the notice to

the other Parties regarding the production of Inadvertently Produced Information, the other Parties shall: (a) (i) promptly return the Inadvertently Produced Information along with all duplicates in paper form, (ii) remove any electronic version of the Inadvertently Produced Information from its electronic databases, (iii) provide a certification of counsel that all such Inadvertently Produced Information has been returned or destroyed; and (b) not duplicate the privileged information or distribute the privileged information by any means other than returning it to the Producing Party (if needed).  Nothing in this Paragraph or Order curtails a Party's right to challenge the propriety of a designation or privilege assertion with the Court.

26.      If a Party receives Material that reasonably appears to be subject to a Privilege and to have been provided through inadvertence, the Party must refrain from examining the Material any further and shall promptly notify the producing Party in writing that the Party possesses such Material.

27.      In connection with any motion or dispute before the Court regarding the designation of Material as subject to a Privilege, nothing in this Order shall prohibit any Party from describing such Material in such a manner as does not violate the Privilege.

## IX. MISCELLANEOUS PROVISIONS

28.      Nothing contained in this Order shall be construed as an admission that any Material or information, or any testimony relating to such Material or information, is or would be admissible in evidence in this Action or in any other proceeding.

29.      No Party may withhold relevant Material from discovery on the ground that it requires protection greater than that afforded by this Order.  If a Party believes greater protection is needed, that Party must move for an order providing such special protection promptly after identifying the Material as Material that is relevant or otherwise required to be produced.  Nothing

herein prevents the Parties from reaching an agreement without Court involvement that such additional protection is warranted and agreeing on new terms of disclosure that apply thereto.

30.     Nothing contained in this Order shall affect the rights of the Parties or Producing Non-Parties to object to discovery, nor shall it relieve a Party or Producing Non-Party of its obligation to properly respond or object to discovery requirements or requests, nor shall it preclude any Party or Producing Non-Party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

31.     The Parties reserve all rights to apply to the Court for any order modifying this Order.  Any Party or Producing Non-Party seeking further confidentiality protection may petition the Court for a separate order governing disclosure of its information.

32.     Nothing contained in this Order shall affect the ability of the Parties to alter by agreement the time periods set forth in this Order.

33.     When serving subpoenas on Non-Parties, a copy of this Order (including Exhibits A and B) shall be included with the subpoena, and the subpoena shall expressly incorporate by reference the terms of this Order.

34.     The provisions of this Order shall survive the conclusion of the Action.

## X. COMPLETION OF LITIGATION

35.     Within 90 calendar days, or a reasonable period mutually negotiated after the resolution of the Action (including resolution of all appellate proceedings or resolution of any motions arising out of this proceeding relating to third parties still pending after resolution of the Action), all Materials (including copies) produced or supplied by a Party or Producing Non-Party that contain Protected/Controlled Material shall be either returned to the Party or Producing Non-Party who produced or supplied the Protected/Controlled Material, as the case may be, or destroyed.  Upon request of the Party who produced or supplied the Protected/Controlled Material,

all counsel of record who received such Materials shall certify compliance herewith and shall deliver the same to counsel for the Party who produced or supplied the Protected/Controlled Material.  The following Materials are exempt from the obligation to destroy, to the extent the Protected/Controlled Materials are in the possession of outside counsel or an AEO In-House Designee:

- Deposition transcripts and exhibits;

- Trial exhibits;

- Transcripts of hearings or trial proceedings;

- Expert reports;

- Work product prepared by experts or consultants;

- Attorney-work product, such as drafts of pleadings, internal memos, email communications internally or with clients regarding case;

- Materials filed with a court or submitted to a mediator; and

- Correspondence with other parties.

Counsel will store such Confidential Materials as it handles its own confidential materials in the ordinary course of business and take all reasonable measures intended to prevent inadvertent dissemination of such Materials.

36.     This Order may be signed in counterparts.

**IT IS SO ORDERED**.

**SIGNED this 10th day of June, 2020.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

- 21 -

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAMONIE EARL, LINDA RUGG, ALESA BECK, TIMOTHY BLAKEY, JR., STEPHANIE BLAKEY, MARISA THOMPSON, MUHAMMAD MUDDASIR KHAN, ELIZABETH COOPER, JOHN ROGERS, VALERIE MORTZ-ROGERS, and LAKESHA GOGGINS, each individually and on behalf of all others similarly situated,<br><br>　　　　*Plaintiffs,*<br><br>v.<br><br>THE BOEING COMPANY and SOUTHWEST AIRLINES CO.,<br><br>　　　　*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:19-cv-00507 |

**ACKNOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER**
**REGARDING CONFIDENTIAL AND PRIVILEGED MATERIALS**

I certify that I have received a copy of the Stipulated Protective Order (the "Order") entered in the above-captioned case.  I further certify that I have read or am otherwise familiar with and understand the contents of this Order.

I understand and agree to comply with the standards and procedures which are set forth in the Order.  I understand that compliance with these standards and procedures is a condition of receipt of Confidential Material and that a failure to comply may constitute contempt of court.  I agree to consent to jurisdiction of this Court for the purpose of enforcing this Order.

DATE: _____        NAME (PRINT):_____

                                ADDRESS:_____

                                TELEPHONE:_____

                                SIGNATURE:_____

- 23 -

**EXHIBIT B**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAMONIE EARL, LINDA RUGG, ALESA BECK, TIMOTHY BLAKEY, JR., STEPHANIE BLAKEY, MARISA THOMPSON, MUHAMMAD MUDDASIR KHAN, ELIZABETH COOPER, JOHN ROGERS, VALERIE MORTZ-ROGERS, and LAKESHA GOGGINS, each individually and on behalf of all others similarly situated, | § § § § § § § § § § | |
| *Plaintiffs,* | § § | Civil Action No. 4:19-cv-00507 |
| v. | § § | |
| THE BOEING COMPANY and SOUTHWEST AIRLINES CO., | § § § | |
| *Defendants.* | § § | |

**NON-DISCLOSURE AGREEMENT**
**REGARDING EXPORT-CONTROLLED MATERIALS**

1.  _____ acknowledges and understands that Export-Controlled Material, as that term is defined by the Stipulated Protective Order and U.S. Law, including the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730, *et seq.* and/or the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. §§ 120, *et seq.*, provided to me in the matter of *Earl, et al. v. The Boeing Company and Southwest Airlines Co.*, Case No. 4:19-cv-00507 (E.D. Tex.), are subject to export control under U.S. Law, including the EAR, 15 C.F.R. §§ 730 *et seq.*, and/or ITAR, 22 C.F.R. §§ 120, *et seq.*

2.  _____ hereby certifies that no attorney of, employee of, or expert retained by _____ in this matter will knowingly disclose, export, or transfer, in

any manner, such Export-Controlled Material to any non-U.S. Person, and will not transport or

cause to be transported any such Export-Controlled Material outside the territory of the United

States, without prior written approval of the Bureau of Industry and Security, United States

Department of State, or other appropriate U.S. government department or agency.

3.      Any Export-Controlled Material disclosed to _____ in this

matter will be used only for the purposes of litigation in the above-referenced case.

4.      The attorneys and employees of _____ who have access to such

Export-Controlled Material will be limited to U.S. Persons.

5.      _____ understands that U.S. laws and regulations contain

provisions for civil fines and administrative penalties for violation of any provision of the EAR or

ITAR and for criminal fines and/or imprisonment for the willful violation of the EAR or ITAR.


DATE: _____          NAME (PRINT):_____

                                   ADDRESS:_____

                                   TELEPHONE:_____

                                   SIGNATURE:_____