**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| DAMONIE EARL, LINDA RUGG, ALESA BECK, TIMOTHY BLAKEY, JR., STEPHANIE BLAKEY, MARISA THOMPSON, MUHAMMAD MUDDASIR KHAN, ELIZABETH COOPER, JOHN ROGERS, VALERIE MORTZ-ROGERS, and LAKESHA GOGGINS, each individually and on behalf of all others similarly situated, | § § § § § § § § § § | Civil Action No. 19-cv-00507 |
| *Plaintiffs*, | § § | |
| v. | § § | |
| THE BOEING COMPANY, SOUTHWEST AIRLINES CO., | § § § | |
| *Defendants*. | § § § | |

**SUR-REPLY OF DEFENDANTS
THE BOEING COMPANY AND SOUTHWEST AIRLINES CO.
TO BATHAEE DUNNE LLP'S
MOTION TO DESIGNATE INTERIM LEAD CLASS COUNSEL**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................... 1

I.     An interim "lead" class counsel designation is unnecessary because there
       are no competing lawsuits or plaintiffs. ................................................................ 1

II.    An interim lead counsel designation is improper because it would interject
       the Court into the attorney-client relationship. ..................................................... 3

III.   Neither Bathaee Dunne nor any other firm has supported its adequacy to
       serve as interim class counsel. ............................................................................... 5

CONCLUSION ............................................................................................................... 5

-ii-

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Gedalia v. Whole Foods Mkt. Servs., Inc.*,
 2014 WL 4851977 (S.D. Tex. Sept. 29, 2014) ..........................................................................1

**Statutes**

28 U.S.C. § 2072(b) .......................................................................................................................4

**Rules**

Fed. R. Civ. Proc. 23 ............................................................................................... *passim*

**Other Authorities**

Katherine Toomey, Law Firms Must Beware Risks in Nontraditional Financing,
 Law 360 (June 5, 2020) ...........................................................................................................5

**INTRODUCTION**

Bathaee Dunne LLP calls this a "canonical case" for interim lead counsel appointment, but offers *not even one precedent* designating lead counsel for a single set of plaintiffs in a single class action.  This case should not be the first.  Rule 23(g)(3)'s interim lead class counsel designation is meant to allow coordination among overlapping or duplicative lawsuits or competing plaintiffs— not to require the Court to sort out a dispute among multiple counsel purporting to share plaintiffs. And the Court's designating any form of interim "lead" counsel with no evidence that the named Plaintiffs support the Court's choice or even are aware of the dispute threatens their rights and the finality of any judgment.  Because this Rule 23(g)(3) request is unnecessary and inappropriate, and Bathaee Dunne has not shown its adequacy as interim class counsel anyway, the Motion should be denied.

I.      **An interim "lead" class counsel designation is unnecessary because there are no competing lawsuits or plaintiffs.**

Bathaee Dunne insists this is a "canonical case" for a Rule 23(g)(3) appointment because there are multiple firms purporting to represent the same named Plaintiffs.  Reply 1, Doc. No. 120. But it's hard to be a canonical case for something that *has apparently never been done before*: Bathaee Dunne offers *zero* precedent for an interim lead designation when a single law firm *itself* seeks that designation in a single case filed by a single group of plaintiffs with multiple attorneys. Rather, each of Bathaee Dunne's cases involved multiple lawsuits or separately represented plaintiffs competing for control.  *See* Defendants' Response 5, Doc. No. 108; *accord Gedalia v. Whole Foods Mkt. Servs., Inc.*, 2014 WL 4851977, at *2 (S.D. Tex. Sept. 29, 2014) ("In general, courts have designated interim counsel only when multiple suits have been filed and multiple plaintiffs' attorneys are competing for designation.").

Instead, Bathaee Dunne relies on its own novel gloss on the reference in Rule 23's commentary to "rivalry or uncertainty."   Reply 3.   Bathaee Dunne further argues that this interpretation of Rule 23's scope is necessary to protect the interests of the putative class here.  But Bathaee Dunne offers no support from any commentary or case for concluding that Rule 23(g)(3) allows courts to resolve internecine squabbling among law firms over basic questions of representation of a single client or client group and allegations of attorney misconduct.  Nor does it explain why this Court's appointment of interim class counsel is necessary to protect the interests of the putative class, when it is within the power of plaintiffs themselves—and the professional obligation of the competing counsel—to sort out these issues forthwith, and without this Court's intervention.   And Bathaee Dunne has no response to the many cases recognizing that Rule 23(g)(3) is directed at the particular sort of rivalry and uncertainty that arises in class action litigation that involves multiple "overlapping, duplicative, or competing suits," not the circumstances here.  Manual for Complex Litigation (Fourth) § 21.11 (2004).[1]

Even under Bathaee Dunne's novel interpretation of the commentary, there would be no "rivalry" warranting this unprecedented relief.  *See* Reply 3-4.  *None* of the supposedly rival counsel for named Plaintiffs actually oppose the (informal) leadership role that the Bathaee Dunne

---

[1] Bathaee Dunne's apparent plan eventually to add "several new individual plaintiffs," if permitted, would not manufacture a "rivalry" as addressed in the Rule 23 commentary either. Reply 4 n.3.  There is no reason for the Court to speculate that adding more plaintiffs represented by Bathaee Dunne—on top of the current double-digit roster—would create rivalry that cannot be sorted out without preemptive judicial intervention.  In any event, there is no basis—other than seemingly lawyer-driven efforts to bolster Bathaee Dunne's bid for an unnecessary coronation by the Court—for adding plaintiffs.  This case is months past the already-extended March 31 joinder deadline, Second Am. Scheduling Order, Doc. No. 117 (June 3, 2020), which Bathaee Dunne itself proposed *not* to extend when it requested a new scheduling order, Doc. No. 91-22 (May 12, 2020).  Tactics aimed at lawyer-driven disputes should not be a basis for adding parties or further altering the case schedule.

partners assert they have always exercised in this case.  *See* Bathaee Decl. ¶¶ 2-6, Doc. No. 99-1.

To the contrary, David Hecht and Andrew Lorin stated, in the response filed for Pierce Bainbridge,

that they "stand[] ready to assist [Pierce Bainbridge's] former partners, with BD directing litigation

strategy, case management, and public relations."  Pierce Bainbridge Response 2, Doc. No. 110.

Indeed, Bathaee Dunne itself apparently entered into a Co-Counsel Agreement with Pierce

Bainbridge on March 10, 2020, that recognizes Bathaee Dunne's leadership role without the need

for this Court's involvement.  *Id.* at 1-2.  Thus, leaving aside the numerous other faults in Bathaee

Dunne's motion, it is simply gratuitous.

Bathaee Dunne also makes the astonishing suggestion that Defendants are somehow

responsible for this dispute, and charges that Defendants' response to a recent meet and confer

shows that they "clearly intend" to use the lack of an interim lead counsel designation "to stop this

matter from progressing and to halt discovery."  Reply 5.  But Bathaee Dunne omits that

Defendants agreed to participate *in that same meet and confer*, Reply Ex. B at 1-2, which took

place as scheduled on June 8 with participation from Defendants, Bathaee Dunne, and Mr. Lorin

on behalf of Hecht Partners.  Defendants' Sur-Reply Ex. 1 at 1 (June 5, 2020 Email from J.

Eichmann).  The meet and confer thus further undermines Bathaee Dunne's argument that the

unprecedented appointment it seeks here is necessary.

II.     **An interim lead counsel designation is improper because it would interject the
        Court into the attorney-client relationship.**

A Rule 23(g)(3) designation would also be improper because it would infringe the named

Plaintiffs' right to designate their own lead counsel.  *See* Defendants' Response 5-8.

Bathaee Dunne does not dispute that Rule 23(g)(3) grants no authority to designate "lead"

counsel to act *on a party's behalf*.  *See* Defendants' Response 5.  Indeed, it is doubtful under the

Rules Enabling Act that Rule 23(g)(3) even *could* grant courts the power to tell represented plaintiffs who their lead counsel will be, since that would abridge a party's foundational right to choose its own counsel. *See* 28 U.S.C. § 2072(b) (forbidding rules that "abridge, enlarge or modify any substantive right"); *see also* Defendants' Response 6.  So Bathaee Dunne insists it is not seeking an order naming it as "lead" representation for the named Plaintiffs and pretends instead that the motion concerns only the putative class.  Reply 3-4.  But Bathaee Dunne's proposed order would grant it power to determine "*the position of the Plaintiffs as to all matters*" in this litigation and to sign papers "*on behalf of Plaintiffs.*"  Proposed Order, ECF 99-7, at 6 (emphases added).

Bathaee Dunne *itself* moves for those extraordinary powers and refuses to say, much less present evidence, whether the named Plaintiffs agree with the Motion or are even aware of it.  This is true despite repeated entreaties from Defendants for Plaintiffs' submission of *any* evidence regarding the knowledge, understanding, consent or direction of the named Plaintiffs themselves. *See* Defendants' Response 6-8.  Indeed, since its break from Pierce Bainbridge and the ensuing disputes among Plaintiffs' counsel, Bathaee Dunne has failed to present a shred of evidence that even one of the named Plaintiffs is aware of the extended ongoing battle to control *their* case.  By circumventing its own clients in requesting the lead interim counsel designation, Bathaee Dunne would prevent those clients from choosing who represents them, in what capacity, and with what powers.  Nothing in Rule 23(g)(3) justifies cutting the named Plaintiffs out of the loop in their own case and exposing Defendants to collateral attacks on any judgment based on Bathaee Dunne's apparent admission that the named Plaintiffs' wishes do not matter.  *See* Defendants' Response 8.

### III.    Neither Bathaee Dunne nor any other firm has supported its adequacy to serve as interim class counsel.

The Motion should also be denied because Bathaee Dunne rests its entire case for adequacy on its partners' unsupported say-so, and particularly its claim to having adequate resources. *See* Reply 6 (asserting "its firm is sufficiently capitalized" and supported by other firms with "significant resources"); *see also* Motion 8; Bathaee Decl. ¶ 7.  Bathaee Dunne—like other firms purporting to represent Plaintiffs here—has refused to provide any evidentiary support for its partners' unsurprising belief that the firm is adequately capitalized. *See* Defendants' Response 9.

But conclusory assertions will not do here, for two reasons.  First, this is undisputedly a "very expensive case for Plaintiffs." Tr. 9:24-25; Defendants' Response 9.  And second, based on recent news reports—which it does not deny—Bathaee Dunne is at risk for claims by Pierce Bainbridge's creditors. *See* Katherine Toomey, Law Firms Must Beware Risks in Nontraditional Financing, Law 360 (June 5, 2020) ("The press has reported that exiting Pierce Bainbridge attorneys have been contacted by Virage, which is claiming an entitlement to future recoveries in cases that they have taken with them to their new firms."); *see also* Doc. No. 116, at 35 (recently disclosed documents suggesting a dispute between Bathaee Dunne's principals and alleged creditor Virage).  If a start-up firm like Bathaee Dunne is liable to those creditors for its share of any recovery here, that could make it difficult or impossible to commit adequate resources to this case.  That key aspect of adequacy is simply impossible to discern from this record.

### CONCLUSION

For these reasons, the motion to designate interim lead counsel should be denied.

Dated: June 11, 2020

Respectfully submitted,


*/s/ Thomas M. Farrell*

Clyde M. Siebman
TX Bar No. 18341600
Elizabeth S. Forrest
TX Bar No. 24086207
Siebman Forrest Burg & Smith LLP
300 N Travis St
Sherman, TX 75090
Tel: 903-870-0070
Fax: 903-870-0066
Email: clydesiebman@siebman.com
Email: elizabethforrest@siebman.com

Thomas M. Farrell
TX Bar No. 06839250
McGuireWoods LLP
JPMorgan Chase Tower
600 Travis Street
Suite 7500
Houston, TX 77002-2906
Tel: 713-353-6677
Fax: 832-214-9933
Email: tfarrell@mcguirewoods.com

Brian D. Schmalzbach (*pro hac vice*)
Jeremy Byrum (*pro hac vice*)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3406
Tel:  804-775-4746
Fax:  804-698-2304
Email:  bschmalzbach@mcguirewoods.com
Email: jbyrum@mcguirewoods.com

Benjamin L. Hatch (*pro hac vice*)
McGuireWoods LLP
2001 K Street N.W.
Suite 400
Washington, DC 20006-1040
Tel:  757-640-3727
Fax:  757-640-3947
Email:   bhatch@mcguirewoods.com

**Attorneys for Defendant The Boeing Co.**


/s/ Michael A. Swartzendruber
Michael A. Swartzendruber (Lead Counsel)
State Bar No. 19557702
Jason K. Fagelman
State Bar No. 00796525
James V. Leito IV
State Bar No. 24054950
Philip A. Tarpley
State Bar No. 24098501
2200 Ross Ave., Suite 3600
Dallas, TX  75201
Telephone:  (214) 855-8000
Facsimile: (214) 855-8200
michael.swartzendruber@nortonrosefulbright.com
jason.fagelman@nortonrosefulbright.com
james.leito@nortonrosefulbright.com
philip.tarpley@nortonrosefulbright.com

Geraldine W. Young
State Bar No. 240841341301
McKinney St., Suite 5100 Houston, TX 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
geraldine.young@nortonrosefulbright.com

**Attorneys for Defendant Southwest Airlines Co.**

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2020, a true and correct copy of the above was served via email through the Eastern District of Texas's CM/ECF system.

*/s/ Thomas M. Farrell*
Thomas M. Farrell