UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAMONIE EARL, LINDA RUGG, ALESA BECK, TIMOTHY BLAKEY, JR., STEPHANIE BLAKEY, MARISA THOMPSON, MUHAMMAD MUDDASIR KHAN, ELIZABETH COOPER, JOHN ROGERS, VALERIE MORTZ-ROGERS, and LAKESHA GOGGINS, each individually and on behalf of all others similarly situated, <br><br>*Plaintiffs,* <br><br>v. <br><br>THE BOEING COMPANY and SOUTHWEST AIRLINES CO., <br><br>*Defendants*. | § § § § § § § § § § § § § § § § § § | Civil Action No. 4:19-cv-00507 |

**DEFENDANT SOUTHWEST AIRLINES'**
**RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Michael A. Swartzendruber (Lead Counsel)
State Bar No. 19557702
Jason K. Fagelman
State Bar No. 00796525
James V. Leito IV
State Bar No. 24054950
Philip A. Tarpley
State Bar No. 24098501
NORTON ROSE FULBRIGHT US LLP
2200 Ross Ave., Suite 3600
Dallas, TX  75201
Telephone:  (214) 855-8000
Facsimile: (214) 855-8200
michael.swartzendruber@nortonrosefulbright.com
jason.fagelman@nortonrosefulbright.com
james.leito@nortonrosefulbright.com
philip.tarpley@nortonrosefulbright.com

Geraldine W. Young
State Bar No. 24084134
NORTON ROSE FULBRIGHT US LLP
1301 McKinney St., Suite 5100
Houston, TX 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
geraldine.young@nortonrosefulbright.com

*Attorneys for Defendant Southwest Airlines Co.*

On June 8, 2020, Plaintiffs filed a Notice of Supplemental Authority (Dkt. 125, 126) implying—but never outright contending—that the Supreme Court's denial of certiorari in *Takeda Pharmaceutical,* et al. *v. Painters & Allied Trades,* et al., No. 19-1069 (June 8, 2020), is somehow relevant to Southwest's pending motion under 28 U.S.C. § 1292(b) (Dkt. 71). The reason Plaintiffs fail to offer the contention outright is that it is plainly incorrect.

To the extent Plaintiffs seek to imply that the Supreme Court's action bears on the viability of the "overcharge" theory that is the subject of Southwest's motion to certify, they are wrong. The plaintiffs in *Takeda* **expressly abandoned** any "overcharge" theory. *See, e.g.*, *Painters & Allied Trades v. Takeda*, 943 F.3d 1243, 1247 n.3 (9th Cir. 2019) ("Plaintiffs have abandoned their excess price theory for damages on appeal."). As a result, the Ninth Circuit found standing based not on any alleged overcharge, but instead by applying a per se rule in the Ninth Circuit that standing exists whenever a plaintiff contends that alleged fraud led them to buy a product they "otherwise would not have" purchased. *See Painters & Allied Trades v. Takeda*, 796 F. App'x 919, 919 n.1 (9th Cir. 2019) (quoting *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 595 (9th Cir. 2012)). In seeking the Supreme Court's review of that "buyer's remorse" holding, the petitioners in *Takeda* repeatedly emphasized that any "overcharge" theory had been waived and was thus not at issue. *See, e.g.*, Reply ISO Pet. for Certiorari 8. The denial of certiorari thus has no bearing whatsoever on that abandoned theory.

Nor could Plaintiffs plausibly contend that the Supreme Court's action reflects endorsement of any theory of standing. As the Supreme Court has repeatedly and emphatically instructed for at least 70 years, a denial of certiorari expresses no view whatsoever on the underlying merits. *See*, *e.g.*, *Schiro v. Indiana*, 493 U.S. 910, 910 n.1 (1989) (opinion of Stevens, J., respecting denial of certiorari) ("[T]his Court has rigorously insisted that [a denial of certiorari]

- 1 -

carries with it no implication whatever regarding the Court's views on the merits of a case which it has declined to review. The Court has said this again and again; again and again the admonition has to be repeated.") (quoting *Maryland v. Baltimore Radio Show, Inc.*, 338 U.S. 912, 919 (1950) (opinion of Frankfurter, J., respecting denial of certiorari)). The denial of certiorari in *Takeda* thus simply has no relevance at all to this case. And even Plaintiffs cannot bring themselves to openly argue otherwise.

In contrast to the factual and procedural mire of the weekly filings by Plaintiffs' counsel in their contest over who should control the representation of their own clients, it remains ripe and true that section 1292(b) certification to the Fifth Circuit Court of Appeals would allow that Court to decide the timely, dispositive, and pure legal issue of whether its holding in *Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315 (5th Cir. 2002) precludes Article III standing for anyone to pursue the injury theory at issue in this increasingly expensive and cumbersome case. Southwest respectfully urges that the pending motion for certification be granted.

Dated: June 12, 2020

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

*/s/ Michael A. Swartzendruber*
Michael A. Swartzendruber (Lead Counsel)
State Bar No. 19557702
Jason K. Fagelman
State Bar No. 00796525
James V. Leito
State Bar No. 24054950
Philip A. Tarpley
State Bar No. 24098501
2200 Ross Ave., Suite 3600
Dallas, TX 75201
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
michael.swartzendruber@nortonrosefulbright.com
jason.fagelman@nortonrosefulbright.com
james.leito@nortonrosefulbright.com
philip.tarpley@nortonrosefulbright.com

Geraldine W. Young
State Bar No. 24084134
1301 McKinney St., Suite 5100
Houston, TX 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
geraldine.young@nortonrosefulbright.com

*ATTORNEYS FOR DEFENDANT
SOUTHWEST AIRLINES CO.*

- 4 -

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 12, 2020, a true and correct copy of the above was served via email through the Eastern District of Texas's CM/ECF system.

                                                  */s/ Geraldine W. Young*
                                                  Geraldine W. Young