UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Damonie Earl, et al., | Case No. 4:19-CV-507-ALM |
| *Plaintiffs*, | Jury Trial Demanded |
| v. | |
| The Boeing Company et al., | |
| *Defendants*. | |

**Plaintiffs' Motion for Leave to Amend Complaint**

# Table of Contents

| | | |
|---|---|---|
| I. | Introduction. | 1 |
| II. | Background. | 1 |
| | A. The currently named plaintiffs. | 1 |
| | B. Developments since the deadline to amend without leave. | 2 |
| | C. The new plaintiffs. | 3 |
| III. | The Court should grant leave to amend. | 6 |
| | A. The proposed amendment is timely sought. | 7 |
| | B. The proposed amendment is important because it will strengthen the representation of the class. | 8 |
| | C. There is no prejudice to Defendants and no need for a continuance. | 9 |
| IV. | Conclusion. | 10 |

# Table of Authorities

**Cases**

*Swanston v. City of Plano*, Civil Action No. 4:19-CV-412,
 2020 U.S. Dist. LEXIS 73086 (E.D. Tex. Apr. 27, 2020) ...................................................... 7, 9

*Little v. Liquid Air Corp.*, 952 F.2d 841 (5th Cir. 1992) ................................................................ 7

*Newby v. Enron Corp. (In re Enron Corp. Sec., Derivative & "ERISA" Litig.)*,
 Nos. MDL-1446, H-01-3624, 2004 U.S. Dist. LEXIS 8158 (S.D. Tex. Feb. 24, 2004) ............ 8

*Oatis v. Crown Zellerbach Corp.*, 398 F.2d 496 (5th Cir. 1968) ...................................................... 8

*S&W Enters. v. SouthTrust Bank*, 315 F.3d 533 (5th Cir. 2003) ..................................................... 6

*Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541 (5th Cir. 2003) ................................................. 6

*Tredinnick et al v. Jackson National Life Insurance Company*,
 Case no. 4:16-cv-00912-ALM (May 9, 2018, E.D. Tex), Dkt. 96 ...................................... 8, 10

*Vuyanich v. Republic Nat. Bank of Dallas*, 82 F.R.D. 420 (N.D. Tex. 1979) ................................ 8

**Rules**

Fed. R. Civ. P. 15(a) ........................................................................................................................ 6

**I.     Introduction.**

Plaintiffs seek leave to amend the Complaint to add additional class members as named plaintiffs. There is good cause for granting leave.

In the last few months, the stresses of life, the economy, and the COVID-19 pandemic have caused certain of the current plaintiffs to be unable to play an active role in the case. Some have become unresponsive to counsel's requests and communications. And one plaintiff has now asked to withdraw from the case altogether. The remaining plaintiffs and their counsel have a duty to ensure that the interests of the proposed classes are fairly and adequately protected. To do so, they have located additional class members who are willing and able to be named plaintiffs and to help prosecute the case.

In addition, Plaintiffs recently obtained discovery from Defendants detailing the routes on which Southwest used the MAX 8. The proposed new plaintiffs were selected with the benefit of this information to ensure that they will be representative of the class.

Moreover, the requested amendment will cause no prejudice. The amended complaint does not add or change any legal claims or theories of liability. It simply adds additional plaintiffs, each of whom is willing to be deposed within the next 1-2 months—well in advance of the briefing on class certification.[1]

**II.    Background.**

   **A.    The currently named plaintiffs.**

This is a RICO class action against Defendants Boeing and Southwest. It was filed to hold Defendants accountable for their wrongful conduct in bringing the MAX 8 aircraft to

---

[1] This motion is being filed on behalf of all currently named plaintiffs other than Lakesha Goggins, who is represented by separate counsel. Ms. Goggins' counsel, Hecht Partners, has not confirmed whether she opposes this motion or not.

market, knowing it was unsafe, and then continuing to mislead the public about its safety even after the fatal crashes of Lion Air flight 610 and Ethiopian Airlines Flight 302. Dkt. 1 ("Complaint"). There are two proposed classes:

> (1) "All persons in the United States who purchased a ticket for air travel to fly on a Southwest Airlines aircraft from the date Southwest first took delivery of the MAX 8, August 29, 2017, until the date that all 737 MAX Series aircraft were grounded by the FAA, March 13, 2019," *id.* ¶ 295; and

> (2) "All persons in the United States who purchased a ticket for air travel to fly on an American Airlines aircraft from the date Southwest first took delivery of the MAX 8, August 29, 2017, until the date that all 737 MAX Series aircraft were grounded by the FAA, March 13, 2019," *id.* ¶ 298.

The original Complaint names 11 plaintiffs: Damonie Earl, Linda Rugg, Alesa Beck, Timothy and Stephanie Blakey, Marisa Thompson, Muhammad Muddasir, Elizabeth Cooper, John and Valerie Rogers, and Lakesha Goggins. *Id.* ¶¶ 55-63.

### B. Developments since the deadline to amend without leave.

The deadline to join additional parties or amend without leave was March 31, 2020. Dkt. 66 at 1, dkt. 117 at 1. Before that deadline, Plaintiffs and their counsel had no reason to believe that it would be necessary to add additional plaintiffs to this case. Declaration of Edward Grauman ("Grauman decl.") ¶ 2. Following the deadline, a number of significant developments occurred, necessitating the addition of the new plaintiffs. *Id.* ¶¶ 3-9.

First, several of the named plaintiffs stopped responding to communications from their own counsel when asked to gather documents or provide dates when they could be available for deposition. Plaintiff Muhammad Muddasir Khan has not responded to counsel's numerous attempts to communicate with him in April 2020 and after. *Id.* ¶ 4. Other plaintiffs have also been non-responsive to various requests to schedule their depositions. *Id.* ¶ 6. Accordingly, these plaintiffs are no longer actively and responsively participating in the case and are therefore not likely to be appropriate class representatives.

2

<u>Second</u>, one of the named Plaintiffs has decided that she no longer wants to participate in the case as a named plaintiff. Declaration of Jeff Eichmann ("Eichmann decl.") ¶ 5. In preparing for her deposition, which was scheduled for August 10, 2020, Plaintiff Elizabeth Cooper decided that she was unable to continue participating in the case, due to the stress of her job and the stress caused by the COVID-19 pandemic. *Id.*

<u>Third</u>, the uncertainty, health risks, and economic damage that have resulted from the COVID-19 pandemic—which was only just beginning at the time of the March deadline—make it somewhat likely that others among the currently named plaintiffs will have to withdraw from the case at some point or will not be able to play an active role for the long haul. This makes it even more important to replace those plaintiffs that have already become unresponsive.

<u>Fourth</u>, Defendants have made clear in their recent deposition questioning of plaintiffs, and in meet and confer correspondence, that they intend to challenge the existing plaintiffs' qualifications on a number of grounds. Grauman decl. ¶ 8. Their challenges, some of which include unwarranted character attacks, are without merit. But it is nonetheless in the best interests of the class to add additional plaintiffs that will not be subject to the same attacks.

<u>Fifth</u>, Plaintiffs now have the benefit of recently produced flight data from Defendants that shows which specific routes the MAX 8 was flown on and when. This has allowed us to identify additional plaintiffs that flew on these routes, which will further help insulate the plaintiffs from challenges that the plaintiffs' flights during the class period are not representative of those of the broader classes. Eichmann decl. ¶¶ 2-3.

### C. The new plaintiffs.

Beginning in May 2020, Plaintiffs' counsel recognized the potential need to add additional plaintiffs—particularly for the proposed American Airlines class, as Mr. Khan was just one of two named plaintiffs in that class. Grauman decl. ¶ 5. As additional issues began to

3

arise with other plaintiffs, counsel intensified its search for additional plaintiffs in July and August, reviewing several hundred submissions from individuals seeking to join the case. *Id.* ¶¶ 6, 8-9; Eichmann decl. ¶¶ 2-3. Plaintiffs' counsel has now identified and selected the following additional plaintiffs, who seek to be added to the case.

- James LaMorte: James LaMorte is currently a resident of Miami Beach, Florida. He is an organizer of local flea markets and farmer's markets. Mr. LaMorte took a number of American Airlines flights between Miami (MIA) and New York (LGA and JFK), one of the most frequent routes on which the Max 8 was flown by American. See Ex. A (First Amended Complaint) ¶ 60(a).

- Brett Noble: Brett Noble is a graduate of UCLA and also holds a master's degree in politics and communication from the London School of Economics. Currently Mr. Noble works as a vice president for a company that manages statewide ballot measure campaigns. Mr. Noble lives in Santa Monica, California, and often travels up to Northern California via Southwest to visit his family. He took a number of flights with a purchased ticket during the Class Period on routes that used the MAX 8, including the Los Angeles (LAX) to Sacramento (SMF) route. See Ex. A (First Amended Complaint) ¶ 60(b).[2]

- Ruben Castro: Ruben Castro is a veteran of the United States Marine Corps. He and his wife and kids currently live in Houston, Texas, where Mr. Castro is taking courses at the University of Houston toward a degree in Supply Chain and Logistics Technology. Mr. Castro also works for the U.S. Census Bureau. Mr. Castro and his family purchased and took a number of Southwest flights in and out of Houston and Dallas during the Class Period. One of those

---

[2] Mr. Noble's location in Santa Monica is also helpful to the class, since he will be able to meet in person with Plaintiffs' counsel Brian Dunne (who resides in Los Angeles) and Jeff Eichmann (who resides in Santa Monica).

flights was purchased by Mr. Castro to fly his father out to Houston from Los Angeles in August 2018. The aircraft on that flight was a MAX 8. See Ex. A (First Amended Complaint) ¶ 60(c). Mr. Castro's location in Texas is also helpful to the case, since he could more easily attend proceedings in Sherman than other plaintiffs located farther away.

- <u>Fritz Ringling</u>: Fritz Ringling is a retired economic development consultant. He has consulted around the world for a number of NGOs and businesses, including the World Bank, the European Bank for Reconstruction & Economic Development, ITU, EU, AT&T, and Nortel. Dr. Ringling holds Ph.D. and Master's degrees in economics, history, and statistics. He and his partner currently split their time between Miami and Puerto Rico. They have taken numerous trips together between those locations, including a flight from Miami (MIA) to San Juan (SJU) in January 2019 on an American Airlines flight that used a Max 8. See Ex. A (First Amended Complaint) ¶ 60(d).

- <u>Litaun Lewis</u>: Litaun Lewis is a Courtroom Services Specialistic, working in the United States Court for the Central District of Los Angeles. She has held that position for over 27 years. Ms. Lewis also has her own home-based travel service. She is a resident of West Covina, California.[3] In September 2018, Ms. Lewis and her fiancé flew from Los Angeles (LAX) to Miami (MIA), with purchased tickets, on an American Airlines flight that used a MAX 8 aircraft. They were traveling for a vacation on a cruise. Ms. Lewis has also taken a number of Southwest Airlines flights during the Class period on routes that included the use of a MAX 8 aircraft. See Ex. A (First Amended Complaint) ¶ 60(e). In addition, Ms. Lewis's familiarity with court proceedings will also be a benefit in her service to both proposed classes.

---

[3] As with Mr. Noble, Ms. Lewis's location in Los Angeles is also helpful to the class, since she will be able to meet in person with Plaintiff's counsel Brian Dunne and Jeff Eichmann.

- <u>Lance Hogue</u>: Lance Hogue Jr. is a Clinical Nurse Specialist Consultant in his own private practice. He also owns a small property management business where he is a Visual Strategist that does landscape design and maintenance. Mr. Hogue resides in Severna Park, Maryland, which is about 8 miles north of Annapolis. Mr. Hogue typically takes an annual trip to Austin, Texas, for an extended vacation, visiting long-time friends. In October 2017, he took such a trip, flying from Baltimore (BWI) to Austin (AUS) on one of the earliest Southwest flights to use the Max 8 aircraft. See Ex. A (First Amended Complaint) ¶ 60(f).

\* \* \*

Each of these new plaintiffs has confirmed that they are willing and able to serve as class representatives, to actively participate in the lawsuit, and to make themselves available for deposition within the next 1-2 months. Eichmann decl. ¶ 4.

### III. The Court should grant leave to amend.

"Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired." *S&W Enters. v. SouthTrust Bank*, 315 F.3d 533, 536 (5th Cir. 2003). Under Rule 16(b), the case schedule may be modified for "good cause." *Id*. The Fifth Circuit has established four factors the Court should consider when determining whether good cause exists: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure the prejudice." *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546–47 (5th Cir. 2003).

Federal Rule of Civil Procedure 15(a)(2) states that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S&W Enters.*, 315 F.3d at 536. Whether to

allow amendment "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992).

As shown below, each of these factors weigh in favor of granting leave to amend.

**A.     The proposed amendment is timely sought.**

A motion for leave to amend is timely if it is filed shortly after the need for the amendment arises. *Swanston v. City of Plano*, Civil Action No. 4:19-CV-412, 2020 U.S. Dist. LEXIS 73086, at *6 (E.D. Tex. Apr. 27, 2020) ("Plaintiffs have provided an explanation for their failure to timely amend based on new information that it gained after the deadline to amend. For this reason, the Court finds that Plaintiffs' explanation for their failure to meet the deadline to amend is sufficient." (internal citations omitted)).  That is the case here.

As explained above, it was only after the deadline for amending without leave that issues began to arise with certain plaintiffs.  Grauman decl. ¶¶ 2-8.  As plaintiffs' counsel attempted to schedule depositions of the plaintiffs, the first of which took place in July 2020, it became increasingly clear that certain plaintiffs were simply not able or sufficiently interested to serve the role of a named plaintiff.  *Id.* ¶¶ 3-8.  And when one of the plaintiffs decided to withdraw from the case last week, counsel realized it had a problem that could get worse as time goes by.  Eichmann decl. ¶ 5.

This concern, plus the challenges Defendants have raised with even those plaintiffs that have been responsive and have been deposed, prompted counsel to quickly locate additional class members (a) whose qualifications or personal backgrounds were less likely to be challenged and (b) who were committed to joining the case and participating actively, even in these uncertain economic times.  Grauman decl. ¶¶ 5-9; Eichmann decl. ¶¶ 2-4.  In fact, five of

7

the new plaintiffs decided to join the case last week. *Id.* ¶ 2.[4]  Accordingly, Plaintiffs have moved quickly in response to seeing the issues with some of the current plaintiffs arise.

        **B.     The proposed amendment is important because it will strengthen the representation of the class.**

A proposed amendment to a class action complaint is important if it helps ensure that the class will be well represented. *Tredinnick, et al. v. Jackson National Life Insurance Company*, Case no. 4:16-cv-00912-ALM (May 9, 2018, E.D. Tex), Dkt. 96 at 8-10 (granting leave to amend to add plaintiff said to "strengthen the class's representation"); *Oatis v. Crown Zellerbach Corp.*, 398 F.2d 496, 499 (5th Cir. 1968) (endorsing the addition of additional co-plaintiffs to strengthen the representation under Rule 23(a)); *Vuyanich v. Republic Nat. Bank of Dallas*, 82 F.R.D. 420, 437 (N.D. Tex. 1979) ("the Supreme Court and Fifth Circuit have allowed additional plaintiffs to represent a class when it appears that the named plaintiff either does not satisfy one of the criteria of Rule 23(a) or is not as strong a representative as he or she might be"); *Velasquez v. WCA Mgmt. Co.*, No. 4:15-CV-02329, 2016 WL 4440332, at *5–6 (S.D. Tex. Aug. 23, 2016) (finding the addition of plaintiffs appropriate under either Rule 15 or Rule 24); *Newby v. Enron Corp. (In re Enron Corp. Sec., Derivative & "ERISA" Litig.)*, Nos. MDL-1446, H-01-3624, 2004 U.S. Dist. LEXIS 8158, at *133 (S.D. Tex. Feb. 24, 2004) ("The Fifth Circuit Court of Appeals has approved the addition of plaintiffs to better represent potential subclasses where the named plaintiffs were not inadequate representatives").

Here by adding additional plaintiffs for both proposed classes, we will be strengthening the representation of the classes.  The original set of plaintiffs committed to the case in the summer of 2019, when the world looked very different than it does now.  Now we have an

---

[4] The fifth class member, new plaintiff James LaMorte, signed up for the case in June 2020.  Grauman decl. ¶ 5.  Plaintiffs were in the process of seeking leave to amend to add him to the case when it started to become clear that additional plaintiffs would also be needed.  *Id.* ¶ 7.

8

ongoing pandemic and economic crisis of uncertain proportions. It is understandable that some of these plaintiffs have found it too much to participate in the case on top of everything else going on with their work and families and the various crises this nation is facing. In contrast, the newly added plaintiffs are signing up for the case with their eyes wide open—knowing that the world is in a state of crisis but that they can and will commit to the case.

In the end, it may turn out that enough of the originally named plaintiffs will be able to adequately protect the class as class representatives. But the chances of ensuring that such plaintiffs will be part of the case at the time that certification is granted increases significantly with the addition of the additional plaintiffs. Accordingly, their addition to the case is important.

### C. There is no prejudice to Defendants and no need for a continuance.

A Defendant is not prejudiced by the filing of an amended complaint that does not (i) delay trial or cause any other case deadlines to be moved, (ii) require the case to start over at an earlier stage, or (iii) deny Defendants any of their defenses. *Swanston*, 2020 U.S. Dist. LEXIS 73086, at *8 ("Courts have found prejudice to a defendant when amendments would delay trial, restart a case at an earlier stage, or otherwise unfairly limit a [party's] ability to present their case at trial. The Court does not find that these issues exist here, and the City has not otherwise established that any other prejudice will result." (internal citations omitted)).

Here the amended complaint contains all of the same factual allegations, verbatim, as the original complaint and asserts no new causes of action or theories of liability. Ex. A; Ex. B (redline of amended complaint over original complaint). The amended complaint asserts only the two RICO claims that withstood Defendants' motion to dismiss and removes the other causes of action that were abandoned or dismissed. *Id.* The only changes made to the complaint are to

9

remove Elizabeth Cooper as a named plaintiff and to add six additional plaintiffs. *Id.* ¶ 60.[5]

The addition of these plaintiffs does not require a delay of trial or of any other deadlines, because there is no change to the theory or nature of the case. Indeed, the amended complaint would not even require any new responsive filing by Defendants. The parties can stipulate that Defendants' previously asserted Rule 12 arguments are preserved, and Defendants can file new answers that will be almost identical to those already on file. And there will be no need for any other case deadline to be extended or changed. Defendants will have more than sufficient time to depose each of the new plaintiffs months in advance of the motion for class certification. In fact, each of the plaintiffs has confirmed that they are able to sit for a deposition within the next 1-2 months. Eichmann decl. ¶4; *Tredinnick*, Case no. 4:16-cv-00912-ALM (May 9, 2018, E.D. Tex), Dkt. 96 at 9-10 ("Jackson will not be unfairly prejudiced because at the time the motion for leave was filed, the Court had not yet ruled on the motion for class certification").

Furthermore, Defendants will not be deprived of any currently available defense or be unfairly limited in their ability to present their defense at trial, given that, among other reasons, trial is not even set in this case and is, in any event, still many months away.

## IV.   Conclusion.

For the foregoing reasons, Plaintiffs respectfully request that the Court grant them leave to file the attached First Amended Complaint (Exhibit A), which will add the new plaintiffs, remove Ms. Cooper as a named plaintiff, and change the case caption to reflect the new composition of Plaintiffs.

August 19, 2020  Respectfully submitted,

By: */s/ Jeff Eichmann*

---

[5] If and when Mr. Khan and the other plaintiffs who have become non-responsive come back in contact with counsel and confirm that they would like to no longer be named plaintiffs, we will at that time seek to dismiss them from the case.

John Jeffrey Eichmann (CA 227472)
(Admitted in the Eastern District)
Gregory S. Dovel (CA 135387)
(Admitted in the Eastern District)
Simon Franzini (CA 287631)
(Admitted in the Eastern District)
Julien A. Adams (CA 156135)
(Admitted in the Eastern District)
Jonas Jacobson (CA 269912)
(Admitted in the Eastern District)
Christin Cho (CA 238173)
(admitted in the Eastern District)
Rick Lyon (CA 229288)
(admitted in the Eastern District)
**DOVEL & LUNER, LLP**
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: 310-656-7066
jeff@dovel.com
greg@dovel.com
simon@dovel.com
julien@dovel.com
jonas@dovel.com
christin@dovel.com
rick@dovel.com

Yavar Bathaee (NY 4703443) (Lead Counsel)
yavar@bathaeedunne.com
Brian J. Dunne (CA 275689)
bdunne@bathaeedunne.com
Edward M. Grauman (TX 24081931)
egrauman@bathaeedunne.com
Andrew Wolinsky (NY 4892196)
awolinsky@bathaeedunne.com
**BATHAEE DUNNE LLP**
445 Park Avenue, 9th Floor
New York, NY 10022
Tel: (212) 918-8188

Elizabeth L. DeRieux (TX 05770585)
ederieux@capshawlaw.com
S. Calvin Capshaw (TX 03783900)
ccapshaw@capshawlaw.com
**CAPSHAW DERIEUX LLP**
114 E. Commerce
Gladewater, Texas 75647
Telephone: (903) 236-9800

Facsimile: (903) 236-8787

*Attorneys for all Plaintiffs except Lakesha Goggins*

**Certificate of conference**

I certify that the meet and confer requirements of Local Rule CV-7(h) have been complied with regarding this motion. The motion is opposed by Defendants. On August 19, 2020, I spoke by telephone with Defendants' counsel, including Ben Hatch (Boeing) and James Leito (Southwest). Boeing and Southwest oppose the motion due to the stage of the case and their previously asserted arguments that the Court lacks subject matter jurisdiction. I explained that we would stipulate that their subject matter jurisdiction arguments are preserved and we would also offer the new plaintiffs for deposition within the next 1-2 months. This did not cause them to withdraw their objections. Defendants also stated that if Plaintiff Lakesha Goggins opposes this motion, then this is another ground for their own opposition.

I also certify that I attempted to conduct a telephonic meet and confer with David Hecht, counsel for Ms. Goggins, on August 18 and 19, 2020. Despite calling Mr. Hecht (and getting a full voicemail box) and repeated email communications, Mr. Hecht was not able to make time for a call nor was he able to confirm whether his client Ms. Goggins opposed this motion or not. Prior attempts to get such confirmation from Mr. Hecht had also been unsuccessful when Plaintiffs were originally seeking to add one additional plaintiff, James LaMorte.

*/s/ Jeff Eichmann*
John Jeffrey Eichmann

**Certificate of service**

I certify that the above document was served on counsel of record for all parties on the above listed date via the ECF filing system.

*/s/ Jeff Eichmann*
John Jeffrey Eichmann