# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| DAMONIE EARL, ET AL., § | |
| § | |
| *Plaintiffs*, § | Civil Action No. 4:19-cv-507 |
| § | Judge Mazzant |
| v. § | |
| § | |
| THE BOEING COMPANY, ET AL., § | |
| § | |
| *Defendants*. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion for Leave to Amend Complaint (Dkt. #164). Having considered the Motion and the relevant pleadings, the Court finds that it should be granted.

### BACKGROUND

On July 11, 2019, Plaintiffs filed their original complaint on behalf of numerous putative classes against Defendants Boeing Company and Southwest Airlines, alleging various causes of action stemming from issues with the 737 Max 8 aircraft (Dkt. #1). Much motions practice followed, and on January 22, 2020, the Court entered a scheduling order in this matter (Dkt. #52). On March 13, 2020, Defendants filed separate answers to the original complaint (Dkts. #68–69).

On August 19, 2020, Plaintiffs filed their Motion for Leave to Amend Complaint (Dkt. #164), now before the Court. Pursuant to the local rules, Plaintiffs filed their First Amended Complaint along with the motion for leave to amend (Dkt. #165). On September 2, 2020, Defendants filed their Response in Opposition to Plaintiffs' Motion for Leave to Amend Complaint (Dkt. #168). On September 10, 2020, Plaintiffs filed their Reply in Support of Motion for Leave to Amend Complaint (Dkt. # 170). And on September 17, 2020, Defendants filed their Sur-Reply to Plaintiffs' Motion for Leave to Amend Complaint (Dkt. #171).

## LEGAL STANDARD

"When a trial court imposes a scheduling order, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings." *Wapp Tech Ltd. P'ship v. Micro Focus Int'l, PLC*, 406 F. Supp. 3d 585, 593 (E.D. Tex. 2019) (internal quotation marks omitted) (quoting *Tex. Indigenous Council v. Simpkins*, 544 F. App'x 418, 420 (5th Cir. 2013)). Rule 15(a) governs amendments to pleadings before a scheduling order's deadline to amend. *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981). But once this deadline passes, Rules 15(a) and 16(b)(4) jointly govern amendments to pleadings. *See United States ex rel. Bias v. Tangipahoa Par. Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016). "When, as here, a motion for leave to amend the pleadings is filed after the deadline for seeking leave to amend has expired," the Court must first determine whether to modify the scheduling order under Rule 16(b)(4). *Maiden Biosciences, Inc. v. MPM Med., Inc.*, No. 3:18-CV-1354-D, 2019 WL 935478, at *2 (N.D. Tex. Feb. 26, 2019).

When entering a scheduling order, courts "must limit the time to . . . amend the pleadings." FED. R. CIV. P. 16(b)(3)(A). Rule 16(b)(4) "provides that a scheduling order 'may be modified only for good cause and with the judge's consent.'" *Lampkin v. UBS Fin. Services, Inc.*, 925 F.3d 727, 733 (5th Cir. 2019) (quoting FED. R. CIV. P. 16(b)(4)). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)). Once "a party shows good cause . . . , then the 'more liberal standard of Rule 15(a)'" applies to the request for leave to amend. *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (quoting *Fahim v. Marriott Hotel Services, Inc.*, 551 F.3d

344, 348 (5th Cir. 2008)).  To determine good cause, courts "consider four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 735 (5th Cir. 2018) (brackets omitted) (quoting *S&W Enters., L.L.C.*, 315 F.3d at 536).

Upon a finding of good cause to modify the scheduling order, the analysis turns to whether leave to amend should be granted under Rule 15(a).  This rule instructs courts to "freely give leave when justice so requires."  FED. R. CIV. P. 15(a)(2).  "In fact, 'Rule 15(a) evinces a bias in favor of granting leave to amend.'" *In re Life Partners Holdings, Inc.*, 926 F.3d 103, 125 (5th Cir. 2019) (quoting *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016)).  But "[l]eave to amend is not automatic."  *N. Cypress Med. Ctr. Operating Co. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018).  The decision to grant leave to amend lies "within the discretion of the trial court."  *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 401 U.S. 321, 330 (1971).  When reviewing a Rule 15(a) motion, district courts consider several factors, "including 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment.'"  *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 184 (5th Cir. 2018) (brackets omitted) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "When making this inquiry, the Court must remain mindful that 'the purpose of Rule 15 is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities.'"  *In re Am. Intern. Group, Inc. Sec. Litig.*, 916 F. Supp. 2d 454, 461 (S.D.N.Y.

2013) (brackets omitted) (quoting *Slayton v. American Express Co.*, 460 F.3d 215, 228 (2d Cir. 2006)).

## ANALYSIS

The Scheduling Order required Plaintiffs to file amended pleadings by March 31, 2020 (Dkt. #54). Plaintiffs filed their motion for leave on August 19, 2020 (Dkt. #164). Because Plaintiffs filed their motion for leave after the deadline to amend passed, Plaintiffs must show good cause to modify the Scheduling Order under Rule 16(b)(4) before the Court applies the Rule 15(a) standard as to leave to amend. *S&W Enters., L.L.C.*, 315 F.3d at 535. In determining whether good cause exists, courts consider: (1) the explanation for the failure to timely amend, (2) the importance of the amendment, (3) the potential prejudice in allowing the amendment, and (4) the availability of a continuance to cure such prejudice. *Innova Hosp.*, 892 F.3d at 735.

The Court finds good cause exists under Rule 16(b)(4) considering the factors listed above:

(1) Plaintiffs provide a sufficient explanation for their failure to move for leave within the deadline. Plaintiffs state that they filed for leave to amend shortly after the need for amendment arose—which was after the deadline in the Scheduling Order (*see* Dkt. #164 at p. 10). Defendants respond by generally accusing Plaintiffs of lacking diligence in bringing the case and by arguing that even if Plaintiffs did exercise diligence, the delay in filing for leave to amend was too long (Dkt. #168 at pp. 10–16). The Court finds Defendants' arguments insufficiently supported by the evidence. This factor weighs in favor of Plaintiffs.

(2) The amendments are important to this case. Plaintiffs argue that the addition of new putative class representatives is the only critical change being made to their complaint (*see* Dkt. #164 at pp. 12–13). Defendants maintain that the addition of plaintiffs is an insufficiently important amendment to find in favor of Plaintiffs on this factor (Dkt. #168 at p. 17). Without class representatives "'willing' and 'able' to 'take an active role in and control the litigation and to protect the interests of absentees,'" *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479 (5th Cir. 2001), a putative class cannot survive certification. *See* FED. R. CIV. P. 23(a)(4). Adequate representation is paramount. As such, this factor weighs in favor of Plaintiffs.

(3) If any at all, the prejudice to Defendants will be low. The addition of new putative class representatives is the only critical change being made to in the amended complaint, and practically all else will remain practically the same otherwise (*see* Dkt. #164 at pp. 12–13).

      Further, the amendments sought by Plaintiffs will actually *decrease* the number of claims Defendants must defend (Dkt. #164 at p. 12). The amended complaint contains the same factual allegations nearly "verbatim" as Plaintiffs' original complaint and does not assert new "causes of action or theories of liability" (Dkt. #164 at p. 12).[1] This factor weighs in favor of Plaintiffs.

(4) Even if prejudice results from Plaintiffs' amended complaint, the Court has sufficient tools at its disposal to cure such prejudice if needed. Each of the putative class representatives previously not deposed by Defendants have "confirmed that they are able to sit for a deposition" in the next month or two (Dkt. #164 at p. 13). The certification hearing is still six months away (Dkt. #117). The Court is confident in its ability to cure any prejudice Defendants might encounter as a result of the proposed amendments.

"'The Rule 16(b)(4) analysis is holistic,' such that the Court 'does not mechanically count the number of factors that favor each side' but rather 'focuses on the diligence of the party seeking to modify the scheduling order.'" *Sievert v. Howmedica Osteonics Corp.*, No. 3:18-CV-2175-S, 2020 WL 2507678, at *1 (N.D. Tex. May 15, 2020). Considering the factors above in this light, the Court finds there is good cause under Rule 16(b)(4) to modify the Scheduling Order.

Seeing as good cause exists here, the Court now turns to whether leave to amend should be granted under Rule 15(a). To analyze Plaintiffs' motion properly under Rule 15(a), the Court looks to the five relevant factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Foman*, 371 U.S. at 182).

Having considered the parties' positions, the Court finds no evidence of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice, or futility of amendment. Even further, the "presumption in favor of granting parties leave to amend" supports

---

[1] Interestingly, Defendants make the nearly identical argument Plaintiffs do, stating that the amended complaint "reassert[s] the exact facts and theories" as the original complaint (Dkt. #168 at p. 17). Considering that class actions center much more on the class claims rather than those of the representatives, the Court is unconvinced that Defendants will be prejudiced by the amended complaint.

the Court's decision here to grant Plaintiffs leave to file their First Amended Complaint. *See Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004).

"As all are painfully aware, our nation faces a public health emergency caused by the exponential spread of COVID-19 . . . ." *In re Abbott*, 954 F.3d 772, 779 (5th Cir. 2020). The pandemic has and continues to take its toll on every facet of American life, the federal judiciary being no exception. Bearing this in mind, the Court finds good cause to modify the Scheduling Order and grants Plaintiffs leave to file their First Amended Complaint. *See, e.g.*, *Limon v. Circle K Stores Inc.*, No. 1:18-CV-01689-SKO, 2020 WL 1503448, at *8 (E.D. Cal. Mar. 30, 2020) (modifying various pretrial deadlines in the class-action context to accord effective relief "in light of the national, regional and local public health emergency posed by the coronavirus (COVID-19) outbreak").

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion for Leave to Amend Complaint (Dkt. #164) is **GRANTED**.

**SIGNED this 9th day of October, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE