UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DAMONIE EARL, *et al.*, each individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*.<br><br>v.<br><br>THE BOEING COMPANY, SOUTHWEST AIRLINES CO.,<br><br>*Defendants*. | Civil Action No. 4:19-cv-00507 |

**PLAINTIFFS' CROSS-MOTION FOR
EXPEDITED BRIEFING AND OPPOSITION TO BOEING'S
MOTION FOR A BRIEFING SCHEDULE ON THE ANNEX 13 MOTION**

Plaintiffs by this cross-motion and opposition to Boeing's motion for a briefing schedule (Dkt. No. 209) seek expedited briefing on Plaintiffs' Motion to Compel Boeing to Produce Information Withheld Based on Annex 13, filed November 1, 2020 (Dkt. No. 207) (the "Annex 13 Motion"). For the reasons stated below, Boeing's motion for a protracted briefing schedule should be denied, and the Court should enter an expedited briefing schedule that will finally resolve this months-long dispute with Boeing over its purported Annex 13 "privilege" from its discovery obligations and this Court's Order Governing Proceedings.

## BACKGROUND

The Annex 13 Motion was not news to Boeing. The issue was first raised with the Court on June 30, 2020. (Hr'g Tr. 10:22-16:20, June 30, 2020.) Boeing had promised the Court at that hearing to produce an Annex 13 log (*id.* at 15:1-22), and the Court gave the parties leave to file a motion to compel when the dispute had further ripened (*id.* at 16:10-16). Although Boeing produced a log only as to two Boeing employees (one current and one former), including Boeing whistleblower and engineer Curtis Ewbank,[1] Boeing never produced the general Annex 13 log it had promised the Court—that is, not until last Friday evening, after the Annex 13 Motion was filed, when it produced a log containing 884 entries with more apparently to come.

On October 18, 2020, the parties met and conferred urgently ahead of Mr. Ewbank's deposition as to Annex 13, and during that meet-and-confer, Plaintiffs repeatedly asked Boeing to

---

[1] Boeing produced the Ewbank log the Friday before his October 20, 2020 deposition. The initial log had only two documents on it pertaining to information withheld based on "Annex 13." Minutes before a hearing before the Court on October 19, 2020, Boeing produced an unredacted version of one of the Annex 13 documents. What was revealed was stunning—the redactions had nothing at all to do with any NTSB investigation, but were plainly made to obfuscate information that was harmful to Boeing's case. That is why, despite numerous requests to send the unredacted document to the Court, Boeing's lawyers refused to do so, seeking to moot any dispute as to the document to avoid any daylight on what they had done.

2

provide the NTSB with immediate notice of our dispute, as to avoid delaying a decision on the matter. Then before the hearing before the Court on the 19th, Boeing was again told by Plaintiffs' counsel to give the NTSB notice. Then at the hearing itself, Plaintiffs articulated the arguments they intended to make about Annex 13, including that the NTSB had exceeded its statutory authority. The Court noted that Plaintiffs could call the Court to expedite the briefing on the Annex 13 matter. And yet again, on October 20, Boeing was told via e-mail to immediately provide the NTSB notice of this dispute. Boeing knew full well that briefing was coming and that Plaintiffs were seeking to expedite that briefing. Boeing has had ample time to seek input from the NTSB about the dispute.

The evening after the filing of the Annex 13 Motion, Boeing demanded a Saturday meet-and-confer ahead of some supposed weekend filing it was planning with the Court. Plaintiffs advised Boeing that they could not meet and confer on short notice over the weekend but could meet and confer with them on Monday morning. Boeing then stated that it planned to call the Court at 8:15 am on Monday with or without Plaintiffs to request that the Court enter an immediate briefing schedule. Plaintiffs objected to any *ex parte* call with the Court on a disputed matter, but agreed to meet and confer at 9:00 am, 45 minutes later than what Boeing wanted. Apparently unsatisfied with an even 45-minute delay in requesting a briefing schedule on a Motion that presently has nothing due to be filed for quite some time, Boeing filed a "Notice" with the Court, apparently to tell the Court about the planned meet and confer at 9:00 am on Monday. (Dkt. No. 208.)

Plaintiffs' first objection to Boeing's withholding information based on Annex 13 was made on June 3, 2020. Boeing apparently only notified the NTSB of Plaintiffs' Annex 13 arguments on or around October 19—a fact that was not disclosed until the parties met and

conferred at 9 am on November 2nd. Boeing has not offered any evidence that the NTSB wishes to take a position about the issues in this case, and it is increasingly clear that Boeing is planning on using the specter of the NTSB's involvement as some sort of delay tactic. Accordingly, Plaintiffs filed a redacted version of the Annex 13 Motion and sent a public copy to the general counsel of the NTSB. (Ex. A (Letter to K. Silbaugh (NTSB), dated Nov. 1, 2020).)

## ARGUMENT

As an initial matter, Boeing has indicated that it will request a protracted briefing schedule to give the NTSB the chance to consider the "equities" of its position. (Dkt. No. 208.) Boeing has known about this dispute for five months, but waited until on or around October 19 to notify the NTSB—a fact that Plaintiffs only learned during the 9 am meet and confer on November 2nd. But more importantly, Boeing cannot demonstrate a need for protracted briefing because there is no indication that the NTSB, despite knowing about these issues for at least two weeks, has expressed any interest in seeking to intervene. Boeing cannot now use the NTSB as a reason to delay briefing. At present, the NTSB is not a party to this case, and Boeing has not even made a *prima facie* showing that the NTSB has instructed it not to produce documents pursuant to the Order Governing Proceedings. Moreover, regardless of whether the NTSB wishes to weigh in, there is no reason why Boeing cannot promptly put forward its own views on what it claims is its own private privilege.

In addition, the dispute is coextensive with some of the other discovery disputes pending before the Court, including the dispute with Boeing concerning its unilateral decision not to produce documents after the Ethiopian Airlines crash and the grounding of the MAX 8 by the FAA days later. The picture that emerges is one of obstruction. Boeing will not produce anything after the grounding of the MAX 8 and is now objecting—based on a privilege that neither the NTSB

4

nor Congress appears to have ever sanctioned—that it cannot produce information about the Ethiopian or Lion Air crashes, even pursuant to a Court order.

Resolving the date cutoff issue without overruling Boeing's unsubstantiated "privilege" will potentially leave the parties in stasis for months more—most likely, the outcome Boeing wants here. Indeed, the parties have been at a standstill since even before the outstanding discovery motions have been pending. Neither Boeing nor Southwest has produced a single witness for deposition—many of which were noticed several months ago—since before the date cutoff issue was raised with the Court. Indeed, Boeing has not produced a party witness since August 31, 2020, and Southwest has not produced a fact witness for deposition since August 21st and a 30(b)(6) witness since September 9th. Boeing should not be allowed to further delay this case endlessly, or to run out the clock on fact discovery until Plaintiffs file their class certification motion at the end of this year.

Finally, Boeing has not identified any reason why it cannot write an opposition to a 15-page brief that addresses straightforward questions of administrative law in one week. The NTSB has not even hinted at intervention, and at present, there appears to be no evidence that the NTSB will do so—let alone that the NTSB even supports Boeing's position in this litigation.

## **CONCLUSION**

Plaintiffs' cross-motion for expedited briefing on the Annex 13 issues should be granted, and Boeing's motion for protracted briefing should be denied. The Court should enter the following deadlines: (1) Defendants' response brief in opposition to Plaintiffs' Annex 13 motion (Dkt. No. 203) to be filed on or before Monday, November 9; (2) Plaintiffs' reply brief to be filed on or before Friday, November 13; and (3) any sur-reply to be filed on or before by Tuesday, November 17.

November 2, 2020

Respectfully submitted,

/s/ Yavar Bathaee
Yavar Bathaee (NY 4703443) (Lead Counsel)
yavar@bathaeedunne.com
Brian J. Dunne (CA 275689)
bdunne@bathaeedunne.com
Edward M. Grauman (TX 24081931)
egrauman@bathaeedunne.com
Andrew Wolinsky (NY 4892196)
awolinsky@bathaeedunne.com
**BATHAEE DUNNE LLP**
445 Park Ave., 9th Floor
New York, NY 10022
Tel: (332) 205-7668

*Attorneys for Plaintiffs*

Elizabeth L. DeRieux (TX 05770585)
ederieux@capshawlaw.com
S. Calvin Capshaw (TX 03783900)
ccapshaw@capshawlaw.com
**CAPSHAW DERIEUX LLP**
114 E. Commerce
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

*Attorneys for Plaintiffs*

John Jeffrey Eichmann (CA 227472)
jeff@dovel.com
Gregory S. Dovel (CA 135387)
greg@dovel.com
Simon Franzini (CA 287631)
simon@dovel.com
Julien A. Adams (CA 156135)
julien@dovel.com
Jonas Jacobson (CA 269912)
jonas@dovel.com
Christin Cho (CA 238173)
christin@dovel.com
Rick Lyon (CA 229288)
rick@dovel.com
**DOVEL & LUNER, LLP**
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: 310-656-7066

*Attorneys for Plaintiffs*

## CERTIFICATE OF CONFERENCE

I certify that I met and conferred with counsel for Defendants, including Clyde Seibman, Jeremy Byrum, and James Leito, in compliance with the meet and confer requirement in Local Rule CV-7(h), via teleconference on November 2, 2020. Counsel were unable to conclusively resolve any of the issues in this motion, leaving the issues raised herein open for the Court to resolve.

/s/ Yavar Bathaee
Yavar Bathaee

## CERTIFICATE OF SERVICE

I certify that on November 2, 2020, a true and correct copy of the above was served via email through the Eastern District of Texas's CM/ECF system.

/s/ Yavar Bathaee
Yavar Bathaee
