# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| DAMONIE EARL, ET AL., § | |
| § | |
| *Plaintiffs*, § | Civil Action No. 4:19-cv-507 |
| § | Judge Mazzant |
| v. § | |
| § | |
| THE BOEING COMPANY, ET AL., § | |
| § | |
| *Defendants*. § | |
| § | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs' Motion to Compel Discovery from Defendants (Dkt. #181). Having considered the Motion, the relevant pleadings, and the arguments of counsel, the Court finds that it should be granted in part and denied in part.

### BACKGROUND

This case arises out of allegations by Plaintiffs that Defendants The Boeing Company ("Boeing") and Southwest Airlines Co. ("Southwest") colluded to cover up fatal defects in Boeing's 737 MAX 8 aircraft and encourage public confidence to fly aboard these aircrafts while aware of these defects (Dkt. #165). Defendants deny these allegations (Dkts. #191–92).

On October 15, 2020, Plaintiffs filed their Motion to Compel Discovery from Defendants (Dkt. #181), currently before the Court. On October 23, 2020, Defendants filed their respective responses (Dkt. #193, #195). On November 2, 2020, Plaintiffs filed their reply (Dkt. #211). On November 9, 2020, Defendants filed their respective sur-replies (Dkt. #223, 226). And on December 8, 2020, the Court held a hearing on the Motion.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any non[-]privileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1).

The Court's scheduling order requires that the parties produce, as part of their initial disclosure, "all documents, electronically stored information, witness statements, and tangible things in the possession, custody, or control of the disclosing party that are relevant to the claim or defense of any party" (Dkt. #30 at p. 4). Moreover, the Local Rules of the Eastern District of Texas ("Local Rules") provide further guidance, indicating that information is "relevant to any party's claim or defense [if]: (1) it includes information that would not support the disclosing parties' contentions; . . . (4) it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense." LOCAL RULE CV-26(d). It is well established that "control of discovery is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).

Rule 37 of the Federal Rules of Civil Procedure allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1). The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence. *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden

shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted.  *Id.*

Federal Rule of Civil Procedure 34 governs requests for production of documents, electronically stored information, and tangible things.  Rule 34 requires responses to "either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."  FED. R. CIV. P. 34(b)(2)(B).  "An objection [to the entire request] must state whether any responsive materials are being withheld on the basis of that objection."  FED. R. CIV. P. 34(b)(2)(C).  On the other hand, "[a]n objection to part of a request must specify the part and permit inspection of the rest."  FED. R. CIV. P. 34(b)(2)(C).

After responding to each request with specificity, the responding attorney must sign their request, response, or objection, certifying that the response is complete and correct to the best of the attorney's knowledge and that any objection is consistent with the rules and warranted by existing law or a non-frivolous argument for changing the law.  FED. R. CIV. P. 26(g).  This rule "simply requires that the attorney make a reasonable inquiry into the factual basis of his response, request, or objection."  FED. R. CIV. P. 26(g) advisory committee's note to 1983 amendment.

The Federal Rules of Civil Procedure follow a proportionality standard for discovery.  FED. R. CIV. P. 26(b)(1).  Under this requirement, the burden falls on courts and parties to consider the proportionality of all discovery in resolving discovery disputes.  FED. R. CIV. P. 26(b)(1) advisory committee's note to 2015 amendment.  This rule relies on the fact that each party has a unique understanding of the proportionality to bear on the particular issue.  *Id.*  For example, a party requesting discovery may have little information about the burden or expense of responding.  *Id.*  "The party claiming undue burden or expense ordinarily has far better information—perhaps the only information—with respect to that part of the determination."  *Id.*

## ANALYSIS

### I. General Scope of Discovery

Before turning to the specific categories of material Plaintiffs request, the Court addresses the general scope of discovery in this case. Southwest and Boeing each selected a date past which they believe none of the material in their possession is relevant to the instant litigation—July 11, 2019, and March 13, 2019, respectively (Dkt. #193 at p. 11; Dkt. #195 at p. 2). Defendants generally argue that any discoverable material originating after these dates cannot be relevant since any pattern of racketeering activity and conspiracy to engage in such activity would have already been completed (Dkt. #193 at pp. 11–13; Dkt. #195 at pp. 4–7). This conclusion is incorrect both legally and factually.

From a legal standpoint, Defendants have inverted the standard applicable to this sort of dispute (*see, e.g.*, Dkt. #223 at p. 3; Dkt. #226 at p. 4). Plaintiffs have clearly articulated why they believe the materials and information sought are either relevant or will lead to the discovery of admissible evidence (Dkt. #181 at pp. 5–7; Dkt. #211 at pp. 4–7). Therefore, the burden is on Defendants to state with specificity the grounds for objecting to Plaintiffs' request. Responding to a production request by stating that the requested material is not, as a general matter, relevant is not a specific objection. Defendants have not articulated with sufficient specificity why Plaintiffs' general requests for party compliance with Rule 26, the Local Rules, and the Order Governing Proceedings are objectionable.

Furthermore, from a factual standpoint, material and documents in the possession, custody, or control of Defendants created after either of Defendants' self-selected dates may very well be "relevant to the claim . . . of any party." Even if the Court agreed with Boeing's premise that "[w]hatever scheme to defraud that Plaintiffs claim has occurred must necessarily have occurred

before the grounding, and thus before the filing of the lawsuit four months later" (Dkt. #193 at p. 12), the conclusion drawn from this premise is not true. For instance, Plaintiffs purport to possess documents obtained through discovery that "show Southwest's critical role in lying and concealing the truth about the MAX 8, hand-in-hand with Boeing" (Dkt. #211 at p. 7) and are accordingly entitled to further relevant information. In response, Defendants found this request insufficiently particularized considering their own self-selected deadlines (Dkt. #223 at pp. 2–4; Dkt. #226 at p. 4). The Court does not follow Defendants' logic here—just because material and documents originated after their self-selected cut-off dates for discovery does not mean that such information is irrelevant to the case.

The cornerstone of "proper litigation" is "[m]utual knowledge of all the relevant facts gathered by both parties." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Relevancy is a concept "accorded a broad and liberal treatment" under the Federal Rules of Civil Procedure. *See Herbert v. Lando*, 441 U.S. 153, 177 (1979). While the Rules possess limiting principles as to the scope of discovery, *see* FED. R. CIV. P. 26(b)(1), nowhere do the Rules give credence to Defendants' theory of relevancy as tied to hard deadlines. Disallowing discovery of anything originating after Defendants' self-selected deadlines would inhibit the proper scope of discoverable materials, almost certainly "result[ing] in a . . . failure to afford [Plaintiffs] an adequate opportunity to obtain information that would be useful at the trial." *Stevenson v. Melady*, 1 F.R.D. 329, 330 (S.D.N.Y. 1940). While the Court finds Plaintiffs' Chernobyl example a tad colorful (*see* Dkt. #211 at p. 4), the idea underlying the statement is fitting—information transmitted after Defendants' self-selected deadlines may certainly be relevant. As such, the Court finds Defendants' arguments regarding temporal deadlines for discovery generally flawed.

Yet Defendants accurately note that open-ended discovery would be an unjust result (Dkt. #193 at p. 11; Dkt. #195 at p. 3). Nowhere in the Motion or their Reply do Plaintiffs articulate a limiting principle for the material they seek to discover. *See* FED. R. CIV. P. 26(b)(1) (outlining the factors controlling the contours of discovery). While the Court does not agree with Boeing's contention that Plaintiffs are "engaged in nothing more than a fishing expedition," (Dkt. #195 at p. 7), the Court cannot order entirely open-ended discovery. *See United States ex rel. Ramadoss v. Caremark Inc.*, No. SA-99-CA-00914-WRF, 2008 WL 11335139, at *4 (W.D. Tex. Mar. 7, 2008) (justifying the "structured discovery process" to ensure discovery "is not open ended and at a great expense"). After thoroughly reviewing the pleadings, the arguments of counsel, and applicable law, the Court finds December 31, 2019, to be an appropriate deadline at this juncture for discovery generally (*see* Dkt. #181 at p. 8). As such, the Court orders the parties to comply with their obligations under Rule 26, the Local Rules, and the Order Governing Proceedings up to and including December 31, 2019. If either party believes material or documents originating on or after January 1, 2020, is within the scope of discovery, they are instructed to follow the procedures outlined in the Local Rules and the Order Governing Proceedings to obtain such material.

## II.   Specific Discovery Requests

Plaintiffs also request specific categories of documents from Defendants in the Motion (Dkt. #181 at pp. 10–17). After thoroughly reviewing the pleadings and the arguments of counsel, the Court finds Plaintiffs' arguments regarding the discoverability of this specific material compelling and, except as detailed below, orders Defendants to produce such material in its entirety. The following exceptions apply to the Court's Order:

- **Documents Concerning Curtis Ewbank** (Dkt. #181 at p. 14) – Boeing need only produce material and documents containing any and all information related to Ewbank's allegations against Boeing regarding the 737 MAX 8 aircraft.

- **Documents Concerning Post-Mortem Analysis of the MAX 8 Certification Process and the MAX 8 Crashes, Defendants' Efforts to Redesign and Recertify the MAX 8, and Defendants' Messaging Concerning the MAX 8 Return to Service** (Dkt. #181 at p. 16) – To avoid duplicity in discovery, Southwest shall confer with Boeing and ensure that all material and documents in this specific category will be produced in full by at least one Defendant.

- **Defendants' Ongoing Withholding of Email Attachments and Redactions of Information** (Dkt. #181 at p. 17) – Defendants must reexamine all redactions of information referenced in this request and produce all relevant material and documents consistent with this Order. However, because Defendants have already reexamined the email attachments and certified that no relevant material and documents remain to be produced, the Court shall not require Defendants to reexamine these email attachments. If Plaintiffs believe that Defendants are improperly withholding particular, relevant email attachments, they are instructed to follow the procedures outlined in the Local Rules and the Order Governing Proceedings to obtain such material.

The terms of this Order in no way compel the production of any material and documents Defendants currently decline to produce pursuant to Annex 13. The Court will address this privilege Defendants assert and Plaintiffs challenge in a forthcoming order.

Finally, the parties are reminded that it is incumbent on litigants to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's Order Governing Proceedings at all times. *See Martino v. Kiewit N.M. Corp.*, 600 F. App'x 908, 910–11 (5th Cir. 2015). Similarly, at this stage of the litigation, it is the Court's duty to facilitate the most expedient and efficient discovery process possible. The Court is hopeful the parties will wholly fulfill their duties moving forward so the Court will not have its hand forced to ensure such compliance. *See* FED. R. CIV. P. 37(b)(2), (c).

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion to Compel Discovery from Defendants (Dkt. #181) is **GRANTED in part and DENIED in part** as detailed in this Order. It is **FURTHER ORDERED** that Defendants shall comply with this Order within thirty (30) days.

**SIGNED this 10th day of December, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE