# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| DAMONIE EARL, ET AL., § | |
| § | |
| *Plaintiffs*, § | Civil Action No. 4:19-cv-507 |
| § | Judge Mazzant |
| v. § | |
| § | |
| THE BOEING COMPANY, ET AL., § | |
| § | |
| *Defendants*. § | |
| § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Compel Boeing to Produce Documents Under the Crime-Fraud Exception (Dkt. #316). Having considered the Motion and the relevant pleadings, the Court finds it should be granted in part and denied in part.

## BACKGROUND

This case arises out of allegations made by Plaintiffs that Defendants The Boeing Company ("Boeing") and Southwest Airlines Co. ("Southwest") colluded to cover up fatal defects in Boeing's 737 MAX 8 aircraft and encourage public confidence to fly aboard these aircrafts while aware of the defects (Dkt. #165). Defendants deny these allegations (Dkts. #191–92).

The current dispute concerns 232 documents to which Plaintiffs believe they are entitled.[1] On February 12 and 19, 2021, Boeing served Plaintiffs with three separate privilege logs containing thousands of entries (Dkt. #316 at p. 5). As identified by Plaintiffs, numerous withholdings, although noted as privileged under attorney-client privilege, work product privilege,

---

[1] The Court uses this number based on Boeing's response (Dkt. #320 at p. 4 n.1). The Motion pertains only to the documents Boeing identifies in Appendix A since Boeing has "withdraw[n] its assertion of privilege over 46" documents Plaintiffs originally identified (Dkt. #320 at p. 4 n.1; *see* Dkt. #320, Exhibit 1). Boeing must still produce these forty-six documents "to Plaintiffs in full" with all deliberate speed (Dkt. #320 at p. 4 n.1).

or both, "appeared . . . to potentially implicate the crime-fraud exception" to these privileges (Dkt. #316 at p. 5; *see* Dkt. #316, Exhibit 1). In specific, Plaintiffs offer that these privilege-log entries "included communications with and documents by Patrik Gustavsson" ("Gustavsson") (Dkt. #316 at p. 5), who was one of two Boeing employees named in Boeing's Deferred Prosecution Agreement ("DPA") regarding Boeing's admitted criminal fraud of the Federal Aviation Administration[2] (Dkt. #316, Exhibit 4 at ¶ 16). While Boeing argues that the withholdings fall squarely within the bounds of the privileges it asserts, Plaintiffs allege that the crime-fraud exception overcomes Boeing's assertions of privilege.

On March 1, 2021, Plaintiffs filed their Motion to Compel Boeing to Produce Documents Under the Crime-Fraud Exception (Dkt. #316), currently before the Court. On March 3, 2021, Boeing filed its response (Dkt. #320).

## LEGAL STANDARD

Under the crime-fraud exception, the attorney-client and work product privileges "can be overcome 'where communication or work product is intended to further continuing or future criminal or fraudulent activity.'" *United States v. Edwards*, 303 F.3d 606, 618 (5th Cir. 2002) (quoting *In re Grand Jury Subpoena*, 220 F.3d 406, 410 (5th Cir. 2000)); *In re Int'l Sys. & Controls Corp. Sec. Litig.*, 693 F.2d 1235, 1242 (5th Cir. 1982) ("The crime-fraud exception therefore comes into play if 'the client consults an attorney for advice that will assist the client in carrying out a contemplated illegal or fraudulent scheme.'" (quoting *In re Murphy*, 560 F.2d 326, 337 (8th Cir. 1977))). These privileges are overcome "when an attorney-client communication or work product is intended to further continuing or future criminal or fraudulent activity." *In re EEOC*, 207 F. App'x 426, 434 (5th Cir. 2006) (citing *In re Grand Jury Subpoena*, 419 F.3d 329, 335 (5th

---

[2] According to a sworn affidavit submitted by Plaintiffs, "Patrik Gustavsson is the individual identified as 'Boeing Employee-2'" in the DPA (Dkt. #316, Exhibit 2 at ¶ 2).

Cir. 2005)). The party asserting the crime-fraud exception bears the burden to show the "attorney-client relationship was intended to further criminal or fraudulent activity." *Id.* (citing *In re Grand Jury Subpoena*, 419 F.3d at 335).

When a party requests for the district court to conduct *in camera* review of documents allegedly falling under the crime-fraud exception, that party must make out a prima facie case of the exception as applied to the immediate facts. *Archer v. Sterquell*, No. 2:05-CV-078-C, 2006 WL 8436750, at *1 (N.D. Tex. Mar. 28, 2006). To do so, the party asserting the crime-fraud exception "must produce evidence 'such as will suffice until contradicted and overcome by other evidence a case which has proceeded upon sufficient proof to that stage where it will support a finding if evidence to the contrary is disregarded.'" *In re Grand Jury Subpoena*, 419 F.3d at 336 (cleaned up) (quoting *Int'l Sys.* 693 F.2d at 1242). Demonstrating the prima facie case breaks down into two steps: (1) the client must be shown to engage in the ongoing fraudulent conduct when the communication or material was sought or produced, and (2) the communication or material must reasonably relate to the fraudulent conduct. *Id.* at 336 n.7. "This showing must be 'of a factual basis adequate to support a good faith belief by a reasonable person' that *in camera* review of the materials may reveal evidence to establish the claim that the crime-fraud exception applies." *Medlock Sw. Mgmt. Corp. v. Fed. Nat'l Mortg. Ass'n*, No. 5:04-CV-129-DF, 2006 WL 8434271, at *1 (E.D. Tex. Sept. 29, 2006) (quoting *United States v. Zolin*, 491 U.S. 554, 572 (1989)).

"Once that showing is made, the decision whether to engage in *in camera* review rests in the sound discretion of the district court." *Zolin*, 491 U.S. at 572. This determination is contextual and fact-dependent, and the court should consider,

> among other things, the volume of materials the district court has been asked to review, the relative importance to the case of the alleged privileged information,

3

       and the likelihood that the evidence produced through in camera review, together with other available evidence then before the court, will establish that the crime-fraud exception does apply.

*Id.* The threshold set by the Supreme Court is not "a stringent one." *Id.*; *see In re Katrina Canal Breaches Consol. Litig.*, No. CIV.A. 05-4182, 2008 WL 4401970, at *10 (E.D. La. Sept. 22, 2008) (indicating that "[t]he burden of establishing a prima facie case of crime for this purpose in the civil discovery context is not great").

## ANALYSIS

Plaintiffs have made out a prima facie showing that *in camera* review of the requested documents may reveal evidence to establish that the crime-fraud exception applies. To begin, Plaintiffs needed to demonstrate Boeing was engaged in ongoing fraudulent conduct when these documents were produced. At the prima facie stage, the DPA clearly establishes as much. In the DPA's Statement of Facts, Boeing "agree[d] and stipulate[d] that the . . . information [in the DPA] is true and accurate," which serves to establish all facts in the DPA as admitted by Boeing (Dkt. #316, Exhibit 4 at ¶ 1). Boeing admitted that it "knowingly, and with intent to defraud, conspired to defraud" the Federal Aviation Administration (Dkt. #316, Exhibit 4 at ¶ 16). The DPA goes on to detail exactly how Boeing perpetrated such fraud through Gustavsson and others[3] (*see* Dkt. #316, Exhibit 4 at ¶¶ 17, 32–54). At this stage, these declarations are enough to support a reasonable person's good faith belief that evidence establishing the applicability of the crime-fraud exception may be revealed by *in camera* review.

---

[3] Plaintiffs argue that even the mention of Gustavsson in any of the requested documents suffices to demonstrate the crime-fraud exception's applicability (Dkt. #316 at p. 12). This sweeping statement is not wholly accurate. Nevertheless, it is enough at the prima facie stage that Boeing has admitted on the record that it was committing fraud at the time the requested documents were produced and that Boeing "is responsible for the acts of its officers, directors, employees, and agents" (Dkt. #316, Exhibit 4 at ¶ 1).

Next, Plaintiffs needed to demonstrate that the material requested is reasonably related to Boeing's fraudulent conduct. For purposes of the prima facie showing, Plaintiffs have done so. The documents Plaintiffs seek range in date from November 5, 2018, to March 17, 2019 (Dkt. #316, Exhibit 1 at pp. 1, 50). These dates fall within the period Boeing admits to have knowingly and intentionally committed fraud against the Federal Aviation Administration—"[f]rom at least *in and around November 2016* through at least *in and around December 2018*" (Dkt. #316, Exhibit 4 at ¶ 1 (emphasis added)). At the prima facie stage, this showing is sufficient. *See In re: Gen. Motors LLC*, No. 14-MC-2543 (JMF), 2015 WL 7574460, at *7 (S.D.N.Y. Nov. 25, 2015) (explaining that when "the very purpose of the underlying . . . litigation was to perpetrate a fraud, . . . the communications with counsel prosecuting the litigation and their work product were plainly in furtherance of the overall fraud"). Requiring any more of the requesting party at this juncture would make the inquiry "a stringent one," and proving the necessary prima facie case would be a nearly impossible task. Plaintiffs have made out a prima facie case that the material requested is reasonably related to Boeing's fraudulent conduct.

In ordering the *in camera* review in its sound discretion, the Court has only found Plaintiffs to have made a prima facie case for the applicability of the crime-fraud exception. The Court has made no other determinations at this point and will subject each and every document to the higher level of scrutiny required before producing any documents that overcome the venerated privileges Boeing asserts. *Zolin*, 491 U.S. at 572; *see In re Grand Subpoena*, 419 F.3d at 337–47.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion to Compel Boeing to Produce Documents Under the Crime-Fraud Exception (Dkt. #316) is **GRANTED IN PART** and **DENIED IN PART**.

It is **FURTHER ORDERED** that Boeing shall produce all 232 documents remaining in dispute as identified in Appendix A (Dkt. #320, Exhibit 1 at pp. 2–3) to the Court for *in camera* review by no later than Friday, March 5, 2021, at 5:00 p.m. CST.  The Court reminds counsel that, pursuant to the Court's January 27, 2021 Memorandum Opinion and Order (Dkt. #291), none of the 232 documents may be withheld as privileged under Annex 13.

It is **FURTHER ORDERED** that that the deadlines shall be changed as follows:

### DEADLINES

| | |
|---|---|
| March 17, 2021 | Deadline for Plaintiffs to file their Reply Brief in Support of the Motion for Class Certification. |
| March 31, 2021 | Deadline for Boeing and Southwest to file their Sur-Reply Briefs in Opposition to Plaintiffs' Motion for Class Certification. |

All other dates shall remain the same as set out in the Court's Second Amended Scheduling Order (Dkt. #117).

**IT IS SO ORDERED.**

**SIGNED this 4th day of March, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE