UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DAMONIE EARL, LINDA RUGG, ALESA BECK, TIMOTHY BLAKEY, JR., STEPHANIE BLAKEY, MARISA THOMPSON, MUHAMMAD MUDDASIR KHAN, JOHN ROGERS, VALERIE MORTZ-ROGERS, LAKESHA GOGGINS, JAMES LaMORTE, BRETT NOBLE, RUBEN CASTRO, FRITZ RINGLING, LITUAN LEWIS, and LANCE HOGUE, JR., each individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>THE BOEING COMPANY and SOUTHWEST AIRLINES CO.,<br><br>*Defendants*. | Civil Action No. 4:19-cv-00507 |

**DEFENDANT SOUTHWEST AIRLINES CO.'S OBJECTIONS TO [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL AND ORDERING DEFENDANT SOUTHWEST AIRLINES TO SHOW CAUSE**

Defendant Southwest Airlines Co. ("Southwest") hereby submits its Objections to Plaintiffs' [Proposed] Order Granting Plaintiffs' Motion to Compel and Ordering Defendant Southwest Airlines to Show Cause.[1] In support thereof, Southwest respectfully shows the Court as follows:

---

[1] Southwest's undersigned counsel did not receive Plaintiffs' [Proposed] Order Granting Plaintiffs' Motion to Compel and Ordering Defendant Southwest Airlines to Show Cause until 1:02 a.m. this morning (March 11, 2021). Notwithstanding, Southwest has endeavored to file its Objections to this [Proposed] Order as quickly as reasonably possible. In addition, per the Court's order, Southwest is presenting Mike Van de Ven today (March 11, 2021) at 1:30 p.m. central time.

**OBJECTIONS TO CATEGORIES IN [PROPOSED] ORDER**

1. With respect to Category No. 1, Southwest objects to the [Proposed] Order in regards to 1(d), specifically as regards any proposed requirement that Southwest "search for, recover, and produce all text messages (including Short Message Service, Messages, IMesseages on Apple devices, and any instant messages or direct messages on applications including WhatsApp, Signal, and Telegram) sent or received by Mike Van de Ven from 2011 to the present" […] "with any governmental authority, including the Federal Aviation Administration, the National Transportation Safety Board, the United States Department of Justice, the United States Congress, the White House, *regardless of subject*", with "[s]uch production [to] be completed by March 18, 2021" (emphasis added). First, it is Southwest's understanding from the March 10, 2021 hearing ("Hearing") that the Court did not order Southwest to produce materials concerning other unrelated proceedings which are not relevant to the claims and defenses of any party in the current lawsuit. Second, this proposed category [1(d)] is extraordinarily overly broad as drafted and necessarily would encompass communications concerning unrelated matters over the past ten (10) years, and force Southwest to disclose highly confidential and business-sensitive communications having nothing to do with the relevant issues in this lawsuit, much less the 737 MAX aircraft and/or Boeing. Southwest respectfully submits that the scope of category 1(d), as ordered by the Court, is limited to the production of Mr. Van de Ven's texts with any governmental authorities relating to alleged defects in 737 MAX and/or claims or defenses of any party in the current lawsuit.

2. With respect to Category No. 2, Southwest objects to having to produce copies of "all document preservation notices issues to or received by Mr. Van de Van between 2011 to the present", with "[s]uch production [to] be completed by March 18, 2021." First, it is Southwest's understanding from the Hearing that the Court did not order Southwest to produce materials concerning other unrelated proceedings which are not relevant to the claims and defenses of any

party in the current lawsuit. Second, document preservation notices are privileged,[2] and there has been no showing by Plaintiffs, much less any effort to show, that Southwest has waived privilege on this issue. Third, Southwest's document preservation obligations in this lawsuit arose upon the filing of the lawsuit in July 2019, and there has been no showing by Plaintiffs that document preservation obligations in an unrelated proceeding trigger any document preservation obligations in this case. *See Silhan v. Allstate Ins. Co.*, 236 F.Supp.2d 1303, 1309 n. 8 (N.D.Fla. 2002) ("It is essentially impossible for everyone . . . to hold onto every piece of potential evidence just because there is a possibility that litigation may arise sometime in the future. It is unreasonable to view the concept of duty on such a broad scale. The more prudent approach would be for a duty to arise when the possessor of the evidence is informed by the plaintiff that a lawsuit will be (or is) filed."). Fourth, as drafted, this proposed category would require Southwest to disclose privileged communications relating to other matters and proceedings over the past ten (10) years having nothing to do with the relevant issues in this lawsuit, much less the 737 MAX aircraft and/or Boeing.

---

[2] *See BBC Baymeadows, LLC v. City of Ridgeland, Miss.*, No. 3:14CV676-HTW-LRA, 2015 WL 2353082, at *3 (S.D. Miss. May 15, 2015) ("The City need not provide responses which would be protected by the attorney/client privilege or work product doctrine, such as explicit directions from attorneys regarding documents. If a 'litigation hold' was a specific instruction given by attorneys for Ridgeland, it shall be stricken as a topic."); *Cannata v. Wyndham Worldwide Corp.*, No. 2:10-CV-00068-PMP, 2011 WL 3495987, at *2 (D. Nev. Aug. 10, 2011) (finding that litigation hold notices are generally not discoverable); *Ingersoll v. Farmland Foods, Inc.*, No. 10-6046-CVSJ-FJG, 2011 WL 1131129, at *17 (W.D. Mo. Mar. 28, 2011); *In re Ebay Seller Antitrust Litigation*, No. C 07-01882 JH (RS), 2007 WL 2852364, at *2 (N.D. Cal. Oct. 2, 2007); *Gibson v. Ford Motor Co.*, 510 F. Supp. 2d 1116, 1123 (N.D. Ga. 2007) (finding that defendants are not required to produce litigation-hold letters because "[n]ot only is the document likely to constitute attorney-work product, but its compelled production could dissuade other businesses from issuing such instructions in the event of litigation"); *Muro v. Target Corp.*, 250 F.R.D. 350, 360 (N.D. Ill. 2007) (denying plaintiff's objection to magistrate's ruling that Target's litigation-hold notices are subject to the attorney-client privilege and to work-product protection); *Turner v. Resort Condominium International, LLC*, No. 1:03-cv-2025-DFHWTL, 2006 WL 1990379, at *7-8 (S.D. Ind. July 13, 2006) (accepting defendant's assertion that its litigation-hold document is privileged and denying plaintiff's motion to compel defendant to produce the document in discovery).

3. With respect to Category No. 4, Southwest objects to having to "search for and produce copies of all government subpoenas received by Southwest or Mike Van de Ven from 2011 to the present", with "[s]uch production [to] be completed by March 18, 2021". First, it is Southwest's understanding from the Hearing that the Court did not order Southwest to produce materials concerning other unrelated proceedings which are not relevant to the claims and defenses of any party in the current lawsuit. Second, this proposed requirement is extraordinarily overly broad as drafted and necessarily would encompass having to produce subpoenas concerning unrelated and highly confidential matters over the past ten (10) years having nothing to do with the relevant issues in this lawsuit, much less the 737 MAX aircraft and/or Boeing.

4. With respect to Category No. 5, Southwest objects to having to having to "search for and produce available records from Mr. Van de Ven's cellular provider or providers reflecting the phone numbers that Mr. Van de Ven contacted via text message—and to the extent recoverable, the content of text messages—on all mobile devices belonging to Mr. Van de Ven capable of sending or receiving text messages from 2011 to present." First, Southwest does not recall this proposed category being raised during the Hearing, much less does Southwest have an understanding that the Court ordered Southwest to search for and produce such materials. Second, this proposed category is extraordinarily overly broad as drafted and necessarily would encompass having to search for and produce phone numbers for contacts in Mr. Van de Ven's phone(s) that are personal and/or family-related, and have nothing to do with Mr. Van de Ven's performance of his job responsibilities at Southwest, much less that would be relevant to any claims or defenses of any party in this case, the 737 MAX aircraft and/or Boeing. Third, this proposed category, as drafted, constitutes an unwarranted invasion of Mr. Van de Ven's privacy and Plaintiffs have made no showing, nor have they attempted to show, that such an invasion of privacy is warranted.

Fourth, Southwest objects to this proposed category to produce the "content of text messages" as the scope of the Court's order regarding production of Mr. Van de Ven's text messages is addressed in Category No. 1, and should be limited accordingly (as referenced above).

5. Southwest objects to Category No. 7, as requiring Southwest "at a mutually agreeable time no later than 7 days after issuance of this Order) unless Plaintiffs elect a later date), to "produce a Fed. R. Civ. P. 30(b)(6) corporate representative to be deposed by Plaintiffs about Southwest's record retention policies and practices…" Southwest respectfully requests that the proposed 7-day deadline (ending on March 18, 2021), be extended until Tuesday March 23, 2021, as the Southwest employee who will serve as the 30(b)(6) corporate representative on this topic has a pre-paid, out-of-town vacation next week (week of March 15, 2021) for Spring break with his family and school-age children.

6. Southwest objects to Category No. 8 to this extent that it mischaracterizes Southwest's conduct in this case and, in particular, what Southwest allegedly did/did not do in relation to meeting its document preservation obligations. Southwest will address its conduct in relation to document preservation issues in this case in its show cause response, as ordered by the Court.

| | |
|---|---|
| Dated: March 11, 2021 | Respectfully submitted, |
| | **NORTON ROSE FULBRIGHT US LLP** |

        */s/ Michael A. Swartzendruber*
        Michael A. Swartzendruber (Lead Counsel)
        State Bar No. 19557702
        Jason K. Fagelman
        State Bar No. 00796525
        James V. Leito IV
        State Bar No. 24054950
        Philip A. Tarpley
        State Bar No. 24098501
        2200 Ross Ave., Suite 3600
        Dallas, TX 75201
        Telephone: (214) 855-8000
        Facsimile: (214) 855-8200
        michael.swartzendruber@nortonrosefulbright.com
        jason.fagelman@nortonrosefulbright.com
        james.leito@nortonrosefulbright.com
        philip.tarpley@nortonrosefulbright.com

        Geraldine W. Young
        State Bar No. 24084134
        1301 McKinney St., Suite 5100
        Houston, TX 77010
        Telephone: (713) 651-5151
        Facsimile: (713) 651-5246
        geraldine.young@nortonrosefulbright.com
        ***ATTORNEYS FOR DEFENDANT***
        ***SOUTHWEST AIRLINES CO.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2021, a true and correct copy of the above was served via email through the Eastern District of Texas's CM/ECF system.

*/s/ Philip A. Tarpley*
Philip A. Tarpley