# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| Damonie Earl, et al., *Plaintiffs*, v. The Boeing Company, et al., *Defendants*. | Civil Action No. 4:19-cv-00507-ALM |

## ORDER

On March 10, 2021, the Court heard argument on Plaintiffs' request for relief regarding unproduced text messages sent or received by Defendant Southwest Airlines's Chief Operating Officer Mike Van de Ven, including communications between Mr. Van de Ven and employees of Defendant The Boeing Company. Plaintiffs moved for (1) an order compelling Southwest to immediately conduct a comprehensive search for and production of relevant text messages sent or received by Mr. Van de Ven (including Short Message Service messages, iMessages on Apple devices, and any instant messages or direct messages on applications including WhatsApp, Signal, and Telegram); (2) limited discovery into Southwest's document preservation obligations, including at least a Fed. R. Civ. P. 30(b)(6) deposition and production of document hold notices and relevant government subpoenas or communications creating a retention obligation for Mr. Van de Ven during the time period of the conspiracy alleged in this case; and (3) an order that Southwest show cause why it failed to preserve, search for, collect, or produce any of Mr. Van de Ven's text messages to date. Upon consideration of the parties' arguments, Plaintiffs' proposed order, and Southwest's objections to the proposed order, the Court finds that Plaintiffs' motion should be **GRANTED** as set forth herein.

It is therefore **ORDERED** that:

1. Southwest shall search for, recover, and produce all text messages (including Short Message Service messages, iMessages on Apple devices, and any instant messages or direct messages on applications including WhatsApp, Signal, and Telegram) sent or received by Mike Van de Ven from 2011 to present (a) with any officer, director, or employee of Boeing relating to the 737 MAX 8 and the claims or defenses of any party in the current lawsuit; (b) with any person on the subject of the 737 MAX 8; (c) with any reporter or news media on the subject of the 737 MAX 8; and (d) with any governmental authority, including the Federal Aviation Administration, the National Transportation Safety Board, the United States Department of Justice, the United States Congress, and the White House relating to the 737 MAX 8 and the claims or defenses of any party in the current lawsuit. Such production shall be completed by March 18, 2021.

2. Southwest shall search for and produce all document preservation notices issued to or received by Mr. Van de Ven between 2011 and the present relating to the 737 MAX 8 and the claims or defenses of any party in the current lawsuit. Such production shall be completed by March 18, 2021.

3. Southwest shall search for and produce copies of all government subpoenas received by Southwest or Mike Van de Ven relating to the 737 MAX 8 and the claims or defenses of any party in the current lawsuit. Such production shall be completed by March 18, 2021.

4. Southwest shall search for and produce available records from Mr. Van de Ven's cellular provider or providers reflecting the phone numbers that Mr. Van de Ven contacted via text message relating to the 737 MAX 8 and the claims or defenses of any party in the current lawsuit—and to the extent recoverable, the content of text messages—on the mobile

devices belonging to Mr. Van de Ven issued or paid for by Southwest in the course of his employment. The parties shall meet and confer regarding the scope and parameters of the search and production of Mr. Van de Ven's cellular text message records no later than March 18, 2021.

5. Southwest shall produce Mr. Van de Ven for a deposition regarding his retention of records relevant to this litigation, and the content and circumstances of his text messages sent in connection with his role at Southwest, within 24 hours of this Order or (at Plaintiffs' election) at another time agreed upon by the parties no later than 7 days after issuance of this Order. This deposition shall be separate from and without prejudice to any future Fed. R. Civ. P. 30(b)(1) deposition of Mr. Van de Ven in this matter.

6. Southwest shall, at a mutually agreeable time no later than 14 days after issuance of this Order (unless Plaintiffs elect a later date), produce a Fed. R. Civ. P. 30(b)(6) corporate representative to be deposed by Plaintiffs about Southwest's records retention policies and practices, its corporate communications policies, its policies governing the use of personal devices for work purposes, and its document preservation and collection practices with respect to civil litigation, government investigations and regulatory inquiries, and this action.

7. Southwest is ordered to show cause explaining (a) why Southwest did not violate the Federal Rules of Civil Procedure, the Local Rules, and the Order Governing Proceedings as to the production and preservation of discovery this Order concerns; (b) what Southwest is doing to recover Mr. Van de Ven's text messages; and (c) what, if any, other steps have been or will be taken to preserve Mr. Van de Ven and all other Southwest witnesses'

relevant text messages in connection with this litigation. Southwest shall show cause by filing a written explanation with the Court by 9:00 am Central Time on March 18, 2021.

**IT IS SO ORDERED.**

**SIGNED this 11th day of March, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE