Hon. District Judge Amos L. Mazzant

United States District Court,

  Eastern District of Texas, Sherman Division

Paul Brown United States Courthouse

101 East Pecan Street

Sherman, TX 75090

Phone: (903) 893-7008

FAX: (903) 893-9067


Re:   <u>Earl v. Boeing</u>, Civ Action 4:19-cv-00507 (the "Boeing Case")


Dear Judge Mazzant,

I am a reporter for *The Southeast Texas Record*, and I write respectfully to request the Court unseal certain records filed in the above-referenced matter. Specifically, I request the unsealing of the materials referenced in docket entry #115, which are related to an *ex-parte* request in docket entry #100. (the "Documents"), and any other filings related thereto.

While the materials were sealed, the order also noted that the Court (i) "does not find the information to be protected by any kind of privilege or confidentiality," and (ii) "out of an abundance of caution, the Court directs the Clerk to SEAL" the submission. (Dkt #115.)

I have published several articles on the Boeing Case and there is significant interest in the action, as illustrated by additional coverage by *Law360* and *Bloomberg*. A review of the <u>LAW360 site shows over fifteen</u> articles covering the case. I have also read several blog posts about the case I believe one such *Medium* article was submitted by one of the attorneys as part of the record.

As the Court is likely aware, the sealed materials are related to accusations that one of the former attorneys on the case, David Hecht of Pierce Bainbridge Beck Price & Hecht LLP, and then Hecht Partners LLP, was dishonest with the Court during a hearing, and that another outside attorney for Pierce Bainbridge allegedly engaged in "baseless intimidation" in an effort to keep a third attorney from coming forward with the accusations.

In case the Court is unaware, according to a press release, Mr. Hecht was "<u>Honored as One of the Foremost Patent Attorneys in the World.</u>" This naturally heightens the general public's interest in the sealed materials.

Another item in the case caught my attention and elevates interest in the Documents. A sworn affidavit by an attorney from Bathaee Dunne LLP states that "Plaintiffs Valerie Mortz-Rogers, Damonie Earl, and Alesa Beck testified under oath at their depositions that Mr. Hecht deceived them into signing papers with his law firm and with the departed Sussman Godfrey firm." (Dkt 232-1). Shortly thereafter, Hecht Partners also withdrew from the litigation which I covered in the <u>Southeast Texas Record</u>.

In a similar vein, an article was <u>published in LAW360</u> includes an intriguing, and perhaps disturbing, passage about Mr. Hecht and Pierce Bainbridge founder John Pierce. The article says that a former client of Pierce Bainbridge:

> "[P]rovided an email thread to [the lawyer seeking to revie the suit] in which [Pierce Bainbridge founder John] Pierce and former Pierce Bainbridge attorney David Hecht suggest that [the former client] sign a bar complaint they'd drafted against Don Lewis, the former Pierce Bainbridge attorney who sued the firm after he was fired.
>
> Speaking about the bar complaint, [the former client] told [the attorney suing Pierce Bainbridge] "'they [Hecht and Pierce] lied all in that damn thing.'"

Given the public interest and these surrounding issues, I respectfully to urge the Court to uphold the public right of access to these proceedings and unseal the Documents, particularly because the Court said of the Documents that it "does not find the information to be protected by any kind of privilege or confidentiality."

The Documents are subject to both a First Amendment and common law right of public access to court proceedings and records. The common law right of access provides the public a right to inspect and civil trial. *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). It "promotes the trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a better understanding of the judicial process, including its fairness[, and] serves as a check on the integrity

The common law access right also "establishes a presumption of public access to judicial records." *Van Waeyenberghe*, 990 F.2d at 848. Courts requested to seal a record "must balance the public's common law right of access against the interests favoring nondisclosure." *Id.* But a court's discretion to seal judicial records "is to be exercised charily," *Id.* (internal quotations omitted), and may be made only after "consider[ing] 'relevant facts and circumstances of the particular case[.]'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

The sealing of the Documents does not meet these standards. The protection here was merely effectuated "out of an abundance of caution" and the Court stated the Documents are neither privileged nor confidential. Accordingly, no compelling interest has been identified that would be prejudiced by public disclosure of the Documents or that would outweigh the significant public interests.

Based on the Court's language the Documents do not contain confidential information, let alone information that warrants overcoming the presumptive public right of access to judicial records.

I respectfully urge the Court to order the Documents unsealed.

Thank you for your consideration of this matter.

[signature]