# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| DAMONIE EARL, ET AL., § <br> § <br> *Plaintiffs*, § <br> § <br> v. § <br> § <br> THE BOEING COMPANY, ET AL., § <br> § <br> *Defendants*. § <br> § | Civil Action No. 4:19-cv-507 <br> Judge Mazzant |

## ORDER

On April 14, 2021, the Court received a media request via postal service to "unseal certain records filed" in the instant action (Dkt. #408 at p. 1). The Court construes this correspondence as a letter motion to unseal.

Courts have repeatedly recognized the public's common-law right to inspect and copy judicial records. *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir. Unit A Aug. 1981); *see United States v. McCraney*, 99 F. Supp. 3d 651, 654 (E.D. Tex. 2015). The right to access judicial records "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993) (internal quotation marks omitted) (quoting *Littlejohn v. Bic Corp.*, 851 F.2d 673, 682 (3d Cir. 1988)); *see Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416–19 (5th Cir. 2021) (explaining the origin and importance of this right).

But the right of access is not absolute. *Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 225 (5th Cir. 2020). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v.*

*Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).  As such, "[t]he decision whether to allow public access to court records 'is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.'" *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) (quoting *Nixon*, 435 U.S. at 599).  Courts are obligated to "'undertake a case-by-case, 'document-by-document,' 'line-by-line' balancing of 'the public's common law right of access against the interests favoring nondisclosure.'" *Binh Hoa Le*, 990 F.3d at 419 (quoting *United States v. Sealed Search Warrants*, 868 F.3d 385, 390 (5th Cir. 2017)).  "Undergirding balancing is a 'presumption in favor of the public's common law right of access to court records,'" which "reflects the fact that 'public confidence in our judicial system cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view.'" *Vantage Health*, 913 F.3d at 450 (brackets omitted) (first quoting *Van Waeyenberghe*, 990 F.2d at 849; and then quoting *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010)).  And because it is "'loath to second guess' a decision not to seal documents," the Fifth Circuit reviews a "district court's unsealing order for abuse of discretion." *N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare*, 781 F.3d 182, 203–04 (5th Cir. 2015) (quoting *Macias v. Aaron Rents, Inc.*, 288 F. App'x 913, 915 (5th Cir. 2008)).

Upon further review, the Court sees no reason for the material in question to remain under seal (*see* Dkt. #116).  The Court does not find "any kind of privilege or confidentiality" to shield the material from public disclosure (Dkt. #110 at p. 1).  Moreover, any sensitive information that might otherwise implicate a third party outside the scope of the instant action has already been excluded or redacted from the sealed material (Dkt. #100 at pp. 1–2).  Considering that the

preservation of "public access to judicial records is the duty and responsibility of the Judicial Branch," *Binh Hoa Le*, 990 F.3d at 417 (internal quotation marks omitted) (quoting *In re Leopold to Unseal Certain Elec. Surveillance Application & Orders*, 964 F.3d 1121, 1123 (D.C. Cir. 2020)), the Court concludes that Dkt. #116 should be unsealed.

To fulfill its balancing responsibility, however, the Court must also consider any interests favoring nondisclosure. *See Bradley*, 954 F.3d at 225. Upon further review, the Court cannot identify any legally relevant interests favoring nondisclosure at this time. Nevertheless, to ensure this inquiry is thorough and deliberate, the Court will allow seven (7) days for filings explaining why Dkt. #116 should remain sealed. Filings should (1) identify with particularity the information within Dkt. #116 that requires continued nondisclosure, and (2) explain why any interest favoring nondisclosure outweighs the public's common-law right of access. If any filings are made, the Court will consider them before rendering a decision on the letter motion. If nothing is filed to this effect, the Court will order Dkt. #116 to be unsealed.

**IT IS SO ORDERED.**

**SIGNED this 20th day of April, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE