IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Damonie Earl, Linda Rugg, Alesa Beck, Timothy Blakey, Jr., Stephanie Blakey, Marisa Thompson, Muhammad Muddasir Khan, Elizabeth Cooper, John Rogers, and Valerie Mortz-Rogers, each individually and on behalf § of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>The Boeing Company, and Southwest Airlines Co.,<br><br>Defendants. | Civil Action No. 4:19-cv-00507-ALM |

## NOTICE TO UNSEAL FILINGS

Pierce Bainbridge LLP ("Pierce Bainbridge") respectfully submits this notice in support of unsealing the e*x parte* facsimile at Dkt. 116 (the "*Ex Parte* Submission"), *as well as* Pierce Bainbridge's Supplemental Response to Andrew Williamson's Notice and *Ex Parte* Submission (Dkt. 134) and Hecht Partners' Motion to Withdraw or Compel Cooperation (Dkt. 176).

On April 14, 2021, a reporter from *The Southeast Texas Record* ("STR") requested that the Court unseal these year-old filings (Dkt. 408), which have nothing to do with the merits of the underlying litigation. On April 20, 2021, the Court invited filings explaining why Dkt. 116 should remain sealed. Dkt. 410.

Pierce Bainbridge is not aware of any reason why Dkt. 116 should remain sealed. The filings relate to what this Court aptly described at a May 13, 2020 hearing as a "family dispute" among (i) Pierce Bainbridge, (ii) two of its former partners, Yavar Bathaee and Brian Dunne, who started a new law firm, Bathaee Dunne LLP, after leaving Pierce Bainbridge, and (iii) Hecht Partners LLP, another newly formed law firm comprised of former Pierce Bainbridge partners who, unlike Bathaee Dunne, continued to honor their contractual commitments to Pierce Bainbridge.

The genesis of the skirmish that is the subject of STR's request was the improper and *ultra vires* filing by Andrew Williamson, a former associate of Pierce Bainbridge, who attempted to withdraw Pierce Bainbridge's appearance in this litigation without partner authorization.

Pierce Bainbridge asserted blanket confidentiality over its communications with Williamson, leading him to file the *Ex Parte* Submission under seal, and Pierce Bainbridge moved to seal its response to Williamson's papers (Dkts. 133-134). The lawyers at Hecht Partners, who scrupulously honored their contractual obligations to Pierce Bainbridge, also filed a related set of papers styled as a Motion to Withdraw or Compel Cooperation as against Bathaee Dunne (Dkt. 176). If the Court unseals one, it should unseal all.

As the record would have remained sealed but for the request by *The Southeast Texas Record*, it is worth pausing to make two further points.

First, it appears that STR was fed this stale story by a former employee of Pierce Bainbridge who has been accused of sexually assaulting a former paralegal of the firm, as demonstrated by STR's reference to an unattributed posting on *Medium*. *See Kyle v. Lewis*, 1:20-cv-06142 (KPF) (S.D.N.Y.) (Am. Compl. attached hereto as Ex. A); *see also* Dkt. No. 408 (citing a *Medium* article as part of the basis for STR's request).

Second, Pierce Bainbridge, which was set up to take on significant plaintiff-side cases on a contingency fee basis, has invested many millions of dollars into this litigation on behalf of the plaintiffs. Indeed, a not insignificant portion of its investment into the case went to pay for the highly skilled labors of Messrs. Bathaee and Dunne before they left Pierce Bainbridge. Contingency fee arrangements may lead lawyers to have the occasional "family dispute," but such arrangements serve a broader public interest by enabling lawyers to represent clients against corporate titans like Boeing and Southwest. Such arrangements enable plaintiff-side lawyers to absorb the financial risk and cost of a litigation while enabling plaintiffs, like those here, to seek the justice they deserve.

Accordingly, Pierce Bainbridge fully supports unsealing Dkt. 116. However, to the extent that this Court unseals Dkt.116, Pierce Bainbridge also respectfully requests that the Court also unseal Dkts. 134 and 176, so that STR and any other reporter (or member of the public) has a complete and accurate view of the issues.

## LEGAL STANDARD

Courts presume that the public should have access to judicial records. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir. 1981); *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993); *Oldendorff Carriers GmbH & Co., KG v. Grand China Shipping (Hong Kong) Co.*, No. CA C-12-074, 2013 WL 1867604, at *4 (S.D. Tex. Apr. 22, 2013).

Under F.R.C.P. 5.2(d) the court may unseal a sealed filing or order the person who made the filing to file a redacted version for the public record.

## ARGUMENT

The *Ex Parte* Submission at issue contained only a subset of communications and factual allegations, that, if selectively released to the public, would not promote the public's interest in a "better perception of [the judicial system's] fairness." *Van Waeyenberghe*, 990 F.2d at 849–50. The public's interest in disclosure is only served if, in addition to the unsealing of Dkt. 116, the Court also orders the filing of public versions of Dkts. 134 and 176.

## CONCLUSION

The Court should unseal Dkts. 116, 134, and 176 to permit full access to all relevant records relating to the "family dispute" among the former Pierce Bainbridge attorneys.

Date: April 27, 2021

                                                Respectfully submitted,

                                                */s/John M. Pierce*
                                                John M. Pierce
                                                Pierce Bainbridge LLP
                                                355 S. Grand Ave. 44th Floor
                                                Los Angeles, CA 90071
                                                jpierce@piercebainbridge.com
                                                Tel: (213) 262-9333
                                                Fax: (213) 267-2008

## CERTIFICATE OF SERVICE

I certify that the above document was served on counsel of record for all parties on the above listed date via the ECF filing system.

*/s/John M. Pierce*
