UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| DAMONIE EARL, LINDA RUGG, ALESA BECK, TIMOTHY BLAKEY, JR., STEPHANIE BLAKEY, MARISA THOMPSON, MUHAMMAD MUDDASIR KHAN, JOHN ROGERS, VALERIE MORTZ-ROGERS, LAKESHA GOGGINS, JAMES LaMORTE, BRETT NOBLE, RUBEN CASTRO, FRITZ RINGLING, LITUAN LEWIS, and LANCE HOGUE, JR., each individually and on behalf of all others similarly situated,<br><br>        *Plaintiffs,*<br><br>        v.<br><br>THE BOEING COMPANY and SOUTHWEST AIRLINES CO.,<br><br>        *Defendants.* | Civil Action No. 4:19-cv-00507-ALM |

## NOTICE REGARDING UNSEALING FILINGS

Hecht Partners LLP ("Hecht Partners") respectfully submits this notice in response to the Court's April 20, 2021 order (Dkt. #411), which invited filings explaining why Dkt. #116, the *ex parte* facsimile from Andrew Williamson, former co-counsel on this case, should remain sealed, and Pierce Bainbridge's ("PB's") Notice (Dkt. #420).

At the outset, Hecht Partners agrees with PB that Dkt. #116, on its own, does not fairly present all of the arguments and supporting documents submitted to this Court and apparently of interest to the public. *See, e.g.*, Dkt. #134 (PB's Supplemental Response, filed under seal). All documents relating or responding to Mr. Williamson's submission (*e.g.*, Dkt. #134 and attachments) ought to be made available to the public. However, the sealed responsive filing at Dkt. #134 contains personal, medical information about counsel and their family members bouts

with COVID-19 (supporting counsel's argument that the motion to withdraw submitted by Williamson was filed during a tumultuous period) —***which should not be unsealed***. Rather, the Court should order PB to submit a redacted, public copy of Dkt. #134.

## I. LEGAL STANDARD

"Public access [to judicial records] serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *Oldendorff Carriers GmbH & Co., KG v. Grand China Shipping (Hong Kong) Co*., No. CA C-12-074, 2013 WL 1867604, at *4 (S.D. Tex. Apr. 22, 2013) (internal citations omitted).

## II. ARGUMENT

The Court's order was prompted by a media request to "unseal certain records filed" in the instant action (Dkt. #408), which the Court has construed as a letter motion to unseal. Dkt. #411. The Court recognized that it "must also consider any interests favoring nondisclosure." *Id*. The only reason *not* to unseal Dkt. #116 is if the entire related record is not made publicly available (*e.g*. Dkt #134).

The public's interest in being aware of the conduct of the attorneys practicing before the courts of the United States is a fundamentally important one. A complete record of that conduct, rather than a selective disclosure of partial details, is the appropriate method of promoting that interest. *See Accord Chrimar Sys., Inc. v. Alcatel-Lucent USA, Inc.*, 2016 WL 116759, at *1 (E.D. Tex. Jun. 22, 2016) ("[T]he disclosing party cannot waive privilege as to documents that support its position, but maintain privilege over documents that do not.").

Counsel's response to Mr. Williamson's *ex parte* facsimile (Dkt. #134), with accompanying declarations and exhibits, was filed under seal as a professional courtesy to Mr.

Williamson. As such, the public lacked access to that response (as well as sworn declarations from three other attorneys and a paralegal) refuting the allegations against undersigned counsel asserted in Mr. Williamson's public notice (Dkt. #100).[1] If Mr. Williamson's *ex parte* facsimile is unsealed, the public should also have access to counsel's response (however, given the personal, medical information contained in that filing, Dkt. #134 should not be unsealed outright). Accordingly, the Court should order the filing of a redacted, public version of that response (Dkt. #134) and accompanying materials.

In contrast to the professional courtesy extended to Mr. Williamson, Bathaee Dunne LLP ("BD") filed a belated public, redacted version (Dkt. #232) of an under-seal brief it had filed weeks earlier (Dkt. #106), after the sealed brief had already been posted and circulated on the internet (allegedly due to a filing error). *See* Dkt. #240. Indeed, this filing also "caught [the] attention" of the press (Dkt. #408), as BD left salacious portions of its brief unredacted which described that undersigned counsel allegedly "deceived" clients, and even attached unredacted portions of client deposition transcripts to its public filing. *Id*. Given the apparent interest in these allegations (*see* Dkt. #408), the public should have access to *all* related filings—which would include Hecht Partners' Motion to Withdraw or Compel Cooperation (Dkt. #176). That Motion details the circumstances by which Hecht Partners (operating as a then-successor-in-interest to a co-counsel agreement between PB and BD) were prevented from communicating with their clients, which apparently resulted in some clients erroneously feeling "deceived." Dkt. #176. The Motion addressed these issues, and attached relevant exhibits demonstrating that BD directed Hecht not to contact his own clients and then proceeded to communicate with them, including *about* Hecht,

---

[1]  Dkt. #100 was also cited by the reporter requesting to view the related *Ex Parte* Submission (Dkt. #408).

without including him; the exhibits also include deposition transcripts reflecting clients' sworn deposition testimony about these issues (*e.g.*, Plaintiff Damonie Earl's testimony that he stopped believing BD and Hecht were on the same team when he received an email from BD). Accordingly, Dkt. #176 should also be unsealed.

### III.  CONCLUSION

The Court should unseal Dkts. #116, #176, and order a redacted, public version of Dkt. #134 to be filed, to permit access *all* relevant records to the public.

Date: April 27, 2021

Respectfully submitted,

*/s/David L. Hecht*
David L. Hecht
Hecht Partners LLP
125 Park Avenue, 25th Floor
New York, NY 10017
E: dhecht@hechtpartners.com
Tel: (212) 851-6821

### CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service were served with a copy of this document through this Court's CM/ECF system and pursuant to the local rules on April 27, 2021.

*/s/David L. Hecht*
David L. Hecht
