UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Damonie Earl, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>The Boeing Company, et al.,<br><br>*Defendants*. | Case No. 4:19-CV-507-ALM |

**PLAINTIFFS' REPLY BRIEF ON ARTICLE III
STANDING FOR AMERICAN AIRLINES PURCHASER CLAIMS**

## ARGUMENT

On June 29, 2021, the Court requested briefing on the issue of whether the American Airlines plaintiffs' injury-in-fact—an overcharge on tickets for MAX 8 routes in the United States purchased during the class period—was constitutionally traceable to Boeing and Southwest's fraudulent scheme. (Dkt. 449.) On July 7, Plaintiffs filed their opening brief (Dkt. 453), which identified the leading Supreme Court cases on traceability, including the seminal *Simon* case[1] and the Supreme Court's most recent word on Article III traceability in *California v. Texas*[2] (*see* Dkt. 453 at 1-4); unpacked these cases and their progeny for use in the case at bar to specifically articulate "the question before this Court in regards to traceability for the American Airlines class" (*id.* at 4); and then ticked through the evidence of record at class certification—including expert analysis and the details of the American Airlines class definition—to assist the Court in evaluating whether constitutional traceability of the American Airlines plaintiffs' overcharge had been sufficiently established at this stage of the case to permit the Court to rule on the merits of the Rule 23 inquiry with respect to the American Airlines class (*id.* at 4-7). Ultimately, Plaintiffs' opening brief concluded that "although the causal nexus [for the American Airlines class] is not as tightly coupled between injury and fraudulent scheme as in the case of the Southwest Class," evidence from Plaintiffs' expert Professor Greg Allenby, including a specific Message (Message 2) in his conjoint study, "is sufficient to create a triable issue as to whether there is class-wide overcharge injury for the American Airlines class" fairly traceable to Defendants conduct. (*Id.* at 7.)

On July 14, Defendants filed a Joint Response Brief (Dkt. 455 ("Response").) Defendants' Response does not seriously dispute—nor could it—the legal standard set forth and applied by

---

[1] *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26 (1976).
[2] __ U.S. __, 141 S. Ct. 2104 (2021).

1

Plaintiffs in their opening brief. The *Simon* case and the *California v. Texas* case are leading, indisputably relevant Supreme Court cases on the issue of Article III traceability, and Plaintiffs' analysis of these cases is objective and fair. Defendants' Response disagrees as to whether these cases actually support traceability for the American Airlines class, but the Response does not seriously contend that Plaintiffs offered the wrong legal standard to this Court. Plaintiffs' opening brief also identified multiple recent Fifth Circuit cases relying on *Simon* for traceability analysis—including *Legacy Cmty. Health Servs., Inc. v. Smith*, 881 F.3d 358 (5th Cir. 2018), which found constitutional traceability to be satisfied under *Simon* (*see* Dkt. 453 at 2 n.1 & 7 (citing *Legacy Cmty. Health Servs.*; *NiGen Biotech v. Paxton*, 804 F.3d 389, 596-97 (5th Cir. 2015); and *Inclusive Communities Project, Inc. v. Dept. of Treasury*, 946 F.3d 649, 658-60 (5th Cir. 2019))). Plaintiffs' brief explained that *Legacy Cmty. Health Servs.* supports a finding of traceability for the American Airlines class based on Prof. Allenby's report and other evidence. (Dkt. 453 at 7.) Defendants simply ignore all these cases in their Response.

Instead, Defendants' Response raises three issues that are, at best, non-dispositive of Article III standing for the American Airlines class, and at worst, an unambiguous misrepresentation of the evidentiary record and of Plaintiffs' arguments in their opening brief (and at class certification). Regardless of how Defendants' arguments are sliced, they do not contradict the analysis or conclusion in Plaintiffs' opening brief: there is, at this point, sufficient evidence of constitutional traceability for the American Airlines plaintiffs' overcharge to permit the Court to rule on the Rule 23 merits of the American Airlines class.

*First*, Defendants argue that "American Airlines Ticket Prices Depend on the Independent Decisions of Non-Party American Airlines—Not Boeing or Southwest." (Dkt. 455 at 5-9.) The first part of this argument, if taken alone, would be non-dispositive: the presence of a third party

2

does not *per se* destroy constitutional traceability, as the Supreme Court made clear (again) just a month ago:

> [W]here a causal relation between injury and challenged action depends upon the decision of an independent third party (here an individual's decision to enroll in, say, Medicaid), standing is not precluded, but it is ordinarily substantially more difficult to establish. . . . To satisfy that burden, the plaintiff must show at the least that third parties will likely react in predictable ways.

*California v. Texas*, 141 S. Ct. at 2117 (quotation marks and citations omitted).

But in fact, Defendants have not even credibly placed American Airlines in "a causal relation between injury [overcharge for tickets on MAX routes] and challenged action [Defendants' fraudulent scheme]." This is because the second part of Defendants' Section I gauntlet—"Not Boeing or Southwest"—is simply contrary to the evidence of record, including the analysis in Prof. Allenby's report. The American Airlines ticket prices for class members, during the class period, *did* depend on the actions of Boeing and Southwest; this was Prof. Allenby's specific analysis, as Plaintiffs pointed out in their opening brief. (*See* Dkt. 453 at 5-7.) The causal linkage between overcharge and fraudulent scheme is more attenuated than for the Southwest Airlines class, for multiple reasons set forth in the Plaintiffs' brief (*see id.*), but it does not follow—and in fact it is simply incorrect—that American Airlines price inflation on MAX 8 routes during the class period was not traceably "Depend[ent] on . . . Boeing or Southwest." Defendants' argument that 'American Airlines is here, so Boeing and Southwest cannot be' relies on a mutual exclusivity that does not exist—in fact or in Article III case law.

*Second*, Defendants argue that "Plaintiffs Have Not Met Their Burden of Showing Any Effect on Ticket Prices Resulting from Defendants' Alleged Conduct." (Dkt. 455 at 9-13.) This argument is largely a frontal challenge to material issues of fact raised by Prof. Allenby's analysis and other evidence of record at the class certification stage—and a legally insufficient one, based

3

on clear Fifth Circuit precedent. Defendants' arguments do not seriously challenge that significant evidence exists, in the record, in this case, that Defendants' fraudulent conspiracy caused the overcharge suffered by American Airlines class members; instead, Defendants argue that there is less than certainty, at this juncture, that Prof. Allenby's analysis and other evidence actually connects up the American Airline class's common overcharge with the Defendants' complained-of conduct. (*See, e.g.,* Dkt. 455 at 11-13 (citing Defendants' dueling expert to Prof. Allenby).) This is not a legally sufficient argument to defeat actual evidence of Article III traceability: "Traceability requires something more than conjecture . . . but less than certainty." *Env't Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*, 968 F.3d 357, 368 (5th Cir. 2020), *as revised* (Aug. 3, 2020) (quotation marks omitted). The Fifth Circuit "ha[s] described the showing as requiring evidence that the defendant's violations were of a type that causes or contributes to the kinds of injuries alleged by the plaintiffs." *Id.*; *see also Optimus Steel, LLC, v. U.S. Army Corps of Eng'rs*, 492 F. Supp. 3d 701, 716 (E.D. Tex. 2020). A measurable demand differential resulting from defendants' systematic, fraudulent statements and omissions is certainly such a type of cause—whether or not other price influences may be present. (*See* Dkt. 453 at 4-7.)

*Third*, Defendants argue that "The Proposed AA Class Definition Does Not Cure Plaintiffs' Invalid Theory and Lack of Evidence of Traceability." (Dkt. 455 at 13-15.) Setting aside the argumentativeness of this section's heading, the section's actual content is objectively wrong. Defendants argue that there is no difference between the American Airlines and Southwest Airlines classes (*id.* at 14), but that is demonstrably incorrect: as Plaintiffs have repeatedly explained (including in their opening brief) Southwest Airlines and American Airlines have different fleet models. Southwest Airlines bases its entire business model around fleetwide interchangeability and interoperability, such that any Southwest ticket during the class period could have been

4

serviced by a MAX 8; that was not the case for American Airlines. The respective class definitions are worded such that the classes *are different based on differences between the airlines*—among other things, such that the American Airlines class is expressly limited to the subset of United States routes on which American Airlines flew MAX 8s during the class period.

The fact that Defendants criticize as "identical . . . except for the airline names" a carefully-delineated class definition that *expressly distinguishes* American Airlines class boundaries from Southwest Airlines class boundaries *when it is applied* to the significantly different respective business models of the two airlines, rather than engaging with the actual facts and arguments set forth in Plaintiffs' opening brief (and in the Allenby reports), is endemic to the analysis throughout Defendants' Response. Unlike Plaintiffs, who took pains to objectively and accurately frame the facts and law so that the Court could properly and rigorously evaluate Article III standing for the American Airlines class, Defendants have once again resorted to caricatures—of the facts, and of the law. Under the actual facts and law of the American Airlines traceability inquiry—set forth here and in Plaintiffs' opening brief—the question is close, but Fifth Circuit and Supreme Court precedent permit the finding that the American Airlines class members' overcharge is constitutionally traceable to the Defendants' fraudulent scheme at this stage of proceedings.

## CONCLUSION

Members of the American Airlines purchaser class have standing to sue under Article III of the United States Constitution.

| | |
|---|---|
| Dated: July 19, 2021 | Respectfully submitted, |
| | |
| John Jeffrey Eichmann (CA 227472)<br>jeff@dovel.com<br>Gregory S. Dovel (CA 135387)<br>greg@dovel.com<br>Simon Franzini (CA 287631)<br>simon@dovel.com<br>Julien A. Adams (CA 156135)<br>julien@dovel.com<br>Jonas Jacobson (CA 269912)<br>jonas@dovel.com<br>Christin Cho (CA 238173)<br>christin@dovel.com<br>Rick Lyon (CA 229288)<br>rick@dovel.com<br>**DOVEL & LUNER, LLP**<br>201 Santa Monica Blvd., Suite 600<br>Santa Monica, CA 90401<br>Tel: (310) 656-7066<br><br>*Attorneys for Plaintiffs*<br><br>Elizabeth L. DeRieux (TX 05770585)<br>ederieux@capshawlaw.com<br>S. Calvin Capshaw (TX 03783900)<br>ccapshaw@capshawlaw.com<br>**CAPSHAW DERIEUX LLP**<br>114 E. Commerce<br>Gladewater, Texas 75647<br>Tel: (903) 236-9800<br>Fax: (903) 236-8787<br><br>*Attorneys for Plaintiffs* | /s/ Brian J. Dunne<br>Yavar Bathaee (NY 4703443) (Lead Counsel)<br>yavar@bathaeedunne.com<br>Brian J. Dunne (CA 275689)<br>bdunne@bathaeedunne.com<br>Edward M. Grauman (TX 24081931)<br>egrauman@bathaeedunne.com<br>Andrew Wolinsky (NY 4892196)<br>awolinsky@bathaeedunne.com<br>**BATHAEE DUNNE LLP**<br>445 Park Avenue, 9th Floor<br>New York, NY 10022<br>Tel: (332) 205-7668<br><br>*Attorneys for Plaintiffs* |

6

## Certificate of Service

      I certify that the above document was served on counsel of record for all parties on the above listed date via the ECF filing system.

*/s/ Brian J. Dunne*