# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DAMONIE EARL, ET AL., | § | |
| | § | |
| *Plaintiffs*, | § | Civil Action No.  4:19-cv-507 |
| | § | Judge Mazzant |
| v. | § | |
| | § | |
| THE BOEING COMPANY, ET AL., | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendants' Motion to Compel Production of Documents (Dkt. #184).  After considering the Motion, the relevant pleadings, and the arguments of counsel, the Court concludes that the Motion should be denied.

## BACKGROUND

This case arises out of allegations made by Plaintiffs that Defendants The Boeing Company ("Boeing") and Southwest Airlines Co. ("Southwest") colluded to cover up fatal defects in Boeing's 737 MAX 8 aircraft and encourage public confidence to fly aboard these aircrafts while aware of the defects (Dkt. #165).  Defendants deny these allegations (Dkts. #191–92).

On October 16, 2020, Defendants filed their Motion to Compel Production of Documents (Dkt. #184), currently before the Court.  On October 30, 2020, Plaintiffs filed their response (Dkt. #206).  On November 9, 2020, Defendants filed their reply (Dkt. #224).  On November 17, 2020, Plaintiffs filed their sur-reply (Dkt. #233).  And on December 8, 2020, the Court heard oral argument on the Motion (Dkt. #269).[1]

---

[1] Hecht Partners LLP ("HP"), which formerly represented various named plaintiffs in this action, filed a response in opposition to the Motion (*see* Dkt. #196).  The Court does not list the filing here because HP no longer had affiliated

**LEGAL STANDARD**

Together with pretrial procedures, the tools of discovery serve to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958).  Discovery conducted in a manner that identifies and narrows the relevant factual considerations is "of the utmost importance" in "our justice system" to "promot[e] . . . efficiency . . . and demonstrate[] a respect to the sacrifice a call to service imposes on a summoned jury." *Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17-CV-00456-JRG, 2018 WL 4620634, at *3 (E.D. Tex. Apr. 27, 2018).  The Federal Rules of Civil Procedure govern discovery, operating to streamline the interparty exchange of information.  The Rules are "liberally construed to encourage full and fair disclosure of the facts," *Gen. Elec. Co. v. Mitsubishi Heavy Indus., Ltd.*, No. 3:10-CV-276-F, 2011 WL 13202145, at *3 (N.D. Tex. Sept. 14, 2011), *report and recommendation adopted in part*, 2011 WL 13201877 (N.D. Tex. Dec. 21, 2011), and a presumption exists in favor of broad disclosure, *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005).

"Under Federal Rule of Civil Procedure 26(b), 'parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense or proportional to the needs of the case.'" *Miller v. Sam Houston State Univ.*, 986 F.3d 880, 891 (5th Cir. 2021) (cleaned up) (citation omitted).  Nonprivileged material is relevant when the request is reasonably calculated to lead to the discovery of admissible evidence.  FED. R. CIV. P. 26(b)(1); *Crosby v. La. Health & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011).  Per the Court's scheduling order, the parties must produce all "documents containing, information 'relevant to the claim or defense of any party'" as part of their initial disclosure (Dkt. #52 at p. 4).  Moreover, the Local Rules provide further

---

attorneys of record when its response was filed and the Court did not rely upon HP's response in this memorandum opinion and order.

guidance, instructing that information is "relevant to any party's claim or defense [if] . . . it includes information that would not support the disclosing parties' contentions; . . . [or] . . . it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense."  E.D. TEX. LOCAL RULE CV-26(d).  "It is well established that 'control of discovery is committed to the sound discretion of the trial court.'"  *Earl v. Boeing Co.*, No. 4:19-CV-507, 2021 WL 274435, at *1 (E.D. Tex. Jan. 27, 2021) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)); *see Ramirez v. Guadarrama*, 2 F.4th 506, 520 (5th Cir. 2021) (Willett, J., dissenting from denial of rehearing en banc) ("Rule 26 vests district courts with broad discretion in managing the factfinding process.").

On notice to other parties and all affected persons, a discovering party may "move for an order compelling disclosure or discovery."  FED. R. CIV. P. 37(a)(1); *see Crosswhite v. Lexington Ins. Co.*, 321 F. App'x 365, 368 (5th Cir. 2009) ("A party may move to compel production of materials that are within the scope of discovery and have been requested but not received.").  The moving party bears the burden to show that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence.  *Exp. Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006).  Once the moving party establishes that the materials requested fall within the scope of discovery, the burden shifts to the nonmovant to show "how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."  *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018).

Federal Rule of Civil Procedure 34 governs requests for the production of documents, electronically stored information, and tangible things.  This rule requires the nonmovant's responses to request for production to "either state that inspection and related activities will be

permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B).  "An objection [to the entire request] must state whether any responsive materials are being withheld on the basis of that objection."  FED. R. CIV. P. 34(b)(2)(C).  If there is an objection only to part of a Rule 34 request, the objection "must specify [which] part and permit inspection of the rest."  *Id.*

After responding to each request with specificity, the attorney must sign their request, response, or objection and certify that it is complete and correct to the best of the attorney's knowledge and that any objection is consistent with the Rules and warranted by existing law or a non-frivolous argument for changing the law.  FED. R. CIV. P. 26(g).  This rule "simply requires that the attorney make a reasonable inquiry into the factual basis of his response, request, or objection." FED. R. CIV. P. 26(g) advisory committee's note to 1983 amendment.

Moreover, even though Rule 26(b)(1) includes only "nonprivileged matter" within the proper scope of discovery, "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged," the party must "expressly make the claim" and "describe the nature of the documents, communications, or tangible things not produced or disclosed," doing so "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  FED. R. CIV. P. 26(b)(5)(A).  The party asserting a privilege "bears the burden of demonstrating its applicability."  *In re Santa Fe Intern. Corp.*, 272 F.3d 705, 710 (5th Cir. 2001).

## ANALYSIS

In the Motion, Defendants request that Plaintiffs produce three sets of materials: (1) relevant documents of Plaintiff Muhammad Khan ("Khan"); (2) law-firm financial statements and litigation-funder agreements for the law firms representing Plaintiffs; and (3) exhibits cited in a

motion related to the law firms representing Plaintiffs in this action (Dkt. #184 at p. 5).  The Court finds these arguments unpersuasive.

First, Defendants argue that Khan's relevant documents should be produced since he is a named plaintiff in the action (Dkt. #184 at pp. 6–7; Dkt. #224 at pp. 4–7).  Plaintiffs respond that Khan "has not responded to numerous attempts by Plaintiffs' counsel to communicate," making him "functionally equivalent to [an] absent class member[]" (Dkt. #206 at p. 3).  Though still listed as a named plaintiff in the operative complaint, if the class is certified, Khan would not be named a class representative.  *See* FED. R. CIV. P. 23(a)(4), (c)(1)(B).  As such, the Court agrees with Plaintiffs here—Khan, through his actions, has effectively converted himself from a named plaintiff to an absent class member.  *See Ryan v. Flowserve Corp.*, No. CIV.A. 3:03-CV-1769-B, 2007 WL 924019, at *2 (N.D. Tex. Mar. 26, 2007).  By declining to continue holding himself out as a putative class representative, upon certification, Khan would be "on equal footing with all other non-representative class members" as an absent class member.  *In re Carbon Dioxide Indus. Antitrust Litig.*, 155 F.R.D. 209, 211 (M.D. Fla. 1993).  Khan, like the other absent class members, is "not required to do anything.  He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection."  *Phillips Petrol. Co. v. Shutts*, 472 U.S. 797, 810 (1985).  Were Defendants permitted to conduct "discovery of . . . named plaintiffs who were not class representatives," the Court, in effect, would be condoning "the functional equivalent of permitting discovery of absent class members," thereby nullifying the efficiency inherent in class-action litigation.   3 WILLIAM B. RUBENSTEIN, NEWBERG ON CLASS ACTION § 9:12 (5th ed.) (emphasis omitted); *see Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 69 (S.D.N.Y. 2020) ("Extensive discovery of putative class members could undercut those

efficiency gains by implementing the very individualized approach that class actions are intended to avoid.").  Therefore, the Court denies Defendants' request for production related to Khan.

Next, Defendants maintain that the law firms representing Plaintiffs should turn over various financial documents related to the instant litigation so the representation of Plaintiffs' counsel may be examined for adequacy (Dkt. #184 at pp. 7–13; Dkt. #224 at pp. 7–8).  Plaintiffs counter that there are "no grounds to grant Defendants' highly unusual and intrusive request" (Dkt. #206 at p. 4).  For one thing, because HP is no longer counsel of record in this action, any request for production relevant to the firm is now moot (*see* Dkt. #204).  And as for the argument regarding Bathaee Dunne LLP ("BD") and Dovel & Luner, LLP ("DL"), the impression given by Defendants is that these Plaintiffs' firms have guarded relevant financial information and refuse to turn it over. But such is not the case—BD and DL already disclosed the absence of "any litigation funding arrangements" as well as "their engagement agreements with Plaintiffs and their co-counseling agreements with each other" (Dkt. #206 at p. 4).  Furthermore, Defendants fail to cite "a single case in which putative class counsel has been required to turn over sensitive internal financial information" (Dkt. #269 at p. 92:10–12).  Taking this information together with the clear and sizable exertion of time and effort by both BD and DL on Plaintiffs' behalf, the Court finds Defendants' request disproportionate and overly burdensome.

Finally, Defendants request that Plaintiffs produce certain "withheld" exhibits cited in a motion HP filed (Dkt. #184 at pp. 14–17; Dkt. #224 at p. 8).  But the Court has already ruled on that motion (*see* Dkt. #204), which moots this final matter.

## CONCLUSION

It is therefore **ORDERED** that is Defendants' Motion to Compel Production of Documents (Dkt. #184) is **DENIED**.

**SIGNED this 2nd day of August, 2021.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE