# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| DAMONIE EARL, LINDA RUGG, ALESA BECK, TIMOTHY BLAKEY, JR., STEPHANIE BLAKEY, MARISA THOMPSON, MUHAMMAD MUDDASIR KHAN, JOHN ROGERS, VALERIE MORTZ-ROGERS, JAMES LAMORTE, BRETT NOBLE, RUBEN CASTRO, FRITZ RINGLING, LITAUN LEWIS, and LANCE HOGUE, JR., each individually and on behalf of all others similarly situated, <br><br>*Plaintiffs,* <br><br>v. <br><br>THE BOEING COMPANY and SOUTHWEST AIRLINES CO., <br><br>*Defendants*. | § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 4:19-cv-00507 |

**DEFENDANTS' MOTION TO STAY PENDING INTERLOCUTORY APPEAL**

## **TABLE OF CONTENTS**

|  | Page |
|---|---|
| INTRODUCTION | 1 |
| ARGUMENT | 3 |
|    I. Defendants' appeals present at least a substantial case on the merits | 4 |
|    II. Defendants face irreparable harm without a stay pending appeal | 7 |
|    III. A stay will not substantially prejudice Plaintiffs | 11 |
|    IV. The public interest favors a stay | 11 |
| CONCLUSION | 12 |

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Brown v. Wal-Mart Stores*,
   2012 WL 5818300 (N.D. Cal. Nov. 15, 2012) ..................................................................9

*Campaign for S. Equal. v. Bryant*,
   773 F.3d 55 (5th Cir. 2014) ..............................................................................................3

*Cole v. General Motors Corp.*,
   484 F.3d 717 (5th Cir. 2007) ............................................................................................4

*Cruson v. Jackson Nat'l Life Ins. Co.*,
   2018 WL 2937471 (E.D. Tex. June 12, 2018)........................................................ passim

*In re Deepwater Horizon*,
   732 F.3d 326 (5th Cir. 2013) .........................................................................................3, 6

*In re Deepwater Horizon*,
   739 F.3d 790 (5th Cir. 2014) ............................................................................................6

*Flecha v. Medicredit, Inc.*,
   946 F.3d 762 (5th Cir. 2020) ............................................................................................5

*Kohen v. Pac. Inv. Mgmt. Co.*,
   571 F.3d 672 (7th Cir. 2009) ............................................................................................6

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936).........................................................................................................3

*Nieberding v. Barrette Outdoor Living, Inc.*,
   2014 WL 5817323 (D. Kan. Nov. 10, 2014) ..................................................................11

*Pena v. Taylor Farms Pac., Inc.*,
   2015 WL 5103157 (E.D. Cal. Aug. 31, 2015)...............................................................7, 9

*Reyes v. Educ. Credit Mgmt. Corp.*,
   2018 WL 1316129 (S.D. Cal. Mar. 13, 2018) ................................................................11

*Risinger v. SOC LLC*,
   2015 WL 7573191 (D. Nev. Nov. 24, 2015) ...................................................................9

*Rivera v. Wyeth-Ayerst Labs.*,
   283 F.3d 315 (5th Cir. 2002) ............................................................................................4

*Ruiz v. Estelle*,
   650 F.2d 555 (5th Cir. 1981) ............................................................................................3

*Vine v. PLS Fin. Servs., Inc.*,
    2019 WL 4257108 (E.D. Tex. Sept. 9, 2019) ............................................................................9

*Weingarten Realty Inv'rs v. Miller*,
    661 F.3d 904 (5th Cir. 2011) ...................................................................................................3

*Willcox v. Lloyds TSB Bank, PLC*,
    2016 WL 917893 (D. Haw. Mar. 7, 2016) ...............................................................................9

# INTRODUCTION

This Court certified classes of hundreds of millions of purchasers and reimbursers for tickets on Southwest and American Airlines seeking billions in trebled damages. Dkt. 470 at 82-83 (Sept. 3, 2021) ("Order"). Defendants timely filed petitions for permission to appeal that class certification order under Federal Rule of Civil Procedure 23(f) on September 17, 2021. The Fifth Circuit granted those petitions three days after Plaintiffs filed their answers opposing 23(f) review. *See* No. 21-40720 (Sept. 30, 2021). The day after the Fifth Circuit granted the petitions, Plaintiffs served improper interrogatories on Defendants and a burdensome document subpoena on non-party American Airlines. Exs. 1-3. Defendants now request that the Court stay further proceedings because all four recognized stay factors support pausing this litigation pending appeal. *See, e.g.*, *Cruson v. Jackson Nat'l Life Ins. Co.*, 2018 WL 2937471 (E.D. Tex. June 12, 2018) (Mazzant, J.) (granting a stay pending resolution of a Rule 23(f) appeal).

*Likelihood of success*. First, as this Court stated in *Cruson*, a stay is appropriate when the appeal presents a "substantial case on the merits." *Id.* at *2. This Court's grant of class certification turned on multiple serious legal questions over which circuits are split and which the Fifth Circuit has not yet decided, such as whether Plaintiffs must proffer evidence (as opposed to simply relying on their pleading allegations) to establish standing at the class certification stage, whether the Court must consider standing of absent class members at this stage, the level of demonstrable workability for class member identification, and the test for proximate causation under RICO. Order at 13-19, 34-35, 55. As in *Cruson*, the unsettled nature of those serious legal issues and the arguments presented by Defendants on those issues confirm that there is at least a substantial case on the merits, if not a likelihood of success. Indeed, the Fifth Circuit's prompt

grant of the petitions reinforces that Defendants have presented a substantial case on the merits, and that a stay is even more appropriate here than in *Cruson*.

*Irreparable harm to Defendants*. Second, as *Cruson* explained, "the cost of pretrial litigation and discovery for defending a class action lawsuit with numerous plaintiffs can amount to irreparable hardship." 2018 WL 2937471 at *5. Here, Defendants will be irreparably harmed without a stay because they have no mechanism to recoup the enormous pretrial costs flowing from classes that include millions of plaintiffs and require a large volume of discovery in this case. There is no doubt that Plaintiffs intend to keep pursuing discovery pending the appeal. Indeed, *one day* after the Fifth Circuit granted the petitions, Plaintiffs served cumbersome, open-ended interrogatories on Defendants and served non-party American Airlines with a demand to produce the personal identifying information for millions of their passengers and purchasers. And just today, Plaintiffs noticed three more depositions for the former CEO of Boeing and two former Boeing employees (despite having disclaimed any intent to pursue additional depositions during the appeal). Boeing understands that Plaintiffs served a subpoena dated the day after the Fifth Circuit granted Defendants' petitions at the former Boeing CEO's home—even though Plaintiffs have long been aware that he is represented by counsel and have not raised the possibility of seeking his deposition for more than seven months. Plaintiffs have also proposed a "limited stay," but their proposal would permit extensive party and non-party discovery and motions practice to proceed while Defendants' appeals remain pending. Rather than cure irreparable harm to Defendants, Plaintiffs' proposal guarantees it.

*No substantial harm to Plaintiffs*. Third, Plaintiffs will suffer no prejudice from a stay. Plaintiffs "will shoulder no pretrial litigation costs if the case is stayed during the pendency of the appeal." *Id.* And to the extent the schedule needs to be amended to reduce any perceived prejudice

to Plaintiffs (e.g., expert deadlines) that might result from a stay, Defendants are willing to amend the schedule.

*The public interest.* Fourth, because Defendants have "shown a serious legal question on appeal"—in fact, several—there is "reason to invoke the general public policy of preserving judicial resources from the risk of reversal." *Id.* (quoting *Weingarten Realty Inv'rs v. Miller*, 661 F.3d 904, 913 (5th Cir. 2011)).

It is thus appropriate to stay further proceedings, for the same reasons as in *Cruson*, until the Fifth Circuit resolves Defendants' Rule 23(f) appeals.

## ARGUMENT

This Court has the inherent "power to stay proceedings" on its docket, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), and appropriately exercises that power while an appeal under Rule 23(f) is pending. *Cruson*, 2018 WL 2937471, at *2. Four criteria guide the decision of whether to grant a stay pending appellate review: (1) the likelihood of appellate success, (2) irreparable harm to Defendants absent a stay, (3) any substantial harm to others from the stay, and (4) the public interest. *Id.*; *accord In re Deepwater Horizon*, 732 F.3d 326, 345 n.13 (5th Cir. 2013).

Courts do not apply these factors "in a rigid or mechanical fashion," *Campaign for S. Equal. v. Bryant*, 773 F.3d 55, 57 (5th Cir. 2014), and a movant need not satisfy all four prongs of this test. As *Cruson* explained, "[t]he Fifth Circuit has stated that 'the movant need not always show a probability of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of equities [i.e., the last three factors] weighs heavily in favor of granting the stay.'" 2018 WL 2937471, at *3 (citing *Ruiz v. Estelle*, 650 F.2d 555, 565–66 (5th Cir. 1981)). A party can present that "substantial case on the merits" by showing "there is a lack of precedent to clarify the issues at

bar." *Cruson*, 2018 WL 2937471, at *4.

I.  **Defendants' appeals present at least a substantial case on the merits.**

At a minimum, Defendants present a substantial case on the merits, which the Fifth Circuit confirmed by promptly granting their Rule 23(f) petitions. Throughout this case, the parties have hotly contested the issues of Article III standing, ascertainability, and predominance (for both liability and damages). This Court rendered holdings on those issues in its orders on Defendants' motions to dismiss and Plaintiffs' motion for class certification. Dkt. 56 at 7-18 (Feb. 14, 2020); Order at 82-83. In doing so, the Court itself acknowledged that there was "a lack of precedent to clarify the issues at bar" on certain key holdings. *Cruson*, 2018 WL 2937471, at *4; *see* Order at 13, 15, 35, 55.

*Article III standing.* Article III standing has been contested in this case from the beginning. Dkt. 19 at 10-14 (Sept. 13, 2019); Dkt. 21 at 6-8 (Sept. 13, 2019). In a 26-page opinion, this Court granted Defendants' motions to dismiss in part and denied them in part. The Court interpreted two Fifth Circuit precedents—*Rivera* and *Cole*—as rejecting Article III standing for Plaintiffs' "full refund" theory of harm, but allowing standing for their partial refund theory of "overcharge" harm. Dkt. 56 at 7-18; *see also Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 319 (5th Cir. 2002); *Cole v. Gen. Motors Corp.*, 484 F.3d 717, 723 (5th Cir. 2007). At class certification, Defendants preserved their original standing challenges and also challenged the proposed absent class members, most of whom were not scheduled to fly and did not fly on the allegedly defective MAX 8. Dkt. 302 at 3-4 (Feb. 15, 2021); Dkt. 303 at 6-9 (Feb. 15, 2021).

Defendants respectfully assert that they are likely to succeed on appeal because Plaintiffs

lack a cognizable Article III injury.[1]  Moreover, the Court's certification order presents two other serious questions for which, as the Court noted, there is a lack of binding authority or a split among courts: (1) the evidentiary burden (i.e., pleadings or evidence) Plaintiffs must satisfy to show Article III standing at the class certification stage, *see* Order at 13; and (2) whether standing for absent class members must be established at this stage, *see id.* at 15.

As to the evidentiary burden, the Court noted both an absence of Supreme Court authority and a split among other courts: "The standard at class certification, however, inhabits a twilight zone because the Supreme Court has not made clear whether anything additional [beyond the pleadings] is needed to demonstrate standing at this stage.  Courts are split on the applicable evidentiary burden at the class-certification stage." *Id.* at 13–14 (citations omitted).  The Court then analyzed standing under a pleading standard.  *See id.* at 14–15.  Given the split in authority, there is a substantial case on the merits as to this issue, *Cruson*, 2018 WL 2937471, at *4, and Defendants contend that under either standard (and certainly under an evidence-based standard) no Article III standing exists.

As to absent class member standing, the Court's class certification order recognized that whether absent class member standing must be determined at class certification is an issue that "'[t]he Fifth Circuit has not yet decided.'"  Order at 15 (quoting *Flecha v. Medicredit, Inc.*, 946 F.3d 762, 768 (5th Cir. 2020)).  And it observed that "even the Supreme Court has highlighted the inconsistency in this area." *Id.* at 15.  The Court addressed that open question by holding that "the standing of the named plaintiffs, and not that of the absent class members, is implicated at class certification." *Id.* at 18.  Thus, "the Court d[id] not consider Defendants' concerns regarding the

---

[1] Because the Court is familiar with Defendants' standing arguments, they do not repeat those arguments here and instead focus on additional issues on which Defendants have presented at least a "substantial case on the merits."

absent class members' standing at this juncture." *Id*.

The answer to that standing question greatly affects not only the value of this case, but the ability to certify any class. As this Court has stated, this action is a "quintessential negative-value suit." *Id.* at 81. The difference between the value of the named Plaintiffs' claims, ostensibly measured in thousands of dollars, and the value of the class claims, measured in billions of dollars, is huge. If the Fifth Circuit rules that courts must address absent class members' standing at class certification, *see, e.g.*, *Flecha*, 946 F.3d at 770 (Oldham, J., concurring), that would likely preclude certifying the classes at all, and in all events would dramatically limit the scope of classes that have been certified and the value of the case. Importantly, the Fifth Circuit is likely to reverse the class certification order if it adopts either the position that a class must be "defined in such a way that *anyone* within it would have standing," *In re Deepwater Horizon*, 732 F.3d at 342 (opinion of Clement, J.) (internal quotation marks omitted); *see also Flecha*, 946 F.3d at 770 (Oldham, J., concurring), or the alternate position that a class is not certifiable "if it is *apparent* that it contains a great many persons who have suffered no injury at the hands of the defendants," *In re Deepwater Horizon*, 739 F.3d 790, 826 (5th Cir. 2014) (Garza, J., dissenting); *see also Kohen v. Pac. Inv. Mgmt. Co.*, 571 F.3d 672, 677 (7th Cir. 2009). Given "the novelty of this matter and significant lack of precedent," as in *Cruson*, Defendants have a substantial case on the merits. 2018 WL 2937471, at *3-4.

In sum there are significant standing questions—whether *Rivera* or *Cole* is the governing Fifth Circuit precedent for the theories of injury in this case, the evidentiary burden needed to establish standing, and standing for absent class members—that greatly affect whether any class can be certified, and if so, what its scope should be. These serious legal questions—two of which this Court has found lack governing precedent—show that Defendants have at least a substantial

case on the merits on Article III standing. *Cruson*, 2018 WL 2937471, at *3-4.

*Ascertainability*. The Court also noted a lack of settled law in holding that the ascertainability requirement does not defeat class certification. Order at 35. Among other contested ascertainability issues, the Court recognized that circuits are split on "the level of demonstrable workability" required for class member identification. *Id.* The Court did not cite any controlling Fifth Circuit decisions resolving that split. But if the Fifth Circuit agrees with the circuits "prescribing the level of demonstrable workability Defendants urge," *id.*, that too would require reversal of class certification. The "lack of precedent to clarify the issues at bar" thus confirms that Defendants have a substantial case on the merits for ascertainability. *Cruson*, 2018 WL 2937471, at *4.

*Predominance*. The Court also noted a lack of precedent on the predominance holding. For example, the Court stated that "[t]he Fifth Circuit has not settled on a definitive test for proximate causation under RICO." Order at 55. So an opinion adopting Defendants' arguments on the proper test for RICO causation, *see* Dkt. 302 at 24-34 (Feb. 15, 2021); Dkt. 303 at 12-23 (Feb. 15, 2021), would remove another foundation of the analysis on which the Court's grant of class certification relied.

For all these reasons, Defendants at a minimum have raised a substantial case on the merits that the Fifth Circuit will consider in the appeal from this now multi-billion dollar class action.

## II. Defendants face irreparable harm without a stay pending appeal.

Absent a stay, Defendants will suffer irreparable harm in defending this class action because of the enormous yet noncompensable expense of pretrial litigation. "[This] Court recognizes that pretrial litigation and discovery for defending a class action lawsuit can constitute irreparable harm." *Cruson*, 2018 WL 2937471, at *5; *see also Pena v. Taylor Farms Pac., Inc.*, 2015 WL 5103157, at *4 (E.D. Cal. Aug. 31, 2015) ("substantial, unrecoverable, and wasteful

- 7 -

discovery costs" even just during the pendency of a Rule 23(f) petition constitute irreparable harm). That concern is especially true for large classes. *See Cruson*, 2018 WL 2937471, at *5 ("Courts have recognized that the cost of pretrial litigation and discovery for defending a class action lawsuit with numerous plaintiffs can amount to irreparable hardship."); *id.* ("[T]he Court appreciates the pretrial burdens that accompany a large class of plaintiffs.").[2]

Defendants have each already spent millions in defense costs in this matter. Those costs include the expense of reviewing and producing millions of pages of documents as well as preparing for fact and expert depositions. Those nonrecoverable costs will continue to grow without a stay. In fact, just one day after the Fifth Circuit granted the Rule 23(f) petitions, Plaintiffs served interrogatories on Defendants seeking "the complete legal and factual basis" for Defendants' views on liability and damages, as well as details on "each instance" in which Boeing or Southwest made any statement "to the public or to the press concerning the design, development, production, testing, certification, sale, introduction, crashes, investigations into, grounding, or redesign of the MAX 8." Exs. 1-2. Plaintiffs also demanded that Southwest (as well as non-party American Airlines) identify "each individual or entity (and their respective contact information)" that "purchased, reserved, booked, traveled on (or was identified as a passenger for)" class flights. Exs. 2-3. According to Plaintiffs' expert, that requires producing personal information associated with more than 200,000,000 flight segments. Dkt. 303-2 at 13, 17 (Feb. 15, 2021).

The enormous size of the certified classes exacerbates that irreparable harm to Defendants. That is because the "size of the class determines the stakes of this case" and "change[s] everything

---

[2] In *Cruson*, this Court granted a stay pending appeal even without the need to find that the harm from discovery and pretrial litigation "reache[d] an irreparable level"—and that was before the Fifth Circuit had even granted permission to appeal in that case. 2018 WL 2937471, at *5.

from trial strategy to settlement negotiations." *Willcox v. Lloyds TSB Bank, PLC*, No. CV 13-00508, 2016 WL 917893, at *6 (D. Haw. Mar. 7, 2016) (granting stay). As this Court reasoned, discovery for "a class numbering 'in the thousands or tens of thousands'" is "capable of causing irreparable harm," whereas a class of merely eighty borrowers likely is not. *Vine v. PLS Fin. Servs., Inc.*, 2019 WL 4257108, at *8 (E.D. Tex. Sept. 9, 2019) (Mazzant, J.) (quoting *Cruson*, 2018 WL 2937471, at *5); *see also Brown v. Wal-Mart Stores*, 2012 WL 5818300, at *4 (N.D. Cal. Nov. 15, 2012) ("The sheer size of the class [22,000 members] makes it likely that Defendant will incur significant discovery and other litigation expenses while its appeal to the Ninth Circuit is pending."); *Risinger v. SOC LLC*, 2015 WL 7573191, at *2 (D. Nev. Nov. 24, 2015) ("classes of this [4,000-member] size make the likelihood that a party will incur substantial—and potentially unnecessary—costs greater").

Here, Plaintiffs argue that there are "likely *millions* of members in each class" who purchased more than 192 million Southwest flight segments and 5 million American Airlines flight segments. Dkt. 274 at 23 (December 31, 2020) (emphasis added). Classes of millions are orders of magnitude larger than classes containing only "'thousands or tens of thousands'" in cases finding irreparable harm. *E.g.*, *Vine*, 2019 WL 4257108, at *8 (quoting *Cruson*, 2018 WL 2937471, at *5); *see also Brown*, 2012 WL 5818300, at *4 (22,000 members); *Risinger*, 2015 WL 7573191, at *2 (4,000 members); *Pena*, 2015 WL 5103157, at *5 ("several thousand" members). These unrecoverable costs for this exceptionally large class action should not be allowed to grow while the Fifth Circuit considers appeals that may well render all continued litigation unnecessary—i.e., via dismissal for lack of standing, *see Rivera*—or at least substantially change the scope and composition of the classes.

Plaintiffs stated that they do not oppose a so-called "limited stay" that would postpone some of their own significant pretrial expenses, such as depositions and opening merits expert reports. But Plaintiffs refused to consent to any stay of (1) interrogatories and requests for admissions; (2) document issues and production, including any motions under Rule 37 and any forensic review as necessary; (3) the substantial completion of document production and certification that Defendants have done so; (4) the production of all privilege logs; (5) third-party discovery with the exception of depositions; (6) pending orders and motions; and (7) any discovery sought or motion made for cause and with leave of the court. Ex. 4. That "limited stay" does not resolve the irreparable harm to Defendants. By serving extensive and burdensome discovery requests the day after the Fifth Circuit granted Defendants' petitions, Plaintiffs' conduct confirms that the additional discovery Plaintiffs have in mind will be substantial, and that the harm to Defendants will be irreparable.

In fact, as Defendants were finalizing this motion on October 5, Plaintiffs confirmed their intent to continue pursuing burdensome discovery by noticing depositions for former Boeing CEO Dennis Muilenburg and two former Boeing employees. Plaintiffs had told Defendants' counsel that they did not intend to pursue depositions during the pendency of the appeal, and even confirmed in response to Defendants' inquiry that they "are ok staying" third-party depositions. Ex. 4. And Plaintiffs had not raised even the prospect of seeking Mr. Muilenburg's deposition since February, at which time undersigned counsel notified Plaintiffs that Mr. Muilenburg is represented by counsel whom Plaintiffs should contact regarding any request to depose him. Yet Boeing understands that Plaintiffs without prior notice served that subpoena—dated the day after the Fifth Circuit granted Defendants' petitions—*at Mr. Muilenburg's home*. The additional discovery Plaintiffs contemplate—and have already initiated—is likely to generate voluminous

motions practice that will not only cause irreparable harm to Defendants, but waste the Court's time as well—particularly if the Fifth Circuit holds that no classes or only substantially reduced classes can be certified.

### III.   A stay will not substantially prejudice Plaintiffs.

As in *Cruson*, "Plaintiffs would suffer no substantial harm due to a stay." 2018 WL 2937471, at *5. Rule 23(f) appeals are generally "heard and decided in a timely manner." *Nieberding v. Barrette Outdoor Living, Inc.*, No. 12-2353-DDC-TJJ, 2014 WL 5817323, at *4 (D. Kan. Nov. 10, 2014). Indeed, a stay benefits both parties because Plaintiffs also "face the risk of potentially wasteful expenditure of resources if the proceedings are not stayed." *Reyes v. Educ. Credit Mgmt. Corp.*, 2018 WL 1316129, at *1 (S.D. Cal. Mar. 13, 2018).

In addition, to the extent that certain dates need to be revised under the existing case schedule—such as the merits expert report deadline that has already been delayed, *see* Fourth Amended Scheduling Order, Dkt. 469 (Sept. 3, 2021)—the schedule can easily be modified as necessary. Defendants are willing to agree to an extension of these deadlines to avoid the need for Plaintiffs to expend time and resources on fact and expert discovery during the Fifth Circuit's review. "Thus, any urgency or timeliness concerns Plaintiffs may have" would be "alleviated" by an appropriate scheduling order. *Cruson*, 2018 WL 2937471, at *5. And "Plaintiffs [would] shoulder no pretrial litigation costs if the case is stayed" under those circumstances. *Id.* So any minimal harm to Plaintiffs is far outweighed by the irreparable harm to Defendants of proceeding with discovery and motions practice that may be mooted imminently.

### IV.   The public interest favors a stay.

As in *Cruson*, the public interest in avoiding unnecessary litigation costs when there are "complex and important issues" presented in Rule 23(f) appeals also supports a stay here. *Id.* The jurisdictional and other issues in this case are as complex and important as were those in *Cruson*.

A stay serves "the public policy of efficient allocation of judicial resources" because Defendants have shown "serious legal question[s] on appeal." *Id.* Those reasons favor "invok[ing] the general public policy of preserving judicial resources from the risk of reversal," *id.*, especially because the Fifth Circuit has already granted Defendants permission to appeal.

## CONCLUSION

For these reasons, Defendants respectfully request that this Court stay all further proceedings pending resolution of Defendants' Rule 23(f) appeals.

Date:   October 5, 2021

Respectfully submitted,

**McGUIREWOODS LLP**

*/s/ Thomas M. Farrell*
Thomas M. Farrell
TX Bar No. 06839250
McGuireWoods LLP
JPMorgan Chase Tower
600 Travis Street
Suite 7500
Houston, TX 77002-2906
Tel: 713-353-6677
Fax: 832-214-9933
Email: tfarrell@mcguirewoods.com

Brian D. Schmalzbach (*pro hac vice*)
Jeremy S. Byrum (*pro hac vice*)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3406
Tel: 804-775-4746
Fax: 804-698-2304
Email: bschmalzbach@mcguirewoods.com
Email: jbyrum@mcguirewoods.com

Benjamin L. Hatch (*pro hac vice*)
McGuireWoods LLP
2001 K Street N.W.
Suite 400

Washington, DC 20006-1040
Tel: 757-640-3727
Fax: 757-640-3947
Email:   bhatch@mcguirewoods.com

Anne L. Doherty (*pro hac vice*)
McGuireWoods LLP
200 North Tryon Street
Suite 3000
Charlotte, NC 28202
Tel: 704-373-4633
Fax: 704-805-5014
Email: adoherty@mcguirewoods.com

***Attorneys for The Boeing Company***

**NORTON ROSE FULBRIGHT US LLP**

*/s/ Michael A. Swartzendruber*
Michael A. Swartzendruber (Lead Counsel)
State Bar No. 19557702
Jason K. Fagelman
State Bar No. 00796525
James V. Leito IV
State Bar No. 24054950
Philip A. Tarpley
State Bar No. 24098501
2200 Ross Ave., Suite 3600
Dallas, TX 75201
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
michael.swartzendruber@nortonrosefulbright.com
jason.fagelman@nortonrosefulbright.com
james.leito@nortonrosefulbright.com
philip.tarpley@nortonrosefulbright.com

Geraldine W. Young
State Bar No. 24084134
1301 McKinney St., Suite 5100
Houston, TX 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
geraldine.young@nortonrosefulbright.com

***Attorneys for Southwest Airlines Co.***

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for all Parties have complied with the meet and confer requirement in Local Rule CV-7(h), and counsel for Boeing (Thomas Farrell) and for Southwest (Michael Swartzendruber) met and conferred with counsel for Plaintiffs (Yavar Bathaee), in good faith by telephone on October 1, 2021, as confirmed by email on October 4, 2021, on all the issues raised in this motion.  I further certify that Plaintiffs are opposed to the requested stay of all further proceedings pending resolution of Defendants' Rule 23(f) appeals.  Plaintiffs stated that they "are amenable to a limited stay pending appeal, with the following exceptions:"

1. Interrogatories and RFAs.
2. Document preservation issues and production, including any motions under Rule 37 and any forensic review as necessary.
3. The substantial completion of document production and certification that Defendants have done so. Also, the production of all privilege logs.
4. Third-party discovery, with the exception of depositions (which we are ok staying).
5. Pending orders and motions.
6. Any discovery sought or motion made for cause and with leave of the court.

Ex. 4.

/s/ Thomas M. Farrell
Thomas M. Farrell

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2021, a true and correct copy of the above was served to counsel through the Eastern District of Texas's CM/ECF system.

/s/ Thomas M. Farrell
Thomas M. Farrell