# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DAMONIE EARL, LINDA RUGG, ALESA BECK, TIMOTHY BLAKEY, JR., STEPHANIE BLAKEY, MARISA THOMPSON, MUHAMMAD MUDDASIR KHAN, JOHN ROGERS, VALERIE MORTZ-ROGERS, JAMES LAMORTE, BRETT NOBLE, RUBEN CASTRO, FRITZ RINGLING, LITAUN LEWIS, and LANCE HOGUE, JR., each individually and on behalf of all others similarly situated, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| | § | Civil Action No. 4:19-cv-00507 |
| *Plaintiffs,* | §<br>§ | |
| v. | §<br>§ | |
| THE BOEING COMPANY and SOUTHWEST AIRLINES CO., | §<br>§<br>§ | |
| *Defendants.* | §<br>§<br>§ | |

## DEFENDANTS' MOTION FOR EXPEDITED BRIEFING
## ON THE MOTION TO STAY PENDING INTERLOCUTORY APPEAL

## **INTRODUCTION**

Pursuant to Local Rule CV-7(e), Defendants seek an order setting an expedited briefing schedule for Defendants' Motion to Stay Pending Interlocutory Appeal, Dkt. No. 473 (the "Motion to Stay").  Defendants request that this Court enter an expedited briefing schedule for the Motion to Stay as follows: (1) Plaintiffs' response brief in opposition to Defendants' Motion to Stay to be filed 7 days after the filing of the Motion to Stay; (2) Defendants' reply brief to be filed 4 days after the filing of the response; and (3) any sur-reply to be filed 4 days after the filing of the reply. Plaintiffs have not specifically objected to this or any other expedited briefing schedule or provided any reason why this schedule is unworkable.  Instead, Plaintiffs have simply "taken no position" on the request to expedite the briefing schedule.  Accordingly, Defendants request that the Court enter this expedited briefing schedule so that the Motion to Stay can be briefed and ruled on before expansive and expensive discovery continues.

The Fifth Circuit has already granted Defendants permission under Federal Rule of Civil Procedure 23(f) to appeal the Court's class certification order.  *See* No. 21-40720 (Sept. 30, 2021). That grant came just thirteen days after Defendants filed their petitions, and only three days after Plaintiffs filed an answer opposing review.  Then, the day after the Fifth Circuit granted the 23(f) petitions—and 158 days after the Court's hearing on Plaintiffs' motion for class certification— Plaintiffs served improper interrogatories on Defendants and a burdensome document subpoena on non-party American Airlines.  And just today, Plaintiffs noticed three more depositions for the former CEO of Boeing and two former Boeing employees (despite having disclaimed any intent to pursue additional depositions during the appeal).  Boeing understands that Plaintiffs served a subpoena dated the day after the Fifth Circuit granted Defendants' petitions at the former CEO's home—even though Plaintiffs have long been aware that he is represented by counsel and have

not raised the possibility of seeking his deposition for more than seven months.

Defendants have moved to stay further proceedings pending the Fifth Circuit's resolution of the appeal.  But expedited briefing is needed because without it, Defendants and American Airlines will have to expend substantial and unrecoverable resources objecting and responding to discovery that should ultimately be stayed.

## ARGUMENT

Expedited briefing on Defendants' Motion to Stay is needed because the standard briefing schedule is unlikely to allow resolution before Defendants must allocate extensive resources in responding to Plaintiffs' newly served discovery.  Plaintiffs served overbroad contention interrogatories on Defendants and a third-party subpoena on American Airlines one day after the Fifth Circuit granted the Rule 23(f) petitions.  Dkt. 473, Ex. 1.  The interrogatories seek, among other things, "the complete legal and factual basis" for Defendants' views on liability and damages and details on "each instance" in which Defendants made any statement to the public or press about the MAX's 8 "design, development, production, testing, certification, sale, introduction, crashes, investigations into, grounding, or redesign of the MAX 8."  Dkt. 473, Exs. 1-2.

The current deadline for Defendants to respond to these requests is November 1, 2021. That deadline is fast approaching, particularly given the amount of work Defendants would be required to do to pull together this information.  Defendants are still evaluating their response, including their objections and a potential motion for protection.

As to the subpoena, Plaintiffs served Defendants with a notice of subpoena to non-party American Airlines at the same time Plaintiffs served the interrogatories on Defendants.  Dkt. 473, Ex. 3.  The subpoena seeks documents identifying "each individual or entity (and their respective contact information)" that bought or traveled on class flights.  Plaintiffs also served Southwest

with an interrogatory seeking the same information.  Dkt. 473, Ex. 2.  The Motion to Stay should be resolved before Southwest and American have to waste resources responding to those burdensome demands for personal identifying information for millions of potential putative class members concerning over 200,000,000 flight segments.

Expedited resolution of the Motion to Stay is also warranted because Plaintiffs have suggested that more discovery requests are forthcoming.  As Defendants were finalizing this motion on October 5, Plaintiffs confirmed their intent to continue pursuing burdensome discovery by noticing depositions for former Boeing CEO Dennis Muilenburg and two former Boeing employees.  Plaintiffs had told Defendants' counsel that they did not intend to pursue depositions during the pendency of the appeal, and even confirmed in response to Defendants' inquiry that they "are ok staying" third-party depositions.   Dkt. 473, Ex. 4.   And Plaintiffs had not raised even the prospect of seeking Mr. Muilenburg's deposition since February, at which time undersigned counsel notified Plaintiffs that Mr. Muilenburg is represented by counsel whom Plaintiffs should contact regarding any request to depose him.  Yet Boeing understands that Plaintiffs without notice served that subpoena—dated the day after the Fifth Circuit granted Defendants' petitions—*at Mr. Muilenburg's home.*

In conferring with Defendants on the Motion to Stay, Plaintiffs indicated that they are amenable only to a so-called "limited stay" that *does not cover* (1) interrogatories and requests for admissions; (2) document issues and production, including any motions to compel under Rule 37 and any forensic review as necessary; (3) the substantial completion of document production and certification that Defendants have done so; (4) the production of all privilege logs; (5) third-party discovery with the exception of depositions; (6) pending orders and motions; and (7) any discovery sought or motion made for cause and with leave of the Court.  Expedited briefing is needed to

mitigate the waste of yet more resources on responding to additional discovery that may be served imminently.

## **CONCLUSION**

For these reasons, Defendants respectfully request that this Court enter these deadlines: (1) Plaintiffs' response brief in opposition to Defendants' Motion to Stay is due 7 days after the filing of the Motion to Stay; (2) Defendants' reply brief is due 4 days after the filing of the response; and (3) any sur-reply is due 4 days after the filing of the reply.


Date:   October 5, 2021                          Respectfully submitted,

                                                 **McGUIREWOODS LLP**

                                                 */s/ Thomas M. Farrell*
                                                 Thomas M. Farrell
                                                 TX Bar No. 06839250
                                                 McGuireWoods LLP
                                                 JPMorgan Chase Tower
                                                 600 Travis Street
                                                 Suite 7500
                                                 Houston, TX 77002-2906
                                                 Tel: 713-353-6677
                                                 Fax: 832-214-9933
                                                 Email: tfarrell@mcguirewoods.com

                                                 Brian D. Schmalzbach (*pro hac vice*)
                                                 Jeremy S. Byrum (*pro hac vice*)
                                                 McGuireWoods LLP
                                                 Gateway Plaza
                                                 800 East Canal Street
                                                 Richmond, VA 23219-3406
                                                 Tel: 804-775-4746
                                                 Fax: 804-698-2304
                                                 Email: bschmalzbach@mcguirewoods.com
                                                 Email: jbyrum@mcguirewoods.com

                                                 Benjamin L. Hatch (*pro hac vice*)
                                                 McGuireWoods LLP
                                                 2001 K Street N.W.
                                                 Suite 400

- 4 -

Washington, DC 20006-1040
Tel: 757-640-3727
Fax: 757-640-3947
Email:   bhatch@mcguirewoods.com

Anne L. Doherty (*pro hac vice*)
McGuireWoods LLP
200 North Tryon Street
Suite 3000
Charlotte, NC 28202
Tel: 704-373-4633
Fax: 704-805-5014
Email: adoherty@mcguirewoods.com

**Attorneys for The Boeing Company**

**NORTON ROSE FULBRIGHT US LLP**

*/s/ Michael A. Swartzendruber*
Michael A. Swartzendruber (Lead Counsel)
State Bar No. 19557702
Jason K. Fagelman
State Bar No. 00796525
James V. Leito IV
State Bar No. 24054950
Philip A. Tarpley
State Bar No. 24098501
2200 Ross Ave., Suite 3600
Dallas, TX 75201
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
michael.swartzendruber@nortonrosefulbright.com
jason.fagelman@nortonrosefulbright.com
james.leito@nortonrosefulbright.com
philip.tarpley@nortonrosefulbright.com

Geraldine W. Young
State Bar No. 24084134
1301 McKinney St., Suite 5100
Houston, TX 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
geraldine.young@nortonrosefulbright.com

**Attorneys for Southwest Airlines Co.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2021, a true and correct copy of the above was served to counsel through the Eastern District of Texas's CM/ECF system.

*/s/ Thomas M. Farrell*
Thomas M. Farrell

## **CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for all Parties have complied with the meet and confer requirement in Local Rule CV-7(h), and counsel for Boeing (Thomas Farrell) and for Southwest (Michael Swartzendruber) met and conferred with counsel for Plaintiffs (Yavar Bathaee), in good faith by telephone on October 4, 2021, on all the issues raised in this motion.  I further certify that Plaintiffs stated that they take no position on the relief requested in this motion.

*/s/ Thomas M. Farrell*
Thomas M. Farrell