# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| Damonie Earl, et al., | Case No. 4:19-CV-507-ALM |
| *Plaintiffs*, | |
| v. | |
| The Boeing Company, et al., | |
| *Defendants*. | |

## PLAINTIFFS' SURREPLY TO DEFENDANTS' MOTION FOR A STAY PENDING RULE 23(f) APPEAL

Over the past two-plus years, Plaintiffs have pleaded, investigated, are now gathering evidence to prove a multi-year, coordinated fraudulent scheme perpetrated by one of the world's largest commercial aviation manufacturers (Boeing) and its most important customer (Southwest). Plaintiffs have defined and set out to prove their injuries—they are fraud victims who suffered out-of-pocket loss because Defendants fraudulently inflated the price of defined airline tickets, which each Plaintiff and each absent class member actually purchased—and have explained why those same injuries were felt by millions of absent class members across the country. This case has identified evidence of a broad conspiracy that skewed demand in the national market for airline tickets (Plaintiffs seek to recover for this injury), and also threatened public safety (Plaintiffs do not seek to recover for the public safety threat). No one, from DOJ, to the FAA, to anyone else, has yet prosecuted the conspiracy identified and being proven in this case.

Throughout this time, Defendants Boeing and Southwest have resisted every aspect and page of discovery, despite an affirmative obligation under the Order Governing Proceedings and other orders (including a still-outstanding Order to Show Cause) to provide relevant evidence to the Plaintiffs in this action without being asked. Numerous orders compelling documents have been entered, and a multi-prong motion to compel remains pending. There is potential spoliation in this case. This is not surmise—it is extensively documented in filings with the Court in this action. Southwest text messages and relevant sources of electronically stored information vanished in the middle of discovery in this case, *per Southwest's own submissions to this Court*.

On September 3, 2021, the Court certified four classes in this action. The Court's Class Certification Order confirmed that the underlying claims in this action appear to have some potential merit, and that Plaintiffs should have an opportunity to prove them classwide. The

Court's many other orders over the past year confirm that absent Court intervention, relevant evidence in this matter will go unproduced, and perhaps even missing.

Nonetheless, Defendants' swift response to the Court's Class Certification Order was to move this Court for an order telling Defendants they would have no discovery obligations whatsoever—not even to respond to spoliation inquiries or to continue to update the Court on its still-outstanding OSC—while Defendants pursue a likely non-dispositive Rule 23(f) appeal. They filed this motion despite an attempt by Plaintiffs to meet Defendants more than halfway, and preserve everyone's resources during the pendency of the appeal, by agreeing to stay significant discovery (including depositions of Boeing and Southwest witnesses), yet carving out from that agreed stay ongoing issues raised to the Court (*e.g.,* privilege, document production, and spoliation/preservation issues) or that would serve to efficiently and narrowly advance this litigation without undue burden on any party (*e.g.,* select third-party discovery; limited written discovery; discrete class discovery issues). Defendants' rejection of a carve-out focusing on the very discovery issues their non-feasance over the past two years has created (principally, a variety of document production and non-production issues) gives up the game: their motion has no actual legal or factual basis in the circumstances of this case. Boeing and Southwest just want to be absolved of the consequences of their own discovery conduct while they ask another court to dismiss this whole proceeding.

Ignoring entire prongs of the applicable legal standard (Defendants offer nary a reasoned argument on the actual merits of their appeal) and flipping themselves on others (Defendants first complained of prospective document production burdens; realizing the implications of admitting this, they now claim this was retrospective), the Reply makes clear that the limited stay proposed by Plaintiffs is legally warranted, while the relief sought by Defendants grossly overreaches.

***Irreparable Harm Absent a Full Stay.*** Despite telling this Court in their opening brief that they "will be irreparably harmed without a stay because they have no mechanism to recoup the enormous pretrial costs flowing from classes that includie millions of plaintiffs and require a large volume of discovery in this case" (Dkt. No. 473 ("Mot."), at 2), Defendants reversed course on Reply. They now contend that they were not in fact referring to some prospective harm, but to discovery that has already occurred, stating: "Defendants referenced the enormous costs of discovery *to date* and the additional costs that Plaintiffs' new discovery efforts will entail—not documents remaining to be produced . . . ." (Reply at 4 (emphasis in original).) It is puzzling how past discovery obligations could possibly irreparably harm Defendants if a full stay is not granted, and Defendants do not explain what prospective discovery would irreparably harm them. Put simply, they do not explain why an exception to the stay for document discovery meets the standard—and that is because they cannot.

Defendants also argue that interrogatories and written discovery should not be exempted from the stay because responding to such discovery would irreparably harm them. Defendants specifically point to recently-served interrogatories asking for Boeing and Southwest's contentions as to why they are not liable on the merits. Responding to these interrogatories during the Rule 23(f) appeal could not possibly irreparably harm Defendants. This case has been ongoing since July 2019, and Defendants have from the start claimed that they are not liable under RICO. There is no reason for Defendants to continue to withhold their contentions as to why this is (supposedly) the case, and Plaintiffs will benefit substantially from learning Defendants' contentions as they continue to review and analyze Defendants' document productions. In addition, Plaintiffs did not "agree that answering these interrogatories will require 'wading through a large quantity of evidence.'"  (Reply at 4, n.2.)  As Plaintiffs clearly stated (Opp. at 13), it is *Plaintiffs* who must

3

wade through Defendants' documents over the next few months—not Defendants, who already reviewed and produced their own documents. The interrogatories will assist Plaintiffs in doing so.

Defendants do not explain how they would be irreparably harmed by targeted third-party document discovery. Key non-parties—Dennis Muilenburg, Mark Forkner (recently-indicted, including for wire fraud), and Patrik Gustavsson—have been sent document subpoenas, which may need to be litigated. Some documents sought in these subpoenas, such as Forkner's text messages, were not preserved by Southwest before his departure from their employ (during the pendency of this action). Defendants do not—and cannot—explain why this would irreparably harm them. The same is true as to determining the identity of class members. Defendants do not explain why the process of producing flight data that would be required to give notice to the class members upon remand would cause irreparable injury, nor do they address that this process may take months—time that will be wasted if the case is paused entirely pending appeal.[1]

***Likelihood of Success on the Merits.*** Defendants have nothing to say about their likelihood of success on the merits. They do not address the impact of *TransUnion LLC v. Ramirez*, __ U.S. __, 141 S. Ct. 2190 (2021), on their already-flawed Article III standing argument; they say nothing about their failure to identify a legal problem with absent class members given that none of the RICO elements will be adjudicated at the claims administration phase; and they do not even attempt to defend their expert critiques. Defendants' only argument is that their burden is lighter under *Cruson v. Jackson Nat'l Life Ins. Co.*, 2018 WL 2937471 (E.D. Tex. Jun. 12, 2018),

---

[1] Defendants suggest that Plaintiffs did not pursue discovery for months prior to the Fifth Circuit appeal. Not so. To begin with, Plaintiffs' motion to obtain the remainder of the text messages from Southwest airlines and to re-open select depositions remains pending. Moreover, Plaintiffs have attempted to re-open depositions, seek an amended answer from Boeing in light of the Court's Annex 13 ruling, and even contacted Southwest about a potential forensic review of destroyed custodial devices, including for Brandy King, but have been rebuffed. Moreover, Plaintiffs agreed to hold in abeyance a scheduled deposition after the 23(f) Petitions were filed as a courtesy, given their agreement that a partial stay should issue.

requiring only a showing that "there is a substantial case on the merits." *Id.* at *2. But that case did not relieve a movant from addressing likelihood of success on the merits. In fact, the Court was clear that "whether the movant is likely to succeed on the merits" is in fact one of the considerations for a stay. *Id*. In any event, under any standard, Defendants have not explained how their appeal presents any legal issue that would result in reversal of the Court's class certification order.

**Prejudice to Plaintiffs.** Defendants have nothing to say on the merits of the document preservation and destruction issue. They do not address Brandy King's missing phone—destroyed approximately when Plaintiffs asked for her deposition a year into this case. They do not address their failure to produce (and perhaps to preserve) text messages from key Southwest witnesses, including CEO Gary Kelly. They also do not address the potential need for preservation efforts and forensic review while the appeal is pending. They say nothing about Mark Forkner's texts, which Southwest's senior executives knowingly let slip from their possession as he left the company during the pendency of this suit. Instead, Defendants argue that if these matters were pressing, Plaintiffs would have pursued the issue over the last several months. Of course, Plaintiffs have done so, as there is a pending motion to compel on precisely these subjects.

**Public Interest.** Defendants do not address any of the public interest arguments made by Plaintiffs in their opposition. Indeed, there is no argument that this is an important case involving coordinated deception of the public and the press. The only argument Defendants make is that the grant of the 23(f) petition is sufficient to halt all proceedings before this Court. (Reply at 5.) They cite *Cruson* for this proposition, but that is not the basis for that decision. Instead, the Court held that the public interest of "efficient allocation of judicial resources" weighed in favor of a stay. *Cruson*, 2018 WL 2937471, at *5.  The partial stay here is designed to serve precisely that end.

## CONCLUSION

The Court should adopt the proposed order submitted with Plaintiffs' opposition.

October 19, 2021                                    Respectfully submitted,

/s/ Yavar Bathaee
Yavar Bathaee (NY 4703443) (Lead Counsel)
yavar@bathaeedunne.com
Brian J. Dunne (CA 275689)
bdunne@bathaeedunne.com
Edward M. Grauman (TX 24081931)
egrauman@bathaeedunne.com
Andrew Wolinsky (NY 4892196)
awolinsky@bathaeedunne.com
**BATHAEE DUNNE LLP**
445 Park Avenue, 9th Floor
New York, NY 10022
Tel: (332) 205-7668

*Attorneys for Plaintiffs*

| | |
|---|---|
| Elizabeth L. DeRieux (TX 05770585) | John Jeffrey Eichmann (CA 227472) |
| ederieux@capshawlaw.com | jeff@dovel.com |
| S. Calvin Capshaw (TX 03783900) | Gregory S. Dovel (CA 135387) |
| ccapshaw@capshawlaw.com | greg@dovel.com |
| **CAPSHAW DERIEUX LLP** | Simon Franzini (CA 287631) |
| 114 E. Commerce | simon@dovel.com |
| Gladewater, Texas 75647 | Julien A. Adams (CA 156135) |
| Telephone: (903) 236-9800 | julien@dovel.com |
| Facsimile: (903) 236-8787 | Jonas Jacobson (CA 269912) |
| | jonas@dovel.com |
| *Attorneys for Plaintiffs* | Christin Cho (CA 238173) |
| | christin@dovel.com |
| | Rick Lyon (CA 229288) |
| | rick@dovel.com |
| | **DOVEL & LUNER, LLP** |
| | 201 Santa Monica Blvd., Suite 600 |
| | Santa Monica, CA 90401 |
| | Telephone: 310-656-7066 |
| | |
| | *Attorneys for Plaintiffs* |

## Certificate of Service

  I certify that the above sealed document was filed on ECF and then simultaneously served on counsel of record for all parties via e-mail.

*/s/ Brian J. Dunne*