UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **DAMONIE EARL, ET AL.,** | § § § | |
| *Plaintiffs,* | § § | |
| **v.** | § § | Civil Action No. 4:19-CV-507-ALM |
| **THE BOEING COMPANY, ET AL.** | § § § | Judge Mazzant |
| *Defendants,* | § § | |
| **and,** | § § | |
| **DOW JONES & COMPANY INC.,** | § § § | |
| *Proposed Intervenor*. | § | |

## DOW JONES & COMPANY, INC.'S UNOPPOSED MOTION FOR LEAVE TO INTERVENE FOR THE LIMITED PURPOSE OF UNSEALING COURT RECORDS

### STATEMENT OF INTEREST OF DOW JONES

Proposed Intervenor the Dow Jones & Company, Inc. ("Dow Jones"), publisher of the Wall Street Journal, seeks to intervene in this case for the limited purpose of seeking unsealing of four documents and their attached exhibits filed by parties in the case.

Neither the Plaintiffs nor the Defendants oppose Dow Jones's intervention for this purpose. However, Defendants The Boeing Company ("Boeing") and Southwest Airlines Co. ("Southwest") have indicated that they would oppose Dow Jones's contemplated Motion to Unseal.

The documents Dow Jones has expressed an interest in unsealing are Plaintiffs' Sealed Mot. for Class Certification, Jan. 4, 2021, ECF 276; Southwest's Sealed Resp., Feb. 15, 2021, ECF

302; Boeing's Sealed Resp., Feb. 15, 2021, ECF 303; Plaintiffs' Sealed Reply to Resps., Mar. 23, 2021, ECF 357, along with exhibits attached to each of the four documents ("the Sealed Documents"). Though the parties have filed redacted versions of the Sealed Documents, without unsealing or further un-redaction, Dow Jones's reporters and the public still have only a partial view of the litigation and the Court's actions.

Dow Jones is meeting and conferring with Defendants given their objections to Dow Jones's contemplated Motion to Unseal. As part of these discussions, Defendants offered to (a) re-review the Sealed Documents to determine whether, in their view, continued sealing is appropriate, and b) provide to Dow Jones indices with purported justifications for any continued sealing/redaction, so as to allow for additional discussions between Dow Jones and the Defendants that might narrow any potential dispute.

Defendants have also moved for a stay and that motion is before this Court. Mot. to Stay, Oct. 5, 2021, ECF Nos. 473. For this reason, Dow Jones has expressed concern to Defendants that its Motion to Unseal could be delayed for a potentially lengthy period if it is not filed soon. In light of those concerns, Boeing and Southwest both agreed not to argue that a stay, if granted, should apply to Dow Jones's intervention for the limited purpose of seeking unsealing or its contemplated Motion to Unseal.

Dow Jones has advised Defendants that it would file this motion to intervene in the case and advise the Court, in light of its consideration of a stay, of Dow Jones's intention to potentially seek unsealing.

TO THE HONORABLE COURT:

Proposed Intervenor the Dow Jones & Company, Inc. ("Dow Jones"), publisher of the Wall Street Journal, respectfully moves to intervene in this case for the limited purpose of securing an order to unseal four filings along with their attached exhibits. They are as follows and are referred to as "the Sealed Documents" in this motion:

- Plaintiffs' Sealed Mot. for Class Certification, Jan. 4, 2021, ECF 276;
- Southwest's Sealed Resp., Feb. 15, 2021, ECF 302;
- Boeing's Sealed Resp., Feb. 15, 2021, ECF 303;
- Plaintiffs' Sealed Reply to Resps., Mar. 23, 2021, ECF 357.

Plaintiffs Damonie Earl, et. al. ("Plaintiffs") do not oppose this motion or a potential Motion to Unseal.

Defendants The Boeing Company ("Boeing") and Southwest Airlines Co. ("Southwest") do not oppose Dow Jones's this motion though, as explained in Dow Jones's Statement of Interest, they oppose its contemplated Motion to Unseal.

### I. INTRODUCTION

Court records are presumptively open. Proposed intervenor Dow Jones, as a reputable and well-known news organization, seeks to intervene in the above-captioned case for the limited purpose of unsealing the Sealed Documents so as to allow the public to better understand the basis for the court's decision granting class certification. Dow Jones seeks to intervene to vindicate the public's right of access under both the common law and the First Amendment.

The 737 MAX crashes and allegations against Boeing and Southwest are of great public interest and Dow Jones believes based on references contained in this Court's decision granting class certification that the Sealed Documents have newsworthy information relevant to that decision.

## II. FACTUAL BACKGROUND

This case, involving allegations of collusion between Boeing and Southwest related to the controversial and widely reported 737 Max Crashes, is of the utmost public interest. However, due to one or more stipulated protective orders used—Stip. Protect. Order Regarding Confid. Privl. Materials, Feb. 25, 2020, ECF 59, and Stip. Protect. Order Regarding Confid. Privl. Materials, June 10, 2020, ECF 132—many of the details of these allegations and the responses from Boeing and Southwest are not publicly accessible, denying the press and public a full understanding of this litigation. The Sealed Documents apparently contain information relating to allegations that: (1) Southwest recommended that Boeing remove mention of a flight-control system from 737 MAX manuals; (2) Southwest considered grounding its 737 MAX fleet after the first crash; and (3) Southwest and Boeing coordinated to make false public statements to the media, including The Wall Street Journal. The Sealed Documents also may contain information about (4) why former Boeing 737 MAX chief technical pilot Mark Forkner wound up working for Southwest, and (5) how Forkner allegedly defrauded the FAA regulators with regard to MCAS and 737 MAX training, as Boeing acknowledged in its criminal settlement with the Department of Justice. Though redacted versions of the Sealed Documents are publicly available, because of the significant redactions there is no way for Dow Jones or the public to gain a full understanding of these allegations or the basis for the Court's rulings in this matter.

## III. ARGUMENTS AND AUTHORITIES

### A. Dow Jones Has Standing to Intervene to Seek Unsealing of Judicial Records Under the First Amendment and Common Law Rights of Access.

"The public has a common-law and First Amendment right to inspect and copy judicial records." *United States v. McCraney*, 99 F. Supp. 3d 651, 654 (E.D. Tex. 2015) (citing *Richmond Newspapers Inc. v. Virginia*, 448 U.S. 555 (1980)). As a news organization covering this high-profile litigation matter, Dow Jones has a clear interest in intervening to challenge sealing under the protective order. *See United States v. Holy Land Found. for Relief and Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) (holding that a broad range of parties have standing to intervene for the purpose of unsealing going beyond, but certainly including, journalists and news organizations without a direct stake in the proceedings).

Dow Jones, its audience, and the broader public have a strong interest in fully understanding the Court's decision to grant class certification. Mem. Op. and Order, Aug. 2, 2021, ECF 470. As that decision frequently references the Sealed Documents identified by Dow Jones, intervening for the limited purpose of seeking unsealing will help "further[] not only the interests of the outside public," in transparency, "but also the integrity of the judicial system itself." *United States v. Holy Land Found. For Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010).

### B. Dow Jones has Satisfied its Requirements to Intervene.

For Dow Jones—a non-party to this case—to challenge the court's protective order, "a formal motion for intervention should [be] filed pursuant to Rule 24(c)." *In re Beef Indus. Antitrust Litig.*, 589 F.2d 786, 789 (5th Cir. 1979). Dow Jones seeks permissive intervention from this Court under Rule 24(b)(1)(B) to assert the common law and First Amendment rights to access judicial records. Fed. R. Civ. P. 24(b)(1)(B). Dow Jones has served notice on all parties, stated the grounds for intervention, attached a pleading, pursuant to Rule 24(c), and further describes in its Statement of Interest its agreement with Boeing and Southwest to seek intervention while refraining from

filing its contemplated motion to unseal until continued discussions and negotiations with the Defendants have reached an impasse.

IV. **CONCLUSION**

For the foregoing reasons, Dow Jones should be permitted to intervene in this case for the limited purpose of seeking unsealing of court records.

Dated: October 26, 2021

Respectfully submitted,

By: /s/ Michael W. Shapiro
Michael W. Shapiro
Texas Bar No. 24120472
SMU DEDMAN SCHOOL OF LAW
FIRST AMENDMENT CLINIC
3315 Daniel Avenue (75205)
P.O. Box 750116
Dallas, Texas 75275-0116
Tel.: (214) 768-4077
Fax: (214) 768-1611
Email: mshapiro@smu.edu

*Attorney for Dow Jones & Company, Inc.*

**CERTIFICATE OF SERVICE**

  I, Michael W. Shapiro, hereby certify that on Oct. 26, 2021, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

/s/ Michael W. Shapiro
Michael W. Shapiro

**CERTIFICATE OF CONFERENCE**

  I hereby certify that counsel for the movant, Dow Jones, complied with the meet and confer requirement in Local Rule CV-7(h) and that this motion is unopposed.

/s/ Michael W. Shapiro
Michael W. Shapiro

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| **DAMONIE EARL, ET AL.,** | § § § | |
| *Plaintiffs,* | § § | |
| **v.** | § § | Civil Action No. 4:19-CV-507-ALM |
| | § | Judge Mazzant |
| **THE BOEING COMPANY, ET AL.** | § § | |
| *Defendants,* | § § | |
| **and,** | § § | |
| **DOW JONES & COMPANY INC.,** | § § | |
| *Proposed Intervenor.* | § § | |

## ORDER

The Court, having reviewed the motion filed by Dow Jones & Company, Inc. ("Dow Jones"), to intervene in this case, and it appearing that good cause exists for the granting of such motion, it is hereby

ORDERED that:

(1) Dow Jones be permitted to intervene in this case;

SIGNED at Sherman, Texas this _____ day of _____, 2021.

_____

Presiding Judge