# EXHIBIT 1

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **DAMONIE EARL, ET AL.,** | § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No. 4:19-CV-507-ALM |
| **THE BOEING COMPANY, ET AL.** | § § | Judge Mazzant |
| *Defendants,* | § § | |
| **and,** | § § | |
| **DOW JONES & COMPANY, INC.,** | § § | |
| *Proposed Intervenor.* | § § | |

## COMPLAINT IN INTERVENTION

1. Intervenor Dow Jones & Company, Inc. ("Dow Jones"), publisher of *The Wall Street Journal* and other publications, is based in New York City, New York. Through its publications, Dow Jones seeks to provide accurate, impartial, and informative news and advocates for greater access to government and court records when doing so is necessary to achieve those goals. For these reasons, Dow Jones seeks to intervene in this litigation as it believes access to fully sealed and partially redacted records filed in the case will allow for a more thorough and accurate accounting of Plaintiffs' allegations and the Court's actions. Dow Jones alleges as follows:

## PARTIES

2. Proposed Intervenor Dow Jones, publisher of *The Wall Street Journal* and other publications, is based in New York City, New York. Through its publications, Dow Jones seeks to

provide accurate, informative news. At times, Dow Jones advocates for access to government and court records when doing so is crucial to its mission. Dow Jones seeks to intervene in this litigation as it believes access to the sealed records identified by Dow Jones will allow for a more thorough and accurate accounting of the allegations made in this case.

3. On information and belief, all named Plaintiffs and the agreed-to class purchased tickets for flights and flew on a Southwest Airlines or American Airlines flight during the pleaded to period. Complaint at 18, July 11, 2019, ECF 1.

4. On information and belief, Plaintiff Linda Rugg resides in California and flew on Southwest Airlines during the pleaded-to period.

5. On information and belief, Plaintiff Muhammad Muddasir Khan resides in Florida and flew on American Airlines during the pleaded-to period.

6. On information and belief, Plaintiff Alesa Beck resides in Nevada and flew on American Airlines during the pleaded-to period.

7. On information and belief, Plaintiffs Timothy Blakey Jr. and Stephanie Blakey reside in New York and both flew on Southwest Airlines during the pleaded-to period.

8. On information and belief, Plaintiffs John and Valeria Mortz-Rogers reside in Indiana and both flew on Southwest Airlines during the pleaded-to period.

9. On information and belief, Plaintiff Marisa Thompson resides in Arizona and flew on Southwest Airlines and American Airlines during the pleaded-to period.

10. On information and belief, Plaintiff Damonie Earl resides in Arizona and flew on Southwest Airlines during the pleaded-to period.

11. On information and belief, Plaintiff James LaMorte resides in Florida and flew on American Airlines during the pleaded-to period.

12. On information and belief, Plaintiff Brett Noble resides in California and flew on Southwest Airlines during the pleaded-to period.

13. On information and belief, Plaintiff Ruben Castro resides in Texas and flew on Southwest Airlines during the pleaded-to period.

14. On information and belief, Plaintiff Fritz Ringling resides in Florida and Puerto Rico and flew on American Airlines during the pleaded-to period.

15. On information and belief, Plaintiff Litaun Lewis resides in California and flew on American Airlines and Southwest Airlines during the pleaded-to period.

16. On information and belief, Plaintiff Lance Hogue Jr. resides in Maryland and flew on Southwest Airlines during the pleaded-to period.

17. On information and belief, Defendant The Boeing Company ("Boeing") is a Delaware corporation, with principal executive offices in Chicago, Illinois, and maintains substantial and continuing operations in the Eastern District of Texas by way of a 70,000 square-foot division headquarters at 5905 Legacy Drive, Plano, TX 75024.

18. On information and belief, Defendant Southwest Airlines Co. ("Southwest") is a Texas corporation with its headquarters located at 2702 Love Field Drive, Dallas, Texas 75235.

19. In this action, Plaintiffs have brought claims against Southwest and Boeing alleging collusion between the two involving a design defect that resulted in the 2018 and 2019 737 MAX crashes—killing a combined 346 people.

## JURISDICTION AND VENUE

20. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) to hear causes of action brought under the permissive joinder rules of Federal Rule of Civil Procedure 24(b). The Court need not consider whether this intervention destroys diversity jurisdiction because the

underlying dispute is properly before this Court under the Racketeer Influence and Corrupt Organizations Act ("RICO"). 28 U.S.C. §§ 1331, 1332, 1391; 18 U.S.C. § 1964(c), *see* Complaint, July 11, 2019, ECF 1.

## STATEMENT OF FACTS

21. Plaintiffs initiated this litigation on July 11, 2019, in the Eastern District of Texas Complaint, July 11, 2019, ECF 1. On February 25, 2020, and again on June 10, 2020, this Court granted stipulated protective orders regarding confidential and privileged materials. Stip. Protect. Order Regarding Confid. Privl. Materials, Feb. 25, 2020, ECF 59, and Stip. Protect. Order Regarding Confid. Privl. Materials, June 10, 2020, ECF 132. On August 2, 2021, the Court granted class-action certification. Mem. Op. and Order, Aug. 2, 2021, ECF 470.

22. Since this case began, the parties have filed numerous documents under seal, filing partially redacted versions, in certain instances. These redactions appear to have been applied to shield from public view certain information of considerable public concern.

23. On information and belief, parties have filed four documents along with numerous attached exhibits under seal. These documents and their exhibits ("the Sealed Documents") are as follows:

   a. Plaintiffs' Sealed Mot. for Class Certification, Jan. 4, 2021, ECF 276;

   b. Southwest's Sealed Resp., Feb. 15, 2021, ECF 302;

   c. Boeing's Sealed Resp., Feb. 15, 2021, ECF 303;

   d. Plaintiffs' Sealed Reply to Resps., Mar. 23, 2021, ECF 357.

24. On information and belief, parties filed redacted versions of the Sealed Documents without making any particularized showing of good cause prior to redaction.

25. On information and belief, parties filed redacted versions of exhibits attached to the Sealed Documents and many are redacted or fully sealed with the public only able to view cover sheets marked "FILED UNDER SEAL," and without any particularized showing of good cause prior to such redaction or sealing.

26. As a result, Dow Jones has been unable to examine and fully examine the Documents or the Court's order granting class certification that references these documents and their attachments.

27. On information and belief, the Sealed Documents remain under seal, with only redacted versions available to the public and to Dow Jones as of the time of this filing.

## COUNT I

### (Violation of Common Law and First Amendment Right of Access)

28. Dow Jones incorporates by reference paragraphs 1 through 23 above as if fully set forth herein.

29. Federal court records are presumptively open and available to the public.

30. Dow Jones and the public have First Amendment and common law rights to inspect records filed with the Court absent good cause or a compelling reason to prevent such access.

31. By filing the Sealed Documents under seal, Dow Jones's First Amendment and common law rights to receive information submitted to and relied upon by this Court have been violated.

32. On October 15, 2021, and October 18, 2021, Dow Jones met and conferred with Boeing and Southwest, pursuant to Local Rule CV-7. As a result of these meetings, Boeing and Southwest agreed that they would not oppose Dow Jones's intervention but also asked Dow Jones to delay filing its Motion to Unseal so Defendants could create indices explaining in more

particularity their purported justifications for redactions to the publicly available versions of the Sealed Documents.

33. The purpose of this indexing would be two-fold Defendants would A) determine if they would voluntarily provide less or un-redacted versions of the Documents and B) provide purported justifications for the sealing at a more particularized level to facilitate further negotiations as part of the meet-and-confer process. In light of a pending stay-motion, Mot. to Stay, Oct. 5, 2021, ECF Nos. 473, Defendants also agreed that they would not argue that a stay, if granted, should apply to Dow Jones' Motion to Intervene or contemplated Motion to Unseal.

## PRAYER FOR RELIEF

**WHEREFORE**, Dow Jones respectfully prays that this Court:

1. Permit Dow Jones's intervention for the limited purpose of seeking the unsealing of court records, pursuant to 28 U.S.C. § 1657;

2. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: /s/ Michael W. Shapiro
   Michael W. Shapiro
   Texas Bar No. 24120472
   SMU DEDMAN SCHOOL OF LAW
   FIRST AMENDMENT CLINIC
   3315 Daniel Avenue (75205)
   P.O. Box 750116
   Dallas, Texas 75275-0116
   Tel.: (214) 768-4077
   Fax: (214) 768-1611
   Email: mshapiro@smu.edu

*Attorney for Dow Jones & Company, Inc.*