# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| DAMONIE EARL, *et al.*, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action No.  4:19-cv-00507 |
| | § | Judge Mazzant |
| THE BOEING COMPANY and | § | |
| SOUTHWEST AIRLINES CO., | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Stay Pending Interlocutory Appeal
(Dkt. #473). Having considered the motion and all relevant pleadings, the Court finds that the
motion should be **GRANTED in part** and **DENIED in part.**

## BACKGROUND

The background in this case has been set forth fully in the Court's prior rulings, including
the Memorandum and Order granting class certification (the "Certification Order") (Dkt. #470).
Summarized briefly, this case involves allegations of collusion under the Racketeer Influenced and
Corrupt Organizations Act ("RICO") between Defendants The Boeing Company ("Boeing") and
Southwest Airlines Co. ("Southwest") to conceal fatal defects in Boeing's 737 MAX 8 aircraft
(Dkt. #165). *See* 18 U.S.C. § 1961 *et seq*.

On September 3, 2021, this Court granted Plaintiffs' Motion for Class Certification
(Dkts. #276, #470). After 82 pages of analysis, the Court certified four separate classes under
Federal Rules of Civil Procedure 23(a) and 23(b)(3):

**(1) Southwest Airlines purchasing class**

> All persons who conducted the transaction to purchase and bore the economic
> burden for a ticket for air travel within, to, or from the United States on a

Southwest Airlines aircraft, except for such persons whose tickets were solely for flight segments (a) for which the MAX 8 aircraft was not scheduled for use as of the reservation date nor actually used or (b) that were not on MAX 8 routes as of the reservation date (i.e., routes that had not as of the time of the reservation included the use of a MAX 8 aircraft).

**(2) Southwest Airlines reimbursing class**

All persons who did not conduct a transaction to purchase, but bore the economic burden for, a ticket for air travel within, to, or from the United States on a Southwest Airlines aircraft, except for such persons whose tickets were solely for flight segments (a) for which the MAX 8 aircraft was not scheduled for use as of the reservation date nor actually used or (b) that were not on MAX 8 routes as of the reservation date (i.e., routes that had not as of the time of the reservation included the use of a MAX 8 aircraft).

**(3) American Airlines purchasing class**

All persons who conducted the transaction to purchase and bore the economic burden for a ticket for air travel within, to, or from the United States on an American Airlines aircraft, except for such persons whose tickets were solely for flight segments (a) for which the MAX 8 aircraft was not scheduled for use as of the reservation date nor actually used or (b) that were not on MAX 8 routes as of the reservation date (i.e., routes that had not as of the time of the reservation included the use of a MAX 8 aircraft).

**(4) American Airlines reimbursing class**

All persons who did not conduct a transaction to purchase, but bore the economic burden for, a ticket for air travel within, to, or from the United States on an American Airlines aircraft, except for such persons whose tickets were solely for flight segments (a) for which the MAX 8 aircraft was not scheduled for use as of the reservation date nor actually used or (b) that were not on MAX 8 routes as of the reservation date (i.e., routes that had not as of the time of the reservation included the use of a MAX 8 aircraft).

(Dkt. #470 at pp. 82–83); *see* FED. R. CIV. P. 23(a), 23(b)(3). The class period spans from August 29, 2017 through March 13, 2019, and each class is estimated to include thousands of members (Dkt. #470 at pp. 27, 83).

On September 17, 2021, Boeing and Southwest each filed petitions pursuant to Federal Rule of Civil Procedure 23(f) with the United States Court of Appeals for the Fifth Circuit, seeking

appeal of the Certification Order (Appellants' Pets., No. 21-90044, ECF Docs. #2, #5). The Fifth

Circuit granted the petitions on October 6, 2021 (Dkt. #482).[1] On October 5, 2021, Defendants

filed the present motion (Dkt. #473). On October 14, 2021, Plaintiffs filed a response (Dkt. #480).

On October 15, 2021, Defendants filed a reply (Dkt. #483). On October 19, 2021, Plaintiffs filed

a sur-reply (Dkt. #484).

## LEGAL STANDARD

Rule 23(f) permits a party to seek an interlocutory appeal of a class certification decision

by filing "a petition for permission to appeal with the circuit clerk within 14 days after the order

is entered." FED. R. CIV. P. 23(f). However, "[a]n appeal pursuant to Federal Rule of Civil

Procedure 23(f) does not automatically stay proceedings in the district court." *Vine v. PLS Fin.*

*Servs.*, No. 4:18-CV-00450, 2019 WL 4257108, at *4 (E.D. Tex. Sept. 9, 2019); FED. R. CIV. P.

23(f) ("An appeal does not stay proceedings in the district court unless the district judge or the

court of appeals so orders."). Rather, the decision to stay a case lies within the sound discretion of

the district court. *Weingarten Realty Invs. v. Miller*, 661 F.3d 904, 910 (5th Cir. 2011); *see also*

*Erica P. John Fund, Inc. v. Halliburton Co.*, No. 3:02-CV-1152, 2015 WL 12710694, at *1 (N.D.

Tex. Nov. 24, 2015). "If the trial court refuses a stay, its action and any explanation of its view

should weigh heavily with the court of appeals." FED. R. CIV. P. 23(f) committee's note to 1998

amendment.

Under Fifth Circuit law, the stay of a case pending appeal constitutes "extraordinary relief."

*Reading & Bates Petroleum Co. v. Musslewhite*, 14 F.3d 271, 275 (5th Cir. 1994) (Smith, J.,

---

[1] Defendants repeatedly contend that "[t]he Fifth Circuit granted [their] petitions" promptly on September 30, 2021, "just days after submission" (Dkts. #473 at p. 5, #483 at p. 1). The Fifth Circuit did initially grant leave to appeal on September 30, 2021. However, the Fifth Circuit withdrew this initial grant as "prematurely and erroneously issued by the Clerk's Office" (No. 21-90044, ECF Doc. #79). Official grant of Defendants' petitions did not occur until October 6, 2021 (Dkt. #482).

dissenting) (citations omitted); *see also Vine*, 2019 WL 4257108, at \*4 (noting that stays issued

pursuant to Rule 26(f) involving issues of class certification are "discretionary and rare") (citations

omitted). Thus, while district courts have the inherent power to stay proceedings pending before

them, this power is incidental to the power inherent in every court "to control the disposition of

the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."

*In re Beebe*, 56 F.3d 1384, 1995 WL 337666, at \*2 (5th Cir. May 15, 1995) (quoting *Landis v. N.

Am. Co.*, 299 U.S. 248, 254 (1936)).

Courts determining whether to issue a stay pending appeal consider (1) whether the movant

is likely to succeed on the merits; (2) whether the movant would suffer irreparable harm absent a

stay; (3) whether granting a stay would substantially harm the other parties; and (4) whether

granting a stay would serve the public interest. *In re First S. Sav. Ass'n*, 820 F.2d 700, 704 (5th

Cir. 1987). These traditional four factors "must be fully applied except where there is a serious

legal question involved *and* the balance of equities heavily favors a stay; in those situations, the

movant only needs to present a substantial case on the merits." *Weingarten Realty Invs.*, 661 F.3d

at 910 (emphasis added). In either case, the movant bears the burden of showing that a stay is

warranted. *Landis*, 299 U.S. at 255; *see also Ind. State Police Pension Tr. v. Chrysler LLC*, 556

U.S. 960, 961 (2009) ("A stay is not a matter of right, even if irreparable injury might otherwise

result. It is instead an exercise of judicial discretion, and the party requesting a stay bears the

burden of showing that the circumstances justify an exercise of that discretion.") (internal citations

omitted).

## ANALYSIS

Defendants ask the Court to enter a stay of all further proceedings pending their Rule 23(f)

interlocutory appeal of the Certification Order because "all four recognized stay factors support

pausing this litigation pending appeal" (Dkt. #473 at p. 5). Plaintiffs argue that Defendants have

not satisfied any of the factors to justify a stay (Dkt. #480 at p. 6). The Court will now analyze

each of the four factors to determine if a stay is appropriate in this case.

## I.      Success on the Merits

Under the traditional four-factor test, the movant must first demonstrate a likelihood of

success on the merits on appeal. *See Planned Parenthood of Greater Tex. Surgical Health Servs.*

*v. Abbott*, 734 F.3d 406, 410 (5th Cir. 2013). "[A] sufficient demonstration of a likelihood of

success on the merits 'requires more than a mere possibility that relief will be granted.'" *Vine*,

2019 WL 4257108, at *4 (quoting *Nken v. Holder*, 556 U.S. 418 (2009)). The Fifth Circuit,

however, has recognized an exception to this rule where the movant shows that a serious legal

question is involved. *Ruiz v. Estelle* (*Ruiz I*), 650 F.2d 555, 565–66 (5th Cir. 1981). In that case,

"the movant need only present a substantial case on the merits . . . and show that the balance of

equities weighs heavily in favor of granting a stay." *Id*. at 565. But, "if the balance of equities (i.e.,

consideration of the other three factors) is not heavily tilted in the movant's favor, the movant must

then make a more substantial showing of likelihood of success on the merits." *Id.* at 565–66.

Defendants allege the exception is satisfied in this case (Dkt. #473 at p. 8). Specifically,

Defendants contend the case on appeal involves several legal issues that are undecided in this

Circuit: (1) "the evidentiary burden . . . Plaintiffs must satisfy to show Article III standing at the

class certification stage"; (2) "whether standing for absent class members must be established at"

the class certification stage; (3) "the level of demonstrable workability" required to establish

ascertainability; and, (4) the appropriate test for causation under RICO required to establish

predominance (Dkt. #473 at pp. 9–11). Alternatively, Defendants assert a substantial showing of

likelihood of success on the merits "because Plaintiffs lack a cognizable Article III injury," an

issue Defendants describe as "hotly contested" in this case from the beginning (Dkt. #473 at pp. 8–9). Plaintiffs disagree on all counts (Dkt. #480 at p. 7).

The Court stands by its analysis on class certification. The Court considers it unlikely Defendants will succeed in their attempt to have the Certification Order fully reversed or otherwise vacated on the ground the Fifth Circuit finds it—to use Southwest's term—"incoherent" (No. 21-90044, ECF Doc. #5 at pp. 13, 21, 34). Nevertheless, for the purpose of issuing a stay pending appeal, a sufficient showing of a substantial case on the merits is met "when there is a lack of precedent to clarify the issues at bar." *Cruson v. Jackson Nat'l Life Ins. Co.*, No. 4:16-CV-00912, 2018 WL 2937471, at *3–4 (E.D. Tex. June 12, 2018) (finding a substantial case on the merits when the issue was novel, serious, and there was a significant lack of precedent). The Court agrees that the Certification Order involves presently unsettled questions of law and thus raises significant legal issues. Therefore, the Court finds that Defendants have satisfied the exception by presenting a substantial case on the merits.

## II.    Balancing the Equitable Factors

The Court must now consider the following equitable factors to determine if the factors weigh heavily in Defendants' favor: (1) whether the movant will suffer irreparable harm absent a stay; (2) whether the non-movant will suffer injury if the stay is granted; and (3) whether a stay serves the public interest. *See In re First S. Sav. Ass'n.,* 820 F.2d at 704 ("[T]he movant need not always show a 'probability' of success on the merits; instead, the movant need only present a substantial case on the merits when a legal question is involved and show that the balance of equities weighs heavily in favor of granting the stay") (citing *Ruiz I*, 650 F.2d at 565). The Court will first discuss injury to the parties, then address the public interest.

"[A]n injury is 'irreparable' only if it cannot be undone through monetary remedies."

6

*Burgess v. Fed. Deposit Ins. Corp.,* 871 F.3d 297, 304 (5th Cir. 2017) (internal quotations omitted). Irreparable harm cannot be speculative. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 21–22 (2008) (finding that a movant must show "he is *likely* to suffer irreparable harm") (emphasis added). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (citations omitted). The Court must also assess whether a stay "will cause [non-movants] difficulties in presenting [their] case." *Weingarten*, 661 F.3d at 913.

Defendants contend they "have each already spent millions in defense costs in this matter . . . reviewing and producing millions of pages of documents as well as preparing for fact and expert depositions" (Dkt. #473 at p. 12). Absent a stay, Defendants fear they will suffer irreparable harm in defending a class action of this size due to "the enormous yet noncompensable expense of pretrial litigation" that Defendants will be unable to recoup (Dkts. #473 at p. 11, #483 at p. 5). Plaintiffs respond that any outstanding discovery issues "are wholly separate from class issues—big or small" (Dkt. #480 at p. 15). In addition, Plaintiffs argue, "Defendants do not explain why the process of producing [discovery] that would be required to give notice to the class . . . would cause irreparable injury, nor do they address that this process may take months—time that will be wasted if the case is paused entirely pending appeal" (Dkt. #484 at p. 4).

As an initial note, the Court is not moved by Defendants' complaints that past discovery obligations have cost "millions" and future discovery could take months (Dkts. #473 at p. 12, #483 at p. 1). That discovery takes time and costs money is not special to Defendants; it is a natural consequence of any lawsuit, class action or not. *Heinzl v. Cracker Barrel Old Country Store, Inc.*, No. 14-1455, 2016 WL 5107173, at *2 (W.D. Pa. June 8, 2016) ("In every case, a party may have

to expend money on discovery that could later be deemed unnecessary if the case is reversed on appeal, but that fact does not transform such expenses into irreparable harm."); *F.T.C. v. Standard Oil Co. of Cal.*, 449 U.S. 232, 244 (1980) ("the expense and annoyance of litigation is part of the social burden of living under government") (internal quotations omitted). Thus, "[t]he prospect of burdensome or expensive discovery alone is not sufficient to demonstrate 'irreparable injury.'" *M.D. v. Perry*, No. C-11-84, 2011 WL 7047039, at *2 (S.D. Tex. July 21, 2011).

That said, courts have recognized that the cost of pretrial litigation and discovery for defending a class action lawsuit with numerous plaintiffs can amount to irreparable hardship. *See, e.g., Cruson*, 2018 WL 2937471, at *5 (class size: "thousands or tens of thousands"); *Risinger v. SOC LLC*, No. 2:12-CV-00063, 2015 WL 7573191, at *2 (D. Nev. Nov. 24, 2015) (class size: "upwards of 4,000"); *Brown v. Wal-Mart Stores, Inc.*, No. 5:09-CV-03339, 2012 WL 5818300, at *4 (N.D. Cal. Nov. 15, 2012) (class size: "over 22,000"). Here, the proposed classes would each contain thousands of members (Dkt. #470 at p. 27). The Court agrees that discovery on a class of this magnitude would likely be costly and time-consuming, and would constitute at least some harm to Defendants if the Fifth Circuit reverses or modifies the Certification Order.

On the other hand, courts have found that prospective discovery costs of defending a class action do not constitute irreparable harm "where, as here, the Rule 23(f) appeal will, at best, eliminate the class certification. It will not eliminate the claims of individual named Plaintiffs. As a result, the discovery will be necessary whether or not the appeal is successful." *In re Cobalt Int'l Energy, Inc. Secs. Litig.,* No. H-14-3428, 2017 WL 3620590, at *4 (S.D. Tex. Aug. 23, 2017) ("[t]he prospect of having to engage in discovery is not irreparable harm for purposes of a stay pending appeal."). Pursuant to this Court's analyses on standing (*see* Dkts. #56, #470), the Court disagrees with Defendants that it is likely the Fifth Circuit would "dismiss the case entirely if it

agrees with Defendants' Article III arguments" (Dkt. #483 at p. 3, n. 1). Thus, continuing at least

some discovery, including pre-certification discovery orders from this Court, would not irreparably

harm Defendants regardless of how the Fifth Circuit rules.

Turning to potential prejudice to Plaintiffs, Defendants argue plainly that "Plaintiffs [ ] will

not by prejudiced by a stay" (Dkt. #483 at p. 5). Conversely, Plaintiffs respond that "[w]aiting for

the appeal to be resolved could result in the further destruction of highly relevant evidence"

(Dkt. #480 at p. 13). Plaintiffs' argument is well-taken. *See Thorpe v. District of Columbia*, 306

F.R.D. 6, 11 (D.D.C. 2014) ("[G]iven the injunctive nature of the relief sought in this case, and

the nature of the class, delaying the litigation will almost certainly deprive some class members of

the opportunity to benefit from any relief that is obtained.").

This case was initiated over two years ago (Dkt. #1). From the beginning, discovery has

been contentious. The docket is littered with disputes the Parties could not resolve without court

intervention.[2] Potentially staying all proceedings for nearly a year[3] while awaiting a decision from

the Fifth Circuit would likely cause more significant delay in the overall resolution of this case.

Further, even if the Certification Order were reversed in its entirety, individual plaintiffs would

---

[2] *See collectively* Minute Entry on January 27, 2020 (telephone conference regarding discovery dispute); Dkt. #60 on February 25, 2020 (discovery hearing); Dkt. #140 on June 26, 2020 (telephone conference to address discovery dispute); Dkt. #144 on June 30, 2020 (telephone conference regarding discovery disputes); Dkt. #166 on August 31, 2020 (hotline conference with magistrate judge to address discovery dispute); Minute Entry on October 1, 2020 (telephone conference regarding discovery disputes); Dkts. #181, 184 on October 15, 16, 2020 (motions to compel discovery); Minute Entry on October 19, 2020 (telephone conference to address discovery dispute); Dkt. #203 on October 30, 2020 (Motion to Compel Production); Minute Entry on December 8, 2020 (hearing on pending discovery motions); Minute Entry on January 14, 2021 (telephone conference to address discovery dispute); Dkt. #288 on January 19, 2021 (Court Order to compel production); Dkt. #316 on March 1, 2021 (Motion to Compel production); Dkt. #321 on March 4, 2021 (Court Order to produce discovery); Dkt. #334 on March 11, 2021 (Court Order to Show Cause); Dkt. #335 on March 15, 2021 (Court Order to produce discovery); Minute Entry on March 26, 2021 (telephone conference regarding discovery dispute); Minute Entry on April 5, 2021 (telephone conference to address discovery disputes); Dkt. #396 on April 12, 2021 (Motion to Compel production).
[3] Defendants contend discovery and motions practice in this case may be "mooted imminently" by the Fifth Circuit ruling on Defendants' appeal (Dkt. #473 at p. 15). To the contrary, the average time span from notice of appeal to issuance of opinion in the Fifth Circuit is close to a year. *See* https://www.ca5.uscourts.gov/docs/default-source/forms-and-documents---clerks-office/faqs/faqs.pdf (last visited October 27, 2021) ("As of June 30, 2021 . . . the median time from filing the notice of appeal to the issuance of the court's opinion was 10.6 months.").

maintain individual causes of action requiring resolution and, consequently, completion of outstanding discovery. *See In re Cobalt*, 2017 WL 3620590, at *4; *Prado-Steinman v. Bush*, 221 F.3d 1266, 1273 n.8 (11th Cir. 2000) ("Rule 23(f) contemplates that in most cases discovery (at the very least, merits discovery) will continue notwithstanding the pendency of an appeal of the class certification order."). "When understood in this light, the Court is concerned about prolonging an already difficult and protracted discovery process," particularly as discovery has become more contentious the longer this case remains.[4] *Johnson v. Geico Cas. Co.*, 269 F.R.D. 406, 413 (D. Del. 2010); *see also Blair v. Equifax Check Servs*, 181 F.3d 832, 835 (7th Cir. 1999) (noting that Rule 23(f)'s appeals process was drafted to avoid delay).

Considering the impracticability of predicting how the Fifth Circuit will rule on Defendants' appeal, the Court acknowledges the potential irreparable harm Defendants may suffer if all proceedings are not stayed. But, when weighed against the potential prejudice to Plaintiffs, the Court finds a limited stay appropriate in this case. Discovery will be stayed on class membership only, and the case will proceed in all other respects, including merits discovery.

The Court finds that the public interest supports a limited stay. Defendants argue that public interest favors a full stay by "avoiding unnecessary litigation costs when there are 'complex and important issues' presented in [the] Rule 25(f) appeal" (Dkt. #473 at p. 15). Plaintiffs disagree, responding that "the actual *public* interest would indisputably suffer" because "[i]t is the *public* whom Boeing and Southwest are alleged to have . . . colluded to defraud" (Dkt. #480 at p. 16) (emphasis in original).

The Court is not persuaded by Defendants' arguments. While the public has an interest in

---

[4] In response to the present motion, Plaintiffs raise allegations that Defendants continue to withhold discoverable documents (Dkt. #480 at pp. 12–13). Additionally, there are pending motions from both sides stemming from allegations of discovery abuse including delayed production and nonproduction of relevant evidence (*see* Dkts. #392, #396).

the efficient allocation of judicial resources, "the public interest [ ] also favors speedy resolution of disputes." *Team Worldwide Corp. v. Wal-Mart Stores, Inc.*, No. 2:17-CV-00235, 2018 WL 2722051, at *4 (E.D. Tex. June 6, 2018) (quoting *In re Cobalt*, 2017 WL 3620590, at *4). Allowing merits discovery to proceed in this case promotes the speedy resolution of the Parties' disputes, and thus the public interest. *Id.* at *4

Additionally, "notice to the class has been suspended pending appeal" (Dkt. #480 at p. 15). Thus, continuing limited discovery creates no risk of confusion to any individuals whose class membership may be dependent on the outcome of the appeal. *See Johnson,* 269 F.R.D. at 413 (finding no harm to public interest where notice was not sent until class certification was finally determined). Defendants further have made no showing that denying a full stay would "impede, or even affect the [Fifth Circuit's] deliberation on [their] [ ] petition[s]." *Team Worldwide*, 2018 WL 2722051, at *5 (citing *VirtualAgility, Inc. v. Salesforce.com, Inc.*, No. 2:13-CV-00011, 2014 WL 807588, at *4 (E.D. Tex. Feb. 27, 2014)).

The Court has carefully considered each of the factors relevant to a stay pending interlocutory appeal. The Court finds that, in combination with the Defendants' showing of a substantial case on the merits, the balance of equities favors a limited stay. If any dispute arises as to whether an item of discovery is stayed by this Order, the Court refers the Parties to the dispute procedures referenced in the Scheduling Order (Dkt. #52) and the Parties' discovery and preservation obligations under Federal Rules of Civil Procedure 26 and 37. FED. R. CIV. P. 26, 37; *see also* LOCAL RULES CV-7(h) and CV-26(e).

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Stay Pending Interlocutory Appeal (Dkt. #473) is hereby **GRANTED in part** and **DENIED in part.** Discovery in this case pertaining

11

to class membership is hereby stayed pending Defendants' appeal of the Certification Order

(Dkt. #470) to the United States Court of Appeals for the Fifth Circuit. All other discovery,

including discovery on the merits, will proceed as scheduled.

**IT IS SO ORDERED.**

**SIGNED this 19th day of November, 2021.**

                                                                 AMOS L. MAZZANT
                                                                 UNITED STATES DISTRICT JUDGE