# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
December 22, 2021
Lyle W. Cayce
Clerk

No. 21-40720

---

Damonie Earl, individually and *on behalf of* all others similarly situated; Linda Rugg, individually and *on behalf of* all others similarly situated; Alesa Beck, individually and *on behalf of* all others similarly situated; Timothy Blakey, Jr.; Stephanie Blakey; Marisa Thompson, individually and *on behalf of* all others similarly situated; Muhammad Muddasir Khan; John Rogers, individually and *on behalf of* all others similarly situated; Valerie Mortz-Rogers, individually and *on behalf of* all others similarly situated; James LaMorte; Brett Noble, individually and *on behalf of* all others similarly situated; Ruben Castro, individually and *on behalf of* all others similarly situated; Fritz Ringling, individually and *on behalf of* all others similarly situated; Litaun Lewis, individually and *on behalf of* all others similarly situated; Lance Hogue, Jr., individually and *on behalf of* all others similarly situated,

*Plaintiffs—Appellees*,

versus

The Boeing Company; Southwest Airlines Company,

*Defendants—Appellants*.

No. 21-40720

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:19-cv-507

Before Elrod, Oldham, and Wilson, *Circuit Judges*.
Andrew S. Oldham, *Circuit Judge*:

The defendants in this class action lawsuit have moved for a stay of discovery while this court reviews their appeal under Federal Rule of Civil Procedure 23(f). We grant the defendants' stay motion.

I.

This is a class action lawsuit against the Boeing Company and Southwest Airlines for allegedly conspiring to conceal design defects in Boeing's 737 MAX 8 aircraft (the "MAX") and thereby defrauding airline ticket purchasers. Plaintiffs allege that Boeing and Southwest were able to inflate the prices of airline tickets by concealing defects in the MAX. Widespread public knowledge of the MAX's defects would have lowered the demand for air travel on airlines flying the MAX, the theory goes, so prices would have decreased and plaintiffs would have paid less for their tickets. Plaintiffs seek damages under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962.

On September 3, 2021, the district court certified four classes of plaintiffs. These classes encompassed persons who purchased or otherwise bore the economic burden for tickets on Southwest or American Airlines between August 29, 2017, and March 13, 2019, for routes where MAX aircraft were in use. Boeing and Southwest petitioned for permission to bring an interlocutory appeal of the class-certification decision. *See* Fed. R. Civ. P. 23(f). We granted Boeing and Southwest permission to appeal on September 30, 2021.

No. 21-40720

Boeing and Southwest then moved the district court to stay discovery pending the Rule 23(f) appeal. On November 19, 2021, the district court granted the motion in part and denied it in part. The district court stayed discovery pertaining to class membership during the pendency of the appeal. But the district court allowed all other discovery to proceed, including discovery on the merits. Boeing and Southwest then filed this motion in our court, asking us to stay all discovery until the Rule 23(f) appeal is resolved.

II.

We have authority to stay proceedings in the district court while a Rule 23(f) appeal is pending. *See* Fed. R. Civ. P. 23(f). To decide whether to grant a stay, we consider four factors: (1) whether the movant makes a strong showing that it is likely to succeed on the merits; (2) whether the movant will be irreparably injured without a stay; (3) whether other interested parties will be irreparably injured by a stay; and (4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 426 (2009).

Our court has not decided what deference is owed to district courts when considering whether to stay discovery pending a Rule 23(f) appeal. But we note that several of our sister circuits have concluded that district courts enjoy significant discretion in choosing whether and to what extent to stay discovery pending appeal. *See, e.g.*, *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 835 (7th Cir. 1999) (stating that "Rule 23(f) is drafted to avoid delay" and suggesting that stays of discovery should issue infrequently during Rule 23(f) appeals). We need not decide the specific level of deference owed to the district court here, because even under the deferential standard articulated in cases like *Blair*, a stay is appropriate by virtue of Boeing and Southwest's "demonstration that the probability of error in the class certification decision is high enough that the costs of pressing ahead in the district court exceed the costs of waiting." *Ibid.* Stated differently, even

No. 21-40720

under a deferential standard of review, Boeing and Southwest have shown that all four *Nken* factors favor a stay of discovery during the pendency of their Rule 23(f) appeal.

On the likelihood of success on the merits, Boeing and Southwest have made a strong showing that our court is likely to reverse the class-certification decision. Because the district court certified the class action under Rule 23(b)(3), the court was required to find "that the questions of law or fact common to class members predominate over any questions affecting only individual members." FED. R. CIV. P. 23(b)(3). Here, it is likely that such predominance is lacking because "[q]uestions of individual damage calculations will . . . overwhelm questions common to the class." *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013). Under plaintiffs' theory of injury, they would be owed damages for the difference between the ticket price they were charged and the ticket price they would have been charged if the MAX's alleged defects had been widely known and deflated ticket prices. In order to show Rule 23(b)(3) predominance on the question of damages, then, plaintiffs must show that the price-deflating effect of public knowledge of the MAX's defects would have been fairly uniform across all the various routes and dates (over 18 months) involved in this lawsuit. But both the plaintiffs' and the defendants' expert testimony suggest plaintiffs will not be able to make that showing. The substantial predominance questions raised by Boeing and Southwest's Rule 23(f) petitions thus give Boeing and Southwest a significant likelihood of success on appeal.

On irreparable harm, Boeing and Southwest again have made a strong showing. The district court recognized that the classes in this case contain thousands or millions of members, and discovery for a class action suit of this magnitude will be very costly and time-consuming. Boeing and Southwest assert that they have already spent millions of dollars in defense costs and that plaintiffs' escalating discovery demands will impose millions more in

unrecoverable costs absent a stay. The district court also recognized that discovery has become more contentious as this case has proceeded. And it is undisputed that Boeing and Southwest's discovery costs will be unrecoverable even if the class certification is reversed on appeal.

In light of these concerns, the district court's approach was to enter a partial stay. It stayed discovery "pertaining to class membership," but allowed all other discovery to proceed. The district court's primary justification for this approach was its conclusion that the named plaintiffs' claims would remain even if class certification is reversed on appeal. Thus, on the district court's view, discovery on the merits will eventually proceed anyway, so Boeing and Southwest would not be irreparably harmed by denying a full stay.

There are at least three problems with that. First, Boeing and Southwest also challenge the plaintiffs' standing. And if Boeing and Southwest succeed on their standing challenge, even the named plaintiffs will be unable to proceed with the suit. *See Rivera v. Wyeth-Ayerst Lab'ys*, 283 F.3d 315, 319 (5th Cir. 2002) ("Standing may—indeed must—be addressed even under the limits of a rule 23(f) appeal."). Second, even if only the class certification is reversed on appeal, the proportionality requirement imposed by Federal Rule of Civil Procedure 26(b) would impose far different constraints on discovery by eleven named plaintiffs than it would for classes of millions of air travelers.[*] Third and finally, the district court's order

---

[*] The crux of our disagreement with Judge Elrod appears to be on this point. Judge Elrod claims that limiting discovery to liability solves this problem because "defendants' liability does not vary based on class size" and "discovery—at least on liability—is inevitable." *Post*, at 10–11 (Elrod, J., dissenting). We respectfully disagree with both assertions. Plaintiffs seek to recover for airline ticket premiums they allegedly paid due to defendants' fraud. Whether defendants are liable for eleven ticket premiums or millions of them depends on the class certification question, so defendants' liability *does* vary based on class size. And because of Rule 26(b)'s proportionality requirement, it is not

No. 21-40720

threatens to exacerbate rather than alleviate the contentious discovery disputes in this case because it fails to draw a workable line between permitted and non-permitted discovery. The parties have already engaged in voluminous motions practice disputing the propriety of various discovery requests, and the district court's approach would likely further litter the record with disputes over whether a given discovery request falls within the parameters of the district court's partial stay. Boeing and Southwest have thus shown that denying a full stay will subject them to irreparable harm.

We now consider the final two stay factors: whether a stay would irreparably harm other interested parties, and where the public interest lies. Plaintiffs have not plausibly alleged that they or any other parties will be irreparably injured by delaying further discovery until the conclusion of the Rule 23(f) appeal. The district court cited generalized concerns about spoliation of evidence and avoiding significant delay in the overall resolution of the case. And plaintiffs point to alleged past discovery malfeasance by Southwest, including Southwest's alleged destruction or non-production of highly relevant text messages. But neither the district court nor the plaintiffs have identified any specific prospective threat of spoliation. And because plaintiffs only seek money damages, it is not apparent why plaintiffs would be prejudiced by waiting on merits discovery until the end of the Rule 23(f) appeal—especially since discovery related to class membership is already stayed until the conclusion of that appeal. The upshot of a full stay here is that there will be one exhaustive round of discovery post-appeal, rather than two distinct rounds of discovery pending- and post-appeal. Finally, the public

---

"speculation," *id.* at 10 n.3, to note that plaintiffs will not be able to proceed with multimillion-dollar merits discovery if the value of their suit is reduced to hundreds or a few thousand dollars. Merits discovery—at least on the scale plaintiffs currently propose—is thus hardly "inevitable."

No. 21-40720

interest supports staying district court proceedings to avoid potentially wasteful and unnecessary litigation costs where, as here, the appellant has shown a substantial likelihood of success on appeal. *See Weingarten Realty Invs. v. Miller*, 661 F.3d 904, 913 (5th Cir. 2011).

\*     \*     \*

IT IS THEREFORE ORDERED that appellants' motion to stay trial court proceedings pending disposition of this Rule 23(f) appeal is GRANTED.

21-40720

JENNIFER WALKER ELROD, *Circuit Judge*, concurring in part and dissenting in part:

I respectfully dissent from the panel majority's complete stay of all discovery in this case pending appeal. In staying all discovery, the panel flips Rule 23(f) on its head and places its burden on the wrong shoulders. I would instead allow discovery to proceed on the issue of defendants' liability.

The district court has carefully shepherded this case through two years of litigation. It did the same in its order granting limited discovery. The district court acknowledged that the defendants raise a substantial case on the merits about the propriety of class certification and carefully balanced the equities based on the purpose of the discovery at issue. The district court disallowed class discovery and allowed merits discovery while the class certification appeal is pending. It also took into account the potential loss of relevant evidence if discovery were not allowed to proceed.[1] In reaching its careful balance, the district court has heeded our guidance and can be trusted to do so again.

Rule 23(f) contemplates infrequent stays and deference to the district court's stay decision. Rule 23(f) was "drafted to avoid delay." *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 835 (7th Cir. 1999); *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1709 (2017) ("Rule 23(f) was crafted to balance the benefits of immediate review against the costs of interlocutory appeals." (quoting Brief for Civil Procedure Scholars as *Amici Curiae* at 6–7, 11–14)). To offset our broad discretion to grant class-certification appeals, Rule 23(f)—together with the standard for stays pending appeal—provides that district court proceedings presumptively proceed. *E.g.*, *Prado-Steiman ex rel.*

---

[1] In the district court and before us now the plaintiffs raise serious concerns about the preservation of relevant text messages, privilege logs, and third-party documents.

8

*Prado v. Bush*, 221 F.3d 1266, 1273 n.8 (11th Cir. 2000) ("Rule 23(f) contemplates that in most cases discovery (at the very least, merits discovery) will continue [despite] an appeal of the class certification order."). Accordingly, "[s]tays are not favored and should be issued only when the party seeking the stay demonstrates that the probability of error in the class certification decision is high enough that the costs of pressing ahead . . . exceed the costs of waiting." 5 James W. Moore et al., Moore's Federal Practice § 23.88[2][d] (3d ed. 2021). As Judge Easterbrook, writing for the Seventh Circuit, has explained: Stays should be infrequent and Rule 23(f) "should not unduly retard the pace of litigation." *Blair*, 181 F.3d at 835; *see also A.A. ex rel. P.A. v. Phillips*, No. 19-00770-BAJ-SDJ, 2021 WL 2589180, at *1 (M.D. La. June 24, 2021) (Jackson, J.).

Rule 23(f) also contemplates deference to the district court's stay decision. The district court's "action and any explanation of its views should weigh heavily with the court of appeals." Fed. R. Civ. P. 23(f) committee's note to 1998 amendment;[2] *see also* 6A Federal Procedure, Lawyer's Edition § 12:478 (2012); 32B Am. Jur. 2d *Federal Courts* § 1823 (2021). Deference in this context makes sense of the text and history of Rule 23(f), the district court's knowledge of the record, parties, and course of litigation, and the inherently limited nature of appellate review.

Accordingly, Rule 23(f) requires defendants to carry a dual burden. First, defendants must meet the traditional *Nken* factors for a stay. *Nken v. Holder*, 556 U.S. 418, 426 (2009). Second, defendants must carry this burden

---

[2] Committee Notes are "of weight" when interpreting the Federal Rules of Civil Procedure. *Schiavone v. Fortune*, 477 U.S. 21, 31 (1986) (quoting *Miss. Pub. Corp. v. Murphree*, 326 U.S. 438, 444 (1946)); *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316 (1988).

so convincingly that we are justified not only in granting the full stay, but in disregarding the district court's decision to the contrary.

Defendants have not carried this dual burden. Even assuming that class certification was improper, the named plaintiffs will be able to pursue their claims on remand. Because discovery—at least on liability—is inevitable, defendants cannot show that they would be irreparably injured in the absence of a total stay. Discovery will occur either way; the only questions are when and how much. Defendants have not shown that having to conduct inevitable discovery now, rather than later, will cause irreparable harm. *See In re Cobalt Int'l Energy, Inc. Secs. Litig.*, No. H-14-3428, 2017 WL 3620590, at *4 (S.D. Tex. Aug. 23, 2017) (Atlas, J.) (denying a stay pending a Rule 23(f) appeal because "the discovery will be necessary whether or not the appeal is successful"); *see also Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough [for an irreparable injury.]" (quoting *Va. Petroleum Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958))); *M.D. v. Perry*, No. C-11-84, 2011 WL 7047039, at *2 (S.D. Tex. July 21, 2011) (Jack, J.) ("The prospect of burdensome or expensive discovery alone is not sufficient to demonstrate 'irreparable injury' . . . ."). [3]

The panel majority identifies three problems with the district court's partial stay, none of which are convincing. First, it notes that defendants "challenge the plaintiffs' standing." *Ante* at 5. But merely challenging plaintiffs' standing is not enough; defendants must make a *strong showing* that

---

[3] Indeed, defendants appear to assume that plaintiffs will drop their suits if class-certification is reversed. But there is no basis for that in the record, and speculation about irreparable harm is not irreparable harm.

plaintiffs lack standing. Because defendants have not made this showing, they cannot show a strong likelihood of success against the named plaintiffs.

The panel majority's second and third problems are solved by limiting discovery to liability. The panel majority observes that the district court's stay would impose proportionality problems if class certification is reversed on appeal. *Ante* at 5. It further contends that the district court's stay order is unworkable and will exacerbate the already-contentious discovery. *Ante* at 5–6.

Limiting discovery to liability solves both issues. First, defendants' liability does not vary based on class size. And, as discussed above, discovery on liability will occur anyway because defendants have not shown a strong likelihood of success against the named plaintiffs. Because defendants' liability will be determined in any event, they have not justified postponing it. Second, liability is a clear and enforceable line. There is hardly a brighter line than that between damages and liability. We trust district courts to enforce, and parties to respect, lines much duller than this.[4]

As to the final two *Nken* factors, the panel majority continues to fault plaintiffs for failing to carry a burden that is defendants' to bear. Whether plaintiffs have plausibly alleged irreparable injury, spoliation of evidence, significant delay, or discovery malfeasance is beside the point. *The defendants* must prove these factors and they fail to do so. *Tex. League of United Latin Am. Citizens v. Hughs*, 978 F.3d 136, 143 (5th Cir. 2020); *Nken*, 556 U.S. at

---

[4] To the extent that discovery on liability would vary based on class size under Rule 26(b), the district court is well aware of Rule 26(b)'s proportionality requirement and can enforce it ably on remand. The crux of the panel's disagreement is the relevant baseline for defendants' motion to stay all discovery. We must measure defendants' motion against the baseline of allowing district court proceedings to continue. Measured accordingly, defendants have not carried their burden to postpone inevitable discovery.

21-40720

433–34. Where discovery on liability is inevitable, its unjustified delay irreparably harms the plaintiffs and upends the public interest.

Simply put, the panel majority gets it exactly backwards. Because some discovery will proceed regardless of class certification, defendants have not shown—as they must—an entitlement to staying all discovery. Nor have they lifted—again, as they must—the "heavy weight" we accord to the district court's discovery rulings. I would instead limit discovery to liability and rely upon the very capable district court to manage it while the appeal proceeds.

# United States Court of Appeals
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

December 22, 2021

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

   No. 21-40720   Earl v. Boeing Company
                    USDC No. 4:19-CV-507

Enclosed is the opinion entered in the case captioned above.

Sincerely,

LYLE W. CAYCE, Clerk

*Christina Rachal*

By: _____
Christina C. Rachal, Deputy Clerk
504-310-7651

Mr. Yavar Bathaee
Ms. Elizabeth L. DeRieux
Mr. Gregory DuBoff
Mr. Brian J. Dunne
Mr. Jason K. Fagelman
Mr. Thomas Miles Farrell
Mr. Jonathan S. Franklin
Mr. Edward Maxwell Grauman
Mr. Benjamin L. Hatch
Mr. James Vincent Leito
Mr. David O'Toole
Mr. Brian David Schmalzbach
Mr. Peter B. Siegal
Mr. Michael Alan Swartzendruber
Mr. Philip Tarpley
Mrs. Geraldine Wileen Young